# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Hearing Date:  March 11, 2020 |
| | ) | Hearing Time:  10:00 a.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

## DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTORS TO CONTINUE AND RENEW SURETY BOND PROGRAM AND (B) GRANTING RELATED RELIEF

Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1.     By this Motion, the Debtors seek entry of interim and final orders (the "Proposed Orders"),[2] pursuant to sections 105(a), 363, 364, and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of

---

[1]    The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).  The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

[2]    Copies of the Proposed Orders will be made available on the Debtors' case information website at: http://cases.primeclerk.com/foresightenergy.

Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing the Debtors to maintain, continue, and renew, in their sole discretion, their Surety Bond Program (as defined herein) and to pay any obligations related thereto, including the provision of additional collateral in an amount not to exceed $2 million, all in the ordinary course of business and consistent with past practices in effect before the Petition Date and (b) granting related relief.

### Jurisdiction and Venue

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

3.      The statutory and legal predicates for the relief requested herein are sections 105(a), 363, 364, and 503 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

### Background

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are a leading producer of thermal coal, with four mining complexes and nearly 2.1 billion tons of proven and probable coal reserves strategically located near multiple rail and river transportation access points in the Illinois Basin.  The Debtors also own a barge-loading river terminal on the Ohio River.  From this strategic position, the Debtors sell their coal primarily to electric utility and industrial companies located in the eastern half of the United States and across the international market.

Doc#: US1:13281158v7

5.      The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.   Contemporaneously herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).   No trustee, examiner or official committee has been appointed in these chapter 11 cases.

6.      Information regarding the Debtors' businesses, their capital and debt structure, the events leading to the filing of these cases, and the terms and structure of the proposed restructuring transaction is set forth in the *Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions* (the "Moore Declaration"), the *Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief* (the "Boyko Declaration"), and the declaration of Seth Herman in support of the Debtors' motion for approval of debtor-in-possession financing and use of cash collateral (the "Herman Declaration," and together with the Moore Declaration and Boyko Declaration, the "First Day Declarations"),[3] each filed contemporaneously herewith.

**The Debtors' Surety Bond Program**

7.      In the ordinary course of their businesses, the Debtors are required, pursuant to federal, state, and local law, to provide surety bonds (the "Surety Bonds," and their usage, the "Surety Bond Program") to third parties, generally governmental authorities, to secure the Debtors' payment or performance of certain other obligations, including present and future coal mine operations, coal transportation, mine reclamation and mine closure obligations, and other performance commitments.  Failure to provide, maintain, and timely renew or replace these

---

[3]      The First Day Declarations are being filed in support of this Motion and are incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

Doc#: US1:13281158v7

surety bonds would jeopardize the Debtors' ability to undertake their mining operations, which are essential to the Debtors' business operations, and may risk additional liability under applicable law. The beneficiaries of these surety bonds (the "<u>Obligees</u>"), their issuers (the "<u>Issuers</u>"),[4] their identification or policy numbers, and the total bond coverage amounts are set forth on **Exhibit A** attached hereto and are incorporated herein by reference.[5]

## A.     Surety Bonds

8.      The Surety Bonds issued on behalf of the Debtors are required to maintain compliance with federal, state, and local law, rules, and regulations and are crucial to the Debtors' ability to conduct required ordinary course business operations such as mine operation, closure, and reclamation efforts. For instance, the federal Surface Mining Control and Reclamation Act (the "<u>SMCRA</u>"), 30 U.S.C. § 1201 *et seq.*, and other applicable state statutes require the Debtors to post surety bonds to ensure funds are available to pay the Debtors' reclamation, subsidence, and related obligations. Without posting such bonds, the relevant government agency will not authorize or otherwise issue a permit allowing the Debtors to conduct their mining operations on a particular property. Accordingly, without providing, maintaining, or timely replacing the Surety Bonds, the Debtors cannot operate their businesses.[6]

---

[4]     As of the Petition Date, all of the Surety Bonds (except for double-bonded obligations indicated herein) have been issued by Indemnity National Insurance Co. ("<u>INIC</u>"), as rewritten to INIC from Argonaut Insurance Company ("<u>Argonaut</u>") as of December 10, 2019. There is a limited number of remaining Argonaut Surety Bonds that have not yet expired, which cover certain obligations already covered by new INIC Surety Bonds. For the avoidance of doubt, the Debtors request authority under this Motion with respect to these Argonaut Surety Bonds as well.

[5]     The inadvertent omission of any particular Surety Bond on **Exhibit A** shall not operate to exclude such Surety Bond from the coverage of this Motion or the Court's order entered in connection with this Motion.

[6]     These Surety Bonds also include an appeals bond, which is included on the schedule of Surety Bonds in **Exhibit A** and, for the avoidance of doubt, is included within the Debtors' Surety Bond Program as necessary for their ordinary course operations. In addition, this appeals bond is currently double-bonded, with the second bond still relating back to Argonaut. The Debtors are currently in the process of having this Argonaut appeals bond released by the appropriate court, and have included it in **Exhibit A** for the avoidance of doubt.

4

9.      As of the Petition Date, the Debtors had approximately $99.8 million in outstanding Surety Bonds.  None of these Surety Bonds are self-bonded, and many of the Obligees generally discourage or have strict limitations on self-bonding.  As such, it is unlikely that the Obligees would accept forms of self-bonding as replacements for the Surety Bonds, and the Debtors do not intend to engage in any form of self-bonding during these chapter 11 cases.

10.     The premiums for the Surety Bonds (the "Surety Bond Obligations") are determined annually and are paid by the Debtors at inception and quarterly thereafter.  These Surety Bond Obligations are generally paid to the Debtors' Surety Broker (as defined herein), who then remits the payments to the appropriate Issuers.   The Debtors currently pay approximately $2.5 million in annual Surety Bond Obligations, with approximately $625,000 of that amount becoming due and payable on a quarterly basis.  The majority of the Debtors' next quarterly payment will become due and payable during the second week of March 2020.

11.     To provide the financial assurances necessary to continue their business operations during these chapter 11 cases, the Debtors must maintain the existing Surety Bond Program and may need additional bonding capacity not currently provided by the Surety Bond Program.  By this Motion, the Debtors request authority to continue their Surety Bond Program in the ordinary course of business and consistent with past practices, and to pay any Surety Bond Obligations in accordance therewith.

## B.      Indemnity Agreements

12.     As is customary, the Debtors have entered into indemnity agreements with the Issuers with respect to the Surety Bonds (collectively, the "Indemnity Agreements") to induce the Issuers to issue such bonds, pursuant to which the Debtors agreed to indemnify the Issuers from any loss, cost, damage, or expense they may incur by reason of the Issuers' issuance

of the Surety Bonds on behalf of the Debtors.   To further secure those indemnification obligations, the Debtors have posted $2.5 million in cash, provided by Foresight Energy Services LLC, to INIC, who holds such amounts as collateral for the Debtors' indemnification obligations.   In addition, the Indemnity Agreements permit the Issuers to request additional collateral from the Debtors.   As of the Petition Date, INIC has requested additional cash collateral to secure the Surety Bonds that it has issued, with such request made in connection with it taking on the Surety Bonds at the end of 2019.   By this Motion, the Debtors seek the authority to honor the Indemnity Agreement, including the ability to pay additional cash collateral in an amount not to exceed $2 million and the payment of the fees thereunder as Surety Bond Obligations, in their sole discretion.

## C.   The Surety Broker

13.    The Debtors obtain a majority of their Surety Bonds through their broker, The Reschini Group (the "Surety Broker").  The Surety Broker assists the Debtors with sourcing, evaluating, and paying the premiums for Surety Bonds, and negotiates with Issuers on behalf of the Debtors to obtain new or replacement Surety Bonds on favorable terms.   The Debtors compensate the Surety Broker by paying a percentage fee based on the amount of procured surety bonds (the "Broker's Fees").   These Broker's Fees are paid to the Surety Broker as a portion of the Surety Bond Obligations, which the Surety Broker retains, and then remits the Surety Bond Obligations to the Issuers accordingly.   As of the Petition Date, the Debtors do not believe they owe any prepetition Broker's Fees.   Accordingly, to ensure uninterrupted coverage under the Surety Bond Program, the Debtors seek authority to honor any prepetition amounts owed in connection with the Broker's Fees, and to pay any Broker's Fees that may arise on a postpetition basis in the ordinary course of business.

Doc#: US1:13281158v7

### Basis for Relief Requested

**A.      Payments Made in Respect of the Debtors'
       Surety Bond Program Are Ordinary Course Transactions**

14.      Section 363(c) of the Bankruptcy Code authorizes a debtor in possession operating its business pursuant to section 1108 of the Bankruptcy Code to "enter into transactions . . . in the ordinary course of business . . . and [to] use property of the estate in the ordinary course of business without notice or a hearing."  11 U.S.C. § 363(c)(1).  Section 363 of the Bankruptcy Code provides a debtor with the flexibility to engage in the ordinary course transactions required to operate its business without oversight by its creditors or the court.  *See, e.g.*, *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets.") (citations omitted).  In determining whether a transaction is in the ordinary course of business, courts in this circuit and elsewhere have held that a transaction qualifies as in the "ordinary course" if it "is of a type that is commonly undertaking within the debtor's industry," *Peltz* v. *Gulfcoast Workstation Grp. (In re Bridge Info. Sys., Inc.)*, 293 B.R. 479, 486 (Bankr. E.D. Mo. 2013), and is consistent with the reasonable expectations of creditors.  *See Johnston* v. *First St. Cos. (In re Waterfront Cos.)*, 56 B.R. 31, 35 (Bankr. D. Minn. 1985); *see also In re Drexel Burnham Lambert Grp., Inc.*, 157 B.R. 532, 537 (S.D.N.Y. 1993) ("[T]he touchstone of ordinariness is thus the interested parties' reasonable expectations of what transactions the debtor in possession is likely to enter in the course of its business.").

15.      The Surety Bond Program is ordinary for the type, size, and nature of the Debtors' businesses, and is accordingly also consistent with the reasonable expectations of creditors, who would expect the Debtors to continue complying with their obligations under law.

Moreover, the Surety Bond Program is consistent with industry practice. Other coal mining businesses have sought court approval to continue their surety programs to remain in compliance with applicable laws that require the procurement surety bonds to permit mining operations. *See, e.g.*, *In re Murray Energy Holdings Co.*, No. 19-56885 (JEH) (Bankr. S.D. Ohio Oct. 31, 2019) (D.I. 99) (authorizing the continuation of the debtors' surety program in the ordinary course); *In re Blackhawk Mining LLC*, No. 19-11595 (LSS) (Bankr. D. Del. Aug. 9, 2019) (D.I. 164) (similar); *In re Mission Coal Co., LLC*, No. 18-04177 (TOM) (Bankr. N.D. Ala. Nov. 21, 2018) (D.I. 310) (similar); *In re Westmoreland Coal Co.*, No. 18-35672 (DRJ) (Bankr. S.D. Tex. Nov. 15, 2018) (D.I. 514) (similar); *In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. May 18, 2016) (D.I. 542) (similar); *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 14, 2016) (D.I. 90) (similar).

16.     Therefore, the Debtors believe that they are permitted to pay all postpetition amounts due pursuant to the Surety Bond Program, to renew existing Surety Bonds or obtain new Surety Bonds, and to post additional cash collateral in an amount not to exceed $2 million in favor of the existing or any new Issuers to secure any Surety Bonds in the Surety Bond Program, including in connection with either the maintenance or renewal of any existing Surety Bonds or the entry into new Surety Bonds, as such actions are in the ordinary course of the Debtors' businesses.

**B.      The Court Should Authorize the Debtors to Continue
         the Surety Bond Program and to Pay Any Surety Bond Obligations**

17.     Notwithstanding the Debtors' belief that the Surety Bond Program is within the ordinary course of their businesses and that they can continue this program without notice and a hearing, the Debtors request that the Court enter the interim and final orders authorizing the Debtors to continue the Surety Bond Program to ensure that the Issuers do not

terminate or decline to renew the Surety Bonds or refuse to enter into Surety Bonds with the Debtors in the future.

18.     Sections 105(a) and 363(b) of the Bankruptcy Code authorize the requested relief.  Section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]"  11 U.S.C. § 105(a).  It permits a bankruptcy court to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction."   2 COLLIER ON BANKRUPTCY ¶ 105.01.  Similarly, section 363(b)(1) of the Bankruptcy Code authorizes a debtor to use property of the estate other than in the ordinary course of business after notice and a hearing.  11 U.S.C. § 363(b)(1); *see also In re Apex Oil Co.*, 92 B.R. 847 (Bankr. E.D. Mo. 1988).

19.     The well-settled "doctrine of necessity" also supports the requested relief.  This rule authorizes postpetition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors.  The Supreme Court of the United States first articulated the doctrine of necessity more than a century ago in affirming the authorization of using receivership funds to pay pre-receivership debts owed to employees, vendors, and suppliers, among others, when such payments were necessary to preserve the receivership property and the integrity of the business in receivership.  *See, e.g., Miltenberger* v. *Logansport, C. & S.W. Ry. Co.*, 106 U.S. 286, 309–11 (1882).  The Court's power to utilize the doctrine of necessity in chapter 11 cases derives from the Court's inherent equity powers and its statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  *See, e.g.*, 11 U.S.C. § 105(a); *In re Carlson*, 126 F.3d 915, 920 (7th Cir. 1997) ("Section 105(a) gives the bankruptcy court the authority to issue any order

necessary to carry out the provisions of the Bankruptcy Code."); *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *In re NWFX, Inc.*, 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy, however, is that equitable principles govern . . . .").

20.     This doctrine of necessity functions in a chapter 11 reorganization as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code.   *See In re Wehrenberg, Inc.*, 260 B.R. 468 (Bankr. E.D. Mo. 2001) ("Pursuant to 11 U.S.C. § 105(a) the Court may authorize the payment of prepetition claims when such payments are necessary to the continued operation of the Debtor"); *see also In re Bos. & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to the debtors' continued operation); *In re Just for Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999) ("While the doctrine [of necessity] was not codified in the Bankruptcy Code, courts have used their equitable power under Section 105(a) of the Code to authorize the payment of prepetition claims . . . ."). The doctrine is frequently invoked early in a reorganization, particularly in connection with those chapter 11 sections that relate to payment of prepetition claims.

21.     The nature of the Debtors' businesses and the extent of their operations make it necessary for the Debtors to maintain their Surety Bond Program on an ongoing and uninterrupted basis.  The nonpayment of any Surety Bond Obligations under the Surety Bond Program could result in the Issuers terminating or declining to renew their Surety Bonds or refusing to provide Surety Bonds to the Debtors in the future.  If any Surety Bonds lapse without

renewal, or the Debtors are unable to obtain new Surety Bonds for certain purposes, the Debtors could default on various legal, regulatory, or contractual obligations, which could severely disrupt or otherwise idle the Debtors' operations to the detriment of all parties in interest. For example, failure to maintain the required Surety Bonds could cause the Debtors to be in violation of their obligations under federal or state law.

22. The continuation of the Surety Bond Program, the payment of postpetition obligations arising under the Surety Bond Program, and the posting of new or additional collateral in favor of the existing or any new Issuers to secure any Surety Bonds in the Surety Bond Program, including in connection with either the maintenance or renewal of any existing Surety Bonds or the entry into new Surety Bonds, are therefore necessary to preserving the Debtors' businesses and the value of the Debtors' estates for all stakeholders.

23. Courts in this and other districts have routinely granted relief similar to the relief requested herein in other chapter 11 cases. *See, e.g.*, *In re Payless Holdings LLC*, No. 19-40883-659 (Bankr. E.D. Mo. Feb. 22, 2019) (D.I. 196) (authorizing debtor's continued use of its surety bond program and payment of related obligations); *In re Armstrong Energy, Inc.*, No. 17-47541 (KAS) (Bankr. E.D. Mo. Dec. 1, 2017) (D.I. 206) (same); *In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. May 18, 2016) (D.I. 542) (same); *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 14, 2016) (D.I. 90) (same); *see also In re Murray Energy Holdings Co.*, No. 19-56885 (JEH) (Bankr. S.D. Ohio Oct. 31, 2019) (D.I. 99) (same). The Debtors submit that the circumstances of these chapter 11 cases warrant granting similar relief, and that doing so is in the best interests of the Debtors, their estates, their creditors, and their stakeholders, and therefore should be granted.

11

C.     **Relief Is Appropriate under Section 364**
       **of the Bankruptcy Code to the Extent Applicable**

24.     Section 364(c) of the Bankruptcy Code permits a debtor unable to obtain unsecured credit allowable in the ordinary course under section 364(a) to obtain credit (a) with priority over any or all administrative expenses specified in sections 503(b) or 507(b); (b) secured by a lien on property of the estate that is not otherwise subject to a lien; or (c) secured by a junior lien on property of the estate that is subject to a lien.  To satisfy the requirements of section 364(c) of the Bankruptcy Code, a debtor need only demonstrate "by a good faith effort that credit was not available" to the debtor on an unsecured or administrative expense basis.  *Bray* v. *Shenandoah Fed. Sav. & Loan Assoc. (In re Snowshoe Co.)*, 789 F.2d 1085, 1088 (4th Cir. 1986) (affirming the lower court's approval of a loan made to the debtor under sections 364(c) and (d)); *In re Sky Valley, Inc.*, 100 B.R. 107, 113 (Bankr. N.D. Ga. 1988), *aff'd sub nom. Anchor Sav. Bank FSB* v. *Sky Valley, Inc.*, 99 B.R. 117, 120 n.4 (N.D. Ga. 1989) (finding that "it would be unrealistic and unnecessary" to require a debtor to conduct "an exhaustive search for financing" in cases where few lenders would be willing to extend credit). Provided that an agreement to obtain secured credit is consistent with the provisions of, and policies underlying, the Bankruptcy Code, courts grant a debtor considerable deference in exercising its sound business judgment in obtaining such credit.  *Bray*, 789 F.2d at 1089–90; *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("[C]ases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest."); *see also Funding Sys. Asset Mgmt. Corp.*

v. *Key Cap. Corp.* (*In re Funding Sys. Asset Mgmt. Corp.*), 72 B.R. 87, 88 (Bankr. W.D. Pa. 1987).

25.     The Debtors believe that it would be exceedingly difficult to obtain new bonding capacity at this time except on a secured basis, and do not anticipate obtaining new surety bonds on a secured basis during these chapter 11 cases.  However, to the extent that the procurement of any new Surety Bond is deemed a secured extension of credit, the Debtors request authority to do so pursuant to section 364(c) of the Bankruptcy Code.  The Debtors further submit that, pursuant to section 364(e) of the Bankruptcy Code, any reversal or modification on appeal of this authorization to obtain credit under section 364 should not affect the validity of the debt incurred or any priority of a lien granted.

### Processing of Checks and Electronic Funds Transfers Should Be Authorized

26.     The Debtors have sufficient funds to pay the amounts described herein in the ordinary course of business by virtue of expected cash flows from ongoing business operations, debtor-in-possession financing, and anticipated access to cash collateral.  Also, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment made relating to the prepetition Surety Bond Obligations.  Accordingly, the Debtors believe that only checks or wire transfer requests relating to authorized payments will be honored and that this Court should authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested herein.

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

27.     The Debtors seek immediate authorization for the relief requested in this Motion.  Pursuant to Bankruptcy Rule 6003(b), a bankruptcy court cannot grant "a motion to use,

13

sell, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within the first twenty-one (21) days after the petition date unless the relief is "necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(b). For the reasons set forth herein and in the First Day Declarations, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied Bankruptcy Rule 6003(b) and therefore respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

28.     By this Motion, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause for a waiver of any stay of the effectiveness of the order approving this Motion under Bankruptcy Rule 6004(h). For the reasons set forth herein and in the First Day Declarations, the Debtors submit that notice of the relief requested herein is appropriate under the circumstances and that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h).

## Reservation of Rights

29.     Nothing contained herein is intended or should be construed as (a) an admission as to the validity or priority of any claim or lien (or the priority thereof) against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute or

contest such claim or lien on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion, (e) a request or authorization to assume or adopt any agreement, contract, or lease under section 365 of the Bankruptcy Code or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or applicable law.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute or contest such claim.

## Notice

30.    Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent; (f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Reserves; (*l*) counsel to Javelin; (m) counsel to Uniper Global Commodities UK Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the Issuers; (s) the Obligees; (t) the Surety Broker; and (u) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-3(A)(1) of the Local Rules of Bankruptcy Procedure for the Eastern District of the Missouri

15

(the "<u>Local Bankruptcy Rules</u>").  In light of the nature of the relief requested herein, the Debtors

submit that no other or further notice is necessary.


*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Doc#: US1:13281158v7

WHEREFORE, the Debtors respectfully request entry of the Proposed Orders granting the relief requested herein and such other relief as is just and proper.

Dated:   March 10, 2020
       St. Louis, Missouri

Respectfully submitted,

ARMSTRONG TEASDALE LLP

_/s/  Richard W. Engel, Jr._
Richard W. Engel, Jr. (MO 34641)
John G. Willard (MO 67049)
Kathryn Redmond (MO 72087)
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri  63105
Tel:     (314) 621-5070
Fax:     (314) 621-5065
Email:  rengel@atllp.com
       jwillard@atllp.com
       kredmond@atllp.com

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Paul M. Basta (*pro hac vice* admission pending)
Alice Belisle Eaton (*pro hac vice* admission pending)
Alexander Woolverton (*pro hac vice* admission pending)
1285 Avenue of the Americas
New York, New York  10019
Tel:     (212) 373-3000
Fax:     (212) 757-3990
Email:  pbasta@paulweiss.com
       aeaton@paulweiss.com
       awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

Doc#: US1:13281158v7

**Exhibit A**

**Schedule of Surety Bonds[1]**

| INIC Bond Number | Debtor | Obligee/Beneficiary | Bond Type | Bond Amount | Premium | Expiration Date |
|---|---|---|---|---|---|---|
| N-6000882 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $79,540.00 | $1,989 | 12/10/2020 |
| N-6000881 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $60,796.00 | $1,520 | 2/26/2021 |
| N-6000880 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $4,100.00 | $124 | 2/24/2021 |
| N-6000879 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $600.00 | $124 | 2/24/2021 |
| N-6000878 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $1,400.00 | $124 | 2/24/2021 |
| N-6000831 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $10,375,000.00 | $259,375 | 12/10/2020 |
| N-6000830 | Adena Resources, LLC | Illinois Department of Transportation | Individual Utility Permit Bond | $50,000.00 | $1,250 | 12/10/2020 |
| N-6000829 | Adena Resources, LLC | Illinois Department of Transportation | Individual Utility Permit Bond | $25,000.00 | $625 | 12/10/2020 |
| N-6000828 | Adena Resources, LLC | Illinois Department of Transportation | Individual Utility Permit Bond | $25,000.00 | $625 | 12/10/2020 |
| N-6000827 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $29,910.00 | $748 | 12/4/2020 |
| N-6000825 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $488,440.00 | $12,211 | 12/4/2020 |
| N-6000708 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $13,300.00 | $333 | 12/10/2020 |
| N-6000707 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $8,876.00 | $222 | 12/10/2020 |
| N-6000706 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $253,500.00 | $6,338 | 12/10/2020 |
| N-6000705 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $19,316.00 | $483 | 12/10/2020 |
| N-6000704 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $29,630.00 | $741 | 12/10/2020 |
| N-6000703 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $21,200.00 | $530 | 12/10/2020 |
| N-6000702 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $2,100.00 | $125 | 12/10/2020 |

---

[1]   Except for those Surety Bonds with bond numbers starting with "SUR", all Surety Bonds listed on this schedule have been issued by Indemnity National Insurance Co. ("INIC"), as rewritten to INIC from Argonaut Insurance Company ("Argonaut") as of December 10, 2019.  The Surety Bonds with bond numbers starting with "SUR" are remaining, unexpired Argonaut Surety Bonds.

| INIC Bond Number | Debtor | Obligee/Beneficiary | Bond Type | Bond Amount | Premium | Expiration Date |
|---|---|---|---|---|---|---|
| N-6000701 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $258,830.00 | $6,471 | 12/10/2020 |
| N-6000700 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $26,500.00 | $663 | 12/10/2020 |
| N-6000699 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $79,430.00 | $1,986 | 12/10/2020 |
| N-6000698 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $8,100.00 | $203 | 12/10/2020 |
| N-6000697 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $87,200.00 | $2,180 | 12/10/2020 |
| N-6000696 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $11,000.00 | $275 | 12/10/2020 |
| N-6000695 | Williamson Energy, LLC | County of Williamson, State of Illinois | Performance Bond | $1,050,000.00 | $26,250 | 12/10/2020 |
| SUR0028534 | Sugar Camp Energy, LLC | Illinois Environmental Protection Agency | Financial Guarantee | $462,786.00 | $11,570 | 1/21/2021 |
| N-6000694 | Williamson Energy, LLC | County of Williamson, State of Illinois | Performance Bond | $150,000.00 | $3,750 | 12/10/2020 |
| N-6000693 | Williamson Energy, LLC | Illinois Department of Natural Resources | Financial Security Bond | $25,000.00 | $625 | 12/10/2020 |
| N-6000692 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $37,537.00 | $938 | 12/10/2020 |
| N-6000691 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $15,960.00 | $399 | 12/10/2020 |
| N-6000690 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $5,300.00 | $133 | 12/10/2020 |
| N-6000689 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $25,840.00 | $646 | 12/10/2020 |
| N-6000688 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $28,264.00 | $707 | 12/10/2020 |
| N-6000687 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $32,760.00 | $819 | 12/10/2020 |
| N-6000686 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $10,080.00 | $252 | 12/10/2020 |
| N-6000685 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $2,807.00 | $125 | 12/10/2020 |
| N-6000684 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $7,440.00 | $186 | 12/10/2020 |
| N-6000683 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $6,128.00 | $153 | 12/10/2020 |
| N-6000682 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $46,000.00 | $1,150 | 12/10/2020 |
| N-6000681 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $27,595.00 | $690 | 12/10/2020 |
| N-6000680 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $11,548.00 | $289 | 12/10/2020 |

Doc#: US1:13281158v7

| INIC Bond Number | Debtor | Obligee/Beneficiary | Bond Type | Bond Amount | Premium | Expiration Date |
|---|---|---|---|---|---|---|
| N-6000679 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $31,384.00 | $785 | 12/10/2020 |
| N-6000678 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $17,754.00 | $444 | 12/10/2020 |
| N-6000677 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $9,900.00 | $248 | 12/10/2020 |
| N-6000676 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $287,500.00 | $7,188 | 12/10/2020 |
| N-6000675 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $55,387.00 | $1,385 | 12/10/2020 |
| N-6000674 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $35,449.00 | $886 | 12/10/2020 |
| N-6000673 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $1,908.00 | $125 | 12/10/2020 |
| N-6000672 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $4,200.00 | $125 | 12/10/2020 |
| N-6000671 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $3,090,379.00 | $77,259 | 12/10/2020 |
| N-6000670 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $3,690.00 | $125 | 12/10/2020 |
| N-6000669 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $10,620.00 | $266 | 12/10/2020 |
| N-6000668 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $8,300.00 | $208 | 12/10/2020 |
| N-6000667 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $5,300.00 | $133 | 12/10/2020 |
| N-6000666 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $26,800.00 | $670 | 12/10/2020 |
| N-6000665 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $5,500.00 | $138 | 12/10/2020 |
| N-6000664 | Williamson Energy, LLC | Illinois Department of Transportation | Utility Bond | $75,000.00 | $1,875 | 12/10/2020 |
| N-6000663 | Williamson Energy, LLC | Illinois Department of Transportation | Utility Bond | $175,000.00 | $4,375 | 12/10/2020 |
| N-6000662 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $72,500.00 | $1,813 | 12/10/2020 |
| N-6000661 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $19,400.00 | $485 | 12/10/2020 |
| N-6000660 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $8,300.00 | $208 | 12/10/2020 |
| N-6000659 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $33,100.00 | $828 | 12/10/2020 |
| N-6000658 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $95,840.00 | $2,396 | 12/10/2020 |
| N-6000657 | Williamson Energy, LLC | Department of the Army, St. Louis District Corps of | Performance Bond | $274,898.00 | $6,872 | 12/10/2020 |

Doc#: US1:13281158v7

| INIC Bond Number | Debtor | Obligee/Beneficiary | Bond Type | Bond Amount | Premium | Expiration Date |
|---|---|---|---|---|---|---|
| | | Engineers | | | | |
| N-6000656 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $6,013,494.00 | $150,337 | 12/10/2020 |
| N-6000655 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $21,700.00 | $543 | 12/10/2020 |
| N-6000654 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $53,600.00 | $1,340 | 12/10/2020 |
| N-6000653 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $368,992.00 | $9,225 | 12/10/2020 |
| N-6000652 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $37,600.00 | $940 | 12/10/2020 |
| N-6000651 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $28,220.00 | $706 | 12/10/2020 |
| N-6000650 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $1,858,337.00 | $46,458 | 12/10/2020 |
| N-6000649 | Williamson Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $4,623,100.00 | $115,578 | 12/10/2020 |
| N-6000648 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $64,080.00 | $1,602 | 12/10/2020 |
| N-6000647 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $50,400.00 | $1,260 | 12/10/2020 |
| N-6000646 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $48,600.00 | $1,215 | 12/10/2020 |
| N-6000645 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $68,916.00 | $1,723 | 12/10/2020 |
| N-6000644 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $2,346,260.00 | $58,657 | 12/10/2020 |
| N-6000643 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $36,100.00 | $903 | 12/10/2020 |
| N-6000642 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $13,900.00 | $348 | 12/10/2020 |
| N-6000641 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $356,280.00 | $8,907 | 12/10/2020 |
| N-6000640 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $1,833,850.00 | $45,846 | 12/10/2020 |
| N-6000639 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Surety Bond | $55,160.00 | $1,379 | 12/10/2020 |
| N-6000638 | Macoupin Energy, LLC | Illinois Department of Natural Resources | Financial Security Bond | $25,000.00 | $625 | 12/10/2020 |
| N-6000637 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $8,680.00 | $217 | 12/10/2020 |
| N-6000636 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $22,580.00 | $565 | 12/10/2020 |
| N-6000635 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and | Reclamation | $339,910.00 | $8,498 | 12/10/2020 |

| INIC Bond Number | Debtor | Obligee/Beneficiary | Bond Type | Bond Amount | Premium | Expiration Date |
|---|---|---|---|---|---|---|
| | | Minerals | | | | |
| N-6000634 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $8,600.00 | $215 | 12/10/2020 |
| N-6000633 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $23,860.00 | $597 | 12/10/2020 |
| N-6000632 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $36,310.00 | $908 | 12/10/2020 |
| N-6000631 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $5,932,800.00 | $148,320 | 12/10/2020 |
| N-6000630 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $5,256,500.00 | $131,413 | 12/10/2020 |
| N-6000629 | Macoupin Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $57,600.00 | $1,440 | 12/10/2020 |
| N-6000628 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $23,600.00 | $590 | 12/10/2020 |
| N-6000627 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $267,348.00 | $6,684 | 12/10/2020 |
| N-6000626 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $49,300.00 | $1,233 | 12/10/2020 |
| N-6000625 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $99,905.00 | $2,498 | 12/10/2020 |
| N-6000624 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $78,860.00 | $1,972 | 12/10/2020 |
| N-6000623 | Sugar Camp Energy, LLC | Illinois Department of Transportation | Subsidence | $250,000.00 | $6,250 | 12/10/2020 |
| N-6000622 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $77,280.00 | $1,932 | 12/10/2020 |
| N-6000621 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $3,290.00 | $125 | 12/10/2020 |
| N-6000620 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $147,800.00 | $3,695 | 12/10/2020 |
| N-6000619 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $2,600.00 | $125 | 12/10/2020 |
| N-6000618 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $21,330.00 | $533 | 12/10/2020 |
| N-6000617 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $44,280.00 | $1,107 | 12/10/2020 |
| N-6000616 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $105,720.00 | $2,643 | 12/10/2020 |
| N-6000615 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $100,470.00 | $2,512 | 12/10/2020 |
| N-6000614 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $15,800.00 | $395 | 12/10/2020 |
| N-6000613 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and | Reclamation | $1,369.00 | $125 | 12/10/2020 |

Doc#: US1:13281158v7

| INIC Bond Number | Debtor | Obligee/Beneficiary | Bond Type | Bond Amount | Premium | Expiration Date |
|---|---|---|---|---|---|---|
| | | Minerals | | | | |
| N-6000612 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $23,100.00 | $578 | 12/10/2020 |
| N-6000611 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $95,500.00 | $2,388 | 12/10/2020 |
| N-6000610 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $361,600.00 | $9,040 | 12/10/2020 |
| N-6000609 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $12,200.00 | $305 | 12/10/2020 |
| N-6000608 | Sugar Camp Energy, LLC | People of the State of Illinois | Reclamation | $252,930.00 | $6,323 | 12/10/2020 |
| N-6000607 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $38,600.00 | $965 | 12/10/2020 |
| N-6000606 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $72,620.00 | $1,816 | 12/10/2020 |
| N-6000605 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $19,700.00 | $493 | 12/10/2020 |
| N-6000604 | Sugar Camp Energy, LLC | Hamilton County Highway Department | Highway | $100,000.00 | $2,500 | 12/10/2020 |
| N-6000603 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $70,800.00 | $1,770 | 12/10/2020 |
| N-6000602 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $65,600.00 | $1,640 | 12/10/2020 |
| N-6000601 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $377,000.00 | $9,425 | 12/10/2020 |
| N-6000600 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $66,100.00 | $1,653 | 12/10/2020 |
| N-6000599 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $139,420.00 | $3,486 | 12/10/2020 |
| N-6000598 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $29,650.00 | $741 | 12/10/2020 |
| N-6000597 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $7,320.00 | $183 | 12/10/2020 |
| N-6000596 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $78,800.00 | $1,970 | 12/10/2020 |
| N-6000595 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $15,040.00 | $376 | 12/10/2020 |
| N-6000594 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $48,200.00 | $1,205 | 12/10/2020 |
| N-6000593 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $11,700.00 | $293 | 12/10/2020 |
| N-6000592 | Sugar Camp Energy, LLC | Illinois Department of Transportation | Continuous Highway Permit Bond | $50,000.00 | $1,250 | 12/10/2020 |
| N-6000591 | Sugar Camp Energy, LLC | Illinois Department of Transportation | Continuous Highway | $50,000.00 | $1,250 | 12/10/2020 |

| INIC Bond Number | Debtor | Obligee/Beneficiary | Bond Type | Bond Amount | Premium | Expiration Date |
|---|---|---|---|---|---|---|
| | | | Permit Bond | | | |
| N-6000590 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Division of Oil and Gas | Financial Security Bond | $25,000.00 | $625 | 12/10/2020 |
| N-6000589 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $33,960.00 | $849 | 12/10/2020 |
| N-6000588 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $6,180.00 | $155 | 12/10/2020 |
| N-6000587 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $161,900.00 | $4,048 | 12/10/2020 |
| N-6000586 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $28,880.00 | $722 | 12/10/2020 |
| N-6000585 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $13,670.00 | $342 | 12/10/2020 |
| N-6000584 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $62,960.00 | $1,574 | 12/10/2020 |
| N-6000583 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $25,180.00 | $630 | 12/10/2020 |
| N-6000582 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $135,200.00 | $3,380 | 12/10/2020 |
| N-6000581 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $71,400.00 | $1,785 | 12/10/2020 |
| N-6000580 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $3,800.00 | $125 | 12/10/2020 |
| N-6000579 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $49,870.00 | $1,247 | 12/10/2020 |
| N-6000578 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $24,370.00 | $609 | 12/10/2020 |
| N-6000577 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $26,820.00 | $671 | 12/10/2020 |
| N-6000576 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $25,500.00 | $638 | 12/10/2020 |
| N-6000575 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $8,500.00 | $213 | 12/10/2020 |
| N-6000574 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $12,120.00 | $303 | 12/10/2020 |
| N-6000573 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $2,200.00 | $125 | 12/10/2020 |
| N-6000572 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $2,200.00 | $125 | 12/10/2020 |
| N-6000571 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $107,632.00 | $2,691 | 12/10/2020 |
| N-6000570 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $5,879.00 | $147 | 12/10/2020 |

Doc#: US1:13281158v7

| INIC Bond Number | Debtor | Obligee/Beneficiary | Bond Type | Bond Amount | Premium | Expiration Date |
|---|---|---|---|---|---|---|
| N-6000569 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $3,200.00 | $125 | 12/10/2020 |
| N-6000568 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $353,180.00 | $8,830 | 12/10/2020 |
| N-6000567 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $3,500.00 | $125 | 12/10/2020 |
| N-6000566 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $2,218.00 | $125 | 12/10/2020 |
| N-6000565 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $22,900.00 | $573 | 12/10/2020 |
| N-6000564 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $2,100.00 | $125 | 12/10/2020 |
| N-6000563 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $8,100.00 | $203 | 12/10/2020 |
| N-6000562 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $5,600.00 | $140 | 12/10/2020 |
| N-6000561 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $40,600.00 | $1,015 | 12/10/2020 |
| N-6000560 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $28,500.00 | $713 | 12/10/2020 |
| N-6000559 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $17,700.00 | $443 | 12/10/2020 |
| N-6000558 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $23,700.00 | $593 | 12/10/2020 |
| N-6000557 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $147,800.00 | $3,695 | 12/10/2020 |
| N-6000556 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $12,900.00 | $323 | 12/10/2020 |
| N-6000555 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $15,600.00 | $390 | 12/10/2020 |
| N-6000554 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $50,600.00 | $1,265 | 12/10/2020 |
| N-6000553 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $233,380.00 | $5,835 | 12/10/2020 |
| N-6000552 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $39,600.00 | $990 | 12/10/2020 |
| N-6000551 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $35,800.00 | $895 | 12/10/2020 |
| N-6000550 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $46,300.00 | $1,158 | 12/10/2020 |
| N-6000549 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $11,340.00 | $284 | 12/10/2020 |
| N-6000548 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $38,800.00 | $970 | 12/10/2020 |
| N-6000547 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $26,200.00 | $655 | 12/10/2020 |
| N-6000546 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $33,670.00 | $842 | 12/10/2020 |

Doc#: US1:13281158v7

| INIC Bond Number | Debtor | Obligee/Beneficiary | Bond Type | Bond Amount | Premium | Expiration Date |
|---|---|---|---|---|---|---|
| N-6000545 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $5,400.00 | $135 | 12/10/2020 |
| N-6000544 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $17,300.00 | $433 | 12/10/2020 |
| N-6000543 | Sugar Camp Energy, LLC | Illinois Environmental Protection Agency | Financial Guarantee | $462,786.00 | $11,570 | 12/10/2020 |
| N-6000542 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $1,460,400.00 | $36,510 | 12/10/2020 |
| N-6000541 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $49,003.00 | $1,225 | 12/10/2020 |
| N-6000540 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $57,800.00 | $1,445 | 12/10/2020 |
| N-6000539 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $19,760.00 | $494 | 12/10/2020 |
| N-6000538 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $70,400.00 | $1,760 | 12/10/2020 |
| N-6000537 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $70,200.00 | $1,755 | 12/10/2020 |
| N-6000536 | Sugar Camp Energy, LLC | Illinois Environmental Protection Agency | Financial Guarantee | $462,786.00 | $11,570 | 12/10/2020 |
| N-6000535 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $48,080.00 | $1,202 | 12/10/2020 |
| N-6000534 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $49,000.00 | $1,225 | 12/10/2020 |
| N-6000533 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $7,900.00 | $198 | 12/10/2020 |
| N-6000532 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $66,420.00 | $1,661 | 12/10/2020 |
| N-6000531 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $22,800.00 | $570 | 12/10/2020 |
| N-6000530 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $68,860.00 | $1,722 | 12/10/2020 |
| N-6000529 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $69,840.00 | $1,746 | 12/10/2020 |
| N-6000528 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $23,500.00 | $588 | 12/10/2020 |
| N-6000527 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $58,500.00 | $1,463 | 12/10/2020 |
| N-6000526 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $80,240.00 | $2,006 | 12/10/2020 |
| N-6000525 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $46,200.00 | $1,155 | 12/10/2020 |
| N-6000524 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $43,100.00 | $1,078 | 12/10/2020 |
| N-6000523 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $288,377.00 | $7,209 | 12/10/2020 |

Doc#: US1:13281158v7

| INIC Bond Number | Debtor | Obligee/Beneficiary | Bond Type | Bond Amount | Premium | Expiration Date |
|---|---|---|---|---|---|---|
| N-6000522 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $13,300.00 | $333 | 12/10/2020 |
| N-6000521 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $101,470.00 | $2,537 | 12/10/2020 |
| N-6000520 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $50,100.00 | $1,253 | 12/10/2020 |
| N-6000519 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $7,000.00 | $175 | 12/10/2020 |
| N-6000518 | Sugar Camp Energy, LLC | Dept of the Army, St. Louis District Corps of Engineers | Reclamation | $467,485.00 | $11,687 | 12/10/2020 |
| N-6000517 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $23,800.00 | $595 | 12/10/2020 |
| N-6000516 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $251,200.00 | $6,280 | 12/10/2020 |
| N-6000515 | Sugar Camp Energy, LLC | IL, DNR, Office of Mines and Minerals | Reclamation | $16,481,266.00 | $412,032 | 12/10/2020 |
| N-6000514 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $161,900.00 | $4,048 | 12/10/2020 |
| N-6000513 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $40,600.00 | $1,015 | 12/10/2020 |
| N-6000512 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $1,015,423.00 | $25,386 | 12/10/2020 |
| N-6000511 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $7,125,800.00 | $178,145 | 12/10/2020 |
| N-6000510 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $33,900.00 | $848 | 12/10/2020 |
| N-6000509 | Savatran, LLC | Illinois Department of Transportation | Individual Utility Permit Bond | $50,000.00 | $1,250 | 12/10/2020 |
| N-6000508 | Savatran, LLC | Eastern Township | Performance Bond | $160,000.00 | $4,000 | 12/10/2020 |
| N-6000507 | M Class Mining Health Protection Plan | Jeffrey Watkins and Katelynn Watkins | Appeal Bond | $1,310,958.00 | $32,774 | 12/10/2020 |
| N-6000506 | Hillsboro Energy, LLC | Illinois Department of Transportation | Reclamation | $5,000.00 | $125 | 12/10/2020 |
| N-6000505 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $33,200.00 | $830 | 12/10/2020 |
| N-6000504 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $2,330.00 | $125 | 12/10/2020 |
| N-6000503 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $5,500.00 | $138 | 12/10/2020 |
| N-6000502 | Hillsboro Energy, LLC | Illinois Department of Transportation | Road | $408,590.00 | $10,215 | 12/10/2020 |
| N-6000501 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $16,150.00 | $404 | 12/10/2020 |
| N-6000500 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $80,750.00 | $2,019 | 12/10/2020 |

Doc#: US1:13281158v7

| INIC Bond Number | Debtor | Obligee/Beneficiary | Bond Type | Bond Amount | Premium | Expiration Date |
|---|---|---|---|---|---|---|
| N-6000499 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $28,500.00 | $613 | 12/10/2020 |
| N-6000498 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $25,200.00 | $630 | 12/10/2020 |
| N-6000497 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $6,701,424.00 | $167,536 | 12/10/2020 |
| N-6000496 | Hillsboro Energy, LLC | Illinois Department of Transportation | Road | $157,150.00 | $3,929 | 12/10/2020 |
| N-6000495 | Hillsboro Energy, LLC | Illinois Department of Natural Resources | Reclamation | $1,723,050.00 | $43,076 | 12/10/2020 |
| N-6000494 | Hillsboro Energy, LLC | Illinois Department of Natural Resources | Reclamation | $2,617,318.00 | $65,433 | 12/10/2020 |
| N-6000493 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $5,900.00 | $148 | 12/10/2020 |
| N-6000492 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $218,340.00 | $5,459 | 12/10/2020 |
| N-6000491 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $694,458.00 | $17,361 | 12/10/2020 |
| N-6000490 | Hillsboro Energy, LLC | EJ Water Company, LLC | Performance Bond | $25,000.00 | $625 | 12/10/2020 |
| N-6000489 | Hillsboro Energy, LLC | East Fork Township, IL | Performance Bond | $100,000.00 | $2,500 | 12/10/2020 |
| N-6000488 | Hillsboro Energy, LLC | City of Hillsboro, IL | Performance Bond | $100,000.00 | $2,500 | 12/10/2020 |
| N-6000487 | Hillsboro Energy, LLC | Illinois Department of Natural Resources | Financial Security Bond | $25,000.00 | $625 | 12/10/2020 |
| N-6000486 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $65,340.00 | $1,634 | 12/10/2020 |
| N-6000485 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $29,800.00 | $745 | 12/10/2020 |
| N-6000484 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $92,350.00 | $2,309 | 12/10/2020 |
| N-6000483 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $503,500.00 | $12,588 | 12/10/2020 |
| N-6000482 | Hillsboro Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $251,440.00 | $6,286 | 12/10/2020 |
| M-6000826 | Sugar Camp Energy, LLC | Illinois Department of Natural Resources, Office of Mines and Minerals | Reclamation | $10,960.00 | $274 | 10/4/2020 |
| SUR0028500 | Sugar Camp Energy, LLC | Illinois Environmental Protection Agency | Financial Guarantee | $462,786.00 | $9,256 | 8/25/2020 |
| SUR0047513 | Hillsboro Energy, LLC | East Fork Township, IL | Performance Bond | $100,000.00 | $2,000 | 6/5/2020 |
| SUR0049495 | M Class Mining Health Protection Plan | Jeffrey Watkins and Katelynn Watkins | Appeal Bond | $1,310,958.00 | $32,774 | 8/10/2020 |
| | | | **Total** | **$99,796,540** | **$2,493,169** | |

28