**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Hearing Date:  March 11, 2020 |
| | ) | Hearing Time:  10:00 a.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) EXTENDING THE TIME TO FILE SCHEDULES AND STATEMENTS; (B) EXTENDING THE TIME TO SCHEDULE THE MEETING OF CREDITORS; (C) PARTIALLY WAIVING THE REQUIREMENTS TO (I) FILE EQUITY LISTS AND (II) PROVIDE NOTICE TO EQUITY SECURITY HOLDERS; (D) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS; (E) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED AND REDACTED LIST OF CREDITORS IN LIEU OF SUBMITTING SEPARATE AND REFORMATTED CREDITOR MATRICES FOR EACH DEBTOR; (F) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT OF THESE CHAPTER 11 CASES; AND (G) GRANTING RELATED RELIEF**

Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

---

[1] The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).  The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

**Relief Requested**

1.      By this Motion, the Debtors seek entry of an order (the "Proposed Order"),[2] pursuant to sections 105(a), 107(c), and 342(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(c), 2002, 9006(b), and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1002(C), 1007-6(A), 1007-7, 1009, 2002-1, 2002-2, and 9037(A) of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Bankruptcy Rules"), (a) extending the 14-day period to file schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") an additional 19 days; (b) authorizing the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee") to schedule the meeting of creditors after the 40-day deadline imposed by Bankruptcy Rule 2003(a); (c) partially waiving the requirement to file a list of equity security holders (the "Equity Lists") and the requirement to give notice of the order for relief to all equity security holders of the Debtors; (d) authorizing the Debtors to file a consolidated list of the Debtors' 30 largest unsecured creditors; (e) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting separate and reformatted creditor matrices for each Debtor and (ii) redact certain personal identification information for individual creditors; (f) mail initial notices through Prime Clerk LLC (the "Proposed Notice and Claims Agent"); and (g) granting related relief.

**Jurisdiction and Venue**

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B)(1) of the Local Rules of the United States District

---

[2]  A copy of the Proposed Order will be made available on the Debtors' case information website at: http://cases.primeclerk.com/foresightenergy.

Court for the Eastern District of Missouri. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 107(c), and 342(a) of the Bankruptcy Code, Bankruptcy Rules 1007(c), 2002, 9006(b), and 9018, and Local Bankruptcy Rules 1002(C), 1007-6(A), 1007-7, 1009, 2002-1, 2002-2, and 9037(A).

## Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are a leading producer of thermal coal, with four mining complexes and nearly 2.1 billion tons of proven and probable coal reserves strategically located near multiple rail and river transportation access points in the Illinois Basin. The Debtors also own a barge-loading river terminal on the Ohio River. From this strategic position, the Debtors sell their coal primarily to electric utility and industrial companies located in the eastern half of the United States and across the international market.

5. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. Contemporaneously herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No trustee, examiner or official committee has been appointed in these chapter 11 cases.

6. Information regarding the Debtors' businesses, their capital and debt structure, the events leading to the filing of these cases, and the terms and structure of the proposed restructuring transaction is set forth in the *Declaration of Robert D. Moore, President*

*and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions* (the "Moore Declaration"), the *Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief* (the "Boyko Declaration"), and the declaration of Seth Herman in support of the Debtors' motion for approval of debtor-in-possession financing and use of cash collateral (the "Herman Declaration," and together with the Moore Declaration and Boyko Declaration, the "First Day Declarations"),[3] each filed contemporaneously herewith.

## Basis for Relief Requested

**A. The Court Should Extend the Time for the Debtors to File the Schedules and Statements and for the U.S. Trustee to Hold the Section 341 Meeting**

7.  Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(b) require the Debtors to file their Schedules and Statements within 14 days after the Petition Date. 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(b). Bankruptcy Rules 1007(c) and 9006(b) together allow the Court to extend the filing deadline for the Schedules and Statements "for cause shown." Fed. R. Bankr. P. 1007(c) and 9006(b). Similarly, Local Bankruptcy Rule 1007-6(A) provides for extending the filing deadline for Schedules and Statements.

8.  Good cause exists for granting an extension of the time to file Schedules and Statements. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to the claims of the Debtors' numerous creditors, as well as the Debtors' many assets and agreements. This information is voluminous and collecting it requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term. Focusing the attention of key

---

[3] The First Day Declarations are being filed in support of this Motion and are incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

personnel on critical operational and chapter 11 compliance issues during the early days of these chapter 11 cases will maintain the stability of the Debtors' business operations and facilitate the Debtors' smooth transition into chapter 11, thereby maximizing value for their estates, their creditors, and other parties in interest.

9. As set forth in the First Day Declarations, the Debtors were engaged in hard-fought prepetition negotiations over the terms of their restructuring, which culminated in (i) entry into the RSA, (ii) agreement over the terms of much needed debtor-in-possession financing, and (iii) preparing these chapter 11 cases for filing.

10. While the Debtors, with the help of their professional advisors, are working diligently and expeditiously on the preparation of the Schedules and Statements, resources have concentrated on the aforementioned objectives. Accordingly, the employees with the expertise to complete the Schedules and Statements have been significantly occupied by numerous other restructuring work streams in addition to their ordinary course duties as employees of the Debtors. The Debtors submit that the immense volume of information that must be assembled and compiled and the potentially hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time. In addition, employee efforts during the initial postpetition period are critical, and the Debtors must devote their time and attention to business operations to maximize the value of the Debtors' estates during the first critical months.

11. Due to the quantity of work necessary to complete the Schedules and Statements and the competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during this critical time, the Debtors will not be able to properly and accurately complete the Schedules and Statements within the required 14-day

period.  The Debtors anticipate that they will require at least 19 additional days to complete their Schedules and Statements.  The Debtors therefore request that the Court extend the 14-day time period for an additional 19 days, through April 13, 2020, without prejudice to the Debtors' right to seek further extensions.

12. In addition, Bankruptcy Rule 2003(a) provides that in a chapter 11 case the U.S. Trustee "shall call a meeting of creditors to be held no fewer than 21 and no more than 40 days after the order for relief" (the "Section 341 Meeting").  Fed. R. Bankr. P. 2003(a).  However, Local Bankruptcy Rule 1007-6(A) allows the U.S. Trustee to reschedule the Section 341 Meeting if the Court extends the time for filing the Schedules and Statements to a date that is less than 10 days before the Section 341 Meeting.  To the extent the U.S. Trustee wishes to schedule the Section 341 Meeting on a date that is more than 40 days after the Petition Date, the Debtors request that the Court authorize the U.S. Trustee to do so.

13. Courts in this and other districts have routinely granted relief similar to the relief requested herein in other chapter 11 cases.  *See, e.g.*, *In re Payless Holdings LLC*, No. 19-40883 (KAS) (Bankr. E.D. Mo. Feb. 22, 2019) [Docket No.: 192] (granting debtors a 28-day extension to file Schedules and Statements for a total of 42 days from the petition date and extending the time to schedule the 341 meeting); *In re Peabody Energy, Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. Apr. 15, 2016) [Docket No.: 116] (granting the debtors a 46-day extension to file Schedules and Statements for a total of 60 days from the petition date and extending the time to schedule the 341 meeting); *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Feb. 10, 2016) [Docket No.: 82] (granting debtors a 35-day extension to file Schedules and Statements); *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo.

Jan. 13, 2016) [Docket No.: 76] (granting debtors a 45-day extension to file Schedules and Statements).

B. **The Court Should Partially Waive the Equity List and Equity Notice Requirement**

14. Under Bankruptcy Rule 1007(a)(3), the Debtors are required to file Equity Lists "within 14 days after entry of the order for relief." Fed. R. Bankr. P. 1007(a)(3). Under Bankruptcy Rule 2002(d), unless otherwise ordered by the Court, the Debtors are required to give notice of the order for relief to all equity security holders.

15. Each of the Debtors, aside from Foresight Energy LP ("FELP"), has disclosed its equity security holders in the Equity Lists filed with their respective petitions. FELP, however, is a limited partnership with two tranches of limited partnership units (its "LP Units"): its common LP Units (the "Common Units"), which trade over-the-counter, and its subordinated LP Units (the "Subordinated Units"), which are entirely owned by non-Debtor affiliate Murray Energy Corporation ("Murray Energy"). In addition to its 100% ownership of the Subordinated Units, Murray Energy owns 12.1% of the Common Units. The estate of Christopher Cline and the Cline Trust Company own 25.3% and 25.4% of the Common Units, respectively. The remaining Common Unit-holders include unidentified public unitholders (the "Public Unitholders") and executives and officers of FELP's general partner, Foresight Energy GP LLC.

16. Given that FELP's Common Units are widely held and will require the assistance of third-party professionals to determine, the Debtors submit that (a) listing Public Unitholders on FELP's Equity List, along with their last-known addresses and percentage equity ownership, and (b) sending notices to all parties on that Equity List would be expensive and time-consuming. The Debtors request that the Court authorize FELP to provide an Equity List

that excludes individually identified Public Unitholders and instead lists only the equity holders known to FELP as of February 21, 2019, the date of FELP's most recent 10-K filing.[4]

17. In addition, the Debtors propose to publish, as soon as practicable after the commencement of these chapter 11 cases, the notice of commencement ("Notice of Commencement") in the *The New York Times* and the *St. Louis Post Dispatch*, a St. Louis, Missouri newspaper. The Debtors are confident that these publications, coupled with the national attention these chapter 11 cases will surely receive, will most likely reach the equity security holders.

18. The Debtors further submit that, to the extent it is determined that equity security holders are entitled to distributions from the Debtors' estates, those parties will be provided with notice of the bar date and will then have an opportunity to assert their interests. Thus, equity security holders will not be prejudiced.

19. This Court has granted relief similar to the relief requested herein in other chapter 11 cases. *See, e.g.*, *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Feb. 10, 2016) [Docket No.: 82]; *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016) [Docket No.: 76].

## C. The Court Should Allow the Debtors to File a Consolidated List of Their Largest Unsecured Creditors

20. Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims against the Debtor, excluding insiders. Fed. R. Bankr. P. 1007(d). Because numerous creditors are shared

---

[4] The Debtors' 2019 10-K lists Accipiter Capital Management, LLC ("Accipiter") as a holder of 9.9% of the Common Units. However, on February 14, 2020, Accipiter disclosed to the Securities and Exchange Commission that it divested its stake in FELP. The Common Units formerly held by Accipiter are now believed to be held by Public Unitholders. FELP's Equity List accounts for this one known change, but reports the remaining holdings as reflected in FELP's 2019 10-K.

amongst the 31 Debtors in these chapter 11 cases and the Debtors operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their largest 30 unsecured creditors.

21. Compiling separate top 20 unsecured creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources. Moreover, because the Debtors will request that the U.S. Trustee appoint a single official committee of unsecured creditors (the "Committee") in these chapter 11 cases, a consolidated list of the Debtors' largest creditors will better represent the Debtors' most significant unsecured creditors and aid the U.S. Trustee in its efforts to communicate with these creditors. As such, the Debtors believe that filing a single, consolidated list of the 30 largest unsecured creditors in these chapter 11 cases is appropriate.

22. Courts in this and other districts have routinely granted relief similar to the relief requested herein in other chapter 11 cases. *See, e.g.*, *In re Payless Holdings LLC*, No. 19-40883 (KAS) (Bankr. E.D. Mo. Feb. 22, 2019) [Docket No.: 192]; *In re Armstrong Energy, Inc.*, No. 17-47541 (KAS) (Bankr. E.D. Mo. Nov. 2, 2017) [Docket No.: 86]; *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Feb. 10, 2016) [Docket No.: 82]; *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016) [Docket No.: 76].

**D.    The Court Should Authorize the Debtors to File a Consolidated List of Creditors with Certain Personal Identification Information Redacted for Individual Creditors**

23. Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rules 1002(C) and 1007-7 require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. Additionally, Local Bankruptcy Rule 1007-7(A), the Procedures Manual accompanying the Local Bankruptcy Rules, the CM/ECF Administrative Procedures, and the Court's *Instructions for CM/ECF Matrix*

(collectively, the "Creditor Matrix Procedures") instruct debtors to follow specific formatting requirements for electronically filed creditor matrices.

24. The Debtors, working together with the Proposed Notice and Claims Agent, already have prepared a single, consolidated list of all the Debtors' creditors (the "Creditor Matrix") in electronic format. In lieu of filing individual and reformatted creditor matrices for each Debtor that comply with the Creditor Matrix Procedures, the Debtors are prepared to submit to the Clerk of the Court and the U.S. Trustee both a redacted and an unredacted Creditor Matrix in electronic format (or make available in non-electronic form at such requesting party's sole cost and expense).

25. The Debtors propose that the Court approve the following filing procedures (the "Procedures") with respect to their list of creditors. Within two days after the entry of an order approving this Motion, the Debtors will file under seal an unredacted electronic copy of the Creditor Matrix with the Clerk of Court and provide electronic copies to the U.S. Trustee and the Committee appointed in these chapter 11 cases. Further, the Clerk of the Court or, if requested by the Clerk of the Court, the Debtors will provide unredacted copies of the Creditor Matrix to any party appropriately requesting such unredacted Creditor Matrix for the purpose of noticing parties in these chapter 11 cases (a "Requesting Party") within thirty-six hours of such Requesting Party or the Clerk of the Court, as the case may be, providing notice to Debtors' counsel, the U.S. Trustee and the Committee. However, the Debtors, the U.S. Trustee, the Clerk of Court or the Committee shall retain the right to object to such request. For each amended Creditor Matrix, if any, the Debtors propose to file with the Clerk of the Court electronic copies of the unredacted amended Creditor Matrix under seal within two days thereafter.

26. Permitting the Debtors to file a consolidated Creditor Matrix, in lieu of filing separate and reformatted creditor matrices for each Debtor, is warranted under the circumstances of these cases. Indeed, because the Debtors have approximately 1,300 potential creditors and other parties in interest, filing separate creditor matrices for each debtor would be a duplicative and burdensome task. Additionally, reformatting the existing Creditor Matrix in accordance with the Creditor Matrix Procedures would be time-consuming and, more importantly, would greatly increase the risk of error. As such, the Debtors believe their request to file the Creditor Matrix as it is currently formatted and in accordance with the Procedures is reasonable and warranted under the circumstances.

27. Additionally, section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent that the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A). The Debtors respectfully submit that cause exists to authorize the Debtors to redact the home addresses (the "Confidential Information") of the Debtors' individual creditors—many of whom are the Debtors' employees—from the Creditor Matrix because such information could be used to perpetrate identity theft.

28. Courts in this and other districts have routinely granted relief similar to the relief requested herein in other chapter 11 cases. *See, e.g.*, *In re Payless Holdings LLC*, No. 19-40883-659 (KAS) (Bankr. E.D. Mo. Feb. 22, 2019) [Docket No.: 193]; *In re Armstrong Energy, Inc.*, No. 17-47541 (KAS) (Bankr. E.D. Mo. Nov. 20, 2017) [Docket No.: 185]; *In re Noranda*

*Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Feb. 10, 2016) [Docket No.: 86]; *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016) [Docket No.: 74].

### E. The Court Should Approve the Manner of Notifying Creditors of the Commencement of These Chapter 11 Cases

29. Pursuant to Local Bankruptcy Rule 2002-2(A), the Debtors propose that the Proposed Notice and Claims Agent undertake all mailings directed by the Court or the U.S. Trustee, or as required by section 342(a) of the Bankruptcy Code, Bankruptcy Rule 2002(a) and (f), or Local Bankruptcy Rule 2002-1.

30. The Proposed Notice and Claims Agent's assistance with the mailing and preparation of creditor lists and notices will ease administrative burdens that otherwise would fall upon the Court and the U.S. Trustee. With such assistance, the Debtors can file a computer-readable Creditor Matrix and also undertake all necessary mailings.

31. Furthermore, sections 105(a) of the Bankruptcy Code authorizes all relief requested in this Motion. Section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]" 11 U.S.C. § 105(a). It permits a bankruptcy court to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01.

32. Accordingly, the Debtors submit that the circumstances of these chapter 11 cases warrant granting the requested relief, and that doing so is in the best interests of the Debtors, their estates, their creditors, and their stakeholders, and therefore should be granted.

### Notice

33. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad

Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent; (f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Reserves; (*l*) counsel to Javelin; (m) counsel to Uniper Global Commodities UK Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; (s) counsel to the Committee; and (t) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>").  Notice of this Motion and any order entered hereon will be served in accordance with Local Bankruptcy Rule 9013-3(A)(1).

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other relief as is just and proper.

Dated: March 10, 2020
St. Louis, Missouri

Respectfully submitted,

ARMSTRONG TEASDALE LLP

 /s/ Richard W. Engel, Jr.
Richard W. Engel, Jr. (MO 34641)
John G. Willard (MO 67049)
Kathryn R. Redmond (MO 72087)
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri  63105
Tel:  (314) 621-5070
Fax:  (314) 621-5065
Email: rengel@atllp.com
       jwillard@atllp.com
       kredmond@atllp.com

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Paul M. Basta (*pro hac vice* admission pending)
Alice Belisle Eaton (*pro hac vice* admission pending)
Alexander Woolverton (*pro hac vice* admission pending)
1285 Avenue of the Americas
New York, New York  10019
Tel:  (212) 373-3000
Fax:  (212) 757-3990
Email: pbasta@paulweiss.com
       aeaton@paulweiss.com
       awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*