## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Hearing Date:  March 11, 2020 |
| | ) | Hearing Time:  10:00 a.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

### DEBTORS' MOTION FOR
### ENTRY OF INTERIM AND FINAL ORDERS DETERMINING
### ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1.      By this Motion, the Debtors seek entry of interim and final orders (the "Proposed Orders"),[2] pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy

---

[1]     The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).  The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

[2]     Copies of the Proposed Orders will be made available on the Debtors' case information website at: http://cases.primeclerk.com/foresightenergy.

Procedure (the "Bankruptcy Rules"), (a) determining that the Proposed Adequate Assurance (as defined herein) provides the Utility Providers (as defined herein) with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services, (c) approving the Proposed Adequate Assurance Procedures (as defined herein), and (d) granting related relief.

## Jurisdiction and Venue

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## Background

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are a leading producer of thermal coal, with four mining complexes and nearly 2.1 billion tons of proven and probable coal reserves strategically located near multiple rail and river transportation access points in the Illinois Basin.  The Debtors also own a barge-loading river terminal on the Ohio River.  From this strategic position, the Debtors sell their coal primarily to electric utility and industrial companies located in the eastern half of the United States and across the international market.

5.      The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  Contemporaneously

Doc#: US1:13293113v19

herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No trustee, examiner or official committee has been appointed in these chapter 11 cases.

6.     Information regarding the Debtors' businesses, their capital and debt structure, the events leading to the filing of these cases, and the terms and structure of the proposed restructuring transaction is set forth in the *Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions* (the "Moore Declaration"), the *Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief* (the "Boyko Declaration"), and the declaration of Seth Herman in support of the Debtors' motion for approval of debtor-in-possession financing and use of cash collateral (the "Herman Declaration," and together with the Moore Declaration and Boyko Declaration, the "First Day Declarations"),[3] each filed contemporaneously herewith.

## The Utility Services and Proposed Adequate Assurance

**A.     The Utility Services and Utility Providers**

7.     In the ordinary course of business, the Debtors obtain electricity, natural gas, telecommunications, water, waste management (including sewer and trash), internet, and other similar services (collectively, the "Utility Services") from various utility providers or brokers (the "Utility Providers").  A list of the Utility Providers that provide Utility Services to the Debtors as of the Petition Date is attached hereto as **Exhibit A** (the "Utility Services List").[4]

---

[3]     The First Day Declarations are being filed in support of this Motion and are incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

[4]     The Debtors endeavored to identify and list all Utility Providers on **Exhibit A** attached hereto.  However, inadvertent omissions may have occurred and such omissions shall not be construed as an admission, waiver, acknowledgement, or consent that section 366 of the Bankruptcy Code does not apply to such entity.  If the

Doc#: US1:13293113v19

8.      While there is seasonal fluctuation, on average, the Debtors have historically spent approximately $4.1 million per month on their Utility Services. Accordingly, the Debtors estimate that their cost for Utility Services during the next thirty (30) days (not including any deposits to be paid or any unpaid prepetition amounts that have been invoiced) will be approximately $4.1 million. Additionally, the Debtors have provided certain of the Utility Providers with prepetition cash deposits as set forth in **Exhibit A**.

**B.      Proposed Adequate Assurance Deposit and Procedures**

9.      The Debtors intend to pay postpetition obligations owed to the Utility Providers in the ordinary course of business and in a timely manner. The Debtors believe that cash held by the Debtors, the cash generated in the ordinary course of business, and the funds received through the Debtors' proposed debtor-in-possession financing facility will provide sufficient liquidity to pay the Utility Providers in the ordinary course of business during these chapter 11 cases.

10.      To provide additional assurance of payment, the Debtors propose to establish a segregated bank account (the "Adequate Assurance Account") and deposit $230,000 (the "Adequate Assurance Deposit") into such account within five (5) business days of the entry of an interim order granting the relief requested herein to serve as adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code ("Adequate Assurance"). This Adequate Assurance Deposit will be equal to one-half of the Debtors' estimated monthly cost of the Utility Services, calculated as a historical average over the past twelve (12) months, less any prepetition cash deposit already held by a Utility Provider; provided, however, that such deposits may be adjusted by the Debtors to account for the termination or discontinuance of any of the

Debtors identify any entity that was inadvertently excluded from **Exhibit A**, they will promptly provide such entity with a copy of the Proposed Order and the Motion, as outlined in Section C below.

Doc#: US1:13293113v19

Utility Services. The amount of deposit made as assurance for each Utility Provider into the Adequate Assurance Account is set forth in the column labeled "Proposed Adequate Assurance Deposit" on the Utility Services List.

11.     The Adequate Assurance Deposit will be held in the Adequate Assurance Account for the duration of these chapter 11 cases and may be applied to any postpetition defaults in payment to the Utility Providers. The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' anticipated liquidity during these chapter 11 cases, demonstrates their ability to pay for future Utility Services in accordance with prepetition practice (collectively, the "Proposed Adequate Assurance") and constitutes sufficient Adequate Assurance to the Utility Providers in full satisfaction of section 366 of the Bankruptcy Code.

12.     In the event that a Utility Provider believes that additional assurance is required, the Debtors propose to establish procedures for determining additional Adequate Assurance, if any, and authorizing the Debtors to provide Adequate Assurance to the Utility Providers (the "Proposed Adequate Assurance Procedures"). The Proposed Adequate Assurance Procedures are as follows:

(a)     If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (i) the Debtors, One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102, Attention: Cody Nett, Esq.; (ii) proposed counsel to the Debtors, (A) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attention: Alice Belisle Eaton, Esq., and Patrick M. Steel, Esq., and (B) Armstrong Teasdale LLP, 7700 Forsyth Boulevard, Suite 1800, St. Louis, Missouri 63105, Attention: Richard W. Engel, Jr., Esq., and John G. Willard, Esq.; and (iii) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases (collectively, the "Adequate Assurance Notice Parties"). The Debtors shall honor such request within five (5) business days after the date the

5

request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court; provided that in no event shall a Utility Provider be permitted to receive aggregate disbursements in excess of the total amount set forth for such Utility Provider under the column labeled "Proposed Adequate Assurance Deposit" on the Utility Services List.

(b)    The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be removed from the account and returned to the Debtors on the earlier of (i) the Debtors' termination of Utility Services from such Utility Provider or (ii) the effective date of any chapter 11 plan approved in these chapter 11 cases.

(c)    Any Utility Provider desiring additional assurances of payment must serve a written request (an "Additional Assurance Request") on the Adequate Assurance Notice Parties so that it is actually received by the Adequate Assurance Notice Parties no later than twenty (20) days after the entry of an order granting the relief requested herein (the "Request Deadline").

(d)    Any Additional Assurance Request must (i) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each account, (ii) provide a report on and certify the Debtors' payment history on each account for the previous twelve (12) months, (iii) disclose any existing security deposit, (iv) provide an explanation of why the requesting Utility Provider believes the Proposed Adequate Assurance is not Adequate Assurance of future payment, and (v) specify the amount and nature of Adequate Assurance that would be satisfactory to the Utility Provider.

(e)    Without further order of the Court, the Debtors may (i) enter into agreements granting additional Adequate Assurance to a Utility Provider, including cash deposits, prepayments, or other forms of security if determined by the Debtors to be reasonable, and (ii) extend the Debtors' time to file a Determination Motion (as defined below).

(f)    If the Debtors determine that an Additional Assurance Request is unreasonable, then such Utility Provider shall have the greater of (i) twenty (20) days from the receipt of the Proposed Orders or (ii) thirty (30) days from the entry of the Proposed Orders (the "Resolution Period") to negotiate with the Debtors to resolve the Utility Provider's Additional Assurance Request; provided that

6

the Debtors and Utility Provider may extend the Resolution Period by mutual agreement.  If a resolution is not reached within the Resolution Period, then the Debtors shall file a motion (the "<u>Determination Motion</u>") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from the Court that the Adequate Assurance Deposit, plus any additional consideration offered by the Debtors, constitutes Adequate Assurance of payment.  Pending resolution of any such Determination Motion, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of the commencement of these chapter 11 cases, unpaid charges for prepetition services, or on account of any objections to the Debtors' Proposed Adequate Assurance.

(g)     The Proposed Adequate Assurance shall be deemed Adequate Assurance of payment for any Utility Provider that fails to make an Additional Assurance Request.

## C.     Modifications to the Utility Services List

13.     The Debtors have made an extensive and good-faith effort to identify all Utility Providers and include them on the Utility Services List.  Nonetheless, to the extent the Debtors subsequently identify additional Utility Providers or discontinue any Utility Services, the Debtors seek authority, in their sole discretion, to amend the Utility Services List to add or remove any Utility Provider.  The Debtors further request that the relief requested in this Motion, including the Proposed Adequate Assurance Procedures, and any order granting this Motion shall apply to any subsequently identified Utility Provider, regardless of when such Utility Provider was added to the Utility Services List.  The Debtors will serve a copy of this Motion and the relevant order for relief on any Utility Provider subsequently added to the Utility Services List and any subsequently added Utility Provider shall have twenty (20) days from the date of service of this Motion and the applicable order to make an Additional Adequate Assurance Request.  Furthermore, the Debtors shall have the Resolution Period to resolve any subsequently added Utility Provider's request for adequate assurance of payment by mutual

Doc#: US1:13293113v19

agreement with the Utility Provider without further order of the Court or the need to schedule a Determination Hearing.

14.     The Debtors request that all Utility Providers, including Utility Providers subsequently added to the Utility Services List, be prohibited from altering, refusing, or discontinuing any Utility Services to the Debtors absent further order of the Court.

**Basis for Relief Requested**

**A.      The Court Should Approve the Debtors' Proposed Adequate Assurance**

15.     Section 366 of the Bankruptcy Code protects a debtor against the immediate termination, discontinuance, or alteration of utility services after the Petition Date. *See* 11 U.S.C. § 366.  Furthermore, section 366(c) of the Bankruptcy Code requires a debtor to provide "adequate assurance" of payment for postpetition utility services in a form "satisfactory" to a utility provider within 30 days of the petition, or the utility provider may alter, refuse, or discontinue service.  11 U.S.C. § 366(c)(2).  Section 366(c)(1) of the Bankruptcy Code provides a non-exhaustive list of examples of what constitutes "assurance of payment."   11 U.S.C. § 366(c)(1).  Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtor's ability to pay.  *See, e.g.*, *Entergy New Orleans, Inc.* v. *Cont'l Common, Inc. (In re Cont'l Common, Inc.)*, No. 3:10-CV-2591 (RO), 2011 WL 13238210, at *6 (N.D. Tex. Feb. 14, 2011) ("[A]dequate assurance of payment does not entail a guarantee of payment."); *In re Great Atl. & Pac. Tea Co.*, No. 11-CV-1338 (CS), 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) ("Courts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full.") (citation omitted); *In re Anchor Glass Container Corp.*, 342 B.R. 872, 875 (Bankr. M.D. Fla. 2005) ("Section 366 requires a determination that a utility is not subject to unreasonable risk of nonpayment, but does not require a guarantee of payment."); *In re*

*C.T. Harris, Inc.*, 295 B.R. 405, 406–07 (Bankr. M.D. Ga. 2003) (noting that debtor's "current liquidity" was adequate assurance of future payment).

16.    When considering whether a given assurance of payment is "adequate," a court should examine the totality of the circumstances to make an informed decision as to whether a utility provider will be subject to an unreasonable risk of nonpayment. *See, e.g.*, *Mass. Elec. Co.* v. *Keydata Corp. (In re Keydata Corp.)*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)); *In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002).    In determining the level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources."    *Va. Elec. & Power Co.* v. *Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997) (internal quotations omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)); *see also Great Atl. & Pac.*, 2011 WL 5546954, at *5–6 (holding that no additional adequate assurance deposit was necessary where such deposit would impose an unreasonable burden on reorganizing debtors).

17.    Here, the Proposed Adequate Assurance sufficiently insures the Utility Providers against any risk of nonpayment for future Utility Services.    The Adequate Assurance Deposit and the Debtors' ongoing ability to meet obligations as they come due in the ordinary course provide assurance of the Debtors' payment of future utility obligations.    Moreover, termination of the Utility Services could result in the Debtors' inability to operate their businesses to the detriment of all stakeholders.    *See In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service, debtors "would have to cease

Doc#: US1:13293113v19

operations" and that section 366 "was intended to limit the leverage held by utility companies, not increase it").

18.    Courts are permitted to fashion reasonable procedures, such as the Proposed Adequate Assurance Procedures set forth herein, to implement the protections afforded under section 366 of the Bankruptcy Code.  *See, e.g.*, *In re Circuit City Stores, Inc.*, No. 08-35653 (KRH), 2009 WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009) ("The plain language of § 366 of the Bankruptcy Code allows the court to adopt the Procedures set forth in the Utility Order.").  Absent such procedures, the Debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize." *Id.*  Here, notwithstanding a determination that the Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Providers believe they have under sections 366(b) and (c)(2) of the Bankruptcy Code are wholly preserved under the Proposed Adequate Assurance Procedures.  *See id.* at *6.  The Utility Providers still may choose, in accordance with the Proposed Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance.  *See id.*  The Proposed Adequate Assurance Procedures, however, avoid a haphazard and chaotic process whereby each Utility Provider could make an extortionate, last-minute demand for adequate assurance that would force the Debtors to pay under the threat of losing critical Utility Services.  *See id.* at *5.  Because the Proposed Adequate Assurance Procedures are reasonable and accord with section 366 of the Bankruptcy Code, the Court should grant the relief requested herein.

19.    Furthermore, section 105(a) of the Bankruptcy Code authorizes the requested relief.  Section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the

10

Bankruptcy Code.]"  11 U.S.C. § 105(a).  It permits a bankruptcy court to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction."   2 COLLIER ON BANKRUPTCY ¶ 105.01.

20.    Courts in this and other districts have routinely granted relief similar to the relief requested herein in other chapter 11 cases.  *See, e.g.*, *In re Payless Holdings LLC*, No. 19-40883 (KAS) (Bankr. E.D. Mo. Mar. 15, 2019) [Docket No.: 582]; *In re Armstrong Energy, Inc.*, No. 17-47541 (KAS) (Bankr. E.D. Mo. Nov. 1, 2017) [Docket No.: 21]; *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Mar. 10, 2016) [Docket No.: 391]; *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 11, 2016) [Docket No.: 26].  The Debtors submit that the circumstances of these chapter 11 cases warrant granting similar relief, and that doing so is in the best interests of the Debtors, their estates, their creditors, and their stakeholders, and therefore should be granted.

### Processing of Checks and Electronic Funds Transfers Should Be Authorized

21.    The Debtors have sufficient funds to pay the amounts described herein in the ordinary course of business by virtue of expected cash flows from ongoing business operations, debtor-in-possession financing, and anticipated access to cash collateral.  Also, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment made relating to the Proposed Adequate Assurance.  Accordingly, the Debtors believe that only checks or wire transfer requests relating to authorized payments will be honored and that this Court should authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested herein.

Doc#: US1:13293113v19

**The Requirements of Bankruptcy Rule 6003 Are Satisfied**

22.     The Debtors seek immediate authorization for the relief requested in this Motion.  Pursuant to Bankruptcy Rule 6003(b), a bankruptcy court cannot grant "a motion to use, sell, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within the first twenty-one (21) days after the petition date unless the relief is "necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(b).  For the reasons set forth herein and in the First Day Declarations, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied Bankruptcy Rule 6003(b) and therefore respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

23.     By this Motion, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause for a waiver of any stay of the effectiveness of the order approving this Motion under Bankruptcy Rule 6004(h).  For the reasons set forth herein and in the First Day Declarations, the Debtors submit that notice of the relief requested herein is appropriate under the circumstances and that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h).

Doc#: US1:13293113v19

**Reservation of Rights**

24.     Nothing contained herein is intended or should be construed as (a) an admission as to the validity or priority of any claim or lien (or the priority thereof) against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute or contest such claim or lien on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion, (e) a request or authorization to assume or adopt any agreement, contract, or lease under section 365 of the Bankruptcy Code or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or applicable law. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute or contest such claim.

**Notice**

25.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent; (f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Reserves; (*l*) counsel to Javelin; (m) counsel to Uniper Global Commodities UK Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the Utility Providers; and (s) the holders of the thirty (30) largest unsecured claims against the

Debtors, on a consolidated basis; (t) counsel to the Committee; and (u) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-3(A)(1) of the Local Rules of Bankruptcy Procedure of the Eastern District of Missouri (the "Local Bankruptcy Rules").  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

14

WHEREFORE, the Debtors respectfully request entry of the Proposed Orders granting the relief requested herein and such other relief as is just and proper.

Dated: March 10, 2020
St. Louis, Missouri

Respectfully submitted,

ARMSTRONG TEASDALE LLP

 */s/  Richard W. Engel, Jr.*
Richard W. Engel, Jr. (MO 34641)
John G. Willard (MO 67049)
Kathryn R. Redmond (MO 72087)
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri  63105
Tel:    (314) 621-5070
Fax:    (314) 621-5065
Email: rengel@atllp.com
        jwillard@atllp.com
        kredmond@atllp.com

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Paul M. Basta (*pro hac vice* admission pending)
Alice Belisle Eaton (*pro hac vice* admission pending)
Alexander Woolverton (*pro hac vice* admission pending)
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email: pbasta@paulweiss.com
        aeaton@paulweiss.com
        awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

## Exhibit A

**Utility Services List**

**Foresight Energy**
Utility Services List

| Utility Provider and Address | Debtor(s) | Account Number(s) | Type | Average Monthly Expenditure | Average 2-Week Expenditure | Prepetition Deposits | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|---|---|
| AKIN WATER DISTRICT | Sugar Camp Energy, LLC Seneca Rebuild, LLC | 00055, 10250, 10308, 10310, 10497, 10580, 10605, 10606, 10610, 10611, 10712, 10715, 10716, 10810, 10811, 10925, 10957, 10958, 11230, 11258, 11303, 11780, 40334, 40335, 40560, 40565, 40585, 40960, 71595, 81070, 40000, 40134, 10305, 10307, 103315, 10312 | Water | $34,890 | $17,444 | – | $17,444 |
| AMEREN ILLINOIS | Macoupin Energy LLC Oeneus LLC d/b/a Savatran LLC Hillsboro Energy LLC | 0838089007 3155371000 3933417006 9690830005 06691-55014 0938050000 4303360044 | Electric | $266,267 | $133,133 | – | $133,133 |
| AT&T | Macoupin Energy LLC Hillsboro Energy LLC Coalfield Construction, LLC Foresight Energy Services, | 287025551266 287021834553 287022945004 287265180081 | Telecommunications | $2,500 | $1,250 | – | $1,250 |

| Utility Provider and Address | Debtor(s) | Account Number(s) | Type | Average Monthly Expenditure | Average 2-Week Expenditure | Prepetition Deposits | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|---|---|
| | LLC | | | | | | |
| AT&T TELECONFERENCE SERVICES | Foresight Energy Services, LLC | 72506778-00001 | Telecommunications | $598 | $299 | – | $299 |
| BULLDOG SYSTEMS, LLC | Sugar Camp Energy, LLC Seneca Rebuild, LLC | 20224, 600916, 609278, 606129, 606324, 607427, 618472, 600421, 603526, 618339, 605026, 609225 | Trash | $15,325 | $7,662 | – | $7,662 |
| CENTURYLINK | Foresight Energy Services, LLC | 87460426 | Telecommunications | $1,151 | $576 | – | $576 |
| CITY OF HILLSBORO | Hillsboro Energy LLC | 007 20470 00 007 20480 00 1760134007 | Water | $23,903 | $11,952 | – | $11,952 |
| CONFERTEL | Foresight Energy Services, LLC | None | Telecommunications | $2 | $1 | – | $1 |
| CONSOLIDATED COMMUNICATIONS | Hillsboro Energy LLC | 217-532-6334/0 217-532-7310/0 | Telecommunications | $3,144 | $1,572 | – | $1,572 |
| CORINTH WATER DISTRICT | Williamson Energy, LLC Coalfield Construction, LLC | SUPPF3293, MACHM2440, MACH2540, DEVEW3536, ENERW3857, ENERW3821, ENERW3711, KENNM3518, MINIM3809 ENERW3505 | Water | $9,858 | $4,929 | – | $4,929 |
| CMC RURAL WATER DISTRICT | Macoupin Energy LLC | 083 60000 00 068 00000 00 | Water | $1,970 | $985 | – | $985 |
| CWI OF ILLINOIS #732/ | Williamson Energy, LLC | 3-0732-1027409 | Trash | $9,330 | $4,665 | – | $4,665 |

2

| Utility Provider and Address | Debtor(s) | Account Number(s) | Type | Average Monthly Expenditure | Average 2-Week Expenditure | Prepetition Deposits | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|---|---|
| REPUBLIC SERVICES | | 3-0732-5008126 | | | | | |
| DC WASTE & RECYCLING, INC. | Hillsboro Energy LLC | 1719100 | Trash | $2,860 | $1,430 | | $1,430 |
| FLOWERS SANITATION SERVICE | Macoupin Energy LLC | 131597-001 131597-002 | Trash | $2,797 | $1,398 | – | $1,398 |
| FRONTIER COMMUNICATIONS SERVICES | Macoupin Energy LLC Hillsboro Energy LLC Williamson Energy, LLC | 217-854-3291-1201 06-2 217-196-1028-0531 17-2 217-534-6764-1226 18-2 224-159-2000-0212 12-5 | Telecommunications | $3,014 | $1,506 | – | $1,506 |
| FUTIVA LLC | Sugar Camp Energy, LLC | 123083 | Telecommunications | $101 | $50 | – | $50 |
| HAMILTON COUNTY WATER DISTRICT | Sugar Camp Energy, LLC | 05000662Z, 05000457A | Water | $143 | $72 | – | $72 |
| HOSTWAY | Foresight Energy Services, LLC | foresighte359824 | Telecommunications | $118 | $59 | – | $59 |
| Level 3 / CENTURY LINK | Foresight Energy Services, LLC | 321481 | Telecommunications | $3,848 | $1,924 | – | $1,924 |
| MJM Electric | Hillsboro Energy LLC Oeneus LLC d/b/a Savatran LLC | 624302, 1263600, 1263700 | Electric | $160 | $80 | – | $80 |
| REND LAKE CONSERVANCY | Coalfield Construction, LLC | 3703 | Water | $24 | $12 | – | $12 |
| SIT-CO LLC | Sitran LLC | None | Telecommunications | $688 | $344 | – | $344 |
| SOUTHEASTERN | Sugar Camp Energy, LLC | 1056410, 106423, 1069999, 1070017, | Electric | $3,572,953 | $1,786,477 | $2,900,000 | – |

3

| Utility Provider and Address | Debtor(s) | Account Number(s) | Type | Average Monthly Expenditure | Average 2-Week Expenditure | Prepetition Deposits | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|---|---|
| ILLINOIS ELECTRIC | Williamson Energy, LLC | 1070787, 1077538, 1080081, 1065540, 1067948, 1082128, 1063704, 1073822, 1070321, 1055811, 1057455, 1057736, 1065423, 1079948, 1080806, 1081445, 1080131, 1083140, 1078513, 1080981, 1082016, 1083076, 1052858, 1070577, 1071060, 1082128, 1067948, 1065540, 1077521, 1071846, 1082462, 1084309 | | | | | |
| SOUTHEASTERN ILLINOIS ELECTRIC | Oeneus LLC d/b/a Savatran LLC Coalfield Construction, LLC Seneca Rebuild, LLC | 1060008 1065949 1080806 1070321 | Electric | $4,879 | $2,438 | – | $2,438 |
| SPECTRUM BUSINESS/CHARTER COMMUNICATIONS | Foresight Energy Services, LLC | 8345780014248500 | Telecommunications | $1,000 | $500 | – | $500 |
| VECTREN ENERGY DELIVERY | Sitran LLC | 01-300574289-140 6156 8 01-300549093-116 6281 4 01-300549093-116 6290 3 | Electric | $48,133 | $24,067 | – | $24,067 |
| VERIZON | Sugar Camp Energy, LLC Williamson Energy, LLC | 285667821-00001 442023057-00001 | Telecommunications | $4,463 | $2,231 | – | $2,231 |
| WAYNE-WHITE | Sugar Camp Energy, LLC | 2652300, 2486000, | Electric | $8,593 | $4,297 | – | $4,297 |

4

| Utility Provider and Address | Debtor(s) | Account Number(s) | Type | Average Monthly Expenditure | Average 2-Week Expenditure | Prepetition Deposits | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|---|---|
| COUNTIES ELECTRIC COOP | Oeneus LLC d/b/a Savatran LLC | 2485600, 2485700, 2485800, 2485900, 2486100, 2486200, 2486300, 2486400, 2486500 | | | | | |
| WINDSTREAM | Foresight Energy Services, LLC | 7078622 | Telecommunications | $3,106 | $1,553 | – | $1,553 |
| Total | | | | $4,025,814 | $2,012,907 | $2,900,000 | $226,430 |

5