# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FORESIGHT ENERGY LP, *et al.*, | Case No. 20-41308-659 |
| Debtors.[1] | (Joint Administration Requested) |
| | Hearing Date:  March 11, 2020 |
| | Hearing Time:  10:00 a.m. (Central Time) |
| | Hearing Location: Courtroom 7 North |

### DEBTORS' MOTION FOR ENTRY
### OF AN ORDER (A) ESTABLISHING PROCEDURES FOR
### INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
### OF RETAINED PROFESSIONALS AND (B) GRANTING RELATED RELIEF

Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1. By this Motion, the Debtors seek entry of an order (the "Proposed Order"),[2] pursuant to section 330 of title 11 of the United States Code (the "Bankruptcy Code"),

---

[1] The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).  The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

[2] A copy of the Proposed Order will be made available on the Debtors' case information website at: https://cases.primeclerk.com/foresightenergy.

Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Bankruptcy Rules"), and the Guidelines for Compensation of Professionals appended to the Procedures Manual Accompanying the Local Bankruptcy Rules (the "Local Guidelines"),[3] (a) establishing an orderly, regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "Interim Compensation Procedures"), attached hereto as **Exhibit A**, for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses and (b) granting related relief.

## Jurisdiction and Venue

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.  The statutory and legal predicates for the relief requested herein are section 330 of the Bankruptcy Code, Bankruptcy Rule 2016(a), Local Bankruptcy Rules 2016-1 and 2016-2, and the Local Guidelines.

## Background

4.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are a leading producer of thermal coal, with four mining complexes and nearly 2.1 billion tons of proven and

---

[3] The Court's Procedures Manual is available at http://moeb.uscourts.gov/sites/moeb/files/Procedures_Manual_2019.pdf.

probable coal reserves strategically located near multiple rail and river transportation access points in the Illinois Basin. The Debtors also own a barge-loading river terminal on the Ohio River. From this strategic position, the Debtors sell their coal primarily to electric utility and industrial companies located in the eastern half of the United States and across the international market.

5. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. Contemporaneously herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No trustee, examiner or official committee has been appointed in these chapter 11 cases.

6. Information regarding the Debtors' businesses, their capital and debt structure, the events leading to the filing of these cases, and the terms and structure of the proposed restructuring transaction is set forth in the *Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions* (the "Moore Declaration"), the *Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief* (the "Boyko Declaration"), and the declaration of Seth Herman in support of the Debtors' motion for approval of debtor-in-possession financing and use of cash collateral (the "Herman Declaration," and together with the Moore Declaration and Boyko Declaration, the "First Day Declarations"),[4] each filed contemporaneously herewith.

---

[4] The First Day Declarations are being filed in support of this Motion and are incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

Doc#: US1:13443480v10

**The Retention of Professionals**

7.      Given the size and complex nature of these chapter 11 cases, the Debtors require the assistance of a number of professionals to efficiently manage these proceedings to successfully and timely emerge from chapter 11.  Accordingly, the Debtors have filed, or expect to file shortly after the date hereof, pursuant to section 327 of the Bankruptcy Code, separate applications with the Court to employ and retain a number of professionals, including: (a) Paul, Weiss Rifkind, Wharton & Garrison LLP, as counsel to the Debtors, (b) Armstrong Teasdale LLP, as co-counsel to the Debtors, (c) FTI Consulting, Inc., as financial advisor to the Debtors, (d) Jefferies LLC, as investment banker to the Debtors, and (e) Prime Clerk LLC, as claims and noticing agent and administrative advisor (collectively, the "Estate Professionals").  The Debtors may need to retain additional Estate Professionals in connection with the continued prosecution of these chapter 11 cases.[5]  In addition, any statutory committee of unsecured creditors (the "Committee") appointed in these cases pursuant to section 1102 of the Bankruptcy Code will likely retain counsel and possibly other professionals to represent it.

8.      The Debtors believe that establishing orderly procedures to pay the Estate Professionals and other professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (together with the Estate Professionals, the "Retained Professionals") will streamline the administration of these chapter 11 cases and otherwise promote efficiency for the Court, the Office of the United States Trustee for the Eastern District of Missouri (the "U.S.

---

[5]  Other professionals may be retained in accordance with the *Debtors' Motion for an Order Authorizing the Employment of Certain Professionals Utilized in the Ordinary Course of Business* (the "OCP Motion") filed contemporaneously herewith.  If granted, such professionals will not be required to file individual retention applications and will be paid each month, subject to certain caps, without serving monthly fee requests or filing interim or final fee applications.

Doc#: US1:13443480v10

Trustee"), and all parties in interest.  Specifically, a streamlined process for serving interim fee applications and notices thereof is in the best interest of the Debtors because it will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

        9.        Finally, the Debtors request that the Court limit service of Fee Applications (as defined in the Interim Compensations Procedures) and the notices thereof to: (a) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, (Attention: Alice Belisle Eaton and Patrick Steel); (b) proposed co-counsel to the Debtors, Armstrong Teasdale LLP (Attention: Richard W. Engel, Jr. and John G. Willard); (c) the U.S Trustee; (d) counsel to the Ad Hoc First Lien Group; (e) counsel to the Ad Hoc Crossover Group; (f) counsel to the Facilities Agent; (g) counsel to the Term Agent; (h) counsel to the Indenture Trustee; (i) counsel to the collateral trustee under the Debtors' secured debt facilities; (j) counsel to the DIP Agent; (*l*) counsel to DIP Lenders; (m) counsel to Murray Energy Corporation; (n) counsel to Reserves; (o) the Internal Revenue Service; (p) the Securities and Exchange Commission; (q) the United States Attorney's Office for the Eastern District of Missouri; (r) the state attorneys general for all states in which the Debtors conduct business; (n) counsel to the Committee; and (o) the holders of the 30 largest unsecured claims against the Debtors, on a consolidated basis (collectively, the "Core Parties").  Such notice is designed to reach the parties most active in the chapter 11 cases and save the expense of undue duplication and mailing that would result from serving every one of the Debtors' thousands of creditors.  Moreover, many parties in interest will receive copies of the Fee Applications through the Court's Electronic Case Files system.  The Debtors submit that establishing a streamlined process for serving and providing notice of the Fee Applications is appropriate to provide the parties most active in these

chapter 11 cases the opportunity to review the Retained Professionals' fees and expenses while also saving the Debtors unnecessary administration costs.

## Basis for Relief Requested

10. Pursuant to section 331 of the Bankruptcy Code, all retained professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the court permits. 11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code also authorizes the requested relief. Section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]" 11 U.S.C. § 105(a). It permits a bankruptcy court to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01. Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

11. Moreover, the Interim Compensation Procedures are consistent with Bankruptcy Rule 2016(a), Local Bankruptcy Rules 2016-1 and 2016-2, the Local Guidelines, and procedures approved by this Court in many other complex cases. *See, e.g.*, *In re Payless Holdings LLC*, No. 19-40883 (KAS) (Bankr. E.D. Mo. Apr. 3, 2019) [Docket No.: 786]; *In re Armstrong Energy, Inc.*, No. 17-47541 (KAS) (Bankr. E.D. Mo. Dec. 1, 2017) [Docket No.: 213]; *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Mar. 11, 2016) [Docket No.: 394]; *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Feb. 24, 2016) [Docket No.: 399].

12. The proposed Interim Compensation Procedures will enable the Debtors to closely monitor the costs of administration, forecast cash flows, and implement efficient cash management procedures. They also will allow the Court and key parties in interest, including the

6

U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

13. The Debtors submit that the circumstances of these chapter 11 cases warrant granting the requested relief, and that doing so is in the best interests of the Debtors, their estates, their creditors, and their stakeholders, and therefore should be granted.

## Notice

14. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent; (f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Reserves; (*l*) counsel to Javelin; (m) counsel to Uniper Global Commodities UK Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; (s) counsel to the Committee; and (t) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this Motion and any order entered hereon will be served in accordance with Local Bankruptcy Rule 9013-3(A)(1). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

7

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other relief as is just and proper.

Dated: March 10, 2020
       St. Louis, Missouri

Respectfully submitted,

ARMSTRONG TEASDALE LLP

_/s/ Richard W. Engel, Jr._
Richard W. Engel, Jr. (MO 34641)
John G. Willard (MO 67049)
Kathryn R. Redmond (MO 72087)
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Tel: (314) 621-5070
Fax: (314) 621-5065
Email: rengel@atllp.com
       jwillard@atllp.com
       kredmond@atllp.com

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Paul M. Basta (*pro hac vice* admission pending)
Alice Belisle Eaton (*pro hac vice* admission pending)
Alexander Woolverton (*pro hac vice* admission pending)
1285 Avenue of the Americas
New York, New York 10019
Tel: (212) 373-3000
Fax: (212) 757-3990
Email: pbasta@paulweiss.com
       aeaton@paulweiss.com
       awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Interim Compensation Procedures**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**INTERIM COMPENSATION PROCEDURES**

These procedures (the "Interim Compensation Procedures") have been approved by this Court for the above-captioned cases of Foresight Energy LP and its affiliated debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Order (A) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Granting Related Relief* [**Docket No. TBD**] (the "Order").[1]

The Interim Compensation Procedures shall apply to attorneys and other professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who are required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), Local Bankruptcy Rules 2016-1 and 2016-2, and the Local Guidelines (the "Retained Professionals") in these chapter 11 cases, unless a Court order approving the employment and retention of a Retained Professional provides different procedures for compensating or reimbursing such Retained Professional.

A. **Procedures for Monthly Fee Statements**

    (i)    Filing of Monthly Fee Statements. On or before the **20th day of each month**, or as soon as reasonably practicable thereafter, following the month for which

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Order.

compensation is sought, each Retained Professional seeking compensation will serve by email a fee statement (a "Monthly Fee Statement"), which need not include a narrative, but must include time and expense detail, on the Core Parties.

(ii) Interim Payment on Monthly Fee Statements.  The Core Parties shall have **14 days** following the service of a Monthly Fee Statement to review the request. After the 14th day following the service of a Monthly Fee Statement, the Debtors shall promptly pay each Retained Professional that served such Monthly Fee Statement an interim payment (the "Actual Interim Payment") equal to the lesser of (a) 80% of the fees and 100% of the expenses identified in such Monthly Fee Statement (the "Maximum Payment") and (b) 80% of the fees and 100% of the expenses not subject to a Monthly Fee Statement Objection (as defined below).

(iii) Monthly Fee Statement Objections.  If any Core Party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such Core Party shall, by no later than the **14th day** following the service of the relevant Monthly Fee Statement, serve upon the applicable Retained Professional and each of the other Core Parties a written objection (each, a "Monthly Fee Statement Objection") setting forth, with specificity, the nature of the objection and the amount of fees or expenses at issue.  Thereafter, the objecting Core Party and the applicable Retained Professional shall attempt to resolve the Monthly Fee Statement Objection on a consensual basis.  If the parties are able to resolve their dispute following the timely service of a Monthly Fee Statement Objection, then the applicable Retained Professional shall serve upon the other Core Parties a statement (a) indicating that the Monthly Fee Statement is withdrawn and (b) describing in detail the terms of the resolution.  Thereafter, the Debtors shall promptly pay that portion of the Monthly Fee Statement no longer subject to a Monthly Fee Statement Objection up to the Maximum Payment in respect of such Monthly Fee Statement.

(iv) Resolution of Monthly Fee Statement Objections; Formal Objections.  If the objecting Core Party and the applicable Retained Professional are unable to resolve the Monthly Fee Statement Objection no later than (a) **20 days** following service of the Monthly Fee Statement Objection or (b) such later date as may be agreed to between the objecting Core Party and the applicable Retained Professional (such date, the "Resolution Deadline"), the objecting Core Party shall file its objection (the "Formal Objection") with the Court no later than **three business days** following the Resolution Deadline and serve such Formal Objection on the applicable Retained Professional and each of the other Core Parties.  Thereafter, the Retained Professional may either (a) file a response to the Formal Objection with the Court, together with a request for the payment of the difference between the Maximum Payment and the Actual Interim Payment previously made to the respective Retained Professional with respect to that month (the "Incremental Amount") or (b) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Formal Objection.

11

(v) <u>Subsequent Objections</u>.  The filing of a Formal Objection in accordance with paragraph (iv) above shall not prejudice the objecting Core Party's right to object to any Fee Application (as defined below) on any ground, whether raised in the Formal Objection or not.  Furthermore, failure by a Core Party to file a Formal Objection to a Monthly Fee Statement shall neither constitute a waiver of any kind nor prejudice such Core Party's right to object to any Fee Application subsequently filed by a Retained Professional.

(vi) <u>Effect of Failure to Submit Monthly Fee Statements</u>.  Any Retained Professional that fails to timely serve a Monthly Fee Statement for a particular month or months may subsequently serve a consolidated Monthly Fee Statement with a future Monthly Fee Statement for such past months.

B. **Procedures for Fee Applications**

(i) <u>Filing of Fee Applications</u>.  Beginning with the period from the Petition Date through and including May 31, 2020, and at four full-month intervals thereafter (each, an "<u>Interim Fee Period</u>"), each Retained Professional shall file with the Court and serve on each of the Core Parties (including via regular or overnight mail on the U.S. Trustee) and any party in interest who files a notice of appearance or request for service of papers, in each case other than through the Court's Electronic Case Files system an application (a "<u>Fee Application</u>") for interim or final (as the case may be) Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such Interim Fee Period.  Each Retained Professional must file its Fee Application within **45 days** after the end of the Interim Fee Period for which the request seeks allowance of compensation and reimbursement of expenses, and at least **30 days** before the hearing on the Fee Application.  All Fee Applications shall comply with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable guidelines issued by the Office of the U.S. Trustee.

(ii) <u>Objections to Fee Applications</u>.  Objections to any Fee Applications must be filed with the Court no later than **14 days** before the hearing on the Fee Application.  Except as otherwise ordered by the Court, any Retained Professional that fails to file a Fee Application when due will be ineligible to receive further Actual Interim Payments with respect to an subsequent Interim Fee Period until such time as such past-due Fee Application is filed and served by the Retained Professional.

(iii) <u>Hearings on Fee Applications</u>.  The Debtors shall request that the Court schedule a hearing on the Fee Applications at least once approximately every 120 days.  If no objections to Monthly Fee Statements have been filed or all have been withdrawn, the Court may approve all uncontested Fee Applications without a hearing.  Upon allowance by the Court of a Retained Professional's Fee Application, the Debtors shall be authorized to promptly pay such Retained

12

      Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(iv) <u>Payment on Fee Applications and Monthly Fee Statements</u>.  The pendency of a Formal Objection or a Fee Application or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.[2]

(v) <u>Effect of Payment or Failure to Pay</u>.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professional.

---

[2] Filing by the Debtors' counsel of any other Retained Professional's Fee Applications on behalf of such professional is not, and should not be deemed to be, endorsement or approval by the Debtors' counsel of, nor attestation of having reviewed, such professional's Fee Application.