## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Hearing Date:  March 11, 2020 |
| | ) | Hearing Time:  10:00 a.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER
### AUTHORIZING THE RETENTION AND COMPENSATION OF
### CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1.    By this Motion, the Debtors seek entry of an order (the "Proposed Order"),[2] pursuant to sections 105, 327, 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a), 6003, and 6004 of the Federal Rules of Bankruptcy

---

[1]    The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).  The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

[2]    A copy of the Proposed Order will be made available on the Debtors' case information website at http://cases.primeclerk.com/foresightenergy.

Procedure (the "Bankruptcy Rules"), and Rule 2014(A) of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Bankruptcy Rules"), (a) authorizing procedures for the retention and compensation of certain professionals employed by the Debtors in the ordinary course of business (the "Ordinary Course Professionals"), without the need for each Ordinary Course Professional to file formal applications for retention and compensation and (b) granting related relief.

### Jurisdiction and Venue

2.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.     The statutory and legal predicates for the relief requested herein are sections 105, 327, 328, 330, and 331 of the Bankruptcy Code and Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014(A).

### Background

4.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are a leading producer of thermal coal, with four mining complexes and nearly 2.1 billion tons of proven and probable coal reserves strategically located near multiple rail and river transportation access points in the Illinois Basin.  The Debtors also own a barge-loading river terminal on the Ohio River.  From this strategic position, the Debtors sell their coal primarily to electric utility and industrial companies located in the eastern half of the United States and across the international market.

Doc#: US1:13469763v10

5.      The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.    Contemporaneously herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).    No trustee, examiner or official committee has been appointed in these chapter 11 cases.

6.      Information regarding the Debtors' businesses, their capital and debt structure, the events leading to the filing of these cases, and the terms and structure of the proposed restructuring transaction is set forth in the *Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions* (the "Moore Declaration"), the *Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief* (the "Boyko Declaration"), and the declaration of Seth Herman in support of the Debtors' motion for approval of debtor-in-possession financing and use of cash collateral (the "Herman Declaration," and together with the Moore Declaration and Boyko Declaration, the "First Day Declarations"),[3] each filed contemporaneously herewith.

**Ordinary Course Professionals**

7.      The Debtors employ various Ordinary Course Professionals, who render a wide range of services to the Debtors in a variety of matters unrelated to these chapter 11 cases, including litigation, accounting, real estate law, environmental law, regulatory law, labor and employment law, tax law, as well as advice to the Debtors' board of directors and other services for the Debtors in relation to the issues that have a direct and significant impact on the Debtors' day-to-day operations.    It is essential that the employment of the Ordinary Course Professionals,

---

[3]      The First Day Declarations are being filed in support of this Motion and are incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

Doc#: US1:13469763v10

many of whom are already familiar with the Debtors' businesses and affairs, be continued to avoid disruption of the Debtors' normal business operations.  A list of Ordinary Course Professionals as of the Petition Date is attached hereto as **Exhibit A**.[4]

8.      The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth below are in the best interest of their estates and their creditors.  The relief requested will save the estates substantial expense associated with applying separately for the employment of each professional.  Furthermore, the requested relief will save the estates the substantial additional fees relating to the preparation and prosecution of interim fee applications.  Likewise, the procedures outlined below will relieve the Court, the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee") and any official committee of unsecured creditors appointed in these cases (the "Committee") of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

**The Debtors' Proposed Procedures**

9.      Specifically, the Debtors request that the Court approve the following procedures (the "Procedures") for retaining and compensating Ordinary Course Professionals:

    i.  Within 15 days of the later of the entry of the Proposed Order or the date on which the retained Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide the Debtors' attorneys with:

        a.  a declaration of disinterestedness (each, a "Declaration of Disinterestedness"), substantially in the form attached hereto as **Exhibit B**, certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with

---

[4]    The Debtors believe that **Exhibit A** is a complete list of the Debtors' legal Ordinary Course Professionals as of the Petition Date.  Due to the breadth of issues confronting the Debtors in the normal operation of their businesses, this list may not be comprehensive.  Further, the Debtors may require the service of additional legal professionals while these cases are active.  In the event that the Debtors retain additional legal professionals during these cases, such legal professionals will comply with the practices and requirements set forth.

4

respect to the matter on which the professional is to be employed; and

    b.  a completed retention questionnaire (the "Retention Questionnaire" and together with the Declaration of Disinterestedness, the "Ordinary Course Professional Documents"), substantially in the form attached herein as **Exhibit C**, and shall periodically update such Ordinary Course Professional Documents to the extent necessary to reflect new facts or circumstances relevant to their retention.

  ii.  The Debtors' attorneys shall promptly file the Ordinary Course Professional Documents with the Court and serve the summary on the Core Parties.

 iii.  The Core Parties shall then have **14 days** following service (the "Objection Deadline") to object to the retention of the Ordinary Course Professional filing such Ordinary Course Professional Documents.

 iv.  If no objections are received by the Debtors by the Objection Deadline in accordance with paragraph (iii) above, retention of the Ordinary Course Professional shall be deemed approved and effective as of the later of the Petition Date or the date the Ordinary Course Professional commenced work (the "Retention Date").

  v.  If an objection is asserted by a Core Party in accordance with paragraph (iii) above and such objection is not resolved within **ten days** of the Objection Deadline (the "Resolution Deadline"), the Debtors shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled omnibus hearing date that is at least 14 days from the Resolution Deadline (unless otherwise agreed to by the Debtors and the objecting Core Party).

 vi.  No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional Documents have been filed with the Court and (a) the Objection Deadline has passed with no objection asserted in accordance with paragraph (iii) above or (b) if an objection is asserted in accordance with paragraph (iii) above, until such objection is resolved or upon order of the Court.

 vii.  Where retention of an Ordinary Course Professional has been approved in accordance with these Procedures, without a prior application to the Court and upon the submission to, and approval by, the Debtors of the appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred, the Debtors shall be authorized to pay 100% of the postpetition fees and disbursements incurred, up to (a) $75,000 per month (the "Monthly Cap") per Ordinary

Course Professional or (b) $750,000 in the aggregate per Ordinary Course Professional over the life of these cases (the "Aggregate Cap" and together with the Monthly Cap, the "Ordinary Course Professional Fee Caps").

viii. In the event that an Ordinary Course Professional seeks more than the Monthly Cap in a single month, that professional will be required to, on or before the 20th day of the month following the month for which the additional fees and disbursements are being sought, serve a monthly statement (the "Monthly Statement") for the full amount of fees and disbursements sought in such month, by hand or overnight delivery, on the Core Parties.

a. If any Core Party has an objection to the compensation or reimbursement sought in a particular Monthly Statement, he or she shall, by no later than the **14th day** following the service of the relevant Monthly Statement (the "Monthly Statement Objection Deadline"), serve upon the Ordinary Course Professional whose Monthly Fee Statement is objected to, and upon the other Interested Parties, a written notice (a "Notice of Objection to Fee Statement") setting forth the nature of the objection and the amount of fees or expenses at issue.

b. If the Debtors do not receive an objection to a particular Monthly Statement on or prior to the Monthly Statement Objection Deadline, the Debtors shall promptly thereafter pay all fees and expenses identified in such Monthly Statement to which no objection has been served in accordance with paragraph (a) above.

c. If the Debtors receive an objection to a particular Monthly Statement served in accordance with the paragraph (a) above on or prior to the Monthly Statement Objection Deadline, they shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements unless the Court, upon notice and a hearing, directs payment to be made.

d. If the parties to an objection are able to resolve their dispute, and if the Ordinary Course Professional whose Monthly Statement was objected to serves upon the Core Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay that portion of the Monthly Statement no longer subject to an objection.

e. All objections served in accordance with these Procedures and not resolved by the relevant parties shall be preserved and presented to the Court on notice.

Doc#: US1:13469763v10

ix.  If an Ordinary Course Professional seeks payment of an amount that is more than the Aggregate Cap during these chapter 11 cases, such Ordinary Course Professional shall, unless the Court orders otherwise, file a fee application with the Court seeking approval to be paid such amounts in excess of the Aggregate Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, and any applicable order of this Court.

x.  At three-month intervals during the pendency of these chapter 11 cases (each, a "Quarter"), beginning with the three-month interval starting on the Petition Date and ending on April 30, 2020, the Debtors shall file with the Court and serve on the Core Parties, on or as soon as practicable after the fortieth (40th) day after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional:

a.  the name of the Ordinary Course Professional,

b.  the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter, and

c.  all postpetition payments made to that Ordinary Course Professional through the reported Quarter.

xi.  The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these chapter 11 cases, provided that such Ordinary Course Professionals comply with these Procedures.

## Basis for Relief Requested

10.    A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds from property of the estate.    However, as explained below, the Bankruptcy Code allows a debtor to retain professionals in the ordinary course of business when they are not representing or assisting the debtor in carrying out its duties under title 11.    11 U.S.C. § 327(a).    Most, if not all, of the Ordinary Course Professionals may be retained and paid by the Debtors in the ordinary course of business, without Court approval.    However, to provide the Court and parties in interest an opportunity to object, and to provide assurance to Ordinary Course Professionals of the Debtors'

7

authority to compensate them for postpetition work, the Debtors have proposed the Procedures set forth herein.

11.    Section 327(a) of the Bankruptcy Code provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).  Section 327(e) of the Bankruptcy Code further provides that "with the court's approval," a debtor may employ:

> for a specified purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

*Id.* § 327(e).

12.    In determining whether an entity is a "professional" within the meaning of section 327, and therefore must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations.  *See, e.g.*, *Comm, of Asbestos-Related Litigants* v. *Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate.").  In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327:

  i.    whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

8

ii.      whether the entity is involved in negotiating the terms of a plan of reorganization;

iii.     whether the entity's employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

iv.     whether the entity is given discretion or autonomy to exercise its own professional judgment in some part of the administration of the debtor's estate;

v.      the extent of the entity's involvement in the administration of the debtor's estate; and

vi.     whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500 (JJF), 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *see also In re Am. Tissue, Inc.*, 331 B.R. 169, 174 (Bankr. D. Del. 2005) (applying the *First Merchs.* factors and holding that litigation consulting firm was not a "professional" for section 327 purposes); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring Bankruptcy Code section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the "administration of the debtor's estate," rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code). The foregoing factors must be weighed in their totality when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. None of the factors alone is dispositive. *See First Merchs.*, 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in toto.").

13.    Section 328(a) of the Bankruptcy Code provides that the terms and conditions upon which professionals are retained must be reasonable, and section 330 of the Bankruptcy Code authorizes the court to award reasonable compensation for actual and necessary services rendered by such professionals.  11 U.S.C. §§ 328(a), 330.

14.    Furthermore, section 105(a) of the Bankruptcy Code authorizes the requested relief.  Section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]"  11 U.S.C. § 105(a).  It permits a bankruptcy court to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction."   2 COLLIER ON BANKRUPTCY ¶ 105.01.

15.    Upon consideration of the foregoing factors, and because the Ordinary Course Professionals will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the Ordinary Course Professionals are "professionals" requiring formal retention proceedings under section 327 of the Bankruptcy Code.  Instead, the Ordinary Course Professionals will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by nonbankruptcy professionals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish clear mechanisms for retention and compensation of the Ordinary Course Professionals pursuant to the Procedures and thereby avoid any subsequent controversy with respect thereto.

16.    Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially

adverse to the Debtors, their creditors, or other parties in interest that should preclude such professionals from continuing to represent the Debtors. Furthermore, section 328(c) of the Bankruptcy Code excludes professionals retained pursuant to section 327(e) from the requirement that such professional persons be "disinterested." *Id.* § 328(c). Accordingly, pursuant to the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

17. Other than Ordinary Course Professionals, all professionals employed by the Debtors during these chapter 11 cases will be retained by the Debtors pursuant to separate retention applications. Such professionals shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and other orders of this Court.

18. Courts in this and other districts have routinely granted relief similar to the relief requested herein in other chapter 11 cases. *See, e.g.*, *In re Payless Holdings LLC*, No. 19-40883 (KAS) (Bankr. E.D. Mo. Apr. 3, 2019) [Docket No.: 787]; *In re Armstrong Energy, Inc.*, No. 17-47541 (KAS) (Bankr. E.D. Mo. Dec. 1, 2017) [Docket No.: 214]; *In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. May 17, 2016) [Docket No.: 527] (approving comparable ordinary course professionals procedures); *In re Abengoa Bioenergy US Holding, LLC*, No. 16-41161 (KAS) (Bankr. E.D. Mo. Apr. 12, 2016) [Docket No. 240] (same); *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Mar. 11, 2016) [Docket No.: 393]; *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Feb. 24, 2016) [Docket No.: 400] (same). The Debtors submit that the circumstances of these chapter 11 cases warrant granting similar relief, and that doing so is in the best interests of the Debtors, their estates, their creditors, and their stakeholders, and therefore should be granted.

11

## **Notice**

Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent; (f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Reserves; (*l*) counsel to Javelin; (m) counsel to Uniper Global Commodities UK Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the Ordinary Course Professionals; (s) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; (t) counsel to the Committee; and (u) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this Motion and any order entered hereon will be served in accordance with Local Bankruptcy Rule 9013-3(A)(1). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Doc#: US1:13469763v10

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other relief as is just and proper.

Dated:    March 10, 2020          Respectfully submitted,
          St. Louis, Missouri
                                  ARMSTRONG TEASDALE LLP


                                   */s/  Richard W. Engel, Jr.*
                                  Richard W. Engel, Jr. (MO 34641)
                                  John G. Willard (MO 67049)
                                  Kathryn R. Redmond (MO 72087)
                                  7700 Forsyth Boulevard, Suite 1800
                                  St. Louis, Missouri  63105
                                  Tel:    (314) 621-5070
                                  Fax:    (314) 621-5065
                                  Email: rengel@atllp.com
                                         jwillard@atllp.com
                                         kredmond@atllp.com

                                        - and -

                                  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                                  Paul M. Basta (*pro hac vice* admission pending)
                                  Alice Belisle Eaton (*pro hac vice* admission pending)
                                  Alexander Woolverton (*pro hac vice* admission pending)
                                  1285 Avenue of the Americas
                                  New York, New York  10019
                                  Tel:    (212) 373-3000
                                  Fax:    (212) 757-3990
                                  Email: pbasta@paulweiss.com
                                         aeaton@paulweiss.com
                                         awoolverton@paulweiss.com

                                  *Proposed Counsel to the Debtors and
                                  Debtors in Possession*

Doc#: US1:13469763v10

## **Exhibit A**

**List of Professionals**

| Vendor Name | Provider Type | Services Provided |
|---|---|---|
| Benesch, Friedlander, Coplan & Aronoff LLP | Legal | General Legal |
| Bingham Greenebaum Doll LLP | Legal | Litigation |
| Black Ballard McDonald P.C. | Legal | Real Estate |
| The Brennan Group | Accounting | Sales and Use Tax Audits |
| Ciuni & Panichi | Accounting | Benefit Plan Audits |
| Dinsmore & Shohl LLP | Legal | Litigation |
| Ernst & Young LLP | Accounting | External Auditing |
| Greensfelder, Hemker & Gale, P.C. | Legal | Employment<br>General Counsel |
| Hardy Pence, PLLC | Legal | Regulatory |
| Heyl, Royster, Voelker & Allen, P.C. | Legal | Local Counsel |
| Kupiec & Martin, LLC | Legal | Tax Attorneys |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | Legal | Regulatory<br>Labor, and Employment |
| Pillsbury Winthrop Shaw Pittman LLP | Legal | Litigation |
| Polsinelli PC | Legal | Environmental |
| PricewaterhouseCoopers LLP | Accounting | Tax Accounting |
| Protiviti Inc. | Accounting | Internal Auditing |
| Sandberg Phoenix & von Gontard P.C. | Legal | Litigation |
| Shands, Elbert, Gianoulakis & Giljum, LLP | Legal | Local Counsel |
| Swanson Martin & Bell LLP | Legal | Litigation |
| Wilson Elser Moskowitz Edelman & Dicker LLP | Legal | ERISA Counsel |

## **Exhibit B**

### **Declaration of Disinterestedness**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Docket No.:  [] |

**DECLARATION AND DISCLOSURE**
**STATEMENT OF _____**
**ON BEHALF OF_____**

_____, declares and says:

1.    I  am  a  _____  of  _____,
located at _____ (the "Firm").

2.    Foresight Energy LP and its affiliated debtors and debtors in possession in
the above-captioned cases (the "Debtors") have requested that the Firm provide services to the
Debtors, and the Firm has consented to provide those services.

3.    The  Firm  may  have  performed  services  in  the  past  and  may  perform
services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties
in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is
retained in cases, proceedings, and transactions involving many different parties, some of whom
may be represented or be claimants or employees of the Debtors, or other parties in interest in
these chapter 11 cases.  The Firm does not perform services for any such person in connection
with these chapter 11 cases.  In addition, the Firm does not have any relationship with any such
person, such person's attorneys, or such person's accountants that would be adverse to the
Debtors or their estates with respect to the matters on which the Firm is to be retained.

4.      Neither I nor any partner or associate of the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed.

5.      Neither I nor any partner or associate of the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than partners and associates of the Firm.

6.      The Debtors owe the Firm $_____ for prepetition services.

7.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this Declaration.

8.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on _____ ____, 2020.

_____
[NAME]

2

## Exhibit C

**Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Docket No.:  [] |

<u>**RETENTION QUESTIONNAIRE**</u>

**To Be Completed by Professionals Employed By:** Foresight Energy LP, *et al.* (the "<u>Debtors</u>")

<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.</u>
<u>RETURN IT FOR FILING BY THE DEBTORS TO:</u>

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019
Attention: Alice Belisle Eaton and Patrick M. Steel

All questions **must** be answered.  Please use "none," "not applicable," or "N/A" as appropriate. If more space is needed, please complete on a separate page and attach.

1.     Name and address of firm:

        _____

        _____

        _____

        _____

        Date of retention:  _____

2.     Brief description of services to be provided:

        _____

        _____

        _____

3.     Arrangements for compensation (hourly, contingent, etc.)

        _____

(a)  Range of hourly rates (if applicable): _____

(b)  Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition): _____

4.   Prepetition claims against any of the Debtors held by the firm:

Amount of claim:  $ _____

Date claim arose:  _____

Source of claim:  _____

5.   Prepetition claims against any of the Debtors held individually by any of the firm's professionals:
Name:  _____
Status:  _____
Amount of claim:  $_____
Date claim arose:  _____
Source of claim:  _____

6.   Stock of any of the Debtors currently held by the firm:

Kind of shares:  _____

No. of shares:  _____

7.   Stock of any of the Debtors currently held individually by any of the firm's professionals:

Name:  _____

Status:  _____

Kind of shares:  _____

No. of shares:  _____

8.   Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the firm is to be employed.

_____

_____

_____

_____

5

9.    Name of individual completing this form:

_____

Doc#: US1:13469763v10