# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Hearing Date:  March 11, 2020 |
| | ) | Hearing Time:  10:00 a.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## (A) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND
## ADMINISTRATIVE PROCEDURES AND (B) GRANTING RELATED RELIEF

Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1.       By this Motion, the Debtors seek entry of an order (the "Proposed Order"),[2] pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

---

[1]    The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).  The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

[2]    A copy of the Proposed Order will be made available on the Debtors' case information website at http://cases.primeclerk.com/foresightenergy.

Doc#: US1:13340554v7

and Rule 9004(C) of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Bankruptcy Rules"), (a) implementing certain notice, case management, and administrative procedures (the "Procedures") in connection with the administration of these chapter 11 cases, (b) deeming that, to the extent the Procedures conflict with the Bankruptcy Rules or Local Bankruptcy Rules, the Procedures govern and supersede such rules for the Debtors' chapter 11 cases, and (c) granting related relief. The Debtors request that, to the extent the Procedures conflict with the Bankruptcy Rules or Local Bankruptcy Rules, the Procedures govern and supersede such rules for the Debtors' chapter 11 cases.

2.      As set forth more fully below, the Procedures: (a) establish requirements for the filing and service of notices, motions, applications, documents filed in support thereof, and objections and responses thereto, (b) delineate standards for notices of hearing and agendas, (c) articulate mandatory guidelines for the scheduling of hearings and objection deadlines, (d) limit matters that are required to be heard by the Court, and (e) authorize the Debtors to (i) schedule, in cooperation with the Court, periodic omnibus hearing dates, (ii) serve documents by email on certain parties in interest, (iii) establish a website (the "Case Information Website") to provide interested parties with access to certain documents filed in these chapter 11 cases, and (iv) use a noticing agent to maintain and distribute documents.

3.      Implementing the Procedures will maximize the efficiency and orderliness of the administration of these chapter 11 cases and reduce the costs associated with traditional case management procedures. Granting the relief requested will also limit the administrative burdens and costs associated with preparing for hearings and serving the mailing documents. In addition, the Procedures will assist the Debtors and their personnel and professionals in organizing and prioritizing the numerous tasks attendant to these cases. The Debtors estimate

that implementing the Procedures will yield significant savings to the Debtors' estates and will also avoid unnecessary costs and delays.

### Jurisdiction and Venue

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5.      The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, 28 U.S.C. § 1404, Bankruptcy Rule 1015(c), and Local Bankruptcy Rule 9004(C).

### Background

6.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are a leading producer of thermal coal, with four mining complexes and nearly 2.1 billion tons of proven and probable coal reserves strategically located near multiple rail and river transportation access points in the Illinois Basin.  The Debtors also own a barge-loading river terminal on the Ohio River.  From this strategic position, the Debtors sell their coal primarily to electric utility and industrial companies located in the eastern half of the United States and across the international market.

7.      The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  Contemporaneously herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases

pursuant to Bankruptcy Rule 1015(b). No trustee, examiner or official committee has been appointed in these chapter 11 cases.

8. Information regarding the Debtors' businesses, their capital and debt structure, the events leading to the filing of these cases, and the terms and structure of the proposed restructuring transaction is set forth in the *Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions* (the "Moore Declaration"), the *Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief* (the "Boyko Declaration"), and the declaration of Seth Herman in support of the Debtors' motion for approval of debtor-in-possession financing and use of cash collateral (the "Herman Declaration," and together with the Moore Declaration and Boyko Declaration, the "First Day Declarations")[3] each filed contemporaneously herewith.

## The Procedures

9. The Debtors propose that the Court approve the following Procedures:

**A.     Filing Court Documents**

10. In accordance with Local Bankruptcy Rule 5005(A), (a) all motions, applications, and other matters (collectively, the "Motions for Relief") that require notice and/or a hearing, (b) all objections and responses to Motions for Relief (collectively, the "Objections"), (c) all replies to Objections (the "Replies"), and (d) all other documents filed with the Court (together with the Motions for Relief, the Objections, and the Replies, the ("Court Documents")

---

[3]    The First Day Declarations are being filed in support of this Motion and are incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

by parties represented by an attorney, shall be filed electronically with the Court by registered users of the Court's Electronic Case Files system (the "ECF System").[4]

11.     Submission of a proof of claim form shall be the sole means by which an entity may assert a claim.  Procedures for filing proofs of claim will be outlined in the body of a future Court order.  Any objections to a proof of claim must reference the claim number as reflected on the Clerk of Court's claim register for the respective case.

**B.      Service of Court Documents**

12.     Except with respect to Non-ECF Parties, Core Parties, and Particularized Interest Parties (each as defined below), all parties in interest, whether or not they have filed or file subsequent to the date hereof a notice of appearance or request for service of papers under Bankruptcy Rule 2002, shall be deemed to receive electronic notice through the ECF System of each Court Document, effective as of the date the relevant Court Document is posted on the Court's ECF System, and therefore do not need to be separately served with such Court Document.

13.     Any party in interest who files a notice of appearance or request for service of papers by means other than through the ECF System (each, a "Non-ECF Party") shall be served each Court Document by U.S. mail or email (if an email address has been provided) unless the Non-ECF Party agrees that such service shall not be required.

14.     Each Court Document shall separately be served (in addition to service via the ECF System) on (a) proposed counsel to the Debtors, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP and (ii) Armstrong Teasdale LLP; (b) the Debtors' authorized claims and noticing agent, Prime Clerk LLC; (c) the Office of the United States Trustee for the Eastern District of

---

[4]     Information on the ECF System, including how to obtain a login and password, can be found at https://www.moeb.uscourts.gov/cmecf-login-and-password-information.

Missouri (the "U.S. Trustee"); (d) counsel to the Ad Hoc First Lien Group; (e) counsel to the Ad Hoc Crossover Group; (f) counsel to the Facilities Agent; (g) counsel to the Term Agent; (h) Indenture Trustee; (i) counsel to the collateral trustee under the Debtors' secured debt facilities; (j) counsel to the DIP Agent; (k) counsel to the DIP Lenders; (*l*) counsel to any official committee of unsecured creditors appointed in these cases (the "Committee"); (m) counsel to Murray Energy Corporation; (n) counsel to Reserves; (o) the Internal Revenue Service; (p) the Securities and Exchange Commission; (q) the United States Attorney's Office for the Eastern District of Missouri; (r) the state attorneys general for all states in which the Debtors conduct business; (s) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis (collectively, the "Core Parties").  The Debtors shall maintain a service list of the Core Parties (the "Core Parties List"), which shall replace the Master Service and Master Notice List required under Local Bankruptcy Rule 9013-3(D).  The Core Parties List shall be updated monthly, filed with the Court, and posted on the Case Information Website and shall include names, addresses, facsimile numbers, and email addresses (where available) for the Core Parties.  A Court Document shall be deemed served on all the Core Parties if it is served on the parties on the most recent Core Parties List that has been filed with the Court and posted on the Case Information Website as of the day before the date of service.

15.    Each Court Document shall also be separately served (in addition to service via the ECF System) on each person, entity, and governmental agency with a particularized interest in such Court Document (each, a "Particularized Interest Party").  Core Parties (and no other parties) shall be authorized to serve all Court Documents by email on any relevant Particularized Interest Party or counsel thereto.  All other parties shall serve Court

Documents on the Particularized Interest Parties in accordance with judicial order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

16.    All Court Documents served by a party via email (other than through the ECF System) shall include one or more attachments containing the entire Court Document, including the proposed form of order and any exhibits and attachments thereto, in PDF format or, in the case of the Debtors, a hyperlink copy of such Court Document on the Case Information Website.  Notwithstanding the foregoing, if a Court Document cannot be attached to an email (because of size, technical difficulties, or otherwise) and, in the case of the Debtors, cannot be made available on the Case Information Website, the serving party may, in its sole discretion, (a) serve the entire Court Document by U.S. mail, hand delivery, overnight delivery, or facsimile, including the proposed form of order and any exhibits, attachments, and other relevant materials, or (b) serve a notice by email stating that the Court Document cannot be attached but is available on the Court's ECF System or the Case Information Website (the "Alternate Notice") and will be mailed only if requested by the party receiving the notice.

17.    Service of a Court Document through the ECF System shall be effective as of the date such Court Document is posted on the Court's ECF System.  Service on a party by email (other than through the ECF System) shall be effective as of the date the Court Document or Alternate Notice is transmitted by email to the address provided by such party.

18.    Upon the filing of any Court Document, other than those seeking emergency or expedited relief, the filing party shall file with the Court a certificate of service ("Proof of Service") in accordance with the Local Bankruptcy Rules and the Procedures within two business days of the related Court Document being filed.  In the case of a Motion for Relief seeking emergency or expedited relief, a Proof of Service must be filed within twenty-four (24)

hours of the related Motion for Relief being filed. Proofs of Service need not be served on any party.

19. Notice and service accomplished in accordance with the provisions set forth in the Court's order on this Motion shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

**C.      Scheduling of Hearings and Deadlines for Filing Court Documents**

20. The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings"), at which Motions for Relief and other requests shall be heard. At least two (2) days before any Omnibus Hearing, the Debtors shall file with the Court an agenda that sets forth each matter to be heard at such Omnibus Hearing. The Debtors may update or amend that agenda from time to time thereafter to the extent necessary. The matters listed on the agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and Proofs of Service.

21. Unless otherwise ordered by the Court, the following guidelines shall apply to all Omnibus Hearings:

(a)      Motions for Relief shall not be considered by the Court unless filed and served in accordance with these Procedures at least 14 days before the next available Omnibus Hearing.

(b)      Hearings in connection with claims objections and pre-trial conferences and trials related to adversary proceedings may be scheduled for dates other than the regular Omnibus Hearing dates. However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least forty-five (45) days after the filing of the complaint, except as otherwise ordered by the Court.

(c)      Unless the Court directs otherwise, if a Court Document purports to set a hearing date that is inconsistent with the Procedures, the hearing shall be scheduled, without the necessity of Court order, for the next available Omnibus Hearing date in accordance with these Procedures, and the Debtors shall provide the movant with notice of these Procedures.

(d)    Subject to Local Bankruptcy Rules 9013-2(C) and (D), if a non-Debtor movant or applicant intends to seek emergency or expedited relief, the non-Debtor movant or applicant shall be required to first contact the Debtors' attorneys by telephone to request that the motion or application be considered on an expedited basis.  If the Debtors disagree with the movant or applicant's request for emergency or expedited relief, the movant or applicant shall arrange for a chambers conference, either telephonic or in-person, to be held among the Court, the Debtors' attorneys, and the movant or applicant, to discuss the request.  If the Court determines expedited consideration is appropriate, the Court shall direct the requisite notice and shall set a time and date for the hearing.

22.    The three-day extension for additional time after service by mail as set forth in Bankruptcy Rule 9006(f) shall not apply to parties duly served by email, the ECF System, or other electronic transmission.

23.    Notwithstanding any Local Bankruptcy Rule, unless otherwise ordered by the Court, the deadline for any party to file an Objection (the "Objection Deadline") to any Motion for Relief, other than a motion seeking relief from the automatic stay filed by a non-Debtor party, shall be by 11:59 p.m. (prevailing Central Time) on the date that is seven days before the date of the hearing on such Motion for Relief.  The Objection Deadline may be extended with the consent of the movant or applicant.  No Objection shall be considered timely unless filed with the Court and served on or before the applicable Objection Deadline.  All parties filing an Objection shall include their telephone number and email address in the signature block on the last page of the Objection.

24.    A Motion for Relief may be granted without a hearing, provided that, after the passage of the Objection Deadline, an attorney for the entity who filed the Motion for Relief files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Procedures.

25.    If an Objection is filed, then, unless otherwise ordered by the Court, any Reply shall be filed with the Court and served in accordance with these Procedures on or before

11:59 p.m. (prevailing Central Time) on the date that is one day before the date of the applicable hearing (the "Reply Deadline").

26.     If a Motion for Relief to extend the time for the Debtors to take any action (an "Extension Motion") is filed consistent with the Procedures before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, such period shall be extended by the filing of that Extension Motion pending the Court's ruling on such Extension Motion.

27.     Unless otherwise ordered by the Court, these Procedures shall not supersede the requirements for notice of the proceedings described in Bankruptcy Rules 2002(a)(1), (a)(4)–(a)(5) and (a)(7)-(a)(8), 2002(b), 2002(d), and 2002(f).

**D.     Motions for Relief from the Automatic Stay**

28.     In accordance with Local Bankruptcy Rule 4001-1(B), notwithstanding anything contained herein, unless otherwise ordered by the Court, a motion for relief from the automatic stay (a "Stay Relief Motion") filed by any party other than the Debtors pursuant to section 362 of the Bankruptcy Code shall ordinarily be set for an Omnibus Hearing giving a minimum of 21 days' notice, and the Objection Deadline for such Stay Relief Motion shall be seven days before the scheduled hearing.

29.     Notwithstanding section 362(e) of the Bankruptcy Code, if a hearing on a Stay Relief Motion filed by a party other than the Debtors under section 362(d) of the Bankruptcy Code is scheduled for a date that is more than thirty (30) days from the date of such Stay Relief Motion, or if such Stay Relief Motion is adjourned upon the consent of the Debtors and the moving party to a date that is more than thirty (30) days from the date of such Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic

stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code; provided, however, to the extent there is any inconsistency between the Procedures and the terms of the Court's order approving the Debtors' entry into a postpetition financing agreement and use of cash collateral (the "DIP Financing Order"), the terms of the DIP Financing Order shall control.

**E.      Form of Court Documents**

30.      Notwithstanding section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), notices given by the Debtors shall not be required to contain the address and taxpayer identification numbers of the Debtors.

31.      The page limitation set forth in Local Bankruptcy Rule 9004(C) shall not apply to Court Documents filed in these cases.

32.      Nothing in these Procedures shall prejudice the right of any party to move the Court to order relief under section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Court Document filed in these cases.  If the Debtors seek approval of or authorization from the Court to assume, reject, enter into, approve, honor, or assign any agreement, including contracts, leases, financing agreements, settlement agreements, consent orders, and any other arrangement or instrument of any kind, or if the Debtors are otherwise required to refer to the terms or provisions of any such instrument in a Court Document, and such instrument contains confidential or proprietary information, the Debtors need not file such instrument with the Court unless requested to do so by the Court or a party in interest, and the

Debtors shall be entitled at the time of such request, and before filing such instruments, to seek relief under section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 with respect to such instrument.

## F.    Proposed Orders

33.    A proposed order relating to any Court Document may be emailed to foresightenergyinfo@primeclerk.com immediately after the filing of the applicable Court Document for posting on the Debtors' Case Information Website.  The email shall attach the proposed order and the as-filed Court Document in PDF format, and the subject line of the email message shall include the title and ECF docket number of the applicable Court Document.  The applicable Court Document that seeks entry of such proposed order shall include a statement indicating where a copy of such proposed order may be found, including on the Debtors' Case Information Website.  Proposed orders that have been properly submitted in accordance herewith will be posted on the Debtors' Case Information Website at http://cases.primeclerk.com/foresightenergy.

34.    The title of any proposed order shall describe the Court Document to which it relates by title and shall indicate whether the order grants or denies the requested relief. The text of the proposed order shall (a) be sufficiently descriptive to clearly state the relief granted, including a description of any property subject to the order, and (b) contain the name and address of the person who prepared the proposed order.  Parties shall also email the final version of the proposed order to the Court, as provided in the Court's Procedures Manual.[5] Serving a proposed order in accordance with these Procedures will be deemed to satisfy the requirements of Local Bankruptcy Rules 9050 and 9061(E).  Final orders entered in these cases

---

[5]    The Court's Procedures Manual is available at *http://www.moeb.uscourts.gov/sites/moeb/files/Procedures_Manual_2019.pdf.*

shall be served on Core Parties and Particularized Interest Parties by the party submitting the proposed order.

**G.     Telephonic Appearances**

35.     Attorneys who have entered their appearances on the record and other retained professionals for parties in the Debtors' cases (the "Permitted Telephonic Parties") may appear telephonically at hearings.  If a Permitted Telephonic Party wishes to participate in a hearing by telephone, the Permitted Telephonic Party may request dial-in information from the Courtroom Deputy, John Howley (p: 314.244.4808; e: john_howley@moeb.uscourts.gov).  Non-Permitted Telephonic Parties, including pro se parties, members of the public, members of the press, and attorneys who have not entered an appearance in the Debtors' cases, may not use the Court's dial-in; however, all persons, whether a party or otherwise, are welcome to attend any hearing, in-person, in the courtroom.  Locally located counsel may not use the Court's dial-in unless physically outside the Eastern District of Missouri at the time of the hearing.  Permitted Telephonic Parties participating by telephone must put their phones on "mute" at all times except when speaking.  Permitted Telephonic Parties participating by telephone shall not put their telephones on "hold" under any circumstances or otherwise be "absent" from their telephonic appearance.  If a Permitted Telephonic Party must exit her telephonic appearance, she must seek Court authority to leave and disconnect from the telephone call.  ***If the telephonic appearances present any background noise, disruption, or any other inconvenience to the Court or the proceedings, the telephone dial-in will be disconnected, at the discretion of the Court, and the proceeding will continue without the presence of anyone previously dialed-in***.

**H.      Noticing and Case Information Website**

36.      The Debtors, in cooperation with Prime Clerk LLC (the "<u>Noticing</u> <u>Agent</u>"), are hereby authorized to create and maintain an independent Case Information Website for the posting of certain information regarding the Debtors' chapter 11 cases, including, in the Debtors' sole discretion, certain orders, decisions, or other Court Documents.  The Court's website, www.moeb.uscourts.gov, may include a link to the Case Information Website.

37.      The Case Information Website shall display a disclaimer substantially similar to the following:

> Prime Clerk LLC ("Prime Clerk"), is serving as custodian pro tempore of the proofs of claim filed in the chapter 11 cases of Foresight Energy LP and its affiliated debtors (collectively, the "Debtors") and of the Court's official proofs of claim register.  In this capacity, Prime Clerk will maintain the duplicate proofs of claims registers on behalf of the Court.  Prime Clerk's website will display the claims registers as maintained by Prime Clerk.

> This website is created and maintained by Prime Clerk.  The information contained on this website is provided for informational purposes only and should not be construed as legal, financial or other professional advice or, unless expressly stated, as the Debtors' or Prime Clerk's official position on any subject matter.  Users of this website should not take or should refrain from taking any action based upon content included in the website without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney.

> The Debtors and Prime Clerk do not guarantee or warrant the accuracy, completeness or currency of the information that is provided herein, and shall not be liable to you for any loss or injury arising out of, or caused in whole or in part by, the acts, errors or omissions of the Debtors or Prime Clerk, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained on this website.  The Debtors and Prime Clerk expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify you or any third party, should the information be updated, modified, revised or re-categorized.  In no event shall the Debtors or Prime Clerk be liable

to you or any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors, or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or Prime Clerk are advised of the possibility of such damages. This website should not be relied on as a substitute for financial, legal or other professional advice.

It is your sole obligation to maintain accurate records of the documents filed in the chapter 11 cases, based on the Court's dockets relating to the chapter 11 cases, which can be accessed through the Court's website at www.moeb.uscourts.gov (a PACER login and password are needed to view these documents and can be obtained at http://pacer.psc.uscourts.gov). The Debtors' website is being made available merely as a convenience to interested parties and the public.

Electronic mail or other communications through this website, or otherwise, to the Debtors, their counsel, or Prime Clerk in connection with these, or other, matters will not be treated as privileged or confidential. Transmission and receipt of the information in this website and/or communication with the Debtors or Debtors' counsel via e-mail is not intended to solicit or create, and does not create, an attorney-client relationship between Debtors' counsel and any person or entity. The Debtors and Prime Clerk do not endorse or warrant, and are not responsible for, any third-party content that may be accessed from this website.

The Debtors and Prime Clerk make no claim to original U.S. Government works. None of the Debtors, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors or agents (acting in such capacity), including Prime Clerk (collectively, the "Exculpated Parties"), shall have or incur any liability to any entity, (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity"), for any act taken or omitted to be taken in connection with the preparation, dissemination or implementation of this website; provided however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final, non-appealable order to have constituted a breach of fiduciary duty, gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidential agreement or order. Without limiting the

foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

38.    The Clerk of Court shall maintain a master list containing the name and address of each creditor of the Debtors (the "Creditor Matrix").  The Debtors shall file with the Court the Creditor Matrix and, on a periodic basis, any amendments thereto.  The Noticing Agent shall maintain a duplicate Creditor Matrix.

## I.    Amendments and Notice of Order

39.    The Debtors may seek to amend the Procedures occasionally throughout their chapter 11 cases and shall present such amendments to the Court by Motion for Relief in accordance with the Proposed Order.  The Debtors shall make the Proposed Order available on the Case Information Website, and, within three (3) days after its entry, serve it by U.S. mail, hand delivery, facsimile, or email on the Core Parties and all parties that, prior to the date of the entry of the Proposed Order, have requested notice pursuant to Bankruptcy Rule 2002.

## J.    Promulgation of Case Management Procedures

40.    Two days after the entry of an order granting the relief requested herein (the "Case Management Order") on the Court's docket, a copy of the Case Management Order shall be served by the Debtors on each of the parties on the Service List.  In addition, two days after the end of each calendar month, the Claims and Noticing Agent shall serve a copy of the Case Management Order upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Order, the Claims and Noticing Agent will post the Case Management Order on the Case Information Website.

**K. Time**

41.     Any time period prescribed or allowed by these Procedures shall be computed in accordance with Bankruptcy Rule 9006.  Nothing in these Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 2002(m), 9006(b), and 9006(c).

## Basis for Relief Requested

**A.     The Court Should Approve the Procedures**

42.     Section 105(a) of the Bankruptcy Code authorizes the requested relief. Section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]" 11 U.S.C. § 105(a).  It permits a bankruptcy court to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction."  2 COLLIER ON BANKRUPTCY ¶ 105.01.

43.     On the date hereof, the Debtors have requested entry of an order pursuant to Bankruptcy Rule 1015(b) ordering joint administration of the Debtors' chapter 11 cases. Bankruptcy Rule 1015(c) provides, in relevant part, that "[w]hen an order for . . . joint administration of . . . two or more cases is entered pursuant to this rule, while protecting the rights of parties under the Code, the Court may enter orders as may tend to avoid unnecessary costs or delay."

44.     These cases will be complicated.  The Debtors' complex businesses operate in an uncertain and fluctuating economic climate.  As a result, the demands on the Debtors and their personnel and professionals are great.  In addition to performing their ordinary duties, the Debtors' personnel now carry the substantial additional burdens imposed by these chapter 11 cases.  By authorizing the Debtors to schedule Omnibus Hearings and by establishing clear timelines for the filing of Court Documents, the Procedures will assist the Debtors'

management, professionals, and all parties in interest in organizing their time and directing the attention of their personnel to issues raised by these chapter 11 cases.

45.    The Debtors anticipate that hundreds of interested parties may request service of Court Documents in these chapter 11 cases.  Consequently, service by email by the Core Parties is the most efficient and cost-effective method of service.  To serve the Debtors' hundreds of creditors with each Court Document could easily cost the Debtors tens of thousands of dollars in printing, mailing, and service costs.  In comparison, the cost of email service is *de minimis*.  Considering the substantial number of Court Documents that are likely to be filed and served in these cases, the Procedures proposed herein will save the Debtors' estates significant amounts of money.

46.    The Debtors also anticipate that various parties may seek relief from the automatic stay and that the Debtors' personnel and professionals will be involved in negotiations with respect to each of these requests.  In light of the magnitude and complexity of these cases, the time period set forth in section 362(e) of the Bankruptcy Code places an undue time constraint on the Debtors' efforts to resolve these issues and is therefore unduly burdensome to the Debtors' estates.  Accordingly, the Debtors submit that, notwithstanding section 362(e), if a scheduled Motion for Relief under section 362(d) of the Bankruptcy Code is, upon the consent of the Debtors and the moving party, adjourned to a date that is on or after the 30th day following the date of the moving party's request for relief, the moving party shall be deemed to have (a) consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code and (b) waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

47. Pursuant to the Procedures, hearings shall be conducted only when necessary to the resolution of disputes between the Debtors and third parties. This process will reduce the estates' administrative burdens and costs associated with hearing preparation and attendance and will minimize the burden on the Court. The Procedures, by authorizing the Debtors to maintain a Case Information Website and employ the Noticing Agent, will also preserve the Debtors' goodwill by providing easy and affordable access to information to keep interested parties, including their customers and employees, informed of developments in the restructuring process.

48. Additionally, the Debtors submit that in many instances, given the complex nature of the Debtors' operations and these chapter 11 cases, parties will be unable to adequately describe the relief requested, the basis for relief, the nature of any objection, or the response to any objection, as applicable, in a Court Document that does not exceed fifteen (15) pages. It is accordingly appropriate to grant parties leave to exceed the page limitation set forth in Local Bankruptcy Rule 9004(C).

49. Courts in this and other districts have routinely granted relief similar to the relief requested herein in other chapter 11 cases. *See, e.g.*, *In re Payless Holdings LLC*, No. 19-40883 (KAS) (Bankr. E.D. Mo. Mar. 15, 2019) [Docket No.: 573]; *In re Armstrong Energy, Inc.*, No. 17-47541 (KAS) (Bankr. E.D. Mo. Nov. 8, 2017) [Docket No.: 144]; *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Feb. 12, 2016) [Docket No.: 123]; *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 21, 2016) [Docket No.: 155]. The Debtors submit that the circumstances of these chapter 11 cases warrant granting similar relief, and that doing so is in the best interests of the Debtors, their estates, their creditors, and their stakeholders, and therefore should be granted.

## Notice

50.    Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent; (f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Reserves; (*l*) counsel to Javelin, (m) counsel to Uniper Global Commodities UK Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; (s) counsel to the Committee; and (r) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Notice of this Motion and any order entered hereon will be served in accordance with Local Bankruptcy Rule 9013-3(A)(1).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other relief as is just and proper.

Dated:    March 10, 2020
          St. Louis, Missouri

Respectfully submitted,

ARMSTRONG TEASDALE LLP

*/s/ Richard W. Engel, Jr.*
Richard W. Engel, Jr. (MO 34641)
John G. Willard (MO 67049)
Kathryn Redmond (MO 72087)
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri  63105
Tel:    (314) 621-5070
Fax:    (314) 621-5065
Email: rengel@atllp.com
        jwillard@atllp.com
        kredmond@atllp.com

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Paul M. Basta (*pro hac vice* admission pending)
Alice Belisle Eaton (*pro hac vice* admission pending)
Alexander Woolverton (*pro hac vice* admission pending)
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email: pbasta@paulweiss.com
        aeaton@paulweiss.com
        awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*