# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Hearing Date:  March 11, 2020 |
| | ) | Hearing Time:  10:00 a.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

## DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(A) AND 329(A) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(A) AND 2016(B), AND LOCAL BANKRUPTCY RULES 2014(A) AND 2016-1, FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY ARMSTRONG TEASDALE LLP AS CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE

Foreight Energy LP ("Foresight") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby respectfully move this Court, pursuant to sections 327(a) and 329(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014(A) and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of

---

[1]     The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).  The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

Missouri (the "Local Bankruptcy Rules"),[2] for entry of an order[3] authorizing them to retain and employ Armstrong Teasdale LLP ("Armstrong Teasdale") as co-counsel to the Debtors in these chapter 11 cases, effective as of the Petition Date,[4] and in support thereof respectfully represent as follows:

## JURISDICTION AND VENUE

1.       This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.       On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are a leading producer of thermal coal, with four mining complexes and nearly 2.1 billion tons of proven and probable coal reserves strategically located near multiple rail and river transportation access points in the Illinois Basin.  The Debtors also own a barge-loading river terminal on the Ohio River.  From this strategic position, the Debtors sell their coal primarily to electric utility and industrial companies located in the eastern half of the United States and across the international market.

---

[2]    This Application is also generally consistent with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, issued by the Executive Office for United States Trustees (the "United States Trustee Guidelines").

[3]    A copy of the Proposed Order will made available on the Debtors' case information website at http://cases.primeclerk.com/foresightenergy.

[4]    Retention effective as of to the Petition Date is appropriate because Armstrong Teasdale has provided services to the Debtors in these chapter 11 cases from and after the Petition Date.

3. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. Contemporaneously herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4. Information regarding the Debtors' businesses, their capital and debt structure, the events leading to the filing of these cases, and the terms and structure of the proposed restructuring transaction is set forth in the Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions, the Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief, and the declaration of Seth Herman in support of the Debtors' motion for approval of debtor-in-possession financing and use of cash collateral (collectively, the "First Day Declarations"), each filed contemporaneously herewith.

5. In support of this Application, the Debtors submit (a) the Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP (the "Moore Declaration"), a copy of which is attached hereto as Exhibit A; (b) the Declaration of Richard W. Engel, Jr., a partner of Armstrong Teasdale (the "Engel Declaration"), a copy of which is attached hereto as Exhibit B; and (c) Armstrong Teasdale's Disclosure of Compensation (the "Disclosure of Compensation"), a copy of which is attached hereto as Exhibit C.

6. No trustee, examiner or official committee of unsecured creditors has been appointed in these chapter 11 cases. No date has been set for a meeting pursuant to Section 341 of the Bankruptcy Code.

## BASIS FOR RELIEF

### *Armstrong Teasdale's Qualifications*

7.  Armstrong Teasdale is well qualified to serve as the Debtors' co-counsel in these chapter 11 cases.  Armstrong Teasdale is one of the leading commercial law firms in the Midwest and serves a dynamic national and international client base.  Armstrong Teasdale has substantial experience in virtually all aspects of the law that may potentially arise in these chapter 11 cases, including bankruptcy, environmental, corporate, international, employee benefits, finance, intellectual property, labor and employment, litigation, mergers and acquisitions, real estate and leasing, securities, and tax.

8.  Armstrong Teasdale's restructuring practice group consists of approximately 20 attorneys practicing in offices in Missouri, Illinois, Kansas, Colorado, Nevada, Pennsylvania and New York.  Armstrong Teasdale's restructuring lawyers have played, or are presently playing, significant roles in a wide array of chapter 11 cases including, but not limited to, those of Payless Holdings, LLC; Armstrong Energy, Inc.; Peabody Energy Corporation; Patriot Coal Corp.; Abengoa Bioenergy US Holding, LLC; Abengoa Bioenergy Biomass of Kansas, LLC; Noranda Aluminum Holding Corp.; Global Computer Enterprises Inc.; Enviro-Safe Refrigeration, Inc.; US Fidelis Inc.; Smurfit-Stone Container Corp.; National Steel; Thermadyne Holdings Corporation; Digital Teleport; Galaxy Cable; Bridge Information Systems, Inc.; Transworld Airlines; lendnetwork.com; and Wehrenberg Inc., among others.

9.  Armstrong Teasdale is also familiar with the Debtors' businesses and financial affairs and has become well acquainted with the Debtors' history, business operations, capital and corporate structure and related matters.  Accordingly, Armstrong Teasdale has developed substantial knowledge regarding the Debtors, which will result in effective and efficient services in these chapter 11 cases.

4

*Services to Be Provided by Armstrong Teasdale*

10. The employment of Armstrong Teasdale as the Debtors' co-counsel is appropriate and necessary to enable the Debtors to fulfill their duties as debtors and debtors in possession and to preserve and maximize the value of the Debtors' estates for all stakeholders. The Debtors propose to retain Armstrong Teasdale for these chapter 11 cases on the terms of this application and the parties' engagement letter, dated as of November 25, 2019 (the "Engagement Letter"), a copy of which is attached hereto as Exhibit D.[5] The Engagement Letter describes, among other things: (a) the services that Armstrong Teasdale anticipates performing for the Debtors; and (b) the terms and conditions of Armstrong Teasdale's proposed engagement by the Debtors.

11. The Debtors anticipate that Armstrong Teasdale will render various legal services to the Debtors as needed throughout the course of these chapter 11 cases. In particular, the Debtors anticipate that Armstrong Teasdale will perform, among others, the following legal services:

(a) providing legal advice with respect to the Debtors' powers and duties as debtors-in-possession in the continued operation of its business and management of its properties;

(b) attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of Chapter 11 Cases, including the legal and administrative requirements of operating in chapter 11;

---

[5] Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and the description provided herein. Notwithstanding any contrary terms of the Engagement Letter, Armstrong Teasdale will comply with all applicable orders of this Court, the Bankruptcy Code, Bankruptcy Rules, and applicable Local Bankruptcy Rules.

(c)     taking necessary action to protect and preserve the Debtors' estates, including the prosecution of actions commenced under the Bankruptcy Code on their behalf, and objections to claims filed against the estates;

(d)     preparing and prosecuting on behalf of the Debtors' motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

(e)     advising and assisting the Debtors with respect to restructuring alternatives, including, to the extent applicable, preparing and pursuing  confirmation of a chapter 11 plan and approval of a disclosure statement;;

(f)     appearing in Court and protecting the interests of the Debtors before the Court; and

(g)     performing all other legal services for the Debtors which may be necessary and proper in these cases.

12.     The Debtors require knowledgeable local counsel to render these essential professional services.  Armstrong Teasdale has substantial expertise in all of these areas.  Accordingly, the Debtors respectfully submit that Armstrong Teasdale is well qualified to perform these services and represent the Debtors' interests in these chapter 11 cases.

13.     In addition, by separate applications filed contemporaneously herewith or expected to be filed shortly hereafter, the Debtors are also seeking to employ:  (a) Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), as counsel; (b) Jefferies LLC, as investment banker; (c) FTI Consulting LLC, as financial advisor; and (d) Prime Clerk LLC, as (i) claims and

6

noticing agent and (ii) administrative advisor.  The Debtors may also file motions or applications to employ additional professionals.  Armstrong Teasdale will work closely with each of these professionals to prevent unnecessary or inefficient duplication of services, and will take whatever steps are necessary and appropriate to avoid any such duplication.  Either Paul, Weiss or another firm will represent the Debtors in connection with any matter in which Armstrong Teasdale cannot represent the Debtors because of an actual or potential conflict of interest.

***Compensation and Fee Applications***

14.     Pursuant to the terms of the Engagement Letter, and subject to the Court's approval of this application, Armstrong Teasdale intends to:  (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.[6]

15.     Armstrong Teasdale will be compensated at its standard hourly rates, which are based on the professionals' level of experience.  At present, the standard hourly rates charged by Armstrong Teasdale range as follows:

---

[6]     The hourly rates charged by Armstrong Teasdale professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the specific office in which the professional is resident.  Armstrong Teasdale does not adjust the billing rates of its professionals based on the geographic location of a bankruptcy case or other matter.

| BILLING CATEGORY | U.S. RANGE |
|---|---|
| Partners | $375 - $685 |
| Of Counsel | $395 - $555 |
| Associates | $255 - $395 |
| Paralegals | $125 - $305 |
| Law Clerks | $200 |

16.     The names, positions, resident offices and current hourly rates of those Armstrong Teasdale lawyers currently expected to spend significant time on these chapter 11 cases are attached as Schedule 3 to the Engel Declaration.  Armstrong Teasdale's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of the scope and complexity similar to these chapter 11 cases.  Further, Armstrong Teasdale bankruptcy professionals are subject to the same client-driven market forces, scrutiny and accountability as its professionals in non-bankruptcy engagements.  For all of these reasons, Armstrong Teasdale's rates are reasonable and favorable to the Debtors' estates.[7]

17.     Armstrong Teasdale will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any additional procedures that may be established by the Court in these chapter 11 cases.[8]  Armstrong Teasdale contemplates using the following billing

---

[7]     Like many of its peer law firms, Armstrong Teasdale increases the hourly billing rate of attorneys and paraprofessionals periodically in the form of step increases in the ordinary course on the basis of advancing seniority and promotion.  The step increases do not constitute "rate increases" (as the term is used in the United States Trustee Guidelines).

[8]     In applying to the Court for payment of compensation and reimbursement of expenses, Armstrong Teasdale will also make reasonable efforts to comply with the United States Trustee Guidelines.

categories, which substantially conform to those categories set forth at section 8(b) of the United States Trustee Guidelines:[9]

| CATEGORY | DESCRIPTION |
|---|---|
| Asset Analysis and Recovery | Includes the identification and review of potential assets, including causes of action belonging to the Debtors' estates and other non-litigation recoveries. |
| Asset Disposition | Includes transactions related to the sale, lease, abandonment or other disposition of the Debtors' assets. |
| Assumption and Rejection of Leases and Contracts | Includes (a) contract and lease analysis, (b) matters relating to assumption, assumption and assignment, rejection or recharacterization of executory contracts and unexpired leases, and (c) the preparation of Court filings related to the foregoing. |
| Avoidance Action Analysis | Includes the review of potential avoidance actions under sections 544, 545, 546, 547, 548 and 549 of the Bankruptcy Code to determine whether such actions are warranted. |
| Business Operations | Includes matters related to the Debtors' operations that do not fit within another, more specific matter description, including, but not limited to, issues related to (a) vendors/sourcing, (b) customers, (c) interaction with governmental entities and regulatory agencies, (d) lessor/lessee matters, (e) utilities, (f) insurance/surety matters, and (g) internal management, processes and controls. |
| Case Administration | Includes (a) general case administration services, (b) maintenance of case docket and calendar, (c) filing and circulation of papers, and (d) preparation and review of other reports, notices and service lists. |
| Claims Administration and Objections | Includes (a) bar date matters, (b) claims objections and related contested matters, and (c) other claims administration activities. |
| Corporate Governance and Board Matters | Includes (a) preparation for and attendance at meetings of the Debtors' board of directors, (b) analysis and advice regarding all transactional, corporate governance and related matters unrelated to the plan of reorganization or disclosure statement process, and (c) matters related to requests for the appointment of a trustee or examiner. |

---

[9]    Armstrong Teasdale may, in its discretion and in consultation with the Debtors, determine to create separate sub-billing categories for certain discrete projects undertaken during these chapter 11 cases.

| CATEGORY | DESCRIPTION |
|---|---|
| Court Hearings | Includes preparation for and attendance at court hearings. |
| Employee Matters | Includes (a) employee compensation and retiree benefits issues, (b) other employee relations matters, and (c) ERISA matters. |
| Environmental Matters | Includes matters related to (a) compliance with environmental laws and regulations and (b) research or reporting related to the foregoing. |
| Employment and Fee Applications | Includes (a) preparation of Armstrong Teasdale fee applications and the preparation of monthly invoices, (b) preparation of fee applications for other professionals, and (c) preparation and/or prosecution of Court filings establishing procedures governing professional retention and compensation. |
| Employment and Fee Application Objections | Includes the review of, and objections to, the employment and fee applications of other professionals. |
| Financing and Cash Collateral | Includes (a) negotiation and documentation of debtor in possession financing and post-confirmation financing, (b) cash collateral issues, (c) analysis of loan documents, and (d) related services. |
| Litigation and Adversary Proceedings | Includes all litigation and adversary proceedings (i.e., actions initiated by a complaint in the Bankruptcy Court), such as avoidable transfer litigation, as well as related pre-litigation matters and all other contested matters that do not fit within another, more specific matter description. |
| Meetings | Includes preparation for, and attendance at, (a) meetings with official committees appointed in the Debtors' chapter 11 cases that do not fit within another, more specific matter description, (b) the section 341 meeting and committee formation meetings, (c) meetings with the Debtors or the Debtors' other professionals (including co-counsel), (d) meetings with individual creditors, and (e) meetings with all other interested parties. |
| Non-Working Travel | Includes all non-working travel time. |
| Plan and Disclosure Statement | Includes (a) the formulation, negotiation, preparation and promulgation of plans of reorganization, disclosure statements, confirmation orders and related orders and corporate documentation, (b) research relating thereto, (c) matters related to exclusivity, and (d) disbursement and case closing activities. |
| Real Estate | Review and analysis of real estate matters that do not fit within another, more specific matter description. |

| CATEGORY | DESCRIPTION |
|---|---|
| Relief from Stay and Adequate Protection | Includes matters related to (a) the continuation, extension, modification, scope or termination of the automatic stay under section 362 of the Bankruptcy Code, (b) adequate protection under section 361 of the Bankruptcy Code, and (c) the effect of the automatic stay on pending matters. |
| Reporting | Includes (a) preparation of (i) schedules of assets and liabilities (and amendments thereto), (ii) statements of financial affairs (and amendments thereto), (iii) periodic operating reports and (iv) other accounting or reporting activities and (b) communications with the Office of the United States Trustee for the Eastern District of Missouri (the "United States Trustee") not within the scope of other matter numbers. |
| Tax | Includes (a) all federal and state income, property, employment, excise and other tax matters and (b) the preparation of related tax returns. |
| Write-Offs | Write-off of fees and disbursements relating to services rendered in Debtor's chapter 11 case. |

18.     Furthermore, Armstrong Teasdale contemplates using the following expense categories:  (a) copies; (b) outside printing; (c) telephone; (d) facsimile; (e) online research;  (f) delivery services/couriers;  (g) postage; (h)  out-of-town  travel  (including subcategories for transportation, hotel, meals, ground transportation, and other); (i) meals (local); (j) court fees; (k) subpoena fees; (l) witness fees; (m) deposition transcripts; (n) trial transcripts; (o)  trial  exhibits;  (p)  litigation  support  vendors;  (q)  experts;  (r)  investigators; (s) arbitrators/mediators; and (t) other.

19.     Armstrong Teasdale will consult with the United States Trustee regarding suggested alterations to these categories, and will seek to coordinate the consistent use of these categories  among  professionals  required  to  file  applications  for  payment  of  fees  and reimbursement of expenses in these cases.  In addition, Armstrong Teasdale understands that interim and final fee awards are subject to approval by this Court.

*Disclosure Concerning Disinterestedness*

20.    The Engel Declaration, incorporated herein by reference, discloses Armstrong Teasdale's connections to the Debtors and parties in interest in these cases.  In reliance on the Engel Declaration, and except as set forth therein, the Debtors believe that: (a) Armstrong Teasdale has no connection with the Debtors, their affiliates, their creditors, the United States Trustee, any person employed in the office of the United States Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants; (b) Armstrong Teasdale is not a creditor, equity security holder or insider of the Debtors; (c) none of Armstrong Teasdale's lawyers is, or was within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) Armstrong Teasdale neither holds nor represents an interest materially adverse to the Debtors or their respective estates.  As of the Petition Date, Armstrong Teasdale is not a creditor of the Debtors' estates; however, out of an abundance of caution, Armstrong Teasdale has waived any interest it may have which is adverse to the Debtors' estates as of the Petition Date.  Accordingly, the Debtors believe that Armstrong Teasdale is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

21.    In the event that Armstrong Teasdale's representation of the Debtors in connection with any matter in these chapter 11 cases would result in it becoming adverse to a party in interest that gives rise to a professional conflict, the Debtors shall retain separate counsel to represent their interests with respect to such matter against such party.

*Professional Compensation*

22.    Prior to the Petition Date, the Debtors provided Armstrong Teasdale with multiple advance payments totaling in the aggregate $340,003.16 to establish a retainer (together with replenishments thereof, the "Retainer") for professional services to be rendered and services

to be incurred by Armstrong Teasdale in connection with these cases.  As of the filing of this Application, the balance of the Retainer is approximately $134,111.10.

   23.  Armstrong Teasdale has informed the Debtors that, as promptly as practicable after all fees and charges accrued prior to the Petition Date have been posted within its computerized billing system, Armstrong Teasdale will issue a final detailed billing statement for any fees, charges and disbursements for the period prior to the Petition Date (the "Final Prepetition Bill").  If the Prepetition Payments exceed Armstrong Teasdale's actual fees and expenses for the applicable invoice period (as set forth on the Final Prepetition Bill), Armstrong Teasdale will (a) reconcile the Final Prepetition Bill with the Retainer to pay its prepetition invoices and (b) any excess amount will continue to be held in the Retainer.  If the Prepetition Payments are less than Armstrong Teasdale's actual fees and expenses for the applicable invoice period (as set forth on the Final Prepetition Bill), then, subject to any orders of the Court, Armstrong Teasdale will (a) reconcile the Final Prepetition Bill with the Retainer to pay its prepetition invoices (to the extent funds are available in the Retainer) and (b) write off any fees and expenses set forth in the Final Prepetition Bill in excess of the amount of the Retainer. Armstrong Teasdale expects to: (a) complete its reconciliation of prepetition fees and expenses actually incurred through the Petition Date no later than the filing of its first interim fee application in these cases; and (b) make a corresponding adjustment to the amount of the Retainer on or about that date; and (c) disclose such adjustment in its first interim fee application.  Upon the conclusion of Armstrong Teasdale's representation of the Debtors (or as otherwise directed by the Court), Armstrong Teasdale will apply any remaining portion of the Retainer against any unpaid fees or unreimbursed disbursements, with any unapplied portion of the Retainer to be promptly returned to the Debtors.

## BASIS FOR RELIEF REQUESTED

24.     Under section 327(a) of the Bankruptcy Code, a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under [the Bankruptcy Code]."  11 U.S.C. § 327(a).[10]  Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."  11 U.S.C. § 1107(b).

25.     As required by Section 329(a) of the Bankruptcy Code,[11] Bankruptcy Rule 2014(a)[12] and Local Bankruptcy Rules 2014(A)[13] and 2016-1(A),[14] the above-described facts set

---

[10]    Section 101(14) of the Bankruptcy Code defines the phrase "disinterested person" as: a person that –

> (A)      is not a creditor, an equity security holder, or an insider;
>
> (B)      is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C)      does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any   direct     or       indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

[11]    Section 329(a) of the Bankruptcy Code provides as follows:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a).  This information is set forth in the Engel Declaration attached hereto as Exhibit B.

[12]    Bankruptcy Rule 2014(a) provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any

forth in this Application and the information in the Exhibits attached hereto set forth:  (a) the specific facts showing the necessity for Armstrong Teasdale's employment; (b) the reasons for the Debtors' selection of Armstrong Teasdale as their counsel in connection with these chapter 11 cases; (c) the professional services proposed to be provided by Armstrong Teasdale; (d) the arrangement between the Debtors and Armstrong Teasdale with respect to Armstrong Teasdale's compensation, including information on retainers and hourly fees and the reasonableness thereof; and (e) to the best of the Debtors' knowledge, the extent of Armstrong Teasdale's connections, if any, to certain parties in interest in these matters.  Accordingly, Armstrong Teasdale's retention by the Debtors should be approved.

### NOTICE

26.    The Debtors will provide notice of this Application to:  (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent; (f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the

---

proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

[13]    Local Bankruptcy Rule 2014(A) requires a party seeking an order authorizing its retention in a chapter 11 case to meet the requirements of Bankruptcy Rule 2014.  The application must disclose any prepetition retainer arrangement and shall be served on:  (a) all entities filing a request for notice; (b) other counsel of record; (c) the case trustee; (d) the United States Trustee; and (e) any committees.  Local R. Bankr. P. 2014(A).

[14]    Local Bankruptcy Rule 2016-1(A) provides, inter alia, that "[p]ursuant to Bankruptcy Code § 329 and Fed. R. Bankr. P. 2016(b), an attorney representing a debtor in a case under any chapter shall file with the petition a statement disclosing compensation paid or agreed to be paid to such attorney for services in contemplation of or in connection with the case.  Counsel shall serve the disclosure on the Trustee and United States Trustee . . . .  Until a case is closed, a supplemental fee disclosure statement shall be filed and served as required in this Rule either no later than 14 days after any payment not previously disclosed in a properly filed Disclosure of Compensation for Attorney for Debtor pursuant to Fed. R. Bankr. P. 2016(b), or no later than 14 days after the agreement for such payment."  Local R. Bankr. P. 2016-1(A).

Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Reserves; (*l*) counsel to Javelin; (m) counsel to Uniper Global Commodities UK Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; (s) counsel to the Committee; and (t) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").   Notice of this Application and any order entered hereon will be served in accordance with Local Bankruptcy Rule 9013-3(A)(1).   In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

27.     No prior request for the relief sought in this application has been made to this or any other Court in connection with these chapter 11 cases.

[*Signature Page to Follow*]

16

WHEREFORE, the Debtors respectfully request that the Court:  (i) enter an order, substantially in the form submitted to the Court, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

March 10, 2020
St. Louis, Missouri

Respectfully submitted,

Foreok Energy LP, *et al.*,
Debtors and Debtors in Possession

/s/    *Robert D. Moore*
Name:  Robert D. Moore
Title:   President and Chief Executive Officer

Filed by:

ARMSTRONG TEASDALE LLP

*/s/  Richard W. Engel, Jr.*
Richard W. Engel, Jr. (MO 34641)
John G. Willard (MO 67049)
Kathryn Redmond (MO 72087)
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri  63105
Tel:     (314) 621-5070
Fax:     (314) 621-5065
Email: rengel@atllp.com
         jwillard@atllp.com
         kredmond@atllp.com

*Proposed Counsel to the Debtors and Debtors in
Possession*

## **<u>EXHIBIT A</u>**

**Moore Declaration**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
|  | ) |  |
|  | ) | (Joint Administration Requested) |

<u>**DECLARATION OF ROBERT D. MOORE**</u>

Pursuant to Section D of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, issued by the Executive Office for United States Trustees (the "<u>United States Trustee Guidelines</u>"), I, Robert D. Moore, hereby declare, under penalty of perjury, as follows:

1.      I am older than 21 years of age and suffer no legal disability.  I am competent to make this Declaration.

2.      My testimony herein is based upon my personal knowledge, unless stated otherwise.

3.      If called to testify, I could and would testify to the matters stated herein.

4.      I make this declaration under 28 U.S.C. § 1746 for all permissible purposes under applicable rules of evidence and procedure, in support of the Application of the Debtors Pursuant to Sections 327(a) and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Bankruptcy Rule 2014(A) and 2016-1(A), for an Order Authorizing Debtors to Retain and Employ Armstrong Teasdale LLP as Co-Counsel, Effective as of the Petition Date (the "<u>Application</u>").[1]

---

[1]      This Declaration is also generally consistent with the United States Trustee Guidelines.

5.    Although Armstrong Teasdale professionals assisted in the preparation of this declaration on my behalf, they did so according to my express instructions and using information provided by me and my staff specific to the Debtors' decision to retain Armstrong Teasdale as counsel in these chapter 11 cases.

6.    I am currently Chief Executive Officer and President of Debtor Foresight Energy LP and its affiliated debtors and debtors in possession (collectively, the "Debtors").

7.    In my current capacity, I am familiar with all aspects of the Debtors' decision to retain and employ Armstrong Teasdale as counsel with respect to these chapter 11 cases.  In addition, I generally am responsible for, among other things, supervising outside counsel for all of the Debtors and monitoring and controlling legal costs.

## THE DEBTORS' SELECTION OF ARMSTRONG TEASDALE

8.    Armstrong Teasdale is the proposed co-counsel to the Debtors.  The process used by the Debtors to review and select their restructuring counsel involved an evaluation of potential counsels' expertise in relevant legal practice areas and in similar proceedings in this District and elsewhere.  After evaluating multiple candidates for local counsel, the Debtors retained Armstrong Teasdale due to Armstrong Teasdale's extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code, and in areas of law closely aligned with the Debtors' goals and interests in these Chapter 11 cases.

9.    Given these facts, the Debtors determined that Armstrong Teasdale is well qualified to represent the Debtors in connection with these chapter 11 cases.

## RATE STRUCTURE

10.    The Debtors and Armstrong Teasdale agreed that Armstrong Teasdale's standard fees would apply to this engagement.  Having previously reviewed invoices from other

comparable law firms and invoices submitted from Armstrong Teasdale, I can verify that the rates being charged by Armstrong Teasdale in connection with this representation are within the range typically charged by similar firms.

11.      The Debtors have approved a budget and staffing plan (the "Budget and Staffing Plan") for the first several months of these chapter 11 cases, recognizing that in the course of large chapter 11 cases like these, it is possible that there may be a number of unforeseen matters that will need to be addressed by the Debtors and Armstrong Teasdale leading to the incurrence of additional fees and expenses beyond those set forth in the Budget and Staffing Plan.  As these chapter 11 cases continue to develop, the Debtors and Armstrong Teasdale will work together to revise the Budget and Staffing Plan as needed.  The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases.  The Debtors will continue to review the invoices that Armstrong Teasdale regularly submits, and, together with Armstrong Teasdale, amend the Budget and Staffing Plan periodically, if necessary, as the case develops.

### COST SUPERVISION

12.      As they did prepetition, the Debtors will continue to closely supervise the fee and expense reimbursement process.  Armstrong Teasdale's fees and expenses will be subject to review, comment and objection (if warranted), and court approval pursuant to interim compensation procedures that provide for the interim allowance and payment of fees and expenses during the course of these chapter 11 cases.  It is my understanding that Armstrong Teasdale's fees and expenses will be subject to review on a monthly, interim and final basis during the course of these chapter 11 cases by the U.S. Trustee, any official committee and the Court, as well as by the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

March 10, 2020
St. Louis, Missouri

Respectfully submitted,

Foresight Energy LP, *et al.*,
Debtors and Debtors in Possession

/s/    *Robert D. Moore*

Name: Robert D. Moore
Title:   President and Chief Executive Officer

## **EXHIBIT B**

**Engel Declaration**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| | ) | (Joint Administration Requested) |
| | ) | |

## <u>DECLARATION OF RICHARD W. ENGEL, JR.</u>

Pursuant to Bankruptcy Rule 2014(a) of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>") and Rules 2014(A) and 2016-1 of the Local Rules of

Procedure of the United States Bankruptcy Court for the Eastern District of Missouri (the "<u>Local</u>

<u>Bankruptcy Rules</u>"),[1] I, Richard W. Engel, Jr., declare:

1.     I am an attorney at law admitted and in good standing to practice in the

State of Missouri, the State of Illinois, the United States District Court for the Eastern District of

Missouri, the United States District Court for the Western District of Missouri, the United States

District Court for the Southern District of Illinois, the United States District Court for the Central

District of Illinois, and the United States District Court for the Northern District of Illinois, along

with the Eighth Circuit Court of Appeals and the United States Supreme Court.

2.     I am a partner of the law firm of Armstrong Teasdale LLP ("<u>Armstrong</u>

<u>Teasdale</u>") and am duly authorized to make this Declaration on behalf of Armstrong Teasdale.  I

make this Declaration in support of the Application of the Debtors Pursuant to Sections 327(a)

and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local

---

[1]     This Declaration is also generally consistent with the Guidelines for Reviewing Applications for Compensation
and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases
Effective as of November 1, 2013, issued by the Executive Office for United States Trustees (the "<u>United States</u>
<u>Trustee Guidelines</u>").

Bankruptcy Rules 2014(A) and 2016-1, for an Order Authorizing Debtors to Retain and Employ Armstrong Teasdale LLP as Co-Counsel, Effective as of the Petition Date (the "<u>Application</u>").[2]

3.      The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

<b><u>ARMSTRONG TEASDALE'S QUALIFICATIONS</u></b>

4.      Armstrong Teasdale is well qualified to serve as the Debtors' counsel in these chapter 11 cases.  Armstrong Teasdale is one of the leading commercial law firms in the Midwest, and serves a dynamic national and international client base.  Armstrong Teasdale has substantial experience in virtually all aspects of the law that may potentially arise in these chapter 11 cases, including bankruptcy, environmental, corporate, international, employee benefits, finance, intellectual property, labor and employment, litigation, mergers and acquisitions, real estate and leasing, securities and tax.

5.      Armstrong Teasdale's restructuring practice group consists of approximately 20 attorneys practicing in offices in Missouri, Illinois, Kansas, Colorado, Nevada, Pennsylvania and New York. Armstrong Teasdale's restructuring lawyers have played significant roles in a wide array of chapter 11 cases, including, but not limited to, those of Payless Holdings, LLC; Armstrong Energy Inc.; Peabody Energy Corporation; Patriot Coal Corp.; Abengoa Bioenergy US Holding, LLC; Abengoa Bioenergy Biomass of Kansas, LLC; Noranda Aluminum Holding Corp.; Global Computer Enterprises Inc.; Enviro-Safe Refrigeration, Inc.; US Fidelis Inc.; Smurfit-Stone Container Corp.; National Steel; Thermadyne Holdings Corporation; Digital Teleport; Galaxy Cable; Bridge Information Systems, Inc.; Transworld Airlines; lendnetwork.com; and Wehrenberg Inc., among others.

---

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

6.     Armstrong Teasdale is also familiar with the Debtors' businesses and financial affairs, and will contribute greatly as local restructuring counsel to aid in the efficient administration of the Debtors' estates.  Armstrong Teasdale's professionals have become well acquainted with the Debtors' history, business operations, capital and corporate structure and related matters.  Accordingly, Armstrong Teasdale has developed substantial knowledge regarding the Debtors that will result in effective and efficient services in these chapter 11 cases.

### Services to Be Provided by Armstrong Teasdale

7.     The Debtors have requested that Armstrong Teasdale render, to the extent necessary, the following legal services in connection with these chapter 11 cases:

(a)     providing legal advice with respect to the Company's powers and duties as debtors-in-possession in the continued operation of its business and management of its properties;

(b)     attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of Chapter 11 Cases, including the legal and administrative requirements of operating in chapter 11;

(c)     taking necessary action to protect and preserve the Company's estates, including the prosecution of actions commenced under the Bankruptcy Code on their behalf, and objections to claims filed against the estates;

(d)     preparing and prosecuting on behalf of the Company's motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

(e)     advising and assisting the Company with respect to restructuring alternatives, including, to the extent applicable, preparing and pursuing confirmation of a chapter 11 plan and approval of a disclosure statement;

(f)     appearing in Court and protecting the interests of the Company before the Court; and

(g)     performing all other legal services for the Company which may be necessary and proper in these cases.

## COMPENSATION AND FEE APPLICATIONS

8.      Pursuant to the terms of the Engagement Letter, and subject to the Court's approval of the Application, Armstrong Teasdale intends to:  (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.[3]

9.      Armstrong Teasdale will be compensated at its standard hourly rates, which are based on the professionals' level of experience.  At present, the standard hourly rates charged by Armstrong Teasdale range as follows:

| BILLING CATEGORY | U.S. RANGE |
| --- | --- |
| Partners | $375 - $685 |
| Of Counsel | $395 - $555 |
| Associates | $255 - $395 |
| Paraprofessionals | $125 - $305 |
| Law Clerks | $200 |

10.      The names, positions, resident offices and current hourly rates of those Armstrong Teasdale lawyers currently expected to spend significant time on these chapter 11 cases are attached as Schedule 3 hereto.  Armstrong Teasdale's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to these chapter 11 cases.  Further, I believe that Armstrong Teasdale bankruptcy professionals are subject to the same client-driven market forces, scrutiny and

---

[3]      The hourly rates charged by Armstrong Teasdale professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the specific office in which the professional is resident.  Armstrong Teasdale does not adjust the billing rates of its professionals based on the geographic location of a bankruptcy case or other matter.

accountability as its professionals in non-bankruptcy engagements.  For all of these reasons, Armstrong Teasdale's rates are reasonable and favorable to the Debtors' estates.[4]

11.    Armstrong Teasdale will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any additional procedures that may be established by the Court in these chapter 11 cases.[5]  In addition, Armstrong Teasdale understands that interim and final fee awards are subject to approval by this Court.

### Disclosure Concerning Disinterestedness

12.    The Debtors have provided Armstrong Teasdale with a list of the names (collectively, the "Interested Parties") of individuals or institutions in the following categories: the Debtors' (a) current and recent former directors and officers; (b) attorneys, professionals and financial advisors; (c) ordinary course professionals; (d) current debtor entities in these chapter 11 cases; (e) the Debtors' equity holders; (f) the Debtors' lenders; (g) five percent (5%) and greater shareholders and beneficial owners; (h) lenders; (i) second lien bondholders; (j) creditor advisors; (k) former officers and directors; (l) insurance brokers; (m) insurers; (n) letter of credit beneficiaries; (o) non-debtor affiliates; (p) parties to significant litigation; (q) regulatory agencies; (r) royalty contract counterparties; (s) significant competitors; (t) significant customers; (u) significant financial institutions; (v) significant suppliers, shippers, warehousemen and vendors; (w) surety issuers; (x) surety obliges; (y) top fifty (50) unsecured creditors; (z) utilities;

---

[4]    Like many of its peer law firms, Armstrong Teasdale increases the hourly billing rate of attorneys and paraprofessionals periodically in the form of step increases in the ordinary course on the basis of advancing seniority and promotion.  The step increases do not constitute "rate increases" (as the term is used in the United States Trustee Guidelines).

[5]    In applying to the Court for payment of compensation and reimbursement of expenses, Armstrong Teasdale will also make reasonable efforts to comply with the United States Trustee Guidelines.

(aa) creditor advisors; and (bb) judges and key Court personnel for the Eastern District of Missouri. The identities of the Interested Parties are set forth on <u>Schedule 1</u> hereto.

13.     To check and clear potential conflicts of interest in these cases, as well as to determine all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, Armstrong Teasdale researched its client database for the past two years to determine whether it had any relationships with the Interested Parties.  Armstrong Teasdale began running conflict checks on the parties in interest in December 2019 and continued to run conflict checks thereafter as new parties in interest were identified.  To the extent that Armstrong Teasdale's research of its relationships with the Interested Parties indicates that Armstrong Teasdale has represented in the past two years, or currently represents, any of these entities in matters unrelated to these chapter 11 cases, the identities of these entities and such entities' relationship to the Debtors and connection to Armstrong Teasdale are set forth in <u>Schedule 2</u> hereto.

14.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Armstrong Teasdale nor any partner, associate or other professional thereof has any connection with the Debtors, their creditors, the United States Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth below and in <u>Schedule 2</u> hereto.

15.     Armstrong Teasdale has not, does not and will not represent any entity other than the Debtors in these chapter 11 cases.

16.     Prior to the Petition Date, Armstrong Teasdale performed certain legal services for certain of the Debtors, as described herein and in the Application.   After the

completion of any necessary adjustments to the amount and application of the Retainer proceeds, the Debtors will not owe Armstrong Teasdale any amount for services performed prior to the Petition Date.  Armstrong Teasdale has more than 265 attorneys in 7 offices nationwide.  It is possible that certain Armstrong Teasdale attorneys or employees hold interests in mutual funds or other investment vehicles that may own the Debtors' securities or the securities of entities that own the Debtors' securities.

### ARMSTRONG TEASDALE IS A DISINTERESTED PERSON

17.     To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, Armstrong Teasdale is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, in that:  (a) Armstrong Teasdale has no connection with the Debtors, their creditors, the United States Trustee, any person employed in the office of the United States Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth herein; (b) Armstrong Teasdale is not a creditor, equity security holder or insider of the Debtors; (c) no Armstrong Teasdale partner, associate or other professional is, or was within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) Armstrong Teasdale neither holds nor represents an interest materially adverse to the Debtors or their estates.

18.     Despite the efforts described above to identify and disclose connections with parties in interest in these cases, because the Debtors are a large enterprise with hundreds of creditors and other relationships, and because Armstrong Teasdale is an nationwide firm with more than 265 attorneys in 7 offices, Armstrong Teasdale is unable to state with certainty that every client representation or other connection of Armstrong Teasdale has been disclosed.  In

this regard, if Armstrong Teasdale discovers additional information that requires disclosure, Armstrong Teasdale will file supplemental disclosures with the Court.

19.    In the event that Armstrong Teasdale's representation of the Debtors in connection with any matter in these chapter 11 cases would result in it becoming adverse to a party in interest that gives rise to a professional conflict, the Debtors shall retain separate counsel to represent their interests with respect to such matter against such party.

### STATEMENT REGARDING UNITED STATES TRUSTEE GUIDELINES

20.    Armstrong Teasdale intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  As it has done in connection with the Application, Armstrong Teasdale also intends to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the United States Trustee Guidelines in connection with the interim and final fee applications to be filed by Armstrong Teasdale in these chapter 11 cases.

21.    The following information is provided in response to the request for additional information set forth in Paragraph D.1 of the United States Trustee Guidelines:

|  |  |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response:** | No.  The hourly rates Armstrong Teasdale will bill for this engagement are consistent with the rates that Armstrong Teasdale charges other comparable chapter 11 clients, and the rate structure provided by Armstrong Teasdale is appropriate and is not significantly different from (a) the rates that Armstrong Teasdale charges in other non-bankruptcy representations or (b) the rates of other comparably skilled professionals for similar |

engagements.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response:** No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response:** Armstrong Teasdale's current hourly rates for services rendered on behalf of the Debtors ranges as follows[6]:

| BILLING CATEGORY | U.S. RANGE |
|---|---|
| Partners | $375 - $685 |
| Of Counsel | $395 - $555 |
| Associates | $255 - $395 |
| Paraprofessionals | $125 - $305 |
| Law Clerks | $200 |

Armstrong Teasdale represented the Debtors during the twelve month period before the Petition Date, using the hourly rates listed above.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:** A budget and staffing plan has been discussed and approved among counsel and the client for these cases.

---

[6]    While the rate ranges provided for in this Application may change if an individual leaves or joins Armstrong Teasdale, and if any such individual's billing rate falls outside the ranges disclosed above, Armstrong Teasdale does not intend to update the ranges for such circumstances.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 10, 2020
St. Louis, Missouri

Respectfully submitted,

ARMSTRONG TEASDALE LLP

/s/   *Richard W. Engel, Jr.*
Richard W. Engel, Jr. (MO 34641)
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105
Tel:    (314) 621-5070
Fax:    (314) 621-5065
Email: rengel@atllp.com

## **Schedule 1**

## **Interested Parties**

**Current Officers and Directors:**
Brian Sullivan
Cody Nett
Daniel Hermann
Jeremy Harrison
Lesslie Ray
Nicholas Casey
Robert Moore
Robert Murray

**Attorneys, Professionals and Financial Advisors:**
FTI Consulting
Jefferies Group LLC
Paul, Weiss, Rifkind, Wharton & Garrison LLP

**Ordinary Course Professionals:**
Benesch, Friedlander, Coplan and Aronoff LLP
Bingham Greenebaum Doll LLP
Black Ballard Mcdonald PC
Ciuni & Panichi
Corporate Service Company
Dinsmore and Shohl LLP
Ernst & Young LLP
Greensfelder, Hemker & Gale, P.C.
Hardy Pence PLLC
Heyl, Royster
Kupiec & Martine, LLC
Ogletree Deakins Nash
Pillsbury Winthrop Shaw Pittman LLP
Polsinelli PC
Pricewaterhousecoopers LLP
Protiviti INC
Sandberg Phoenix & Von Gontard PC
Shands, Elbert, Gianoulakis & Giljum, LLP
Swanson Martin & Bell LLP
The Brennan Group, LLC
Wilson Elser Moskowitz Edelman & Dicker LLP

**Debtors:**
Adena Resources, LLC

Akin Energy LLC
American Century Mineral LLC
American Century Transport LLC
Coal Field Construction Company LLC
Coal Field Repair Services LLC
Foresight Coal Sales LLC
Foresight Energy Employee Services Corporation
Foresight Energy Finance Corporation
Foresight Energy GP LLC
Foresight Energy Labor LLC
Foresight Energy LLC
Foresight Energy LP
Foresight Energy Services LLC
Foresight Receivables LLC
Hillsboro Energy LLC
Hillsboro Transport LLC
LD Labor Company LLC
Logan Mining LLC
Mach Mining, LLC
Macoupin Energy LLC
Maryan Mining LLC
M-Class Mining, LLC
Oeneus LLC
Patton Mining LLC
Seneca Rebuild LLC
Sitran LLC
Sugar Camp Energy, LLC
Tanner Energy LLC
Viking Mining LLC
Williamson Energy, LLC

**Five Percent and Greater Shareholders and Beneficial Owners:**
Accipiter Capital Management, LLC
Christopher Cline
Cline Trust Company, LLC
Murray Energy Corporation

**Lenders:**
AIG SENIOR FLOAT RATE
AMERICAN HONDA MASTER RETIRE
ASSURANT CLO I LTD
ASSURANT CLO II LTD

ASSURANT CLO III LTD
ASSURANT CLO IV LTD
B&M CLO 2014-1 LTD
BANK OF AMERICA N.A
BARCLAYS BANK PLC NY
BDCA-CB FUNDING LLC
BEN ST PTR SNR SEC MST NON US
BEN ST PTR SNR SEC U MF NON US
BEN ST PTRS CAP OPP FD LP
BEN ST PTRS SEN SEC OPP FD LP
BENEFIT SRTEET PTRS CLO V-B
BENEFIT ST PARTNERS CLO VII
BENEFIT STREET PARTNERS SMA LM
BENEFIT STREET PARTNERS SMA-K
BENEFIT STREET PTNRS CLO I
BENEFIT STREET PTNRS CLO II
BENEFIT STREET PTNRS CLO III
BENEFIT STREET PTNRS CLO IV
BENEFIT STREET PTNRS CLO IX
BENEFIT STREET PTNRS CLO VI
BENEFIT STREET PTNRS CLO VIII
BENEFIT STREET PTNRS CLO X
BENEFIT STREET PTNRS CLO XI
BENEFIT STREET PTNRS CLO XII
BENEFIT STREET PTNRS CLO XIV
BENEFIT STREET PTNRS CLO XV
BENEFIT STREET PTRS CLO XVI
BLACK DIAMOND CLO 2013-1 LTD
BLACK DIAMOND CLO 2014-1 LTD
BLUEMOUNTAIN CLO 2013-1 LTD
BLUEMOUNTAIN CLO 2014-2 LTD
BLUEMOUNTAIN CLO 2015-1 LTD
BLUEMOUNTAIN CLO 2015-2 LTD
BLUEMOUNTAIN CLO 2015-3 LTD
BLUEMOUNTAIN CLO 2015-4 LTD
BLUEMOUNTAIN CLO 2016-1 LTD
BLUEMOUNTAIN CLO 2016-3 LTD
BLUEMOUNTAIN CLO 2018-1
BLUEMOUNTAIN CLO 2018-2 LTD
BLUEMOUNTAIN CLO 2018-3 LTD
BLUEMOUNTAIN FUJI US CLO II
BRITISH COAL STAFF
SUPERANNUATION SCHEME
BSP SPECIAL SITUATIONS MST A
CENT CLO 19 LIMITED
CENT CLO 21 LIMITED
CENT CLO 24 LIMITED
CHUBB BERMUDA INSURANCE LTD
CHUBB TEMPEST REINSURANCE LTD

CITI LOAN FUNDING CHELT LLC
CITY OF PHOENIX EMP RET PLAN
CLINE RESOURCE AND DEV COMPANY
COLUMBIA CENT CLO 27 LTD
COLUMBIA CENT CLO 28 LIMITED
COLUMBIA FLOATING RATE FUND
CORBIN ERISA OPPORTUNITY FUND
CORBIN OPPORTUNITY FUND LP
CORPORATE CAPITAL TRUST II
CREDIT SUISSE LOAN FUNDING LLC
CVP CASCADE CLO-2 LTD.
CVP CASCADE CLO-I LTD.
CVP CLO 2017-1 LTD
CVP CLO 2017-2 LTD
DDJ CAP MAN GP TRUST-HYF 2017
DESTINATIONS CORE FIXED INC FD
DEUTSCHE BANK AG CAYMAN ISLAND
DOUBLELINE CORE FIXED INCOME
DOUBLELINE FLEXIBLE INC FD
DOUBLELINE FLOATING RATE FUND
DOUBLELINE INCOME SOLUTIONS FD
DOUBLELINE OPP INC MASTER FUND
DOUBLELINE OPPORTUNISTIC CR FD
DOUBLELINE SHILLER ENHANCED
ELLINGTON CLO I
ELLINGTON CLO II LTD
ELLINGTON CLO III LTD
ELLINGTON CLO IV LTD
FRANKLIN LTD DURATION INC TST
FS INVESTMENT CORPORATION II
FS INVESTMENT CORPORATION III
FS MULTI ALTERNATIVE INCOME FD
GENERAL ORG FOR SOCIAL INS
GN3 SIP LIMITED
GOLDENTREE 2004 TRUST
GOLDENTREE CREDIT OPPS 2012-1
GOLDENTREE LOAN MGMT US CLO 2
GOLDENTREE LOAN MGMT US CLO 4
GOLDENTREE LOAN MGMT US CLO I
GOLDENTREE LOAN MGT US CLO 3
GOLDENTREE LOAN OPPS IX LTD
GOLDENTREE LOAN OPPS X LTD
GOLDENTREE LOAN OPPS XI LTD
GOLDENTREE LOAN OPPS XII LTD
GOLDMAN SACHS LENDING PTNRS
GT LOAN FINANCING I LTD
GT NM LP
GTAM 110 DAC
HARTFORD TOTAL RETURN BOND ETF

HARTFORD TOTAL RETURN BOND HLS
HEALTH NET OF CALIFORNIA INC
HIGH YIELD AND BANK LOAN SERIE
HYFI AQUAMARINE LOAN FUND
IVY APOLLO MULTI-ASSET INCOME
IVY APOLLO STRATEGIC INCOME FD
IVY HIGH INCOME FUND
IVY HIGH INCOME OPPORTUNITIES
IVY VIP HIGH INCOME
JNL/DOUBLELINE CORE FIXED INC
JNL/DOUBLELINESHILLER ENHANCED
JNL/FPA+DOUBLELINE FLEX ALL FD
JOHN HANCOCK VARIABLE INS TST
KKR BESPOKE GLO CR OPP IRELAND
KKR CLO 10 LTD
KKR CLO 11 LTD
KKR CLO 12 LTD
KKR CLO 13 LTD
KKR CLO 14 LTD
KKR CLO 15 LTD
KKR CLO 16 LTD
KKR CLO 17 LTD
KKR CLO 18 LTD
KKR CLO 19 LTD
KKR CLO 20 LTD
KKR CLO 21 LTD
KKR CLO 22 LTD
KKR CLO 23 LTD
KKR CLO 24 LTD
KKR CLO 25 LTD
KKR CLO 9 LTD
KKR DAF GL OPP CR FD DAC
KKR FINANCIAL CLO 2013-1 LTD
KKR GLOBAL CR OPPS MASTER FUND
KKR INCOME OPPS FUND
KKR JP LOAN FD B 2018
KKR SENIOR FLT RATE INC FUND
LANDMARK WALL SMA SPV LP
LOUISIANA STATE EMP GLDN TREE
MARATHON CLO IX LTD
MARATHON CLO V LTD
MARATHON CLO VI, LTD
MARATHON CLO VII, LTD
MARATHON CLO VIII, LTD
MARATHON CLO X LTD
MARATHON CLO XI LTD
MEADOWEST FUNDING LLC
METROPOLITAN SERIES FUND - MET
MIDTOWN ACQUISITIONS L.P.

MINEWORKERS PENSION SCHEME
NEWSTAR EXETER FUND CLO LLC
NEWSTAR FAIRFIELD FUND CLO LTD
NTCC HIGH YIELD BOND FUND
OAKTREE CLO 2014-1 LTD.
OAKTREE CLO 2015-1 LTD
OAKTREE CLO 2018-1 LTD
OAKTREE CLO 2019-1 LTD
OAKTREE CLO 2019-2 LTD
OAKTREE EIF III SERIES I, LTD
OAKTREE EIF III SERIES II
OAKTREE SENIOR LOAN FUND
OREGON PUBLIC EMPL RETIREMENT
PARALLEL 2015-1 LTD
PARALLEL 2017-1 LTD
PARALLEL 2018-1 LTD
PARALLEL 2018-2 LTD
PARALLEL 2019-1 LTD
QUAMVIS SCA SICAV-FIS: CMAB
SAEV MASTERFONDS WELLINGTON GL
SAFETY INSURANCE COMPANY
SAN BERNARDINO COUNTY
EMPLOYEE
SEASONS SERIES TRUST-SA MULTI
SEI ENERGY DEBT FUND, LP
SEI GLOBAL MST FD-HIGH YIELD
SEI INS MAN TST - HIGH YIELD
SEI INST INVS TST - HIGH YIELD
SHRINERS HOSPITALS FOR CHILDRE
TACTICAL VALUE SPN-GLOBAL CR
THE CLINE TRUST COMPANY LLC
THE HARTFORD FLOAT RATE FUND
THE HARTFORD FLOAT RATE HIGH
THE HARTFORD STRATEGIC INC FD
THE HARTFORD TOTAL RETURN BOND
THE MANGROVE PARTNERS MST FD
TICP CLO VI 2016-2 FUNDING LTD
TREASURY OF THE STATE OF NORTH
CAROLINA
US HIGH YIELD BOND FUND
VENTURE 28A CLO LIMITED
VENTURE 35 CLO LIMITED
VENTURE 36 CLO
VENTURE XII CLO LIMITED
VENTURE XIII CLO LIMITED
VENTURE XIV CLO LIMITED
VENTURE XIX CLO LIMITED
VENTURE XV CLO LIMITED
VENTURE XVI CLO LIMITED

VENTURE XVII CLO LIMITED
VENTURE XVIII CLO LIMITED
VENTURE XX CLO LIMITED
VENTURE XXI CLO LIMITED
VENTURE XXII CLO LIMITED
VENTURE XXIII CLO LIMITED
VENTURE XXIV CLO LIMITED
VENTURE XXIX CLO LIMITED
VENTURE XXV CLO LIMITED
VENTURE XXVI CLO LIMITED
VENTURE XXVII CLO LIMITED
VENTURE XXVIII CLO
WADDELL & REED FINANCIAL
WCF MUTUAL INSURANCE COMPANY
WELLINGTON MULTI-SECTOR CR FD
WELLINGTON TS CO MULSEC CRD II
WELLINGTON TST CO NAMCIF TSTII
WELLINGTON TST CO NAMCTFT CBP
WELLINGTON TST CO NAMCTFT OFIA
WELLINGTON TST CO NAMCTFT OISB
WELLINGTON TST CO NAMCTFT UNFI
WELLINGTON WORLD BOND FUND
WMC LOAN FUND 2018
ZAIS CLO 1 LTD
ZAIS CLO 11 LTD
ZAIS CLO 13 LTD
ZAIS CLO 2 LTD
ZAIS CLO 3 LTD
ZAIS CLO 5 LTD
ZAIS CLO 6 LTD
ZAIS CLO 7 LTD
ZAIS CLO 8 LIMITED
ZAIS CLO 9 LTD

**2L Bondholders:**
Bank of America Merrill Lynch
Bank Vontobel AG (Asset Management)
Blackrock Advisors, LLC
Davidson Kempner Capital Management, L.P.
DDJ Capital Management, LLC
Doubleline Capital, L.P.
Dynagest S.A.
Euroclear Bank
Flow Traders U.S., LLC
Foxhill Capital Partners, LLC
Garland Business Corp
Goldentree Asset Management, L.P. (U.S.)
HSBC Bank USA, N.A. (Private Banking)
Hutch Capital Management LLC

KKR Credit Advisors (US), LLC
Mellon Investments Corporation
Northern Trust Investments, INC.
Robeco Institutional Asset Management Bv
Seix Investment Advisors, LLC
State Street Global Advisors (SSGA)
The Cline Group
Thunderwood Capital, LLC
Wellington Management Company, LLP
Wells Fargo Securities, LLC

**Creditor Advisors:**
Akin Gump Strauss Hauer & Feld LLP
Lazard Asset Management

**Former Officers and Directors:**
Anthony Webb
James T. Murphy
Kevin T.Burns
Paul Vining
Rashda M. Buttar

**Insurance Brokers:**
AON Risk Services Central INC
The Reschini Group

**Insurers:**
Ace American Insurance Company
Allianz Global Corporate & Specialty
Allied World Assurance Company Holdings, Ltd
American International Group
Amtrust Financial
Apollo Insurance
Aspen Insurance Holdings Limited
Axis Capital
Beazley PLC
Brit Insurance US
CNA Financial
Continental Casualty Insurance Company
Continental Insurance Co
Endurance American Insurance Co.
Evanston Insurance Co
Houston International Insurance Group
Illinois National Insurance Co
Lexington Insurance Company
Liberty Mutual
Liberty Specialty Markets Bermuda Limited.
Lloyd's of London

Markel International Ltd
MS Amlin
National Union Fire Insurance Co of
Pittsburgh PA
Navigators Insurance Co.
Oil Casualty Insurance, Ltd.
RSUI Indemnity
Starr Surplus Lines Insurance Company
Starstone Specialty Insurance Co.
The Insurance Company of the State of
Pennsylvania
The Travelers Indemnity Company
Twin City Fire Insurance Company
United States Fire Insurance Co.
US Aircraft Insurance Group
Water Quality Insurance Syndicate
Xl Specialty Insurance Company
Zurich Insurance Group

**Letter of Credit Beneficiaries:**
Canadian National Railway
Rockwood Casualty Insurance Co

**Non-Debtor Affiliates:**
Adena Minerals, L.L.C.
AMCA Coal Leasing, Inc.
AmCoal Holdings, Inc.
American Compliance Coal, Inc.
American Energy Corporation
American Equipment & Machine, Inc.
American Mine Services, Inc.
American Natural Gas, Inc.
AmericanHocking Energy, Inc.
AmericanMountaineer Energy, Inc.
AmericanMountaineer Properties, Inc.
Anchor Longwall and Rebuild, Inc.
Andalex Resources Management, Inc.
Andalex Resources, Inc.
Avonmore Rail Loading, Inc.
Belmont Coal, Inc.
Belmont County Broadcast Studio, Inc.
Canterbury Coal Company
CCC Land Resources LLC
CCC RCPC LLC
Central Ohio Coal Company
Coal Resources Holdings Co.
Coal Resources, Inc.
Colt LLC
Consolidated Land Company

Consolidation Coal Company
Corporate Aviation Services, Inc.
Eighty-Four Mining Company
Empire Dock, Inc.
Energy Resources, Inc.
Energy Transportation, Inc.
Foresight Reserves LP
Genwal Resources, Inc.
Javelin Global Commodities (UK) LTD
Javelin Global Commodities Holdings LLP
Javelin Global Commodities Ltd.
Javelin Investment Holdings LLC
Javelin Management Services LLP
Kanawha Transportation Center, Inc.
KenAmerican Resources, Inc.
Keystone Coal Mining Corporation
LIQVIS
Maple Creek Mining, Inc.
Maple Creek Processing, Inc.
McElroy Coal Company
Mill Creek Mining Company
Mon River Towing, Inc.
MonValley Transportation Center, Inc.
Murray American Coal, INC.
Murray American Coal, Inc.
Murray American Energy, Inc.
Murray American Kentucky Towing, Inc.
Murray American Minerals, Inc.
Murray American Resources, Inc.
Murray American River Towing, Inc.
Murray American Transportation, Inc.
Murray Colombian Resources, LLC
Murray Energy Holdings Co.
Murray Equipment & Machine, Inc.
Murray Global Commodities, Inc.
Murray Kentucky Energy Services, Inc.
Murray Kentucky Energy, Inc.
Murray Keystone Processing, Inc.
Murray South America, Inc.
Murray Utah Energy Services, Inc.
Ohio Energy Transportation, Inc.
Ohio Valley Resources, Inc.
OhioAmerican Energy, Incorporated
Oneida Coal Company, Inc.
PennAmerican Coal L.P.
PennAmerican Coal, Inc.
Pennsylvania Transloading, Inc.
Pinski Corp.
Pleasant Farms, Inc.

Premium Coal, Inc.
Ruger Coal Company, LLC
Ruger, LLC
Southern Ohio Coal Company
Spring Church Coal Company
Sunburst Resources, Inc.
T D K Coal Sales, Incorporated
The American Coal Sales Company
The Franklin County Coal Company
The Harrison County Coal Company
The Marion County Coal Company
The Marshall County Coal Company
The Mclean County Coal Company
The Meigs County Coal Company
The Monongalia County Coal Company
The Muhlenberg County Coal Company, LLC
The Muskingum County Coal Company
The Ohio County Coal Company
The Ohio Valley Coal Company
The Ohio Valley Transloading Company
The Oklahoma Coal Company
The Washington County Coal Company
The Western Kentucky Coal Company, LLC
Twin Rivers Towing Company
UMCO Energy, Inc.
Uniper Commodities UK Limited
Uniper SE
UtahAmerican Energy, Inc.
West Ridge Resources, Inc.
West Virginia Resources, Inc.
Western Kentucky Coal Resources, LLC
Western Kentucky Consolidated Resources, LLC
Western Kentucky Land Holding, LLC
Western Kentucky Rail Loadout, LLC
Western Kentucky Resources Financing, LLC
Western Kentucky Resources, LLC
Western Kentucky River Loadout, LLC

**Parties to Significant Litigation:**
Andrea Bruington
Arleen Meracle
Carrie Cox
Cory Leitschuh
Danielle Clark
David Lee Bishop II
Dwight Jackson
Federal Insurance Company
Fletcher Brimer

James Gass
Jamie L. Moles
Jeffrey Watkins
Jonathan Lintner
Justin Lindsay
Justin Walker
Karen Jones
Kirby Crabtree
Marjorie Harris
Mitchell/Roberts Partnership
Reba Mitchell
Ricky L. Mcdaniel
Robert Yeske
Shawn Rorer
Steven D. Sniderwin
Terra Payne
The Estate of Russel J. Inman
Tina Franklin
Tye Malone

**Regulatory Agencies:**
Illinois Department of Transportation
Illinois Environmental Protection Agency
Indiana Department of Environmental Management
Montgomery County Water Authority
U.S. Department of Labor Mine Safety and Health Administration
United States Army Corps of Engineers
United States Department of the Interior
United States Environmental Protection Agency
Williamson County

**Royalty Contract Counterparties:**
Amanda & Andrew Wilson
Amy Engstrom
Andrew Miller
Ann E. Moody
Betty Rueger
Beverly Jones
Billie L. Killam
Bonnie Frost
Bret D. & Michelle E. Webb
Brian S. & Connie J. Magsig
Carol Ann Roberts, Trustee Of Roberts Trust
Carolyn F. Moore
City of Johnston City
Danny R. & Colleen F. Harrelson

David C. Linn
David L. Scott
David M. & Karen Y. Mandrell
David R. Schlosser
David Wayne Hayes
Delbert & Carol L. Kern
Dennis W. Miller Trustee of Miller Trust
Donald E. Grant
Donald J. Busch
Donna S. Greener
Dora C. Munter
Dorothy L. Slater
Edward D. Kocher
Eric Johnson
First Baptist Church of McLeansboro
Gary F. Re
Gary Lee & Brenda K. Hutchcraft
Gerald E. Ellis
Gloria M. Ellis
Hawley H. Maclean
Hod, LLC
Jay Perry
Hurricane Creek Farms, INC.
James & Lu Ann Anderson
James T. Flannigan
David Flannigan
Jane W. Kuba
Janet E. Leslie
Janet Roberson
Jason A. Barrett
Joan Niehaus
John B. Maclean
John D. Mann
John R. Mcgill
John S. Leslie
Judy Grebe
June K. Behrends
Karen S. Cardey-Harris
Kenneth D. & Sheila K. Summers
Kenneth R. & Jan Wheat
Kevin Barrett
Kristin Musgrave
Larry E. Taylor
Liberty Land, LLC
Linda L. Jeter
Linda Webster
Lindner Living Trust
Loren C. & Mildred Anderson
Louise Biehl Aka Martha Biehl

M. Lynne Maclean
Marshall G. Hayes, Jr.
Mary S. Zimmerman
Matther E. Kocher
Maurice Ellis
Micah & Marietta Miller
Michael C. Barrett
Michael G. Maclean
Michael L. & Debra E. Borecky
Mike Buntin
Mildred Coats
Montgomery County
Morris & Karan Clark
Mt Olive and Staunton Coal Company
New River Royalty, LLC
Rob Boyd
Paul & Judy Maurer
Phillip E. Ellis
Phyllis Bretsch
Randy L. & Rebecca A. Wright
Randy W. Ellis
Reginal W. Barrett
Rggs Land & Minerals, Ldt., L.P.
Rhanda R. Ellis
Ricky L. Ellis
Robert Buntin
Robert M. & Patricia A. Miller
Robert S. Barrett
Rory M. Maclean
Rosenburg Farms Inc
Harry Rosenburg
Ruby Grebe
Sally J. Johnson
Sheila Breslich
Shelley Hayes-Hueber
Stephan P. & Stefani R. Miller
Stephen R. Maclean
Tennessee Valley Authority
Tonya Bledsoe Vanfossen
US Steel
Vicki D. Mcgill
Virginia T. Hills
Walter J. & Phyllis A. Jagiello
Wendy L. Mcgill
William B. Johnson
William C. Stutz

**Significant Competitors:**
Alliance Resource Partners, L.P.

Arch Coal
Cloud Peak Energy Inc.
Consol Energy Inc.
Contura Energy
Hallador Energy Company
Knight Hawk Coal LLC
Peabody Energy
Sunrise Coal LLC

**Significant Customers:**
Archer Daniels Midland Company
Big Rivers Electric Corporation
Cemex Southeast, LLC
City Of Lakeland
Duke Energy Indiana, Inc.
Duke Energy Kentucky, Inc.
Duke Energy Progress
Dynegy Commercial Asset Management, LLC
East Kentucky Power Cooperative, Inc.
Georgia Power Company
Gulf Power Company
Louisville Gas & Electric Company
Orlando Utilities Commission
South Carolina Public Service Authority
Southern Illinois Power Cooperative
Tampa Electric Company
The American Coal Company

**Significant Financial Institutions:**
Bank of New York Mellon
BB&T Equipment Finance Corporation
Caterpillar Financial Services Corp
CNB Bank & Trust
De Lage Landen Financial Services
FB Wealth Management
First Southern Bank
GE Capital
Great America Financial Services
HNB Equipment Finance
Lord Securities Corporation
Neopost USA Inc
Pitney Bowes Global Financial
PNC Bank, National Association
PNC Equipment Finance LLC
Ricoh USA Inc
The Huntington National Bank
US Bank Equipment Finance
Wells Fargo Financial Leasing Inc
Wells Fargo Vendor Financial

Wilmington Trust, National Association
Xerox Corporation

**Significant Suppliers, Shippers,
Warehousemen, and Vendors:**
BNSF Railway Company
Jabo Supply Corporation
K & E Technical Inc
Maka Excavating Inc
Norfolk Southern Railway Company
Raben Tire Company
Significant Taxing Authorities:
Department of the Treasury
Franklin County Treasurer
Gallatin County Treasurer
Gregory Fx Daly Collector (St Louis City)
Hamilton County Tax Assessor
Henderson County Sheriff
Illinois Department of Revenue
Indiana Department of Revenue
Kentucky Dept of Revenue
Kentucky State Treasurer
Louisiana Dept of Revenue
Macoupin County Sheriff
Missouri Dept. of Revenue
Montgomery County Treasurer
Office of Surface Mining
Posey County Treasurer
Saline County Treasurer
United States Treasury
Williamson County Treasurer

**Surety Issuers:**
Argonaut Insurance Company

**Surety Obligees:**
City Of Hillsboro, Illinois
County Of Williamson, State Of Illinois
Dept of the Army, St. Louis District Corps of
Engineers
East Fork Township, Illinois
Eastern Township
Hamilton County Highway Department
Illinois Department of Natural Resources
Illinois Department of Natural Resources,
Division of Oil and Gas
Illinois Department of Natural Resources,
Office of Mines and Minerals
Illinois Department of Transportation

Illinois Environmental Protection Agency
Jeffrey Watkins and Katelynn Watkins
People of the State Of Illinois

**Top 40 Unsecured Creditors:**
Bankdirect Capital Finance
Buchanan Pump Service
C & C Pumps & Supply Inc
Conn-Weld Industries Inc
Date Mining Supply LLC
Evansville Western Railway Inc
Fabick Mining INC
Flanders Electric Motor Service
Fuchs Lubricants Co
H. Drexel Short
Heritage Cooperative Inc
Ingram Barge Company
International Belt Sales LLC
Jennchem Mid-West
Jennmar of West Kentucky Inc
Jennmar Sanshell Products Inc
Jennmar Services
JM Conveyors, LLC
John Fabick Tractor Company
Joy Global Conveyors Inc
Joy Global Underground Mining LLC
Mayo Manufacturing Co Inc
MCA Administrators Inc
Miller Contracting Services
Mine Supply Company
Motion Industries
Oak Hill Contractors
Polydeck Screen Corporation
R M Wilson Co Inc
Raven Energy LLC
RGGS Land & Minerals
Seetech LLC
SNF Mining Inc
State Electric Supply Co
Swanson Industries
United Central Industrial Supply
US United Bulk Terminal
Wallace Electrical Systems LLC
Wallace Industrial LLC
WPP LLC
Xylem Dewatering Solutions Inc.

**Utilities:**
Akin Water District

Ameren Illinois
AT&T
AT&T Teleconference Services
Bulldog Systems Inc
Centurylink
Charter Communications
CMC Rural Water District
ConferTel
Consolidated Communications
Corinth Water District
CWI of Illinois #732
DC Waste & Recycling Inc
Flowers Sanitation Service
Frontier Communications
Futiva LLC
Hamilton County Water
Hostway Billing Center
Level 3 Financing Inc
MJM Electric Cooperative Inc
Rend Lake Conservancy District
Sit-Co LLC
Southeastern Illinois Electric
Vectren Energy Delivery
Verizon Wireless
Wayne-White Counties Electric
Windstream Communications

**Creditor Advisors:**
Milbank LLP

**Key Court Personnel (Eastern District of Missouri:**
McWay, Dana C.
Randolph, Paul
Rendlen, Charles, E., III
Ryczek, Carole J.
Schermer, Barry S.
Surratt-States, Kathy A.

## Schedule 2

**Interested Parties that Currently or have Previously Employed Armstrong Teasdale in Matters Unrelated to the Debtors or Their Chapter 11 Cases**

**Utilities**
Ameren Illinois

**Top 40 Unsecured Creditors**
John Fabick Tractor Company

**Significant Competitors**
Arch Coal
Peabody Energy Corporation

**Lenders**
Bank of America, N.A.

## <u>Schedule 3</u>

**Nonexclusive List of Certain Armstrong Teasdale Attorneys and Paraprofessionals and Their Current Hourly Rates as of the Petition Date**

| NAME | LOCATION | POSITION | BILLING RATE AS OF THE PETITION DATE |
|------|----------|----------|--------------------------------------|
| Richard Engel | St. Louis | Partner | $625 |
| John Willard | St. Louis | Associate | $365 |
| Patricia Beckerle | St. Louis | Associate | $305 |
| Kathryn Redmond | St. Louis | Associate | $250 |
| Brandi Vogt | St. Louis | Paralegal | $200 |

## **EXHIBIT C**

**Disclosure of Compensation of Armstrong Teasdale**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| | ) | (Joint Administration Requested) |
| | ) | |

**<u>DISCLOSURE OF COMPENSATION OF ATTORNEYS</u>**

   I, Richard W. Engel, Jr., hereby certify as follows:

   1.  Between December 12, 2019 through March 10, 2020 (the "<u>Petition Date</u>"), Armstrong Teasdale received $340,003.16 from the Debtors for services rendered or to be rendered on behalf of the Debtors in connection with these chapter 11 cases. This amount includes an initial advance payment retainer in the amount of $100,000, in addition to $240,003.16 in retainer replenishments for unbilled, anticipated or estimated fees and costs in connection with the Debtors' bankruptcy matters leading up to the Petition Date (collectively, the "<u>Retainer</u>"). As of the Petition Date, the balance of the Retainer is approximately $134,111.10.

   2.  There is no agreement of any nature as to the sharing of any compensation to be paid to Armstrong Teasdale, other than sharing among the attorneys of Armstrong Teasdale. As of the Petition Date, Armstrong Teasdale is not a creditor of the Debtors' estates, and Armstrong Teasdale waives any interest it may have which is adverse to the Debtors' estates as of the Petition Date.

*[Signature Page to Follow]*

Dated:  March 10, 2020
St. Louis, Missouri

ARMSTRONG TEASDALE LLP

/s/   *Richard W. Engel, Jr.*
Richard W. Engel, Jr. (MO 34641)
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Tel:    (314) 621-5070
Fax:    (314) 621-5065
Email:  rengel@atllp.com

## **EXHIBIT D**

**Engagement Letter**



**Richard W. Engel, Jr.**
Direct **T** 314.342.4116
REngel@atllp.com

**John G. Willard**
Direct **T** 314.259.4743
JWillard@atllp.com

November 25, 2019

Foresight Energy
One Metropolitan Square
211 N. Broadway, Suite 2600
St. Louis, Missouri 63102

**Re:      Engagement of Armstrong Teasdale LLP to Provide Legal Services**

Ladies and Gentlemen:

Thank you for selecting Armstrong Teasdale LLP (the "Firm" or "we") to represent Foresight Energy GP LLC, Foresight Energy LP and its direct and indirect subsidiary companies (collectively, "Company") in connection with the Company's restructuring efforts.  This letter and the enclosed Standard Terms of Representation for Legal Services (collectively, this "Agreement") will describe the basis on which the Firm will provide legal services to the Company.

We have been engaged to advise the Company in connection with the Company's potential commencement of cases under chapter 11 of the U.S. Bankruptcy Code (the "Chapter 11 Cases") and preparations therefor.

The professional services that the Firm will render to the Company include, but shall not be limited to, the following:

a)  providing legal advice with respect to the Company's powers and duties as debtors-in-possession and the continued operation of its business and the management of its properties;

b)  attending meetings and negotiating with representatives of creditors and other parties in interest;

c)  advising and consulting on the conduct of the Chapter 11 Cases, including the legal and administrative requirements of operating under chapter 11 of the U.S. Bankruptcy Code;

d)  taking necessary action to protect and preserve the Company's estates, including the prosecution of actions commenced under the U.S. Bankruptcy Code on their behalf, and objections to claims filed against the estates;

e)  preparing and prosecuting on behalf of the Company motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

November 25, 2019
Page 2

f) advising and assisting the Company with respect to preparing and pursuing confirmation of a Chapter 11 plan of reorganization, and preparing and seeking approval of a disclosure statement in connection therewith;

g) appearing in Court and protecting the interests of the Company before the Court;

h) performing all other legal services for the Company which may be necessary and proper.

In connection with the Chapter 11 Cases, we shall serve as co-counsel with Paul, Weiss, Rifkind, Wharton & Garrison. All reasonable steps shall be taken to avoid duplication of efforts.

The principal basis for computing our fees will be the amount of time spent on the matter by various lawyers, paralegals and legal assistants multiplied by their hourly billing rates. Our hourly billing rates for lawyers currently range from $255 per hour for new Associates to $685 per hour for senior partners. The Firm reserves the right to adjust the Firm's billing rates from time to time in the ordinary course of the Firm's representation of the Company. Although the Firm will endeavor to estimate fees to assist the Company, such estimates are subject to change and are not binding unless otherwise unequivocally expressed in writing.

The Company agrees to provide to the Firm an advance payment retainer in the amount of $100,000 to be applied against the Firm's fees earned and expenses incurred in connection with this engagement, which fees and expenses shall be invoiced and submitted to the Company on at least a monthly basis. The Company acknowledges that the use of advance payment retainers is necessary to ensure that the Client's access to the Firm's services is not interrupted; the Firm is compensated for its representation of the Company; and the Firm is not rendered a pre-petition creditor of the Company in the event the Company commences the Chapter 11 Cases. Our wire instructions are included under separate cover. In addition, the Company agrees to provide one or more additional advance payment retainers upon request by the Firm such that the amount of any advance payment retainer remains at or above the Firm's estimated fees and expenses. The Firm shall be authorized to apply the advance payment retainers to any outstanding fees as services are rendered and to expenses as they are incurred. The Company understands and acknowledges that any advance payment retainers are earned by the Firm upon receipt, and advance payment retainers become property of the Firm upon receipt. Further, Client understands, acknowledges and agrees that, notwithstanding anything to the contrary herein contained, in connection with the Chapter 11 Cases, payment of the Firm's fees and expenses shall be subject to all applicable statutes, rules and orders of the bankruptcy court, as well as applicable guidelines of the United States Trustee.

In connection with future materials that, for marketing purposes, describe facets of the Firm's law practice and recite examples of matters the Firm handles on behalf of clients, the Company agrees that, if those materials avoid disclosing the Company's confidences and secrets (as defined by applicable ethical rules), they may identify the Company as a client, may contain factual synopses of Client's matters, and may indicate generally the results achieved.

Additional information regarding fees and other important matters appears in the enclosed Standard Terms of Representation, which are incorporated as part of this Agreement and which you should review before agreeing to this engagement. In the event the Company commences the Chapter 11 Cases, such Standard Terms of Representation shall be subject to all applicable statutes, rules and orders of the bankruptcy court, as well as applicable guidelines of the United States Trustee.

November 25, 2019
Page 3

Please indicate the Company's acceptance of the terms of this Agreement by signing and returning a copy of this Agreement.  Note, however, that your continuing to instruct the Firm on this matter will constitute the Company's full acceptance of the terms set out above.

We appreciate the opportunity to serve the Company on this important matter.  Please confirm your agreement with the arrangements described herein by signing this Agreement in the space provided below and returning it to the Firm.

Warm regards,

**ARMSTRONG TEASDALE LLP**

By: _____
    Richard W. Engel, Jr.

By: _____
    John G. Willard

Agreed and accepted as of the date first set forth above.

**FORESIGHT ENERGY, LLC**

By: _____
    Cody E. Nett, General Counsel

**Armstrong Teasdale LLP**

***STANDARD TERMS OF REPRESENTATION***

This document sets forth the standard terms of our engagement as your lawyers. Unless modified in writing by mutual agreement, these terms will be an integral part of our agreement with you. Therefore, we ask that you review this document carefully and contact us promptly if you have any questions. You should retain this document in your file.

## The Scope of Our Work

The legal services that we will provide to you are described in our engagement letter. Our representation is limited to performance of the services described in that letter and does not include representation of you or your interests in any other matter.

Any expressions on our part concerning the outcome of your legal matters are expressions of our best professional judgment, but are not guarantees. Such opinions are necessarily limited by our knowledge of the facts and are based on the state of the law at the time they are expressed.

It is our policy that the person or entity that we represent is the person or entity that is identified in our engagement letter and does not include any affiliates of such person or entity (i.e., if you are a corporation or partnership, any parents, subsidiaries, employees, officers, directors, shareholders or partners of the corporation or partnership, or commonly owned corporations or partnerships; or, if you are a trade association, any members of the trade association). Accordingly, for conflict of interest purposes, we may represent another client with interests adverse to any such affiliate without obtaining your consent.

## Who Will Provide the Legal Services

Customarily, each client of the firm is served by a principal lawyer contact. You are free to request a change of principal lawyer at any time. Subject to the supervisory role of the principal lawyer, your work or parts of it may be performed by other lawyers and legal assistants in the firm. Such delegation may be for the purpose of involving lawyers or legal assistants with special expertise in a given area or for the purpose of providing services on the most efficient and timely basis.

## Client Responsibilities

You agree to pay our statements for services and expenses as provided below. In addition, you agree to be candid and cooperative with us and will keep us informed with complete and accurate factual information, documents and other communications relevant to the subject matter of our representation or otherwise reasonably requested by us. Because it is important that we be able to contact you at all times to consult with you regarding your representation, you will inform us, in writing, of any changes in the name, address, telephone number, contact person, e-mail address, state of incorporation or other relevant changes regarding you or your business. Whenever we need your instructions or authorization in order to proceed with legal work on your behalf, we will contact you at the latest business address we have received from you. If you affiliate with, acquire, are acquired by, or merge with another company, you will provide us with sufficient notice to permit us to withdraw as your lawyer if we determine that such affiliation, acquisition, or merger creates a conflict of interest between any of our clients and the other party to such affiliation,

acquisition, or merger, or if we determine that it is not in the best interests of the firm to represent the new entity.

### How Fees Will Be Set

The principal basis for computing our fees for the legal services we provide to you will be the amount of time spent on the matter by various lawyers and legal assistants multiplied by their individual hourly billing rates. In addition, we may also consider (but only in consultation with you):

The novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

The fee customarily charged in the locality for similar legal services;

The amount of time or value of property involved and the results obtained;

The time limitations imposed by you or by the circumstances, such as an emergency closing, the need for injunctive relief from court, or substantial disruption of other office business;

The nature and length of our professional relationship with you; and

The experience, reputation, and ability of the lawyers performing the services.

The hourly rates of our lawyers and legal assistants are adjusted from time to time to reflect current levels of legal experience, changes in overhead costs, and other factors. We will keep records of the time we devote to your work, including conferences (both in person and over the telephone), negotiations, factual and legal research and analysis, document preparation and revision, travel on your behalf, and other related matters. We record our time in units of tenths of an hour.

We are often requested to estimate the amount of fees and costs likely to be incurred in connection with a particular matter. Whenever possible, we will furnish such an estimate based upon our professional judgment, but always with a clear understanding that it is not a maximum or fixed-fee quotation unless explicitly agreed. The ultimate cost frequently is more or less than the amount estimated.

### Costs

We will include on our statements separate charges for performing services such as photocopying, messenger and delivery service, computerized research, travel, and long-distance telephone and fax charges, and search fees. Such expenses may also include filing fees and other outside costs discussed with you. You also agree to pay the charges related to copying or digital reproduction of documents for retention in our files. While our charges for these services are measured by use, they may not, in all instances, reflect our exact out-of-pocket costs. For many of these items, the precise cost of providing the service is difficult to establish. We would be pleased to discuss the specific schedule of charges for these additional services with you and to answer any questions that you may have. If you would prefer, in some situations we can arrange for these services to be provided by third parties with direct billing to you. Were it necessary to hire any third party, such as consultants or experts, with your advance permission, their fees and expenses generally will not be paid by us, but will be billed directly to you.

November 25, 2019
Page 6

Additionally, for efficiency, if you were to retain us on a large scale project, we may use the services of an affiliate of our firm, Lawgical Choice, to perform technical support such as document scanning, bulk printing, electronic file processing, electronic closing books, CD and DVD copying, document coding, electronic bates numbering, trial support, conversion of electronic files, or production of electronic files and you agree to pay the charges for such services.

### Billing Arrangements and Terms of Payment

We will bill you on a regular basis, normally each month, for both fees and disbursements.  You agree to make payments within 30 days of receiving our statement.

We will give you prompt notice if your account becomes delinquent, and you agree to bring the account or the retainer deposit current.  If the delinquency continues and you do not arrange satisfactory payment terms, we will withdraw from the representation and pursue collection of your account.  You agree to pay all costs of collection of delinquent invoices, including attorneys' fees and expenses, regardless of whether those fees are attributable to Armstrong Teasdale attorneys or outside attorneys engaged for the purpose of collection.

### Retainer and Trust Deposits

Unless otherwise agreed, new clients of the firm are required to deposit a retainer with the firm.  The retainer deposit will be credited toward your unpaid invoices following each month.  At the conclusion of our legal representation or at such time as the deposit is unnecessary or is appropriately reduced, the remaining balance or an appropriate part of it will be returned to you.  If the retainer deposit is depleted or proves insufficient to cover current expenses and fees at some point during the representation, it may have to be increased.

All trust deposits or security retainers we receive from you will be placed in a trust account for your benefit.  Normally, pursuant to court rule, your deposit will be placed in a pooled account, and the interest earned on the pooled account will be payable to a charitable foundation.  Other trust deposits will also be placed in the pooled account unless you request a segregated account.

### Termination

You may at any time terminate our services and representation upon written notice to us.  Such termination shall not, however, relieve you of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on your behalf through the date of termination.

We reserve the right to withdraw from our representation as required or permitted by the applicable rules of professional conduct upon written notice to you.  In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the specified matter, and you agree to take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal.  We will be entitled to be paid for all services rendered and costs or expenses incurred on your behalf through the date of withdrawal.  If permission for withdrawal is required by a court or arbitration panel, we will promptly request such permission, and you agree not to oppose our request.

Unless previously terminated, our representation of you in the specified matter will terminate upon our sending you our final statement for services rendered in the matter.

Following termination of our services, at your request, your papers and property will be returned to you upon receipt of payment for outstanding fees and costs. Our own files pertaining to the matter will be retained by the firm. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement, and you agree that unless you have otherwise notified us in writing, we will have the right to dispose of files relating to your matter without notice after the matter has been concluded for five years.

After the conclusion of our representation, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities. Unless you engage us after the conclusion of the matter to provide additional advice on issues arising from the matter, the firm has no continuing obligation to advise you with respect to future legal developments.

### Disputes

We look forward to a mutually productive relationship with you. If, however, you become dissatisfied for any reason with the fees charged or the services we have performed, we encourage you to bring that to our attention immediately. In particular, we expect you to raise any disagreements about the amount of our fees or the services for which you have been billed within the first thirty days after a bill has been sent to you. We believe that most disputes between attorney and client can be resolved by good faith discussions between the parties and we therefore encourage you to bring such disputes and concerns to our attention as promptly as possible.

### Consent to Future Conflicts in Unrelated Matters

Our firm is a relatively large law firm and represents many other companies and individuals. Thus, during the time we are representing you, we may also represent other present or future clients who may be direct competitors of yours, or otherwise may have business interests that are contrary to your interests and such clients may seek to engage this firm in connection with an actual or potential transaction, or pending or potential litigation, or other dispute resolution proceeding in which such client's interests are or potentially may become adverse to your interests.

Based on the foregoing, you agree that our representation of you in this matter will not disqualify our firm from opposing you in other matters, including litigation, that are unrelated to the subject matter of this representation. We agree, however, not to use any proprietary or other confidential information of a nonpublic nature concerning you acquired by us as a result of our representation of you to your material disadvantage in connection with any litigation or other matter in which we are opposed to you. If necessary, we will erect an ethical screen between lawyers working on matters for you and those who would be adverse to you in a future matter.