## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER
### ESTABLISHING BAR DATES FOR FILING PROOFS OF
### <u>CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF</u>

Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (this "<u>Motion</u>"):

### <u>Relief Requested</u>

1.      By this Motion, the Debtors seek entry of an order (the "<u>Proposed Order</u>"),[2] pursuant to sections 105, 502(b)(9) and 503(b)(9) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002 and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 3001 and 3003 of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "<u>Local Bankruptcy Rules</u>"), (a) establishing certain Bar

---

[1]    The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251). The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

[2]    A copy of the Proposed Order will be made available on the Debtors' case information website at: https://cases.primeclerk.com/foresightenergy.

Dates (as defined below) for filing proofs of claim in these chapter 11 cases; (b) approving the form and manner of notice of the Bar Dates; (c) approving the Proof of Claim Form (as defined herein); and (d) granting related relief.

## Jurisdiction and Venue

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      The statutory and legal predicates for the relief requested herein are sections 105, 502(b)(9) and 503(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c) and Local Bankruptcy Rules 3001 and 3003.

## Background

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are a leading producer of thermal coal, with four mining complexes and nearly 2.1 billion tons of proven and probable coal reserves strategically located near multiple rail and river transportation access points in the Illinois Basin.  The Debtors also own a barge-loading river terminal on the Ohio River.  From this strategic position, the Debtors sell their coal primarily to electric utility and industrial companies located in the eastern half of the United States and across the international market.

5.      The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  Contemporaneously herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases

pursuant to Bankruptcy Rule 1015(b). No trustee, examiner or official committee has been appointed in these chapter 11 cases.

6. Information regarding the Debtors' businesses, their capital and debt structure, the events leading to the filing of these cases, and the terms and structure of the proposed restructuring transaction is set forth in the *Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions* (the "Moore Declaration"), the *Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief* (the "Boyko Declaration"), and the declaration of Seth Herman in support of the Debtors' motion for approval of debtor in possession financing and use of cash collateral (the "Herman Declaration," and together with the Moore Declaration and Boyko Declaration, the "First Day Declarations"),[3] each filed contemporaneously herewith.

7. On the Petition Date, the Debtors filed a motion seeking authority to retain Prime Clerk LLC ("Prime Clerk") as their claims and noticing agent and administrative advisor.

## Basis for Relief Requested

### A.    The General Bar Date

8. Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim[4] must be filed. Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix . . . the time within which proofs of claim or interest may be filed."). Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not listed on the Debtors' Schedules, or whose claim is listed

---

[3]    The First Day Declarations are being filed in support of this Motion and are incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

[4]    The term "claim" shall have ascribed to it the meaning given under Bankruptcy Code section 101(5).

on the Debtors' Schedules as disputed, contingent or unliquidated, must file a proof of claim. Fed. R. Bankr. P. 3003(c)(2). Additionally, Bankruptcy Rule 2002(a) requires that parties in interest receive at least 21 days' notice of the "time fixed for filing proofs of claim pursuant to Rule 3003(c)." Fed. R. Bankr. P. 2002(a)(7).

9. The Debtors have requested a hearing on this Motion for **March 24, 2020**. Shortly after that hearing, assuming that the proposed Bar Dates are approved and the Proposed Order entered by the Court, the Debtors will serve the Bar Date Notice (as defined below) and a customized proof claim form (the "Proof of Claim Form") approved by the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri (the "Clerk of the Court") upon all known entities currently holding potential prepetition claims and Rejection Damages Claims (as defined below). The Debtors propose that the date on which they actually serve the Bar Date Notice and the Proof of Claim Form (the "Service Date") will occur within two (2) business days after the Court enters the Proposed Order (the "Service Deadline").

10. Contemporaneously herewith, the Debtors have also requested the Court extend the deadline for the Debtors to file their schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") through and including April 16, 2020. Accordingly, the Debtors anticipate serving the Bar Date Notice on April 16, 2020, and consequently request that the Court establish **May 16, 2020 at 11:59 p.m., prevailing Central Time**—*i.e.*, thirty (30) days after the Debtors' proposed deadline to file their Schedules and Statements—as the deadline for each entity (including individuals, partnerships, corporations, joint ventures and trusts) to file proofs of claim based on prepetition claims, including certain requests for payment under Bankruptcy Code section 503(b)(9) against any of the Debtors (the "General Bar Date"). The Debtors propose that the filing of a proof of

4

claim form which substantially conforms to Official Form B 410 be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under Bankruptcy Code section 503(b)(9) (which, despite the priority status, are prepetition claims); *provided, however*, that all other administrative claims under Bankruptcy Code section 503(b), other than Rejection Damages Claims (as defined below), must be made by separate filed requests for payment in accordance with Bankruptcy Code section 503(a) and will not be deemed proper if made by a proof of claim.

11.     The General Bar Date, if approved by the Court, would be the date and time by which all entities must file proofs of claim so that such proofs of claim are actually received by the Clerk of the Court or Prime Clerk, unless such entity's claim falls within one of the enumerated exceptions set forth below.  Subject to these exceptions, the General Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured nonpriority claims.

**B.     The Governmental Bar Date**

12.     Bankruptcy Code section 502(b)(9) provides, among other things, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order of relief or such later date as the [Bankruptcy Rules] may provide."  11 U.S.C. § 502(b)(9).

13.     Therefore, the Debtors request that the Court establish **September 8, 2020, at 11:59 p.m., prevailing Central Time**, as the bar date by which governmental units[5]

---

[5]     As used herein, the term "governmental unit" shall have the meaning ascribed to it under Bankruptcy Code section 101(27).

must file proofs of claim in these chapter 11 cases (the "<u>Governmental Bar Date</u>"). This Governmental Bar Date is 182 days from the Petition Date.

14.    The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured nonpriority) that arose or are deemed to have arisen prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or period or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by the Clerk of the Court or Prime Clerk by the Governmental Bar Date.

**C.    The Rejection Bar Date**

15.    The Debtors anticipate that certain entities may assert claims arising from or relating to the rejection of executory contracts or unexpired leases, pursuant to Bankruptcy Code section 365, or claims otherwise related to such rejected agreements, including: (a) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date; and (b) administrative claims under Bankruptcy Code section 503(b) (collectively, "<u>Rejection Damages Claims</u>"). Accordingly, the Debtors request that the Court establish the date by which entities must file proofs of claim (including administrative claims) relating to the Debtors' rejection of executory contracts or unexpired leases in these cases on the later of (i) the General Bar Date and (ii) **11:59 p.m., prevailing Central Time**, on the date that is **twenty-one (21) days** following entry of the relevant order or deemed effective date of the rejection of such rejected contract or unexpired lease of the Debtors (the "<u>Rejection Bar Date</u>"). For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to the rejection of executory contracts or unexpired leases must be

filed by the Rejection Bar Date.  The Debtors propose that the filing of a proof of claim together with an attached detailed statement describing the nature and basis of any portion of a Rejection Damages Claim asserting administrative priority pursuant to Bankruptcy Code section 503(b) (an "Administrative Claim Supplement"), be deemed to satisfy the procedural requirements for the assertion of a Rejection Damages Claim.  For the avoidance of doubt, any entity asserting a Rejection Damages Claim with an administrative claim component will be required to prepare its own Administrative Claim Supplement, and the Debtors will not provide a form of Administrative Claim Supplement.

**D.    The Amended Schedules Bar Date**

16.    The Debtors retain the right, subject to the DIP Orders[6] to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.  As the Debtors may find it necessary to amend their Schedules, the Debtors request that the Court establish the deadline by which claimants holding claims affected by such amendment must file proofs of claim so that such proofs of claim are actually received by the Clerk of the Court or Prime Clerk on the later of (i) the General Bar Date and (ii) **11:59 p.m., prevailing Central Time**, on the date that is **thirty (30) days** from the date on which the Debtors mail notice of the amendment to the Schedules (the "Amended Schedules Bar Date" and, together with the General Bar Date, the Governmental Bar Date and the Rejection Bar Date,

---

[6]    For purposes of this Motion, the term "DIP Orders" shall mean the interim and final orders entered pursuant to the *Debtors' Motion for Entry of Interim and Final Orders (i) Authorizing the Debtors to (a) Obtain Post-Petition Financing, (b) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (c) Utilize Cash Collateral; (ii) Granting Adequate Protection to the Prepetition Secured Parties; (iii) Modifying the Automatic Stay; (iv) Scheduling Final Hearing; and (vi) Granting Related Relief* [Docket No. 29].

the "Bar Dates" and each a "Bar Date").  If the Debtors amend or supplement their Schedules after the Service Date, the Debtors propose to provide notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

17.     In particular, if a Debtor amends or supplements its Schedules to: (a) reduce the undisputed, noncontingent and liquidated amount of a claim; (b) change the nature or classification of a claim against the Debtor in a manner adverse to the scheduled creditor; or (c) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the Debtors propose that the affected claimant be required to file a proof of claim or amend any previously filed proof of claim in respect of the new or amended scheduled claim in accordance with the procedures described herein by the Amended Schedules Bar Date.

**E.     Procedures for Filing Proofs of Claim**

18.     Except as otherwise set forth herein, the Debtors request that the Court require each of the following entities holding claims against the Debtors arising prior to the Petition Date to file proofs of claim on or before the applicable Bar Date:

a.  any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, disputed or unliquidated and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

b.  any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor, and that desires to have its claim allowed in a classification or amount or against a Debtor other than that identified in the Schedules.

**F.      Parties Not Required to File Proofs of Claim by the General Bar Date**

19.     The Debtors request that the Court exempt the following entities, to the extent required by the Bankruptcy Code, from any requirement to file a proof of claim prior to the General Bar Date:

a.   any entity that already has filed a signed proof of claim against the applicable Debtor(s) with Prime Clerk or the Clerk of the Court in a form substantially similar to Official Form B 410;

b.   any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent" or "unliquidated"; (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.   any entity whose claim has previously been allowed by order of the Court;

d.   any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code in accordance with an order of the Court;

e.   any Debtor or non-Debtor subsidiary having a claim against another Debtor;

f.   any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.   a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commission, or benefits; *provided*, *however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment and/or retaliation;

h.   Holders of First Lien Claims; *provided*, however, that the administrative agents or collateral agent under the First Lien Credit Agreement, as applicable, may (but is not required to) file one master proof of claim by the General Bar Date with respect to all of the claims under the First Lien Credit Agreement;

i.   Holders of Second Lien Claims, on account of claims arising under the Second Lien Indenture; *provided*, however, that the Second Lien Indenture Trustee may (but is not required to) file one master proof of claim by the General Bar Date with respect to all of the Second Lien Claims;

j.   any individual holder of a claim for principal, interest or applicable fees or charges (a "Debt Claim") on account of any note, bond or debenture issued by the Debtors pursuant to an indenture (an "Indenture") or a credit agreement (a "Credit Agreement") with respect to such claim;

k.   any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an expense of administration incurred in the ordinary course; *provided*, *however*, that any entity asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date;

l.   any entity holding a claim for which a separate deadline is fixed by the Court; and

m.   claims for fees and expenses of professionals (i) retained in these proceedings or (ii) compensated pursuant to the DIP Orders.

20.   Any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; provided that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the General Bar Date pursuant to the procedures set forth herein.

**G.   Consequences of Failure to File a Proof of Claim**

21.   The Debtors propose that pursuant to Bankruptcy Code sections 105(a) and 503(a) and Bankruptcy Rule 3003(c)(2), and except as otherwise provided in the Proposed Order, any entity who is required to file a proof of claim in these cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Proposed Order sought herein with respect to a particular claim against a Debtor, but fails to do so by the applicable Bar Date, should be forever estopped and enjoined from: (a) asserting any such claim against the Debtors or their estates or against any reorganized Debtor or successor in interest following the effective date of a Chapter 11 plan of reorganization in these cases, or property that (i) is in an amount that exceeds the

10

amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or classification than any such claim identified in the Schedules on behalf of such entity (any such claim under this subsection (a), an "Unscheduled Claim"); (b) receiving distributions under the Plan in respect of an Unscheduled Claim; or (c) with respect to any administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the Debtors or their estates or property.

## H.    Procedures for Providing Notice of Bar Dates and Filing Proofs of Claim

22.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to serve on all known entities currently holding potential prepetition claims against the Debtors and Rejection Damages Claims a notice of the Bar Dates substantially in the form of the notice set forth in **Exhibit A**, attached hereto (the "Bar Date Notice" and a Proof of Claim Form[7] (collectively, the "Bar Date Package").

23.    The Proof of Claim Form will be substantially in the form of Official Form B 410, but the Debtors request that Prime Clerk be authorized to customize it in certain limited respects, subject to the oversight and approval of the Clerk of the Court.  The Debtors submit that any alterations to these forms will be appropriately limited to those instances where such modifications (a) are necessary or appropriate to tailor the Bar Date Notice and Proposed Order for use in these chapter 11 cases, (b) provide additional information for the benefit of potentially interested parties, or (c) are otherwise deemed appropriate by the Clerk of the Court.

24.    The Bar Date Notice will be consistent with the Official Form B 410 for filing proofs of claim and states, among other things, that proofs of claim must be filed on or before the applicable Bar Date.  On or before the Service Deadline, the Debtors intend to mail

---

[7]    A proposed Proof of Claim Form is attached hereto as **Exhibit B**.

the Bar Date Package via email, facsimile or first class mail to the following entities (or their respective counsel, if known)[8]:

a.  the Office of the United States Trustee for the Eastern District of Missouri;

b.  counsel to the Committee;

c.  counsel to the Ad Hoc First Lien Group;

d.  counsel to the Ad Hoc Crossover Group;

e.  counsel to the Facilities Agent;

f.  counsel to the Term Agent;

g.  counsel to the Indenture Trustee;

h.  counsel to the DIP Agent;

i.  counsel to DIP Credit Parties;

j.  counsel to Murray Energy Corporation;

k.  counsel to Reserves

l.  counsel to Javelin

m.  counsel to Uniper Global Commodities UK Limited

n.  all banking or financial institutions that hold the Debtors' accounts;

o.  all creditors and other known holders of claims against the Debtors, including all entities to be listed in the Schedules as holding claims against the Debtors;

p.  all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Proposed Order;

q.  all entities that have filed proofs of claim in these chapter 11 cases as of the date of entry of the Proposed Order

---

[8]   The following entities shall have the meanings ascribed in the Plan to the extent not defined herein.

       r.       all parties to executory contracts and unexpired leases with the Debtors that have been identified as of the date of entry of the Proposed Order, including all parties to rejected executory contracts and unexpired leases as of the date of entry of the Proposed Order;

       s.       all parties to pending litigation with the Debtors that have been identified as of the date of entry of the Proposed Order;

       t.       the Internal Revenue Service for this District and all other taxing authorities for the jurisdictions in which the Debtors conducted business as of the Petition Date;

       u.       all relevant state attorneys general;

       v.       the Securities and Exchange Commission;

       w.       all federal and state environmental protection agencies for the jurisdictions in which the Debtors held property on the Petition Date or conducted business on the Petition Date; and

       x.       such additional persons and entities as deemed appropriate by the Debtors.

25.     For holders of potential claims listed in the Schedules, the Proof of Claim Form mailed to such entities will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against which the entity's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is scheduled as disputed, contingent or unliquidated; and (d) whether the claim is scheduled as a secured, unsecured priority or unsecured nonpriority claim.

26.     For any claim to be validly and properly filed, and except as otherwise provided in the Proposed Order, a signed original of a completed proof of claim, together with any accompanying documentation required hereunder or by Bankruptcy Rules 3001(c) and 3001(d), must be (a) filed through the CM/ECF system on the Court's website at https://www.ecf.moeb.uscourts.gov/cgibin/login; (b) filed electronically using the Electronic

Proof of Claim (ePOC) Program on the Court's website at http://www.moeb.uscourts.gov/epoc.htm; (c) sent by first-class mail or overnight courier to Clerk of the Bankruptcy Court, Eastern District of Missouri, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (d) sent by first-class mail, overnight courier, or hand-delivery to **Foresight Energy LP Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232**.  Additionally, the proof of claim must be written in English and be denominated in United States currency.  **Proofs of Claim may NOT be delivered by facsimile or electronic mail transmission.**

27.     Proofs of Claim will be deemed filed when actually received by the United States Bankruptcy Court for the Eastern District of Missouri or Prime Clerk at the Foresight Claims Processing Center (as defined in the Bar Date Notice) by one of the approved methods of delivery.

28.     The timing of the General Bar Date on **May 16, 2020 at 11:59 p.m., prevailing Central Time** will ensure that potential claimants known to the Debtors as of the Service Date will receive thirty (30) days' notice by mail of the General Bar Date, which exceeds the twenty-one (21) day notice period required by Bankruptcy Rule 2002(a)(7) and complies with the notice period required by Bankruptcy Rule 2002(p).  The Debtors intend to prioritize service on foreign creditors following the entry of the Proposed Order so as to maximize the amount of time that foreign creditors have to file Proofs of Claim in these cases.  In addition, for orders or notices relating to the rejection of executory contracts or unexpired leases entered or filed after the date of entry of the Proposed Order, the Debtors will include a description of the Rejection Bar Date in the text thereof, thus providing at least thirty (30) days' notice of the

Rejection Bar Date.  Similarly, the Debtors will provide parties with at least thirty (30) days' notice of the Amended Schedules Bar Date.

**I.**     **Filing Proofs of Claim Against Multiple Debtors; Failure to Identify a Debtor**

29.     The Debtors propose that, except as otherwise provided for in the Proposed Order, all entities asserting claims against more than one Debtor be required to file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which their claim is asserted.  If any proof of claim does not clearly specify the name of the Debtor against which the claim is asserted (including listing multiple Debtors), that proof of claim shall be administered as though it was filed against Foresight Energy LP (Case No. 20-41308-659), unless a single different case number is clearly specified. Notwithstanding the foregoing, the failure of any entity to file its proof of claim against the correct Debtor shall not constitute cause to expunge the proof of claim.  Rather, the Debtors may seek to reclassify the proof of claim so that the claim is asserted against the proper Debtor on notice to the affected claimant.

**J.**     **Publication Notice**

30.     In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.  Specifically, the Debtors propose to publish the Bar Date Notice in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form attached hereto as **Exhibit C** (the "Publication Notice"), on one occasion in *The New York Times* and the *St. Louis Post-Dispatch* at least twenty-one (21) days before the General Bar Date.

31.     The procedures described above provide creditors with sufficient notice and opportunity and a clear process for filing proofs of claim and achieve administrative and

15

judicial efficiency.  Indeed, the proposed procedures, as more fully described herein, will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to progress quickly with a minimum of administrative expense and delay, on the other hand.  Additionally, the proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause expense and delay in the claims process for all parties.  The proposed procedures are designed to comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, and will provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases.

## **Reservation of Rights**

32.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' or any other party-in- interest's rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under Bankruptcy Code section 365.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be—nor should it be construed as—an admission as to the validity of any claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

## **Notice**

33.    Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent;

(f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Reserves; (*l*) counsel to Javelin; (m) counsel to Uniper Global Commodities UK Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; (s) counsel to the Committee; and (t) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Notice of this Motion and any order entered hereon will be served in accordance with Local Bankruptcy Rule 9013-3(A)(1).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other relief as is just and proper.

Dated:   March 10, 2020          Respectfully submitted,
         St. Louis, Missouri
                                 ARMSTRONG TEASDALE LLP


                                 _/s/  Richard W. Engel, Jr._____
                                 Richard W. Engel, Jr. (MO 34641)
                                 John G. Willard (MO 67049)
                                 Kathryn R. Redmond (72087)
                                 7700 Forsyth Boulevard, Suite 1800
                                 St. Louis, Missouri  63105
                                 Tel:     (314) 621-5070
                                 Fax:     (314) 621-5065
                                 Email:  rengel@atllp.com
                                         jwillard@atllp.com
                                         kredmond@atllp.com

                                 - and -

                                 PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                                 Paul M. Basta (*pro hac vice* admission pending)
                                 Alice Belisle Eaton (*pro hac vice* admission pending)
                                 Alexander Woolverton (*pro hac vice* admission pending)
                                 1285 Avenue of the Americas
                                 New York, New York  10019
                                 Tel:     (212) 373-3000
                                 Fax:     (212) 757-3990
                                 Email:  pbasta@paulweiss.com
                                         aeaton@paulweiss.com
                                         awoolverton@paulweiss.com

                                 *Proposed Counsel to the Debtors and*
                                 *Debtors in Possession*

**<u>Exhibit A</u>**

**Form of Notice of Bar Date**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Docket No.:  [] |

## <u>NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM</u>

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| Debtor's Name | Debtor's Case Number |
|---|---|
| Foresight Energy LP | 20-41308 |
| Foresight Energy GP LLC | 20-41309 |
| Foresight Energy LLC | 20-41312 |
| Foresight Energy Employee Services Corporation | 20-41316 |
| Foresight Energy Services LLC | 20-41319 |
| Foresight Receivables LLC | 20-41321 |
| Sugar Camp Energy, LLC | 20-41336 |
| Macoupin Energy LLC | 20-41331 |
| Williamson Energy, LLC | 20-41327 |
| Foresight Coal Sales LLC | 20-41323 |
| Tanner Energy LLC | 20-41317 |
| Sitran LLC | 20-41310 |
| Seneca Rebuild LLC | 20-41311 |
| Oeneus LLC | 20-41313 |
| Adena Resources, LLC | 20-41314 |
| Hillsboro Transport LLC | 20-41318 |
| American Century Transport LLC | 20-41322 |
| Akin Energy LLC | 20-41326 |
| American Century Mineral LLC | 20-41330 |
| Foresight Energy Finance Corporation | 20-41333 |
| Foresight Energy Labor LLC | 20-41337 |
| Viking Mining LLC | 20-41325 |
| M-Class Mining, LLC | 20-41335 |
| MaRyan Mining LLC | 20-41320 |
| Mach Mining, LLC | 20-41338 |
| Logan Mining LLC | 20-41325 |
| LD Labor Company LLC | 20-41324 |
| Coal Field Repair Services LLC | 20-41329 |
| Coal Field Construction Company LLC | 20-41334 |
| Hillsboro Energy LLC | 20-41328 |

On [•], 2020, the United States Bankruptcy Court for the Eastern District of Missouri (the "Court") entered an order (Docket No. __) (the "Bar Date Order")[1] establishing certain deadlines for the filing of Proofs of Claim in the chapter 11 cases of the above-listed debtors and debtors-in-possession (collectively, the "Debtors").

By the Bar Date Order, the Court established: (i) **May 16**, **2020 at 11:59 p.m.,** **prevailing Central Time** (the "General Bar Date"), as the general deadline for entities to file Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the date on which the Debtors filed their chapter 11 petitions, March 9, 2020 (the "Petition Date"); and (ii) **September 8**, **2020 at 11:59 p.m., prevailing Central Time** (the "Governmental Bar Date"), as the general deadline for governmental units to file Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date. As described below, the Bar Date Order also establishes different bar dates for certain categories of claims.

For your convenience, enclosed with this Notice is a customized proof of claim form (the "Proof of Claim Form"), which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these chapter 11 cases (collectively, the "Schedules").

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States Trustee. As used in this Notice, the terms "person" and "governmental unit" have the meanings given to them in Bankruptcy Code sections 101(41) and 101(27), respectively.

As used in this Notice, the term "claim" means, as to or against any of the Debtors and in accordance with Bankruptcy Code section 101(5): (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### A.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim or requests for payment of certain administrative expenses in these cases (collectively, the "Bar Dates"):

        1.    The General Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding claims (whether secured, unsecured, priority or unsecured priority, including section 503(b)(9) claims) against the Debtors that

---

[1] All capitalized term not defined herein shall have the meaning ascribed them in the Bar Date Order.

arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim so that such proof of claim is actually received by the Clerk of the Bankruptcy Court for the Eastern District of Missouri (the "<u>Clerk of the Court</u>") or the Debtors' claims, noticing and balloting agent, Prime Clerk LLC ("<u>Prime Clerk</u>") **by May 16**, **2020 at 11:59 p.m., prevailing Central Time**. *The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under Bankruptcy Code section 503(b)(9)) and unsecured nonpriority claims.*

2.      <u>The Governmental Bar Date</u>.   Pursuant to the Bar Date Order, except as described below, all governmental units holding claims against the Debtors that arose or are deemed to have arisen before the Petition Date are required to file Proofs of Claim so that such proof of claim is actually received by the Clerk of the Court or Prime Clerk **by September 8, 2020 at 11:59 p.m., prevailing Central Time**.

3.      <u>The Rejection Bar Date</u>.  Pursuant to the Bar Date Order, any entity asserting claims against the Debtors arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with Bankruptcy Code section 365 and pursuant to a court order or by operation of Bankruptcy Code section 365(d)(4), or claims otherwise related to such rejected agreements, including: (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date; and (ii) administrative claims under Bankruptcy Code section 503(b), (collectively, "<u>Rejection Damages Claims</u>") are required to file Proofs of Claim so that such proof of claim is actually received by the Clerk of the Court or Prime Clerk **by the later of: (x) the General Bar Date and (y) 11:59 p.m., prevailing Central Time, on the date that is twenty-one (21) days after the entry of the relevant order or deemed effective date of such rejection of executory contract(s) or unexpired lease(s).**  The later of these dates is referred to in this Notice as the "<u>Rejection Bar Date</u>."  *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to rejected executory contacts or unexpired leases must be filed by the Rejection Bar Date.*

4.      <u>The Amended Schedules Bar Date</u>.   Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, a Debtor amends or supplements its Schedules to: (i) reduce the undisputed, noncontingent and liquidated amount of a claim against the Debtor; (ii) change the nature or classification of a claim against the Debtor in a manner adverse to the scheduled creditor; or (iii) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the new or amended scheduled claim so that such proof of claim is actually received by the Clerk of the Court or Prime Clerk **by the later of: (x) the General Bar Date; and (y) 11:59 p.m., prevailing Central Time, on the**

**date that is thirty (30) days after notice of the applicable amendment or supplement to the Schedules is served on the claimant**.  The later of these dates is referred to in this Notice as the "<u>Amended Schedules Bar Date</u>."

### B.    WHO MUST FILE A PROOF OF CLAIM

Unless one of the exceptions described in Section E below applies, if you have a claim that arose or is deemed to have arisen prior to the Petition Date, you **<u>MUST</u>** file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Except where the Governmental Bar Date, Rejection Bar Date, or the Amended Schedules Bar Date apply to establish a different deadline or one of the exceptions described in Section E below applies, the following entities must file proofs of claim on or before the General Bar Date:

> a.   any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in any of them; and

> b.   any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor other than that identified in the Schedules.

### C.    WHAT TO FILE

The Debtors are enclosing a Proof of Claim Form for use in these cases, or you may use another proof of claim form that conforms substantially to the standard proof of claim form, Official Form B 410.  You will receive a different Proof of Claim Form for each claim scheduled in your name by the Debtors.  You may utilize the Proof of Claim Form(s) provided by the Debtors to file your claim.  Additional proof of claim forms may be obtained, free of charge, at the following websites: https://cases.primeclerk.com/foresightenergy or https://www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **<u>signed</u>** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant (electronic signatures are acceptable).  The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim form any documents upon which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Except as otherwise set forth in the Bar Date Order, all claimants asserting a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which such claim is

asserted and the case number for that particular Debtor. If any proof of claim does not clearly specify the name of the Debtor against which the claim is asserted (including listing multiple Debtors), that proof of claim shall be administered as though it was filed against Foresight Energy LP (Case No. ), unless a single different case number is clearly specified. Notwithstanding the foregoing, the failure of any entity to file its proof of claim against the correct Debtor shall not constitute cause to expunge the proof of claim. Rather, the Debtors may seek to reclassify the proof of claim so that the claim is asserted against the proper Debtor on notice to the affected claimant.

Any entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of any portion of the Rejection Damages Claim asserting an administrative priority under Bankruptcy Code section 503(b) (the "Administrative Claim Supplement"). For the avoidance of doubt, any entity asserting a Rejection Damages Claim with an administrative claim component shall prepare its own Administrative Claim Supplement, and the Debtors will not provide a form of Administrative Claim Supplement.

Under the Bar Date Order, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall be deemed to satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein). *All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with Bankruptcy Code section 503(a) and shall not be deemed proper if made by proof of claim.* No deadline has been established for the filing of administrative claims other than (a) claims under Bankruptcy Code section 503(b)(9) and (b) any portion of a Rejection Damages Claim seeking administrative priority, which claims must be filed by the General Bar Date and the Rejection Bar Date, respectively.

### D.  WHEN AND WHERE TO FILE

All Proofs of Claim must be (a) filed using the CM/ECF system on the Court's website at https://www.moeb.uscourts.gov/electronic-filing; (b) filed electronically using the Electronic Proof of Claim (ePOC) Program on the Court's website at https://ecf.moeb.uscourts.gov/cgi-bin/autoFilingClaims.pl; (c) sent by first-class mail or overnight courier to Clerk of the Bankruptcy Court, Eastern District of Missouri, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (d) sent by first-class mail, overnight courier, or hand-delivery to **Foresight Energy LP Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232**. Proofs of claim must be actually received by 11:59 p.m, prevailing Central Time, **on or before the applicable Bar Date**.

Proofs of claim will be deemed filed only when **actually received** by the United States Bankruptcy Court for the Eastern District of Missouri or by the Foresight Claims Processing Center on or before the applicable Bar Date. **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**. Any facsimile or electronic mail submission will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the approved methods described above.

Proof of claim forms will be collected from the Court or claims agent and docketed and maintained by the Debtors' claims agent, Prime Clerk. If you wish to receive acknowledgement of Prime Clerk's receipt of a proof of claim, you must submit to Prime Clerk by the applicable Bar Date and concurrently with your original proof of claim: (a) a copy of the original proof of claim; and (b) a self-addressed, postage prepaid return envelope.  Filed Proofs of Claim will be posted on Prime Clerk's website, https://cases.primeclerk.com/foresightenergy, as soon as is practicable after receipt.

### E.    WHO NEED NOT FILE A PROOF OF CLAIM

The Bar Date Order further provides that the following entities need <u>not</u> file Proofs of Claim:

      a.  any entity that already has filed a signed proof of claim against the applicable Debtor(s) with Prime Clerk or the Clerk of the Court in a form substantially similar to Official Form B 410;

      b.  any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent" or "unliquidated"; (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

      c.  any entity whose claim has previously been allowed by order of the Court;

      d.  any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code in accordance with an order of the Court;

      e.  any Debtor or non-Debtor subsidiary having a claim against another Debtor;

      f.  any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

      g.  a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commission, or benefits; *provided*, *however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment and/or retaliation;

      h.  Holders of First Lien Claims; *provided*, however, that the administrative agents or collateral agent under the First Lien Credit Agreement, as applicable, may (but is not required to) file one master proof of claim by the General Bar Date with respect to all of the claims under the First Lien Credit Agreement;

6

i.   Holders of Second Lien Claims, on account of claims arising under the Second Lien Indenture; *provided*, however, that the Second Lien Indenture Trustee may (but is not required to) file one master proof of claim by the General Bar Date with respect to all of the Second Lien Claims;

j.   any individual holder of a claim for principal, interest or applicable fees or charges (a "<u>Debt Claim</u>") on account of any note, bond or debenture issued by the Debtors pursuant to an indenture (an "<u>Indenture</u>") or a credit agreement (a "<u>Credit Agreement</u>") with respect to such claim;

k.   any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an expense of administration incurred in the ordinary course; *provided*, *however*, that any entity asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date;

l.   any entity holding a claim for which a separate deadline is fixed by the Court; and

m.  claims for fees and expenses of professionals (i) retained in these proceedings or (ii) compensated pursuant to the DIP Orders.

### F.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As described in Section A above, any entity wishing to assert a Rejection Damages Claim must file, by the Rejection Bar Date, a proof of claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement. As further described in Section C above, any entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, an Administrative Claim Supplement.

### G.   CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

EXCEPT AS OTHERWISE SET FORTH IN THE BAR DATE ORDER, ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST A DEBTOR BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE SHALL BE ESTOPPED AND ENJOINED FROM THE FOLLOWING: (I) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR AGAINST ANY REORGANIZED DEBTOR OR SUCCESSOR IN INTEREST FOLLOWING THE EFFECTIVE DATE OF A CHAPTER 11 PLAN OF REORGANIZATION IN THESE CASES, OR PROPERTY THAT (A) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (B) IS OF A DIFFERENT NATURE OR CLASSIFICATION THAN ANY SUCH CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM IN THIS SUBPARAGRAPH BEING REFERRED TO IN THIS NOTICE AS

AN "UNSCHEDULED CLAIM"); (II) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM; OR (III) WITH RESPECT TO ANY ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY.

### H.     THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form(s) regarding the nature, amount and status of your claim(s).  If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the information on the enclosed Proof of Claim Form may reflect the net remaining amount thereof.  If the Debtors believe that you may hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

### I.     RESERVATION OF RIGHTS

The Debtors reserve the right, subject to the DIP Orders, to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (ii) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (iii) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

### J.     ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, the Proof of Claim Form and other information and documents regarding the Debtors' chapter 11 cases are available for inspection and download free of charge on Prime Clerk's website at https://cases.primeclerk.com/foresightenergy.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:30 a.m. and 4:30 p.m., prevailing Central Time, Monday through Friday, at the U.S. Bankruptcy Court Eastern District of Missouri, Office of the Clerk of Court, 111 South 10th Street, Fourth Floor, St. Louis, MO 63102.

If you require additional information regarding the filing of a proof of claim, you may contact Prime Clerk at (844) 648-5574 (toll free in the U.S. and Canada) or (347) 505-5254 (international calls).  You also may contact Prime Clerk by writing to:

Foresight Energy LP Claims Processing Center

8

c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

BY ORDER OF THE COURT

**<u>Exhibit B</u>**

**Proof of Claim Form**

CONFIDENTIAL | SUBJECT TO FRE 408
FW DRAFT – 3/2/2020

## **Exhibit B**

**Proof of Claim Form**

**United States Bankruptcy Court, Eastern District of Missouri, Eastern Division**

<table>
<tr><td colspan="3" style="background:black;color:white"><b>Fill in this information to identify the case (Select only one Debtor per claim form):</b></td></tr>
<tr>
<td>
☐Foresight Energy LP (Case No. 20-____)<br>
☐Foresight Energy GP LLC (Case No. 20-____)<br>
☐Foresight Energy LLC (Case No. 20-____)<br>
☐Foresight Energy Employee Services Corporation (Case No. 20-____)<br>
☐Foresight Energy Services LLC (Case No. 20-____)<br>
☐Foresight Receivables LLC (Case No. 20-____)<br>
☐Sugar Camp Energy, LLC (Case No. 20-____)<br>
☐Macoupin Energy LLC (Case No. 20-____)<br>
☐Williamson Energy, LLC (Case No. 20-____)
</td>
<td>
☐Foresight Coal Sales LLC (Case No. 20-____)<br>
☐Tanner Energy LLC (Case No. 20-____)<br>
☐Sitran, LLC (Case No. 20-____)<br>
☐Seneca Rebuild LLC (Case No. 20-____)<br>
☐Oeneus LLC (Case No. 20-____)<br>
☐Adena Resources, LLC (Case No. 20-____)<br>
☐Hillsboro Transport, LLC (Case No. 20-____)<br>
☐American Century Transport LLC (Case No. 20-____)<br>
☐Akin Energy LLC (Case No. 20-____)<br>
☐American Centry Mineral LLC (Case No. 20-____)
</td>
<td>
☐Foresight Energy Finance Corporation (Case No. 20-____)<br>
☐Foresight Energy Labor LLC (Case No. 20-____)<br>
☐Viking Mining LLC (Case No. 20-____)<br>
☐M-Class Mining, LLC (Case No. 20-____)<br>
☐MaRyan Mining LLC (Case No. 20-____)<br>
☐Mach Mining, LLC (Case No. 20-____)<br>
☐Logan Mining LLC (Case No. 20-____)<br>
☐LD Labor Company LLC (Case No. 20-____)<br>
☐Coal Field Repair Services LLC (Case No. 20-____)<br>
☐Coal Firled Construction Company LLC (Case No. 20-____)<br>
☐Hillsboro Energy LLC (Case No. 20-____)
</td>
</tr>
</table>

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Where should payments to the creditor be sent? (if different)

Name _____

Number     Street _____

City     State     ZIP Code _____

Contact phone _____          Contact phone _____

Contact email _____          Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

7. **How much is the claim?**   $_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                              $_____

Amount of the claim that is secured:          $_____

Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:         $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**         $_____

11. **Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | | Amount entitled to priority |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:*<br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

---

### Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.
☐  I am the creditor's attorney or authorized agent.
☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    _____(mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | _____ |
| | First name          Middle name          Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number          Street |
| | _____ |
| | City          State     ZIP Code |
| Contact phone | _____    Email _____ |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may  view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://cases.primeclerk.com/foresightenergy
or the Court's website at https://www.pacer.gov and
https://www.ecf.moeb.uscourts.gov/cgibin/login.pl.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101(10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101(13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Foresight Energy LP Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

---

**Do not file these instructions with your form**

**<u>Exhibit C</u>**

**Form of Publication Notice**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Docket No.:  [] |

## NOTICE OF DEADLIINES FOR FILING OF PROOFS OF CLAIM

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On _____, 2020, the United States Bankruptcy Court for the Eastern District of Missouri (the "Court") entered an order (Docket No. __) (the "Bar Date Order") establishing certain deadlines for the filing of Proofs of Claim in the chapter 11 cases of Foresight Energy LP and certain of its direct and indirect subsidiaries listed below (collectively, the "Debtors"):

| Debtor's Name | Debtor's Case Number |
|---|---|
| Foresight Energy LP | 20-41308 |
| Foresight Energy GP LLC | 20-41309 |
| Foresight Energy LLC | 20-41312 |
| Foresight Energy Employee Services Corporation | 20-41316 |
| Foresight Energy Services LLC | 20-41319 |
| Foresight Receivables LLC | 20-41321 |
| Sugar Camp Energy, LLC | 20-41336 |
| Macoupin Energy LLC | 20-41331 |
| Williamson Energy, LLC | 20-41327 |
| Foresight Coal Sales LLC | 20-41323 |
| Tanner Energy LLC | 20-41317 |
| Sitran LLC | 20-41310 |
| Seneca Rebuild LLC | 20-41311 |
| Oeneus LLC | 20-41313 |
| Adena Resources, LLC | 20-41314 |
| Hillsboro Transport LLC | 20-41318 |
| American Century Transport LLC | 20-41322 |
| Akin Energy LLC | 20-41326 |
| American Century Mineral LLC | 20-41330 |
| Foresight Energy Finance Corporation | 20-41333 |
| Foresight Energy Labor LLC | 20-41337 |
| Viking Mining LLC | 20-41325 |
| M-Class Mining, LLC | 20-41335 |
| MaRyan Mining LLC | 20-41320 |
| Mach Mining, LLC | 20-41338 |

| Debtor's Name | Debtor's Case Number |
|---|---|
| Logan Mining LLC | 20-41325 |
| LD Labor Company LLC | 20-41324 |
| Coal Field Repair Services LLC | 20-41329 |
| Coal Field Construction Company LLC | 20-41334 |
| Hillsboro Energy LLC | 20-41328 |

**More information can be obtained, free of charge, from the website maintained by the Debtors' claims, noticing and balloting agent, Prime Clerk LLC ("Prime Clerk"), at https://cases.primeclerk.com/foresightenergy (the "Prime Clerk Website").**

By the Bar Date Order, the Court established: (i) **May 16, 2020 at 11:59 p.m., prevailing Central Time** (the "General Bar Date"), as the general deadline for entities to file Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the date on which the Debtors filed their chapter 11 petitions, March 9, 2020 (the "Petition Date"); and (ii) **September 8, 2020 at 11:59 p.m., prevailing Central Time** (the "Governmental Bar Date"), as the general deadline for governmental units to file Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date. As described below, the Bar Date Order also establishes different bar dates for certain categories of claims.

As used in this Notice, the terms "claim," "entity," "governmental unit," and "person" have the meanings given to them under applicable sections of title 11 of the United States Code (the "Bankruptcy Code").

### A.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim or requests for payment of certain administrative expenses in these cases (collectively, the "Bar Dates"):

    1.    The General Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding claims (whether secured, unsecured, priority or unsecured priority, including section 503(b)(9) claims) against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases are required to file Proofs of Claim **by May 16, 2020 at 11:59 p.m., prevailing Central Time.** *The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date.*

    2.    The Governmental Bar Date. Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen before the Petition Date are required to file Proofs of Claim **by September 8, 2020 at 11:59 p.m., prevailing Central Time**.

    3.    The Rejection Bar Date. Pursuant to the Bar Date Order, any entity asserting any prepetition or postpetition claims against the Debtors (including

Case 20-41308    Doc 30    Filed 03/10/20    Entered 03/10/20 10:48:01    Main Document
Pg 39 of 42

administrative claims under Bankruptcy Code section 503(b) arising from or relating to the rejection of executory contracts or unexpired leases pursuant to a court order or by operation of Bankruptcy Code section 365(d)(4) (collectively, "Rejection Damages Claims") are required to file Proofs of Claim **by the later of: (i) the General Bar Date; and (ii) 11:59 p.m., prevailing Central Time, on the date that is twenty-one (21) days after the entry of the relevant order or the deemed rejection date**. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

4.    The Amended Schedules Bar Date.    Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, a Debtor amends or supplements its Schedules, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the new or amended scheduled claim **by the later of: (i) the General Bar Date; and (ii) 11:59 p.m., prevailing Central Time, on the date that is thirty (30) days after the date that notice of the applicable amendment or supplement to the Schedules is served on the claimant.** The later of these dates is referred to in this Notice as the "Amended Schedules Bar Date."

## B.    WHO MUST FILE A PROOF OF CLAIM

Unless an exception applies, if you have a claim that arose or is deemed to have arisen prior to the Petition Date, you **MUST** file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date. The exceptions to the requirement to file a claim by the Bar Dates are described in the Bar Date Order, which is available on the Prime Clerk Website.

## C.    WHAT TO FILE

Claims should be asserted on proof of claim forms that conform substantially to the standard proof of claim form, Official Form B 410. Proof of Claim Forms may be obtained, free of charge, at the Prime Clerk Website or https://www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant (electronic signatures are acceptable). The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim form any documents upon which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Except as otherwise set forth in the Bar Date Order, all claimants asserting a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which such claim is asserted and the case number for that particular Debtor. If any proof of claim does not clearly

specify the name of the Debtor against which the claim is asserted (including listing multiple Debtors), that proof of claim shall be administered as though it was filed against Foresight Energy LP (Case No. 20-41308-659), unless a single different case number is clearly specified. Notwithstanding the foregoing, the failure of any entity to file its proof of claim against the correct Debtor shall not constitute cause to expunge the proof of claim. Rather, the Debtors may seek to reclassify the proof of claim so that the claim is asserted against the proper Debtor on notice to the affected claimant.

Any entity asserting a Rejection Damages Claim with an administrative claim component must file as part of its proof of claim a detailed statement describing the nature and basis of any portion of the Rejection Damages Claim asserting an administrative priority under Bankruptcy Code section 503(b) (the "Administrative Claim Supplement").

Under the Bar Date Order, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall be deemed to satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein). ***All other administrative claims under Bankruptcy Code section 503(b) must be made by separate requests for payment in accordance with Bankruptcy Code section 503(a) and shall not be deemed proper if made by proof of claim.*** No deadline has been established for the filing of administrative claims other than (a) claims under Bankruptcy Code section 503(b)(9) and (b) any portion of a Rejection Damages Claim seeking administrative priority, which claims must be filed by the General Bar Date and the Rejection Bar Date, respectively.

### D.   WHEN AND WHERE TO FILE

Claimants must submit Proofs of Claim either (a) through the CM/ECF system on the Court's website at https://www.moeb.uscourts.gov/electronic-filing; or (b) electronically using the Electronic Proof of Claim (ePOC) Program on the Court's website at https://ecf.moeb.uscourts.gov/cgi-bin/autoFilingClaims.pl; or (c) by first-class mail or overnight courier to Clerk of the Bankruptcy Court, Eastern District of Missouri, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (d) by first-class mail, overnight courier, or hand-delivery to **Foresight Energy LP Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232**. Proofs of claim must be actually received by 11:59 p.m, prevailing Central Time, **on or before the applicable Bar Date**. **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**. Any facsimile or electronic mail submission will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the approved methods described above.

Proof of claim forms will be collected from the Foresight Claims Processing Center, docketed and maintained by the Debtors' claims agent, Prime Clerk. If you wish to receive acknowledgement of Foresight's receipt of a proof of claim, you must submit to Foresight by the applicable Bar Date and concurrently with your original proof of claim: (a) a copy of the original proof of claim; and (b) a self-addressed, postage prepaid return envelope.

### E.   CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

EXCEPT AS OTHERWISE SET FORTH IN THE BAR DATE ORDER, ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST A DEBTOR BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE SHALL BE ESTOPPED AND ENJOINED FROM THE FOLLOWING: (I) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR AGAINST ANY REORGANIZED DEBTOR OR SUCCESSOR IN INTEREST FOLLOWING THE EFFECTIVE DATE OF A CHAPTER 11 PLAN OF REORGANIZATION IN THESE CASES, OR PROPERTY THAT (A) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (B) IS OF A DIFFERENT NATURE OR CLASSIFICATION THAN ANY SUCH CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM IN THIS SUBPARAGRAPH BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (II) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM; OR (III) WITH RESPECT TO ANY ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY.

### F.       RESERVATION OF RIGHTS

The Debtors reserve the right, subject to the DIP Orders, to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

### G.       THE DEBTORS' SCHEDULES AND ADDITIONAL INFORMATION

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. Copies of the Debtors' Schedules, a Proof of Claim Form and other information and documents regarding the Debtors' chapter 11 cases (including the Bar Date Order) are available for inspection and download free of charge on the Prime Clerk Website.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

If you require additional information regarding the filing of a proof of claim, you may contact Prime Clerk by telephone at (844) 648-5574 (toll free in the U.S. and Canada) or (347) 505-5254 (international calls), and via electronic mail at foresightinfo@primeclerk.com.  You also may contact Prime Clerk directly by writing to the Prime Clerk Claims Processing Center.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM. YOU ARE FURTHER ENCOURAGED TO CAREFULLY REVIEW THE BAR DATE ORDER AND RELATED MATERIALS ON THE PRIME CLERK WEBSITE.**