## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Hearing Date:  March 11, 2020 |
| | ) | Hearing Time:  10:00 a.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") respectfully state as follows in support of this application (this "Application"):

### Relief Requested

1.      By this Application, the Debtors seek entry of an order, (the "Proposed Order"),[2] pursuant to sections 327(a) and 330 of title 11 of the United States Code

---

[1]    The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).  The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

[2]    A copy of the Proposed Order will be made available on the Debtors' case information website at: https://cases.primeclerk.com/foresightenergy.

(the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014 and 2016 of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Bankruptcy Rules"), authorizing the retention and employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss" or the "Firm") as the Debtors' attorneys with respect to the filing and prosecution of these chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined below).  In support of this Application, the Debtors rely upon the declaration of Paul M. Basta (the "Basta Declaration"), a partner at Paul, Weiss, attached hereto as **Exhibit A**, and the declaration of Robert D. Moore, the Debtors' President and Chief Executive Officer, attached hereto as **Exhibit B** (the "Moore Declaration").

### Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.     The statutory and legal predicates for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014 and 2016.

### Background

4.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are a leading producer of thermal coal, with four mining complexes and nearly 2.1 billion tons of proven and probable coal reserves strategically located near multiple rail and river transportation access

2

points in the Illinois Basin.  The Debtors also own a barge-loading river terminal on the Ohio River.  From this strategic position, the Debtors sell their coal primarily to electric utility and industrial companies located in the eastern half of the United States and across the international market.

5.    The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  Contemporaneously herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No trustee, examiner or official committee has been appointed in these chapter 11 cases.

6.    Information regarding the Debtors' businesses, their capital and debt structure, the events leading to the filing of these cases, and the terms and structure of the proposed restructuring transaction is set forth in the *Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions* (the "Moore Declaration"), the *Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief* (the "Boyko Declaration"), and the declaration of Seth Herman in support of the Debtors' motion for approval of debtor in possession financing and use of cash collateral (the "Herman Declaration," and together with the Moore Declaration and Boyko Declaration, the "First Day Declarations"),[3] each filed contemporaneously herewith.

---

[3]    The First Day Declarations are being filed in support of this Application and are incorporated herein by reference.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

3

**Basis for Relief**

**A.    Paul, Weiss's Qualifications**

7.    The Debtors seek to retain Paul, Weiss because of Paul, Weiss's recognized expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations and restructurings under chapter 11 of the Bankruptcy Code.

8.    Paul, Weiss has been extensively involved in major chapter 11 cases and has represented debtors in many such cases, including, among others: *In re Pioneer Energy Services Corp.,* No. 20-31425 (DRJ) (Bankr. S.D. Tex. March 1, 2020); *In re Bumble Bee Parent, Inc.,* No. 19-12502 (LSS) (Bankr. D. Del. Nov. 11, 2019); *In re Jack Cooper Ventures, Inc.,* No. 19-62393 (PWB) (Bankr. N.D. Ga. Aug. 6, 2019); *In re Sears Holding Corp.,* No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 15, 2018); *In re The Bon-Ton Stores, Inc.,* No. 18-10248 (MFW) (Bankr. D. Del. Feb. 4, 2018); *In re Expro Holdings US Inc.,* No. 17-60179 (DRJ) (Bankr. S.D. Tex. Jan. 19, 2018); *In re Cumulus Media Inc.,* No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017); *In re CGG Holding (U.S.) Inc.,* No. 17-11637 (MG) (Bankr. S.D.N.Y. Jul. 14, 2017); *In re BPS US Holdings, Inc.,* No. 16-12373 (KJC) (Bankr. D. Del. Dec. 13, 2016); *In re Noranda Aluminum, Inc.,* No. 16-10083 (BSS) (Bankr. E.D. Mo. Feb. 8, 2016); *In re Walter Energy, Inc.,* No. 15-0271 (TOM) (Bankr. N.D. Ala. Sept. 4, 2015); and *In re AbitibiBowater Inc.,* No. 09-11296 (KJC) (Bankr. D. Del. Apr. 16, 2009).

9.    Paul, Weiss is a full-service law firm with a national and international presence and has experience and expertise in virtually every major substantive area of legal practice.  Since 2015, Paul, Weiss has represented the Debtors in connection with analyzing, negotiating and implementing a series of refinancing transactions (the "Refinancing Engagement"), and continues to provide the Debtors services under the terms of the agreement

executed on December 18, 2015 (the "Engagement Letter") attached hereto as **Exhibit C**.  In connection with the Refinancing Engagement and in preparing for its representation of the Debtors in these chapter 11 cases, Paul, Weiss has become intimately familiar with the Debtors' capital structure and operations, as well as with the key creditors and other stakeholders in these chapter 11 cases.

10.    For the foregoing reasons, the Debtors believe that Paul, Weiss is particularly well-situated and well-qualified to represent the Debtors in these chapter 11 cases in an effective, efficient, and timely manner.  Accordingly, the retention of Paul, Weiss is necessary and in the best interests of the Debtors, their estates and their creditors.

11.    The Debtors have been informed that Paul M. Basta and Alice Belisle Eaton, partners of Paul, Weiss, as well as other partners of, counsel to, and associates of Paul, Weiss who will be working on this matter, are members in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York.

**B.    Services to be Provided**

12.    Subject to further order of the Court, the Debtors request the retention and employment of Paul, Weiss to render the following legal services:

(a)    providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their properties;

(b)    advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

(c)    attending meetings and negotiating with representatives of creditors and other parties in interest;

(d)    taking action necessary to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors'

5

behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

(e)     preparing pleadings in connection with these chapter 11 cases, including motions, applications, objections, replies, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

(f)     representing the Debtors in connection with obtaining authority to continue using cash collateral and post-petition financing;

(g)     advising the Debtors in connection with any potential sale of assets;

(h)     advising and assisting the Debtors with financing and transactional matters as such may arise during these chapter 11 cases;

(i)     appearing in Court and any appellate courts to represent the interests of the Debtors' estates;

(j)     advising the Debtors regarding tax matters;

(k)     taking any necessary action on behalf of the Debtors to negotiate, prepare and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documentation related thereto; and

(l)     performing all other legal services for the Debtors that may be necessary and proper in these proceedings.

13.     The Debtors also seek to employ and retain Armstrong Teasdale LLP ("AT") as their co-counsel in connection with these chapter 11 cases, and to handle certain matters that the Debtors may encounter that cannot be handled appropriately by Paul, Weiss because of a potential conflict of interest.  The services of AT are intended to complement, and not duplicate, the services to be rendered by Paul, Weiss.  Moreover, the responsibilities of AT will be confined to legal matters that are distinct from the matters handled by Paul, Weiss.  AT will act on its own and will not act under the direct supervision of Paul, Weiss.  The Debtors are mindful of the need to avoid duplication of services and appropriate procedures will be

6

implemented to ensure that there is no such duplication and that, where appropriate, ethical walls are erected to screen Paul, Weiss from the work of AT.

**C.      Professional Compensation**

14.      Paul, Weiss practices in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, reputation, the nature of the work involved, and other factors.  Paul, Weiss intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 cases* (the "Fee Guidelines"), and any further orders of the Court (the "Orders").  The standard hourly rates Paul, Weiss will charge in these chapter 11 cases are in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered.

15.      The hourly rates set forth herein and in the Basta Declaration are the Firm's standard hourly rates.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are revised on an annual basis.  The current standard hourly rates for Paul, Weiss attorneys and paralegals range from $1,225 to $1,650 per hour for partners; $1,200 per hour for counsel; $495 to $1,110 per hour for staff attorneys and associates; and $115 to $380 per hour for legal assistants.  These rates are subject to periodic adjustment to reflect economic and other conditions.   Paul, Weiss has not agreed to any variations from, or alternatives to, its standard

billing arrangements for this engagement.  The following attorneys are currently expected to have primary responsibility for representing the Debtors:

| | | |
|---|---|---|
| Paul M. Basta (Partner) | 27 years of experience | $1,650 per hour |
| Alice Belisle Eaton (Partner) | 20 years of experience | $1,550 per hour |
| Aidan Synnott (Partner) | 31 years of experience | $1,650 per hour |
| Alexander Woolverton (Associate) | 8 years of experience | $1,110 per hour |
| Michael Colarossi (Associate) | 3 years of experience | $955 per hour |
| Patrick Steel (Associate) | 3 years of experience | $955 per hour |
| David M. Weiss (Associate) | 1 year of experience | $775 per hour |
| Stephanie P. Lascano (Associate) | Less than 1 year experience | $665 per hour |

Other Paul, Weiss lawyers and paraprofessionals will be utilized or consulted and may appear on behalf of the Debtors in these chapter 11 cases, as necessary.  None of the professionals included in this engagement vary their rate based on the geographic location of these chapter 11 cases.

16.     In addition, Paul, Weiss customarily charges its clients for all costs and expenses incurred, including, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime.  Paul, Weiss will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Paul, Weiss's other clients.

17.     The Debtors understand and have agreed that Paul, Weiss hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy

Doc#: US1:13606338v5

Rules, the Fee Guidelines, and the Orders for all professional services performed and expenses incurred after the Petition Date.

18.     Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Paul, Weiss for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Basta Declaration, and to reimburse Paul, Weiss according to its customary reimbursement policies.  The Debtors respectfully submit that Paul, Weiss's rates and policies as set forth in the Basta Declaration are reasonable.

**D.     Compensation Received by Paul, Weiss from the Debtors**

19.     Paul, Weiss received a retainer from the Debtors in the amount of $325,000.00 on October 3, 2019 and additional retainers of $233,403.94 on January 27, 2020, $231,080.31 on February 4, 2020, $1,000,000.00 on February 29, 2020, and $350,000.00 on March 9, 2020.  Including amounts drawn from these retainers, the Firm received payments made within the ninety (90) days immediately preceding the Petition Date totaling approximately $3,547,882.47 in connection with Paul, Weiss's general representation of the Debtors prior to these chapter 11 cases and in connection with the preparation thereof.

20.     Other than as set forth herein, Paul, Weiss has not received any payments from the Debtors during the ninety (90) days immediately preceding the Petition Date.

21.     Paul, Weiss has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges, costs and expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and the Orders.

**E.      Paul, Weiss's Disinterestedness**

22.     To the best of the Debtors' knowledge, as set forth in the Basta Declaration, (a) Paul, Weiss is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and (b) neither Paul, Weiss nor any of its partners, counsel, associates, or paralegals have any connection with or any adverse interest to any of the Debtors, their affiliates, their creditors, or any other parties in interest, or their respective attorneys and accountants, except as is disclosed in the Basta Declaration.

23.     Paul, Weiss will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered, Paul, Weiss will use reasonable efforts to identify such developments and to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

24.     The Debtors submit that for all the reasons stated above and in the Basta Declaration, the retention and employment of Paul, Weiss as counsel to the Debtors is warranted. Further, as stated in the Basta Declaration, Paul, Weiss is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as is disclosed in the Basta Declaration.

## **Notice**

25.     Notice of this Application will be provided to: (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent;

Doc#: US1:13606338v5

(f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Reserves; (*l*) counsel to Javelin; (m) counsel to Uniper Global Commodities UK Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; (s) counsel to the Committee; and (t) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Notice of this Application and any order entered hereon will be served in accordance with Local Bankruptcy Rule 9013-3(A)(1).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Doc#: US1:13606338v5

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other relief as is just and proper.

Dated:   March 10, 2020          Respectfully submitted,
         St. Louis, Missouri

                                 FORESIGHT ENERGY LP
                                 (for itself and on behalf of each of its affiliated debtors as
                                 Debtors and Debtors in Possession)

                                  /s/  Robert D. Moore
                                 Name:  Robert D. Moore
                                 Title:   President and Chief Executive Officer
                                          Foresight Energy LP

Doc#: US1:13606338v5

## Exhibit A

**Basta Declaration**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF PAUL M. BASTA IN SUPPORT OF THE DEBTORS'
APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Paul M. Basta, do hereby declare, under penalty of perjury, that:

1.      I am a partner in the law firm of Paul, Weiss Rifkind, Wharton & Garrison

LLP ("Paul, Weiss" or the "Firm"), an international law firm with its principal offices at 1285

Avenue of the Americas, New York, New York 10019.   I am a lead attorney from Paul, Weiss

working on the above-captioned chapter 11 cases.  I am a member in good standing of the Bar of

the State of New York and I have been admitted to practice in the United States District Court

for the Southern District of New York.

2.      I submit this declaration (this "Declaration") pursuant to Bankruptcy Rule

2016 and section 329 of the Bankruptcy Code, in support of the *Debtors' Application for Entry*

---

[1]     The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last
four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are:
Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight
Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables
LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC
(9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC
(0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American
Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC
No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining
LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan
Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field
Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).   The
address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600,
St. Louis, Missouri 63102.

*of an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors and Debtors in Possession* Nunc Pro Tunc *to the Petition Date* (the "Application").[2]  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Paul, Weiss's completion of further review, or as additional party-in-interest information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

### Paul, Weiss's Qualifications

3.    The Debtors seek to retain Paul, Weiss because of Paul, Weiss's recognized expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations and restructurings under chapter 11 of the Bankruptcy Code.

4.    Paul, Weiss has been extensively involved in major chapter 11 cases and has represented debtors in many such cases, including, among others: *In re Pioneer Energy Services Corp.,* No. 20-31425 (DRJ) (Bankr. S.D. Tex. March 1, 2020); *In re Bumble Bee Parent, Inc.*, No. 19-12502 (LSS) (Bankr. D. Del. Nov. 11, 2019); *In re Jack Cooper Ventures, Inc.*, No. 19-62393 (PWB) (Bankr. N.D. Ga. Aug. 6, 2019); *In re Sears Holding Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 15, 2018); *In re The Bon-Ton Stores, Inc.*, No. 18-10248 (MFW) (Bankr. D. Del. Feb. 4, 2018); *In re Expro Holdings US Inc.*, No. 17-60179 (DRJ) (Bankr. S.D. Tex. Jan. 19, 2018); *In re Cumulus Media Inc.*, No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017); *In re CGG Holding (U.S.) Inc.*, No. 17-11637 (MG) (Bankr. S.D.N.Y. Jul. 14, 2017); *In re BPS US Holdings, Inc.*, No. 16-12373 (KJC) (Bankr. D. Del. Dec. 13, 2016);

---

[2]    Capitalized terms used, but not otherwise defined herein, have the meaning ascribed to them in the Application.

2

*In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Feb. 8, 2016); *In re Walter Energy, Inc.*, No. 15-0271 (TOM) (Bankr. N.D. Ala. Sept. 4, 2015); and *In re AbitibiBowater Inc.*, No. 09-11296 (KJC) (Bankr. D. Del. Apr. 16, 2009).

5.      Paul, Weiss is a full-service law firm with a national and international presence and has experience and expertise in virtually every major substantive area of legal practice.  Since 2015, Paul, Weiss has represented the Debtors in connection the Refinancing Engagement, and continues to provide the Debtors services under the terms of the Engagement Letter.  In connection with the Refinancing Engagement and in preparing for its representation of the Debtors in these chapter 11 cases, Paul, Weiss has become intimately familiar with the Debtors' capital structure and operations, as well as with the key creditors and other stakeholders in these chapter 11 cases.

6.      For the foregoing reasons, I believe that Paul, Weiss is particularly well-situated and well-qualified to represent the Debtors in these chapter 11 cases in an effective, efficient, and timely manner.  Accordingly, the retention of Paul, Weiss is necessary and in the best interests of the Debtors, their estates, and their creditors.

## Services to be Rendered; Compensation Arrangements

7.      Subject to further order of the Court, the Debtors have requested that Paul, Weiss render services including, but not limited to, the following:

a.      providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their properties;

b.      advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

c.      attending meetings and negotiating with representatives of creditors and other parties in interest;

3

d.   taking action necessary to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e.   preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f.   representing the Debtors in connection with obtaining authority to use cash collateral and post-petition financing;

g.   advising the Debtors in connection with the proposed sale of their assets;

h.   advising and assisting the Debtors with financing and transactional matters as such may arise during these chapter 11 cases;

i.   appearing in Court and any appellate courts to represent the interests of the Debtors' estates;

j.   advising the Debtors regarding tax matters;

k.   taking any necessary action on behalf of the Debtors to negotiate, prepare and obtain approval of a disclosure statement and confirmation of a chapter 11 plan(s) and all documentation related thereto; and

l.   performing all other legal services for the Debtors that may be necessary and proper in these proceedings.

8.    Subject to the Court's approval, Paul, Weiss will charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered and for reimbursement of its actual, necessary expenses and other charges incurred by the Firm.  In the normal course of business, Paul, Weiss revises its hourly rates annually.  The current standard hourly rates for Paul, Weiss's attorneys and paralegals range from $1,225 to $1,650 per hour for partners; $1,200 per hour for

counsel; $495 to $1,110 per hour for staff attorneys and associates; and $115 to $380 per hour for paraprofessionals.

9.      The following attorneys are currently expected to have primary responsibility for representing the Debtors:

| Paul M. Basta (Partner) | 27 years of experience | $1,650 per hour |
| Alice Belisle Eaton (Partner) | 20 years of experience | $1,550 per hour |
| Aidan Synnott (Partner) | 31 years of experience | $1,650 per hour |
| Alexander Woolverton (Associate) | 8 years of experience | $1,110 per hour |
| Michael Colarossi (Associate) | 3 years of experience | $955 per hour |
| Patrick Steel (Associate) | 3 years of experience | $955 per hour |
| David M. Weiss (Associate) | 1 year of experience | $775 per hour |
| Stephanie P. Lascano (Associate) | Less than 1 year experience | $665 per hour |

Other Paul, Weiss lawyers and paraprofessionals will be utilized or consulted and may appear on behalf of the Debtors in these chapter 11 cases, as necessary.  None of the professionals included in this engagement vary their rate based on the geographic location of these chapter 11 cases.

10.      The hourly rates set forth above are the Firm's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Additionally, it is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case or transaction, subject to any modification to such policies that Paul, Weiss may be required to comply with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and

Doc#: US1:13606338v5

the Orders.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses, approved by the client, such as secretarial and other overtime.  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes that it is fairer to charge these expenses to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients.

11.     Paul, Weiss has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges, costs, and expenses incurred in these chapter 11 cases.  No promises have been received by Paul, Weiss, or any member, counsel or associate of Paul, Weiss, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and the Orders.  Further, Paul, Weiss has no agreement with any other entity to share compensation received by Paul, Weiss or any such entity.

12.     Paul, Weiss received a retainer from the Debtors in the amount of $325,000.00 on October 3, 2019 and additional retainers of $233,403.94 on January 27, 2020, $231,080.31 on February 4, 2020, $1,000,000.00 on February 29, 2020, and $350,000.00 on March 9, 2020.  Including amounts drawn from these retainers, the Firm received payments made within the ninety (90) days immediately preceding the Petition Date totaling approximately

6

$3,547,882.47 in connection with Paul, Weiss's general representation of the Debtors prior to these chapter 11 cases and in connection with the preparation thereof.

13.     Other than as set forth herein, Paul, Weiss has not received any payments from the Debtors during the ninety (90) days immediately preceding the Petition Date.

14.     Paul, Weiss is willing to act on the Debtors' behalf at its normal and customary rates for matters of this type, together with reimbursement of all costs and expenses incurred by Paul, Weiss in connection with these chapter 11 cases, and the Debtors have proposed to pay Paul, Weiss at such rates and to reimburse it for such costs and expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and the Orders.

## Paul, Weiss's Disinterestedness

15.     To confirm that Paul, Weiss did not have any conflicts or other relationships that might preclude its representation of the Debtors with respect to the matters upon which it is being employed, I caused Paul, Weiss attorneys under my supervision to conduct a review of potential connections and relationships between Paul, Weiss and parties in interest in these chapter 11 cases within the following categories, and as set forth in **Exhibit 1** hereto (the "Potential Parties in Interest"):

<div style="margin-left:2em">

(a)     Current Officers and Directors;

(b)     Former Officers and Directors;

(c)     Debtors;

(d)     Non-Debtor Affiliates;

(e)     Joint Ventures, Partnerships and Consortiums;

(f)     Five Percent and Greater Shareholders and Beneficial Owners;

(g)     Creditor Advisors;

</div>

(h)     Attorneys, Professionals and Financial Advisors (Including Accountants and Investment Banks);

(i)     Significant Financial Institutions (Including Administrative Agents, Lenders and Equipment Financing);

(j)     Surety Issuers;

(k)     Surety Obligees;

(l)     Letter of Credit Beneficiaries;

(m)     Significant Taxing Authorities;

(n)     Royalty Contract Counterparties;

(o)     Regulatory Agencies;

(p)     Parties to Significant Litigation;

(q)     Significant Suppliers, Shippers, Warehousemen, and Vendors;

(r)     Insurers;

(s)     Insurance Brokers;

(t)     Bankruptcy Judges (Eastern District of Missouri);

(u)     First Lien Lenders;

(v)     Second Lien Lenders;

(w)     Top 50 Unsecured Creditors;

(x)     Utilities;

(y)     Significant Customers;

(z)     Significant Competitors; and

(aa)     Ordinary Course Professionals.

16.     Paul, Weiss has searched its electronic database for its connections to the Potential Parties in Interest.  The records upon which this investigation is based are maintained by Paul, Weiss in the ordinary course of business and are believed to be accurate.  To the extent

8

that I become aware hereafter that any such records or other information contained herein is not accurate, I will promptly apprise the Court.

17.     Based upon a review of the foregoing information, neither I, Paul, Weiss, nor any member of, counsel to, or associate of Paul, Weiss represents any entity other than the Debtors, as applicable, in connection with these chapter 11 cases.  In addition, to the best of my knowledge after due inquiry, and except as otherwise disclosed herein, neither I, Paul, Weiss, nor any member of, counsel to, or associate of the Firm represents any party in interest in these chapter 11 cases in matters related to these chapter 11 cases.

18.     Paul, Weiss, and the partners, counsel, and associates of Paul, Weiss, presently represent, may have represented in the past, and may represent in the future, entities (or affiliates of entities) that are claimants of and/or interest holders in the Debtors, and/or are parties in interest in these chapter 11 cases, in matters unrelated to these chapter 11 cases.  To the best of my knowledge, all such parties are specifically described in this Declaration and/or listed on the schedule attached hereto as **Exhibit 2** (the "<u>Disclosure Schedule</u>").[3]  Based on my review of the Disclosure Schedule, to the best of my knowledge, Paul, Weiss does not hold or represent an interest adverse to the estates as a result of its representation of parties in interest in matters that are unrelated to these chapter 11 cases.  Pursuant to section 327(c) of the Bankruptcy Code, Paul, Weiss is not disqualified from acting as the Debtors' counsel merely because it represents certain of the Debtors' creditors, equity security holders, or other entities that may be parties in interest in matters that are unrelated to the Debtors or these chapter 11

---

[3]     As referenced in the Disclosure Schedule, the term "current client" means an entity listed as a client, or related to a client, in Paul, Weiss's conflicts search system where that matter was reported as open.  As referenced in the Disclosure Statement, the term "former client" means any entity listed as a client, or related to a client, in the Paul, Weiss conflicts search system where the matter was reported as closed within the last two years.  Whether an actual client relationship exists can only be determined by reference to the documents governing Paul, Weiss's representation rather than its potential listing in Paul, Weiss's conflicts search system.  The list on **Exhibit 2**, generated by the conflicts search system, is over-inclusive for disclosure purposes.

cases. Other than as set forth below and on the Disclosure Schedule, Paul, Weiss has not represented, does not represent, and will not represent any of the Potential Parties in Interest in matters directly related to the Debtors or these chapter 11 cases.

19. The Disclosure Schedule identifies, among others, certain financial institutions and lenders of the Debtors. Paul, Weiss is a general purpose law firm that provides a full range of corporate, litigation, real estate, tax and bankruptcy services. Accordingly, Paul, Weiss provides regular outside counsel in a variety of matters to its clients, which have included or may currently or in the future include such parties. As noted above, Paul, Weiss will not represent any such parties in any matter relating to the chapter 11 cases or in connection with the Debtors. As such, I do not believe that Paul, Weiss's current or prior representations of such entities or their affiliates in unrelated matters preclude Paul, Weiss from being a disinterested party in these chapter 11 cases under the Bankruptcy Code.

20. Of the parties listed on **Exhibit 2**, only the following parties are entities or affiliates of entities that represented more than one percent of Paul, Weiss' fee receipts for the 12-month period ending on January 31, 2020: Citibank, N.A., Apollo Global Management LLC, and KKR & Co. L.P.

21. I joined Paul, Weiss in October 2017 from Kirkland & Ellis LLP. While at Kirkland, I represented Murray Energy Corporation, an affiliate of the Debtors. Robert Moore, the Debtors' President and Chief Executive Officer, is the Chief Executive Officer of Murray Energy Corporation. Both the Debtors and Murray Energy Corporation have consented to my representation of the Debtors in connection with these chapter 11 cases.

22. My wife, Stephanie Basta, is Chief People Officer at Prime Clerk LLC, the Debtors' noticing and claims agent. Ms. Basta's role at Prime Clerk is purely

administrative and, as such, she does not work on any of Prime Clerk's cases. No confidential details of Paul, Weiss's representation of the Debtors will be shared by Paul, Weiss with Prime Clerk or any other representatives of the Debtors.

23.    The Debtors are also seeking to retain (among others): (i) Armstrong Teasdale LLP, as local bankruptcy counsel, who will also serve as conflicts counsel with respect to any matters in which Paul, Weiss has an actual or perceived conflict of interest; (ii) FTI Consulting, Inc., as financial advisor to the Debtors; (iii) Jefferies LLC, as investment banker to the Debtors; and (iv) Prime Clerk LLC, as claims and noticing agent and administrative advisor to the Debtors (collectively, the "Chapter 11 Professionals") to provide professional services in these chapter 11 cases.  Paul, Weiss has worked with certain of the Chapter 11 Professionals in connection with preparation for the filing of these chapter 11 cases, and may have in the past worked for, with, or against the Chapter 11 Professionals in matters wholly unrelated to these chapter 11 cases.

24.    To the best of my knowledge and insofar as I have been able to ascertain after due inquiry, except as set forth herein and in the Disclosure Schedule, neither Paul, Weiss nor any of its partners, counsel, or associates has any connection with the Debtors or their affiliates, the Debtors' creditors, any party in interest, or their respective attorneys or accountants, any person employed in the Office of the United States Trustee for Region 13 (the "U.S. Trustee"), any Bankruptcy Judge currently serving on the Court, or any clerk, deputy, or personnel working in the Court, except (i) to the extent any partner, counsel, or associate (a) may have appeared in the past and may appear in the future in cases where one or more of such parties may be involved; and (b) may have represented or may represent one or more of such parties in interest in matters unrelated to these chapter 11 cases.

Doc#: US1:13606338v5

25.     In light of the extensive number of the Debtors' creditors and parties in interest and because definitive lists of all such creditors and other parties have not yet been obtained, neither I nor the Firm are able to conclusively identify all potential relationships at this time, and we reserve the right to supplement this disclosure as additional relationships come to our attention.  To the extent that I become aware of any additional relationships that may be relevant to Paul, Weiss's representation of the Debtors, I will promptly file a supplemental declaration.

26.     Based upon my review of all of Paul, Weiss's connections in these chapter 11 cases, I submit that Paul, Weiss is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that the Firm, its partners, counsel, and associates:

(a)     are not creditors, equity security holders, or insiders of the Debtors;

(b)     are not and were not, within two (2) years before the date of the filing of the petitions, a director, officer, or employee of the Debtors; and

(c)     do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

27.     Except as set forth above, to the best of my knowledge and insofar as I have been able to ascertain, neither Paul, Weiss nor any of its partners, counsel, or associates holds or represents any interest adverse to the Debtors or their estates in the matters upon which it is to be engaged.

## Coordination with Other Professionals

28.     As described above, the Debtors have submitted, or intend to submit, separate applications to retain the Chapter 11 Professionals.  Paul, Weiss will work closely (to the extent appropriate) with all such professionals, in conjunction with the Debtors'

Doc#: US1:13606338v5

management, to carefully monitor and coordinate the efforts of all such professionals and will delineate their respective duties so as to prevent duplication of services whenever possible.

### Attorney Statement Pursuant to Fee Guidelines

29.    The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Fee Guidelines.

**Question: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?**

Response: No.

**Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Response: No.

**Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments or discounts offered during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.**

Response: Paul, Weiss's rates for timekeepers for its prepetition engagement on this matter was $1,225 to $1,650 per hour for partners; $1,200 per hour for counsel; $495 to $1,110 per hour for staff attorneys and associates; and $115 to $380 per hour for paraprofessionals.  Postpetition, Paul, Weiss has not adjusted its billing rates since the Debtors engaged Paul, Weiss as bankruptcy counsel.

**Question:  Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?**

Response:  Paul, Weiss will be providing the Debtors with a prospective budget and staffing plan for the postpetition period.

30.    The foregoing constitutes the statement of Paul, Weiss pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014 and 2016.

Doc#: US1:13606338v5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 10, 2020

_/s/   Paul M. Basta_
Name: Paul M. Basta
Title:   Partner
          Paul, Weiss, Rifkind, Wharton & Garrison LLP

## **Exhibit 1**

**Potential Parties in Interest List**

**POTENTIAL PARTIES IN INTEREST**

***Current Officers and Directors***
Robert Moore
Nicholas Casey
Jeremy Harrison
Daniel Hermann
Robert Murray
Cody Nett
Lesslie Ray
Brian Sullivan

***Former Officers and Directors***

Rashda M. Buttar
James T. Murphy
Kevin T. Burns
Paul Vining
Anthony Webb

***Debtors***

Foresight Energy GP LLC
Foresight Energy LP
Foresight Energy LLC
Foresight Coal Sales LLC
Foresight Energy Employee Services
Corporation
Foresight Energy Finance Corporation
Foresight Energy Labor LLC
Foresight Energy Services LLC
Foresight Receivables LLC
Adena Resources, LLC
Akin Energy LLC
American Century Mineral LLC
American Century Transport LLC
Coal Field Construction Company LLC
Coal Field Repair Services LLC
Hillsboro Transport LLC
LD Labor Company LLC
Mach Mining, LLC
Macoupin Energy LLC
Maryan Mining LLC
M-Class Mining, LLC
Oeneus LLC
Seneca Rebuild LLC
Sitran LLC
Sugar Camp Energy, LLC
Williamson Energy, LLC
Tanner Energy LLC
Logan Mining LLC
Viking Mining LLC

Hillsboro Energy LLC
Patton Mining LLC

***Non-Debtor Affiliates***

Adena Minerals, L.L.C.
AMCA Coal Leasing, Inc.
AmCoal Holdings, Inc.
American Compliance Coal, Inc.
American Energy Corporation
American Equipment & Machine, Inc.
American Mine Services, Inc.
American Natural Gas, Inc.
AmericanHocking Energy, Inc.
AmericanMountaineer Energy, Inc.
AmericanMountaineer Properties, Inc.
Anchor Longwall And Rebuild, Inc.
Andalex Resources Management, Inc.
Andalex Resources, Inc.
Avonmore Rail Loading, Inc.
Belmont Coal, Inc.
Belmont County Broadcast Studio, Inc.
Canterbury Coal Company
CCC Land Resources LLC
CCC RCPC LLC
Central Ohio Coal Company
Coal Resources Holdings Co.
Coal Resources, Inc.
Colt LLC
Consolidated Land Company
Consolidation Coal Company
Corporate Aviation Services, Inc.
Eighty-Four Mining Company
Empire Dock, Inc.
Energy Resources, Inc.
Energy Transportation, Inc.
Foresight Reserves LP
Genwal Resources, Inc.
Javelin Global Commodities (UK) LTD
Javelin Global Commodities Holdings LLP
Javelin Global Commodities Ltd.
Javelin Investment Holdings LLC
Javelin Management Services LLP
Kanawha Transportation Center, Inc.
KenAmerican Resources, Inc.
Keystone Coal Mining Corporation
LIQVIS
Maple Creek Mining, Inc.
Maple Creek Processing, Inc.

16

McElroy Coal Company
Mill Creek Mining Company
Mon River Towing, Inc.
MonValley Transportation Center, Inc.
Murray American Coal, Inc.
Murray American Coal, INC.
Murray American Energy, Inc.
Murray American Kentucky Towing, Inc.
Murray American Minerals, Inc.
Murray American Resources, Inc.
Murray American River Towing, Inc.
Murray American Transportation, Inc.
Murray Colombian Resources, LLC
Murray Energy Holdings Co.
Murray Equipment & Machine, Inc.
Murray Global Commodities, Inc.
Murray Kentucky Energy Services, Inc.
Murray Kentucky Energy, Inc.
Murray Keystone Processing, Inc.
Murray South America, Inc.
Murray Utah Energy Services, Inc.
Ohio Energy Transportation, Inc.
Ohio Valley Resources, Inc.
OhioAmerican Energy, Incorporated
Oneida Coal Company, Inc.
PennAmerican Coal L.P.
PennAmerican Coal, Inc.
Pennsylvania Transloading, Inc.
Pinski Corp.
Pleasant Farms, Inc.
Premium Coal, Inc.
Ruger Coal Company, LLC
Ruger, LLC
Southern Ohio Coal Company
Spring Church Coal Company
Sunburst Resources, Inc.
T D K Coal Sales, Incorporated
The American Coal Sales Company
The Franklin County Coal Company
The Harrison County Coal Company
The Marion County Coal Company
The Marshall County Coal Company
The Mclean County Coal Company
The Meigs County Coal Company
The Monongalia County Coal Company
The Muhlenberg County Coal Company, LLC
The Muskingum County Coal Company
The Ohio County Coal Company
The Ohio Valley Coal Company
The Ohio Valley Transloading Company
The Oklahoma Coal Company

The Washington County Coal Company
The Western Kentucky Coal Company, LLC
Twin Rivers Towing Company
UMCO Energy, Inc.
Uniper Commodities UK Limited
Uniper SE
UtahAmerican Energy, Inc.
West Ridge Resources, Inc.
West Virginia Resources, Inc.
Western Kentucky Coal Resources, LLC
Western Kentucky Consolidated Resources, LLC
Western Kentucky Land Holding, LLC
Western Kentucky Rail Loadout, LLC
Western Kentucky Resources Financing, LLC
Western Kentucky Resources, LLC
Western Kentucky River Loadout, LLC

*Joint Ventures, Partnerships and Consortiums*

Foresight Reserves LP

*Five Percent and Greater Shareholders and Beneficial Owners*

Murray Energy Corporation
Cline Trust Company, LLC
Christopher Cline

*Creditor Advisors*
Lazard Asset Management
Akin Gump Strauss Hauer & Feld LLP
Milbank LLP
Perella Weinberg Partners

*Attorneys, Professionals and Financial Advisors (Including Accountants and Investment Banks)*

Armstrong Teasdale LLP
Jefferies Group LLC
Paul, Weiss, Rifkind, Wharton & Garrison LLP

***Significant Financial Institutions (Including Administrative Agents, Lenders and Equipment Financing)***

Bank Of New York Mellon
BB&T Equipment Finance Corporation
Caterpillar Financial Services Corp
CNB Bank & Trust
De Lage Landen Financial Services
FB Wealth Management
First Southern Bank
GE Capital
Great America Financial Services
HNB Equipment Finance
Lord Securities Corporation
Neopost USA Inc
Pitney Bowes Global Financial
PNC Bank, National Association
PNC Equipment Finance LLC
Ricoh USA Inc
The Huntington National Bank
US Bank Equipment Finance
Wells Fargo Financial Leasing Inc
Wells Fargo Vendor Financial
Wilmington Trust, National Association
Xerox Corporation

***Unions***

N/A

***Surety Issuers***

Argonaut Insurance Company

***Surety Obligees***

City of Hillsboro, Illinois
East Fork Township, Illinois
Illinois Department of Natural Resources
Dept of the Army, St. Louis District Corps of Engineers
Illinois Department of Natural Resources, Division of Oil and Gas
Illinois Department of Transportation
People of The State of Illinois
County of Williamson, State of Illinois
Eastern Township
Hamilton County Highway Department
Illinois Department of Natural Resources, Office of Mines and Minerals
Illinois Environmental Protection Agency

Jeffrey Watkins And Katelynn Watkins

***Letter of Credit Beneficiaries***

Canadian National Railway
Rockwood Casualty Insurance Co

***Significant Taxing Authorities***

Illinois Department of Revenue
Indiana Department of Revenue
Department of The Treasury
Franklin County Treasurer
Gallatin County Treasurer
Gregory Fx Daly Collector (St Louis City)
Hamilton County Tax Assessor
Henderson County Sheriff
Kentucky Dept of Revenue
Kentucky State Treasurer
Louisiana Dept of Revenue
Macoupin County Sheriff
Missouri Dept. of Revenue
Montgomery County Treasurer
Office of Surface Mining
Posey County Treasurer
Saline County Treasurer
United States Treasury
Williamson County Treasurer

***Royalty Contract Counterparties***

David C. Linn
David L. Scott
Donald E. Grant
Donald J. Busch
Donna S. Greener
Dora C. Munter
New River Royalty, LLC % Rob Boyd
Robert S. Barrett
Tennessee Valley Authority
Mildred Coats
Kristin Musgrave
William C. Stutz
Wendy L. Mcgill
Ricky L. Ellis
Rggs Land & Minerals, Ldt., L.P.
Michael C. Barrett
Michael L. & Debra E. Borecky
Montgomery County
Amanda & Andrew Wilson
Amy Engstrom

Andrew Miller
Ann E. Moody
Betty Rueger
Beverly Jones
Billie L. Killam
Bonnie Frost
Bret D. & Michelle E. Webb
Brian S. & Connie J. Magsig
Carol Ann Roberts, Trustee of Roberts Trust
Carolyn F. Moore
City of Johnston City
Danny R. & Colleen F. Harrelson
David M. & Karen Y. Mandrell
David R. Schlosser
David Wayne Hayes
Delbert & Carol L. Kern
Dennis W. Miller Trustee Of Miller Trust
Dorothy L. Slater
Edward D. Kocher
Eric Johnson
First Baptist Church Of McLeansboro
Gary F. Re
Gary Lee & Brenda K. Hutchcraft
Gerald E. Ellis
Gloria M. Ellis
Hawley H. Maclean
Hod, LLC % Jay Perry
Hurricane Creek Farms, INC.
Mt Olive and Staunton Coal Company
James & Lu Ann Anderson
James T. Flannigan % David Flannigan Poa
Jane W. Kuba
Janet E. Leslie
Janet Roberson
Jason A. Barrett
Joan Niehaus
John B. Maclean
John D. Mann
John R. Mcgill
John S. Leslie
Judy Grebe
June K. Behrends
Karen S. Cardey-Harris
Kenneth D. & Sheila K. Summers
Kenneth R. & Jan Wheat
Kevin Barrett
Larry E. Taylor
Liberty Land, LLC
Linda L. Jeter
Linda Webster
Lindner Living Trust

Loren C. & Mildred Anderson
Louise Biehl Aka Martha Biehl
M. Lynne Maclean
Marshall G. Hayes, Jr.
Mary S. Zimmerman
Matther E. Kocher
Maurice Ellis
Micah & Marietta Miller
Michael G. Maclean
Mike Buntin
Morris & Karan Clark
Paul & Judy Maurer
Phillip E. Ellis
Phyllis Bretsch
Randy L. & Rebecca A. Wright
Randy W. Ellis
Reginal W. Barrett
Rhanda R. Ellis
Robert Buntin
Robert M. & Patricia A. Miller
Rory M. Maclean
Rosenburg Farms INC % Harry Rosenburg
Ruby Grebe
Sally J. Johnson
Sheila Breslich
Shelley Hayes-Hueber
Stephan P. & Stefani R. Miller
Stephen R. Maclean
Tonya Bledsoe Vanfossen
Vicki D. Mcgill
Virginia T. Hills
Walter J. & Phyllis A. Jagiello
William B. Johnson
US Steel

***Regulatory Agencies (e.g., Department of
Interior, Mine Safety Administration, OSHA,
and State and Local Regulators)***

Illinois Department of Transportation
Illinois Environmental Protection Agency
Indiana Department of Environmental
Management
Montgomery County Water Authority
U.S. Department of Labor Mine Safety and
Health Administration
United States Army Corps of Engineers
United States Department of The Interior
United States Environmental Protection Agency
Williamson County

*Parties to Significant Litigation*

Fletcher Brimer
Andrea Bruington
Danielle Clark
Carrie Cox
Kirby Crabtree
Federal Insurance Company
Tina Franklin
James Gass
Marjorie Harris
Dwight Jackson
Karenn Jones
David Lee Bishop II
Cory Leitschuh
Justin Lindsay
Jonathan Lintner
Tye Malone
Ricky L. Mcdaniel
Arleen Meracle
Reba Mitchell
Mitchell/Roberts Partnership
Jamie L. Moles
Terra Payne
Shawn Rorer
Steven D. Sniderwin
The Estate of Russel J. Inman
Justin Walker
Jeffrey Watkins
Robert Yeske

*Significant Suppliers, Shippers,
Warehousemen, and Vendors*

BNSF Railway Company
Jabo Supply Corporation
K & E Technical INC
Maka Excavating INC
Norfolk Southern Railway Company
Raben Tire Company

*Insurers*

Ace American Insurance Company
Allianz Global Corporate & Specialty
Allied World Assurance Company Holdings,
Ltd
American International Group
Amtrust Financial
Apollo Insurance
Aspen Insurance Holdings Limited

Axis Capital
Beazley PLC
Brit Insurance US
CNA Financial
Continental Casualty Insurance Company
Continental Insurance Co
Endurance American Insurance Co.
Evanston Insurance Co
Houston International Insurance Group
Illinois National Insurance Co
Lexington Insurance Company
Liberty Mutual
Liberty Specialty Markets Bermuda Limited.
Lloyd's of London
Markel International Ltd
MS Amlin
National Union Fire Insurance Co of Pittsburgh
PA
Navigators Insurance Co.
Oil Casualty Insurance, Ltd.
RSUI Indemnity
Sompo International Insurance
Starr Surplus Lines Insurance Company
Starstone Specialty Insurance Co.
The Insurance Company of the State of
Pennsylvania
The Travelers Indemnity Company
Twin City Fire Insurance Company
United States Fire Insurance Co.
US Aircraft Insurance Group
Water Quality Insurance Syndicate
Xl Specialty Insurance Company
Zurich Insurance Group

*Insurance Brokers*

AON Risk Services Central Inc
The Reschini Group
United States Trustee's Office

*Bankruptcy Judges (Eastern District of
Missouri)*

*1L Lender*
AIG SENIOR FLOAT RATE
AMERICAN HONDA MASTER RETIRE
ASSURANT CLO I LTD
ASSURANT CLO II LTD
ASSURANT CLO III LTD

ASSURANT CLO IV LTD
B&M CLO 2014-1 LTD
BANK OF AMERICA N.A
BARCLAYS BANK PLC NY
BDCA-CB FUNDING
BEN ST PTR SNR SEC MST NON US
BEN ST PTR SNR SEC U MF NON US
BEN ST PTRS CAP OPP FD LP
BEN ST PTRS SEN SEC OPP FD LP
BENEFIT SRTEET PTRS CLO V-B
BENEFIT ST PARTNERS CLO VII
BENEFIT STREET PARTNERS SMA LM
BENEFIT STREET PARTNERS SMA-K
BENEFIT STREET PTNRS CLO I
BENEFIT STREET PTNRS CLO II
BENEFIT STREET PTNRS CLO III
BENEFIT STREET PTNRS CLO IV
BENEFIT STREET PTNRS CLO IX
BENEFIT STREET PTNRS CLO VI
BENEFIT STREET PTNRS CLO VIII
BENEFIT STREET PTNRS CLO X
BENEFIT STREET PTNRS CLO XI
BENEFIT STREET PTNRS CLO XII
BENEFIT STREET PTNRS CLO XIV
BENEFIT STREET PTNRS CLO XV
BENEFIT STREET PTRS CLO XVI
BLACK DIAMOND CLO 2013-1 LTD
BLACK DIAMOND CLO 2014-1 LTD
BLUEMOUNTAIN CLO 2013-1 LTD
BLUEMOUNTAIN CLO 2014-2 LTD
BLUEMOUNTAIN CLO 2015-1 LTD
BLUEMOUNTAIN CLO 2015-2 LTD
BLUEMOUNTAIN CLO 2015-3 LTD
BLUEMOUNTAIN CLO 2015-4 LTD
BLUEMOUNTAIN CLO 2016-1 LTD
BLUEMOUNTAIN CLO 2016-3 LTD
BLUEMOUNTAIN CLO 2018-1
BLUEMOUNTAIN CLO 2018-2 LTD
BLUEMOUNTAIN CLO 2018-3 LTD
BLUEMOUNTAIN FUJI US CLO II
British Coal Staff Superannuation Scheme
BSP SPECIAL SITUATIONS MST A
CENT CLO 19 LIMITED
CENT CLO 21 LIMITED
CENT CLO 24 LIMITED
CHUBB BERMUDA INSURANCE LTD
CHUBB TEMPEST REINSURANCE LTD
CITI LOAN FUNDING CHELT
CITY OF PHOENIX EMP RET PLAN
CLINE RESOURCE AND DEV COMPANY
COLUMBIA CENT CLO 27 LTD

COLUMBIA CENT CLO 28 LIMITED
COLUMBIA FLOATING RATE FUND
CORBIN ERISA OPPORTUNITY FUND
CORBIN OPPORTUNITY FUND LP
CORPORATE CAPITAL TRUST II
CREDIT SUISSE LOAN FUNDING
CVP CASCADE CLO-2 LTD.
CVP CASCADE CLO-I LTD.
CVP CLO 2017-1 LTD
CVP CLO 2017-2 LTD
DDJ CAP MAN GP TRUST-HYF 2017
DESTINATIONS CORE FIXED INC FD
DEUTSCHE BANK AG CAYMAN ISLAND
DOUBLELINE CORE FIXED INCOME
DOUBLELINE FLEXIBLE INC FD
DOUBLELINE FLOATING RATE FUND
DOUBLELINE INCOME SOLUTIONS FD
DOUBLELINE OPP INC MASTER FUND
DOUBLELINE OPPORTUNISTIC CR FD
DOUBLELINE SHILLER ENHANCED
ELLINGTON CLO I
ELLINGTON CLO II LTD
ELLINGTON CLO III LTD
ELLINGTON CLO IV LTD
FRANKLIN LTD DURATION INC TST
FS INVESTMENT CORPORATION II
FS INVESTMENT CORPORATION III
FS MULTI ALTERNATIVE INCOME FD
GENERAL ORG FOR SOCIAL INS
GN3 SIP LIMITED
GOLDENTREE 2004 TRUST
GOLDENTREE CREDIT OPPS 2012-1
GOLDENTREE LOAN MGMT US CLO 2
GOLDENTREE LOAN MGMT US CLO 4
GOLDENTREE LOAN MGMT US CLO I
GOLDENTREE LOAN MGT US CLO 3
GOLDENTREE LOAN OPPS IX LTD
GOLDENTREE LOAN OPPS X LTD
GOLDENTREE LOAN OPPS XI LTD
GOLDENTREE LOAN OPPS XII LTD
GOLDMAN SACHS LENDING PTNRS
GT LOAN FINANCING I LTD
GT NM LP
GTAM 110 DAC
HARTFORD TOTAL RETURN BOND ETF
HARTFORD TOTAL RETURN BOND HLS
HEALTH NET OF CALIFORNIA INC
HIGH YIELD AND BANK LOAN SERIE
HYFI AQUAMARINE LOAN FUND
IVY APOLLO MULTI-ASSET INCOME
IVY APOLLO STRATEGIC INCOME FD

IVY HIGH INCOME FUND
IVY HIGH INCOME OPPORTUNITIES
IVY VIP HIGH INCOME
JNL/DOUBLELINE CORE FIXED INC
JNL/DOUBLELINESHILLER ENHANCED
JNL/FPA+DOUBLELINE FLEX ALL FD
JOHN HANCOCK VARIABLE INS TST
KKR BESPOKE GLO CR OPP IRELAND
KKR CLO 10 LTD
KKR CLO 11 LTD
KKR CLO 12 LTD
KKR CLO 13 LTD
KKR CLO 14 LTD
KKR CLO 15 LTD
KKR CLO 16 LTD
KKR CLO 17 LTD
KKR CLO 18 LTD
KKR CLO 19 LTD
KKR CLO 20 LTD
KKR CLO 21 LTD
KKR CLO 22 LTD
KKR CLO 23 LTD
KKR CLO 24 LTD
KKR CLO 25 LTD
KKR CLO 9 LTD
KKR DAF GL OPP CR FD DAC
KKR FINANCIAL CLO 2013-1 LTD
KKR GLOBAL CR OPPS MASTER FUND
KKR INCOME OPPS FUND
KKR JP LOAN FD B 2018
KKR SENIOR FLT RATE INC FUND
LANDMARK WALL SMA SPV LP
LOUISIANA STATE EMP GLDN TREE
MARATHON CLO IX LTD
MARATHON CLO V LTD
MARATHON CLO VI, LTD
MARATHON CLO VII, LTD
MARATHON CLO VIII, LTD
MARATHON CLO X LTD
MARATHON CLO XI LTD
MEADOWVEST FUNDING
METROPOLITAN SERIES FUND - MET
MIDTOWN ACQUISITIONS L.P.
MINEWORKERS PENSION SCHEME
NEWSTAR EXETER FUND CLO
NEWSTAR FAIRFIELD FUND CLO LTD
NTCC HIGH YIELD BOND FUND
OAKTREE CLO 2014-1 LTD.
OAKTREE CLO 2015-1 LTD
OAKTREE CLO 2018-1 LTD
OAKTREE CLO 2019-1 LTD

OAKTREE CLO 2019-2 LTD
OAKTREE EIF III SERIES I, LTD
OAKTREE EIF III SERIES II
OAKTREE SENIOR LOAN FUND
OREGON PUBLIC EMPL RETIREMENT
PARALLEL 2015-1 LTD
PARALLEL 2017-1 LTD
PARALLEL 2018-1 LTD
PARALLEL 2018-2 LTD
PARALLEL 2019-1 LTD
QUAMVIS SCA SICAV-FIS: CMAB
SAEV MASTERFONDS WELLINGTON GL
SAFETY INSURANCE COMPANY
SAN BERNARDINO COUNTY EMPLOYEE
SEASONS SERIES TRUST-SA MULTI
SEI ENERGY DEBT FUND, LP
SEI GLOBAL MST FD-HIGH YIELD
SEI INS MAN TST - HIGH YIELD
SEI INST INVS TST - HIGH YIELD
SHRINERS HOSPITALS FOR CHILDRE
TACTICAL VALUE SPN-GLOBAL CR
THE CLINE TRUST COMPANY
THE HARTFORD FLOAT RATE FUND
THE HARTFORD FLOAT RATE HIGH
THE HARTFORD STRATEGIC INC FD
THE HARTFORD TOTAL RETURN BOND
THE MANGROVE PARTNERS MST FD
TICP CLO VI 2016-2 FUNDING LTD
TREASURY OF THE STATE OF NORTH
CAROLINA
US HIGH YIELD BOND FUND
VENTURE 28A CLO LIMITED
VENTURE 35 CLO LIMITED
VENTURE 36 CLO
VENTURE XII CLO LIMITED
VENTURE XIII CLO LIMITED
VENTURE XIV CLO LIMITED
VENTURE XIX CLO LIMITED
VENTURE XV CLO LIMITED
VENTURE XVI CLO LIMITED
VENTURE XVII CLO LIMITED
VENTURE XVIII CLO LIMITED
VENTURE XX CLO LIMITED
VENTURE XXI CLO LIMITED
VENTURE XXII CLO LIMITED
VENTURE XXIII CLO LIMITED
VENTURE XXIV CLO LIMITED
VENTURE XXIX CLO LIMITED
VENTURE XXV CLO LIMITED
VENTURE XXVI CLO LIMITED
VENTURE XXVII CLO LIMITED

VENTURE XXVIII CLO
WADDELL & REED FINANCIAL
WCF MUTUAL INSURANCE COMPANY
WELLINGTON MULTI-SECTOR CR FD
WELLINGTON TS CO MULSEC CRD II
WELLINGTON TST CO NAMCIF TSTII
WELLINGTON TST CO NAMCTFT CBP
WELLINGTON TST CO NAMCTFT OFIA
WELLINGTON TST CO NAMCTFT OISB
WELLINGTON TST CO NAMCTFT UNFI
WELLINGTON WORLD BOND FUND
WMC LOAN FUND 2018
ZAIS CLO 1 LTD
ZAIS CLO 11 LTD
ZAIS CLO 13 LTD
ZAIS CLO 2 LTD
ZAIS CLO 3 LTD
ZAIS CLO 5 LTD
ZAIS CLO 6 LTD
ZAIS CLO 7 LTD
ZAIS CLO 8 LIMITED
ZAIS CLO 9 LTD

***2L Lenders***
Bank Of America Merrill Lynch
Bank Vontobel AG (Asset Management)
Blackrock Advisors, LLC
Davidson Kempner Capital Management, L.P.
DDJ Capital Management, LLC
Doubleline Capital, L.P.
Dynagest S.A.
Euroclear Bank
Flow Traders U.S., LLC
Foxhill Capital Partners, LLC
Garland Business Corp
Goldentree Asset Management, L.P. (U.S.)
HSBC Bank USA, N.A. (Private Banking)
Hutch Capital Management LLC
KKR Credit Advisors (US), LLC
Mellon Investments Corporation
Northern Trust Investments, INC.
Robeco Institutional Asset Management Bv
Seix Investment Advisors, LLC
State Street Global Advisors (SSGA)
The Cline Group
Thunderwood Capital, LLC
Wellington Management Company, LLP
Wells Fargo Securities, LLC

***Top 50 Unsecured Creditors***

Bankdirect Capital Finance
Buchanan Pump Service
C & C Pumps & Supply INC
Conn-Weld Industries INC
Date Mining Supply LLC
Evansville Western Railway INC
Fabick Mining INC
Flanders Electric Motor Service
Fuchs Lubricants Co
H. Drexel Short
Heritage Cooperative INC
Ingram Barge Company
International Belt Sales LLC
Jennchem Mid-West
Jennmar Of West Kentucky INC
Jennmar Sanshell Products INC
Jennmar Services
JM Conveyors, LLC
John Fabick Tractor Company
Joy Global Conveyors INC
Joy Global Underground Mining LLC
Mayo Manufacturing Co INC
MCA Administrators INC
Miller Contracting Services
Mine Supply Company
Motion Industries
Oak Hill Contractors
Polydeck Screen Corporation
R M Wilson Co INC
Raven Energy LLC
RGGS Land & Minerals
Seetech LLC
SNF Mining INC
State Electric Supply Co
Swanson Industries
United Central Industrial Supply
US United Bulk Terminal
Wallace Electrical Systems LLC
Wallace Industrial LLC
WPP LLC
Xylem Dewatering Solutions INC

***Utilities***

Akin Water District
Ameren Illinois
AT&T
AT&T Teleconference Services
Bulldog Systems INC
Centurylink
Charter Communications

CMC Rural Water District
ConferTel
Consolidated Communications
Corinth Water District
CWI Of Illinois #732
DC Waste & Recycling INC
Flowers Sanitation Service
Frontier Communications
Futiva LLC
Hamilton County Water
Hostway Billing Center
Level 3 Financing INC
MJM Electric Cooperative INC
Rend Lake Conservancy District
Sit-Co LLC
Southeastern Illinois Electric
Vectren Energy Delivery
Verizon Wireless
Wayne-White Counties Electric
Windstream Communications

### Significant Customers

Archer Daniels Midland Company
Big Rivers Electric Corporation
Cemex Southeast, LLC
City of Lakeland
Duke Energy Indiana, INC.
Duke Energy Kentucky, INC.
Duke Energy Progress
Dynegy Commercial Asset Management, LLC
East Kentucky Power Cooperative, INC.
Georgia Power Company
Gulf Power Company
Louisville Gas & Electric Company
Orlando Utilities Commission
South Carolina Public Service Authority
Southern Illinois Power Cooperative
Tampa Electric Company
The American Coal Company

### Significant Competitors

Alliance Resource Partners, L.P.
Arch Coal
Cloud Peak Energy Inc.
Consol Energy Inc.
Contura Energy
Hallador Energy Company
Knight Hawk Coal LLC
Peabody Energy
Sunrise Coal LLC

### Unsecured Creditors' Committee

TBD

### Ordinary Course Professionals

Benesch, Friedlander, Coplan And Aronoff LLP
Bingham Greenebaum Doll LLP
Black Ballard Mcdonald PC
Ciuni & Panichi
Corporate Service Company
Dinsmore and Shohl LLP
Ernst & Young LLP
Greensfelder, Hemker & Gale, P.C.
Hardy Pence PLLC
Heyl, Royster
Kupiec & Martine, LLC
Ogletree Deakins Nash
Pillsbury Winthrop Shaw Pittman LLP
Polsinelli PC
Pricewaterhousecoopers LLP
Protiviti INC
Sandberg Phoenix & Von Gontard PC
Shands, Elbert, Gianoulakis & Giljum, LLP
Swanson Martin & Bell LLP
The Brennan Group, LLC
Wilson Elser Moskowitz Edelman & Dicker LLP

## **Exhibit 2**

**Disclosure Schedule**

| Matched Entity | Relationship To Debtors | Relationship to Paul Weiss[1] |
|---|---|---|
| Ace American Insurance Company | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |
| AIG Senior Float Rate | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| Allianz Global Corporate & Specialty | Debtors' Insurer | Subsidiary or Affiliate of a Former Client |
| American International Group | Debtors' Insurer | Current Client |
| Amtrust Financial | Debtors' Insurer | Current Client |
| AON Risk Services Central Inc. | Debtors' Insurance Broker | Subsidiary or Affiliate of a Current Client |
| Apollo Insurance | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |
| Argonaut Insurance Company | Debtors' Surety Issuer | Subsidiary or Affiliate of a Current Client |
| Aspen Specialty Insurance Company | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |
| AT&T | Debtors' Utility | Subsidiary or Affiliate of a Current Client |
| AT&T Teleconference Services | Debtors' Utility | Subsidiary or Affiliate of a Current Client |
| Axis Capital | Debtors' Insurer | Subsidiary or Affiliate of a Former Client |

---

[1] The term "current client" means an entity listed as a client, or related to a client, in Paul, Weiss's conflicts search system where that matter is reported as open. The term "former client" means any entity listed as a client, or related to a client, in the Paul, Weiss conflicts search system where the matter is reported as closed within the last three (3) years. Whether an actual client relationship exists can only be determined by reference to the documents governing Paul, Weiss's representation rather than its potential listing in Paul, Weiss's conflicts search system.  The following table of entities, generated by the conflicts search system, is overinclusive for disclosure purposes.

| | | |
|---|---|---|
| Bank of America Merrill Lynch | Debtors' 1L Lender, Debtors' 2L Bondholder | Current Client |
| Bank of New York Mellon | Debtors' Significant Financial Institution | Current Client |
| Barclays Bank | Debtors' 1L Lender | Current Client |
| BB&T Equipment Finance Corporation | Debtors' Significant Financial Institution | Subsidiary or Affiliate of a Former Client |
| Beazley PLC | Debtors' Insurer | Former Client |
| Benefit Street Partners Funds[2] | Debtors' 1L Lender | Subsidiaries or Affiliates of a Current Client |
| BlackRock Advisors LLC | Debtors' 2L Bondholder | Subsidiary or Affiliate of a Current Client |
| BlueMountain Funds[3] | Debtors' 1L Lender | Subsidiaries or Affiliates of a Current Client |
| CNA Financial | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |
| Caterpillar Financial Services Corp. | Debtors' Significant Financial Institution | Subsidiary or Affiliate of a Former Client |
| CenturyLink | Debtors' Utility | Former Client |
| Charter Communications | Debtor' Utility | Current Client |

---

[2]   The Benefit Street Partners Funds:  BDCA-CB Funding LLC, Benefit Street Partners Senior Secured Mst Non US, Benefit Street Partners Senior Secured U Master Fund Non US, Benefit Street Partners Capital Opportunity Fund LP, Benefit Street Partners Senior Secured Opportunity Fund LP, Benefit Street Partners CLO V-B, Benefit Street Partners CLO VII, Benefit Street Partners SMA LM, Benefit Street Partners SMA-K, Benefit Street Partners CLO I, Benefit Street Partners CLO II, Benefit Street CLO III, Benefit Street Partners CLO IV, Benefit Street Partners CLO IX, Benefit Street Partners VI, Benefit Street Partners CLO VII, Benefit Street Partners CLO X, Benefit Street Partners CLO XI, Benefit Street Partners CLO XII, Benefit Street Partners CLO XIV, Benefit Street Partners XV, Benefit Street Partners XVI, BSP Special Situations MST A and Landmark Wall SMA SPV LP.  None of these funds are current or former clients.  Each of these funds would be classified as Subsidiaries or Affiliates of a Former Client.

[3]   The BlueMountain Funds include:    BlueMountain CLO 2013-1 Ltd, BlueMountain ClO 2014-1 Ltd, BlueMountain CLO 2015-1 Ltd, BlueMountain CLO 2015-2, BlueMountain CLO 2015-3 Ltd, BlueMountain CLO 2015-4 Ltd, BlueMountain CLO 2016-1 Ltd., BlueMountain CLO 2016-3 Ltd, BlueMountain CLO 2018-1 Ltd, BlueMountain CLO 2018-2 Ltd, BlueMountain CLO 2018-3 Ltd and BlueMountain Fuji US CLO II.  None of these funds are current or former clients of the firm.  Each of these funds would be classified as Subsidiaries or Affiliates of a Current Client.

| Chubb Bermuda Insurance Ltd | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| Chubb Tempest Reinsurance Ltd | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| Citi Loan Funding Chelt LLC | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| Continental Casualty Insurance Company | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |
| Continental Insurance | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |
| Contura Energy | Debtors' Significant Competitor | Former Client |
| Credit Suisse Loan Funding LLC | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| Davidson Kempner Capital Management LP | Debtors' 2L Bondholder | Current Client |
| De Lage Landen Financial Services | Debtors' Significant Financial Institution | Subsidiary or Affiliate of a Former Client |
| Deutsche Bank AG Cayman Island | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| Doubleline Capital LP | Debtors' 2L Bondholder | Former Client |
| Doubleline Funds[4] | Debtors' 1L Lender | Subsidiaries or Affiliates of a Former Client |
| Dynegy Commercial Asset Management LLC | Debtors' Significant Customer | Subsidiary or Affiliate of a Current Client |
| Ellington Funds[5] | Debtors' 1L Lender | Subsidiaries or Affiliates of |

---

[4]    The Doubleline Funds include:  Doubleline Core Fixed Income, Doubleline Flexible Inc. Fund, Doubleline Floating Rate Fund, Doubleline Income Solutions Fund, Doubleline Opportunity Inc Master Fund, Doubleline Opportunistic Credit Fund, Doubleline Shiller Enhanced, Parallel 2015-1 Ltd, Parallel 2017-1 Ltd, Parallel 2018-1 Ltd, Parallel 2018-2 Ltd and Parallel 2019-1 Ltd.  None of these funds are current or former clients of the firm.  Each would be classified as a Subsidiary or Affiliate of a Former Client.

[5]    The Ellington Funds include:  Ellington CLO I Ltd, Ellington CLO II Ltd, Ellington CLO III Ltd and Ellington CLO IV Ltd.  None of these funds are current or former clients of the firm.  Each would be classified as a Subsidiary or Affiliate of a Former Client.

| | | a Former Client |
|---|---|---|
| Endurance American Insurance Co. | Debtors' Insurer | Subsidiary or Affiliate of a Former Client |
| Ernst & Young LLP | Debtors' Ordinary Course Professional | Former Client |
| Evanston Insurance Co. | Debtors' Insurer | Subsidiary or Affiliate of a Former Client |
| Evansville Western Railway Inc. | Debtors' Top 50 Unsecured Creditor | Subsidiary or Affiliate of a Former Client |
| Federal Insurance Company | Debtors' Party to Significant Litigation | Subsidiary or Affiliate of a Current Client |
| Foresight Energy[6] | Debtors' Debtor Affiliate | Current Client |
| Foxhill Capital Partners | Debtors' 2L Bondholder | Subsidiary or Affiliate of a Former Client |
| GE Capital | Debtors' Significant Financial Institution | Subsidiary or Affiliate of a Current Client |
| Goldentree Asset Management LP | Debtors' 2L Bondholder | Current Client |
| Goldentree Funds[7] | Debtors' 1L Lender | Subsidiaries or Affiliates of a Current Client |
| Goldman Sachs Lending Partners | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| Gulf Power Company | Debtors' Significant Customer | Subsidiary or Affiliate of a Former Client |

---

[6] The other Debtor Affiliates, except Murray Energy, and Non-Debtor Affiliates, except Javelin Global Commodities, were not included in the list since they were not a client or former client of the firm. However each would be characterized as Subsidiaries of Affiliate of our Current Client, Foresight Energy.

[7] The Goldentree Funds Include: GN3 SIP Limited, Goldentree 2004 Trust, Goldentree Credit Opps 2012-1, Goldentree Loan Management US CLO 2, Goldentree Loan Management US CLO 4, Goldentree Loan Management US CLO 1, Goldentree Loan OPPS IX Ltd, Goldentree Loan Opps X Ltd, Goldentree Loan Opps XI Ltd, Goldentree Loan Opps XII Ltd, GT Loan Financing 1 Ltd, GTAM 11 DAC and GT NM LP. None of these funds are current or former clients of the firm. Each would be classified as a Subsidiary or Affiliate of a Current Client.

| | | |
|---|---|---|
| HSBC Bank N.A. | Debtors' 2L Bondholder | Current Client |
| Ivy Apollo Multi-Asset Income Fund | Debtors' 1L Lender | Current Client |
| Ivy Apollo Strategic Income Fund | Debtors' 1L Lender | Current Client |
| Ivy High Income Fund | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| Ivy High Income Opportunities Fund | Debtors' 1L Lender | Former Client |
| Ivy VIP High Income | Debtors' 1L Lender | Former Client |
| JNL/DoubleLine Funds[8] | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| John Hancock Variable Insurance Trust | Debtors' 1L Lender | Subsidiary or Affiliate of a Former Client |
| KKR Credit Advisors | Debtors' 2L Bondholder | Subsidiary or Affiliate of a Current Client |
| KKR Funds[9] | Debtors' 1L Lender | Subsidiaries or Affiliates of a Current Client |
| Lazard Asset Management | Creditor Advisor | Current Client |
| Lexington Insurance Company | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |
| Liberty Mutual | Debtors' Insurer | Former Client |
| Mangrove Partners Master | Debtors' 1L Lender | Subsidiary or Affiliate of a |

---

[8]  The JNL/Doubleline Funds include:  JNL/Doubleline Core Fixed Income Fund, JNL/Doubleline Shiller Enhanced Cape Fund and JNL/FPA+Doubleline Flexible Allocation Fund.  None of these funds are current or former clients of the firm.  Each would be classified as a Subsidiary or Affiliate of a Current Client.

[9]  The KKR Funds include:  Corporate Capital Trust II, FS Investment Corporation II, FS Investment Corporation III, KKR CLO 9 Ltd, KKR CLO 10 Ltd, KKR CLO 11 Ltd, KKR CLO 12 Ltd, KKR CLO 13 Ltd, KKR CLO 14 Ltd, KKR CLO 15 Ltd, KKR CLO 16 Ltd, KKR CLO 17 Ltd, KKR CLO 18 Ltd, KKR CLO 19 Ltd, KKR CLO 20 Ltd, KKR CLO 21 Ltd, KKR CLO 22 Ltd, KKR CLO 23 Ltd, KKR CLO 24 Ltd, KKR CLO 25 Ltd, KKR DAF Global Opportunistic Credit Fund DAC, KKR Financial CLO 2013-1 Ltd, KKR Global Credit Opportunities Master Fund, KKR Income Opportunities Fund, KKR JP Loan Fund B 2018, KKR Senior Floating Rate Income Fund, and Tactical Value SPN Global Credit.  None of these funds are current or former clients of the firm.  Each would be classified as a Subsidiary or Affiliate of a Current Client.

| Fund | | Former Client |
|---|---|---|
| Marathon Funds[10] | Debtors' 1L Lender | Subsidiaries or Affiliates of a Former Client |
| Markel International | Debtors' Insurer | Subsidiary or Affiliate of a Former Client |
| Mellon Investments Corporation | Debtors' 2L Bondholder | Subsidiary or Affiliate of a Current Client |
| Metropolitan Series Fund - MET | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| Midtown Acquisitions LP | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| Motion Industries | Debtors' Top 50 Unsecured Creditor | Subsidiary or Affiliate of a Former Client |
| MS Amlin | Debtors' Insurer | Subsidiary or Affiliate of a Former Client |
| Murray Energy Corporation | Debtors' Five Percent or Greater Shareholder and Beneficial Owner, Debtors' Non-Debtor Affiliate | Subsidiary or Affiliate of a Current Client |
| National Union Fire Insurance Co. of Pittsburgh | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |
| New River Royalty LLC | Debtors' Royalty Contract Counterparty | Subsidiary or Affiliate of a Current Client |
| Northern Trust Investments Inc. | Debtors' 2L Bondholder | Subsidiary or Affiliate of a Current Client |
| NTCC High Yield Bond Fund | Debtors' 1L Lender | Subsidiary or Affiliate of a Former Client |
| Oaktree Funds[11] | Debtors' 1L Lender | Subsidiaries or Affiliates of |

---

[10]   The Marathon Funds include:  Marathon CLO IX Ltd, Marathon CLO V Ltd, Marathon CLO VI Ltd, Marathon CLO VII Ltd, Marathon CLO VIII Ltd, Marathon CLO X Ltd and Marathon CLO XI Ltd.  None of these funds are current or former clients of the firm.  Each would be classified as a Subsidiary or Affiliate of a Former Client.

| | | a Current Client |
|---|---|---|
| Oil Casualty Insurance Ltd. | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |
| People of the State of Illinois | Debtors' Surety Obligee | Former Client |
| Perella Weinberg Partners | Creditor Advisor | Current Client |
| PNC Bank National Association | Debtors' Significant Financial Institution | Subsidiary or Affiliate of a Current Client |
| Raben Tire Company | Debtors' Significant Suppliers, Shippers, Warehousemen and Vendors | Subsidiary or Affiliate of a Current Client |
| Robeco Institutional Asset Management Co. | Debtors' 2L Bondholder | Subsidiary or Affiliate of a Current Client |
| Rockwood Casualty Insurance Co. | Debtors' Letter of Credit Beneficiary | Subsidiary or Affiliate of a Current Client |
| Seasons Series Trust- SA Multi | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
| Seix Investment Advisors LLC | Debtors' 2L Bondholder | Subsidiary or Affiliate of a Former Client |
| Sompo International Insurance | Debtors' Insurer | Subsidiary or Affiliate of a Former Client |
| State Street Global Advisors | Debtors' 2L Bondholder | Subsidiary or Affiliate of a Former Client |
| Swanson Industries | Debtors' Top 50 Unsecured Creditor | Subsidiary or Affiliate of a Current Client |
| The Insurance Company of the State of Pennsylvania | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |

---

[11] The Oaktree Funds include: Oaktree CLO 2014-1 Ltd, Oaktree CLO 2015-1 Ltd, Oaktree CLO 2018-1Ltd, Oaktree CLO 2019-1 Ltd, Oaktree CLO 2019-2 Ltd, Oaktree EIR III Series I Ltd, Oaktree EIF III Series II Ltd and Oaktree Senior Loan Fund. None of these funds are current or former clients of the firm. Each would be classified as a Subsidiary or Affiliate of a Current Client.

| TICP CLO VI 2016-2 Funding Ltd | Debtors' 1L Lender | Subsidiary or Affiliate of a Current Client |
|---|---|---|
| Twin City Fire Insurance | Debtors' Insurer | Subsidiary or Affiliate of a Former Client |
| United States Treasury | Debtors' Significant Taxing Authority | Former Client |
| US Bank Equipment Finance | Debtors' Significant Financial Institution | Subsidiary or Affiliate of a Current Client |
| Vectren Energy Delivery | Debtors' Utility | Subsidiary or Affiliate of a Former Client |
| Verizon Wireless | Debtors' Utility | Current Client |
| Waddell & Reed Financial | Debtors' 1L Lender | Former Client |
| Wellington Funds[12] | Debtors' 1L Lender | Subsidiaries or Affiliates of a Former Client |
| Wellington Management Company LLP | Debtors' 2L Bondholder | Former Client |
| Wells Fargo Financial Leasing Inc. | Debtors' Significant Financial Institution | Subsidiary or Affiliate of a Current Client |
| Wells Fargo Securities LLC | Debtors' 2L Bondholder | Current Client |
| Wells Fargo Vendor Financial | Debtors' Significant Financial Institution | Subsidiary or Affiliate of a Current Client |
| Wilmington Trust National Association | Debtors' Significant Financial Institution | Current Client |
| WMC Loan Fund 2018 | Debtors' 1L Lender | Subsidiary or Affiliate of a |

---

[12] The Wellington Funds include: SAEV Masterfonds Welllington Global High Yield, Wellington Multi-Sector Credit Fund, Wellington Trust Company Multi-Sector Credit Fund II, Wellington Trust Company National Association Multiple Collective Investment Fund Trust II, Wellington Trust Company National Association Multiple Collective Trust Fund CBP, Wellington Trust Company National Association Multiple Collective Trust OFIA, Wellington Trust Company National Association Multiple Collective Opportunistic FI Allocation Fund, Wellington Trust Company National Association Multiple Collective Trust Fund OISB, Wellington Trust Company National Association Collective Trust Fund UNFI and Wellington World Bond Fund. None of these funds are current or former clients of the firm. Each would be classified as a Subsidiary or Affiliate of a Former Client.

| | | |
|---|---|---|
| | | Current Client |
| Xerox Corporation | Debtors' Significant Financial Institution | Subsidiary or Affiliate of a Current Client |
| XL Specialty Insurance Company | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |
| Zurich Insurance Group | Debtors' Insurer | Subsidiary or Affiliate of a Current Client |

## **Exhibit B**

**Moore Declaration**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF ROBERT D. MOORE IN SUPPORT OF THE DEBTORS'
APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Robert D. Moore, do hereby declare, under penalty of perjury, that:

1.      I am the President and Chief Executive Officer of Foresight Energy LP

located at One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri

63102.

2.      I submit this declaration (the "Declaration") in support of the *Debtors'*

*Application for Entry of an Order Authorizing the Retention and Employment of Paul, Weiss,*

*Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors and Debtors in Possession* Nunc

Pro Tunc *to the Petition Date* (the "Application").[2]  Except as otherwise indicated herein, the

---

[1]     The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).  The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

[2]     Capitalized terms used herein, but not otherwise define, have the meaning ascribed to them in the Application.

facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as President and Chief Executive Officer.  I am authorized to submit this Declaration on behalf of the Debtors.

## The Debtors' Selection of Paul, Weiss

3.     The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure their bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4.     Since 2015, Paul, Weiss has represented the Debtors in connection with the Refinancing Engagement, and continues to provide the Debtors services under the terms of the Engagement Letter.  In connection with the Refinancing Engagement and in preparing for its representation of the Debtors in these chapter 11 cases, Paul, Weiss has become intimately familiar with the Debtors' capital structure and operations, as well as with the key creditors and other stakeholders in these chapter 11 cases. Additionally, the Debtors retained Paul, Weiss for the role of lead restructuring counsel in light of, among other reasons, Paul, Weiss's extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code.

5.     For the foregoing reasons, I believe that Paul, Weiss is particularly well-situated and well-qualified to represent the Debtors in these chapter 11 cases in an effective, efficient, and timely manner.  Accordingly, the retention of Paul, Weiss is necessary and in the best interests of the Debtors, their estates and their creditors.

## Rate Structure and Cost Supervision

6.      In connection with the filing of these chapter 11 cases, the Debtors and Paul, Weiss have agreed upon rates in accordance with Paul, Weiss's customary rates.  Paul, Weiss has confirmed to the Debtors that Paul, Weiss does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a nonbankruptcy engagement.  Paul, Weiss has further advised the Debtors that its current standard hourly rates are $1,225 to $1,650 per hour for partners; $1,200 per hour for counsel; $495 to $1,110 per hour for staff attorneys and associates; and $115 to $380 per hour for paraprofessionals.  It is my understanding that Paul, Weiss reviews and adjusts its billing rates annually, and that its rates are consistent with market rates for comparable services.   It is my belief that Paul, Weiss's rates are reasonable in the context of these chapter 11 cases.

7.      The Debtors understand that Paul, Weiss's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these chapter 11 cases by various third parties, including the Court, and that such fees and expenses will be subject to the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, the Orders, and any further guidelines of this Court governing the procedures for approval of compensation of professionals retained in these chapter 11 cases.

8.      I recognize that it is the Debtors' responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these chapter 11 cases.  The Debtors will continue to review the statements that Paul, Weiss regularly submits and amend the budget and staffing plans periodically, as the chapter 11 cases develop.  Moreover, Paul, Weiss has informed me that I, and other senior executives as appropriate, will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that they

determine that such adjustments are necessary and appropriate, and that such requests will be carefully considered by Paul, Weiss.  As they did prepetition, the Debtors will continue to diligently review counsel fees and expenses and, in consultation with Paul, Weiss, modify such invoices as appropriate.

9.     For the reasons set forth above, the Debtors believe that Paul, Weiss's employment is necessary and in the best interests of the Debtors and their estates.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 10, 2020

/s/   *Robert D. Moore*
Name: Robert D. Moore
Title:   President and Chief Executive Officer
Foresight Energy LP

## **Exhibit C**

**Engagement Letter**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK  NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON  (1946-1991)
RANDOLPH E PAUL  (1946-1956)
SIMON H RIFKIND  (1950-1995)
LOUIS S WEISS  (1927-1950)
JOHN F WHARTON  (1927-1977)

WRITER S DIRECT DIAL NUMBER

(212) 373-3493

WRITER S DIRECT FACSIMILE

(212) 492-0493

WRITER S DIRECT E-MAIL ADDRESS

kcornish@paulweiss.com

UNIT 3601 OFFICE TOWER A  BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR  HONG KONG CLUB BUILDING
3A CHATER ROAD  CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU  U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU  TOKYO 100-0011  JAPAN
TELEPHONE (81 3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST  SUITE 3100
PO BOX 226
TORONTO  ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON DC  20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON  DE 19899 0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
EDWARD T ACKERMAN
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A FIELDSTON
ANDREW C FINCH
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ANDREW J FOLEY
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
CATHERINE L GOODALL
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
MICHELE HIRSHMAN
MICHAEL S HONG
DAVID S HUNTINGTON
AMRAN HUSSEIN
LORETTA A IPPOLITO
BRIAN M JANSON
JAREN JANGHORBANI
MEREDITH J KANE

ROBERTA A KAPLAN
BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JANE B O BRIEN
ALEX YOUNG H OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
LORIN L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
ELIZABETH M SACKSTEDER
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JENNIFER H WU
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
TAURIE M ZEITZER
T ROBERT ZOCHOWSKI JR

*NOT ADMITTED TO THE NEW YORK BAR

December 18, 2015

Rashda M. Buttar, Esq.
Senior Vice President – General Counsel
Foresight Energy LP
One Metropolitan Square
211 North Broadway, Suite 2600
St. Louis, Missouri  63102

Engagement as Counsel

Dear Rashda:

I am pleased and grateful that Foresight Energy LP and its subsidiaries (the "Company") have retained this firm as its counsel to assist in analyzing and implementing the Company's restructuring alternatives.  We are very excited at the opportunity to work with you and your colleagues.  I write to confirm our acceptance of your engagement of us as counsel and to provide you with certain information concerning our practices and policies on fees, billing, collection, conflicts, and other material terms of our engagement.  The rules governing our professional obligations require that we establish at the outset a common understanding about the terms and conditions of our employment.  We began work on the matter, and our engagement is effective, as of December 14, 2015.  The retainer for this engagement is $500,000.00, subject to increase as set forth below.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Rashda M. Buttar, Esq.
Senior Vice President – General Counsel
Foresight Energy LP                                                             2

## TERMS OF ENGAGEMENT

The following terms and conditions apply to our engagement as your counsel:

**1.      Scope of Representation and Client Relationship** — We agree to provide you with legal services, as requested by you from time to time, which in our professional judgment are reasonably necessary and appropriate in connection with the matter described above. At this time, our engagement is limited to the matter described above, though we would be pleased to consider representing you in such other matters as you may request. The terms and conditions of our engagement in any such other matter will be those set forth in this letter unless we otherwise mutually agree in writing. In all matters in which we represent you, we will provide services of a strictly legal nature, and it is understood that you will not be relying on us for business, investment, or accounting advice, nor to assess or vouch for the character or creditworthiness of any third person.

Unless we otherwise agree or our representation of you otherwise requires, our engagement is solely with the individuals or entities specifically identified as clients in this letter. By entering into this agreement, we are not agreeing to represent any other individuals or entities not named as clients herein, including your parent, subsidiary or affiliated corporations or businesses.

The question of whether our fees are covered by some third-party agreement (including an insurance policy) is not within the scope of our representation, unless you specifically request us to consider that question.

**2.      Retainer** — It is our policy to obtain a retainer at the outset of each new representation in an amount appropriate to the size and scope of the matter. On occasion, we will also require an increase in a prior retainer owing to unforeseen circumstances, or an advance on substantial expenses we must incur on your behalf. Your payment of the retainer is a prepayment subject to refund, which means that the retainer is the property of this firm upon receipt. Unless we otherwise agree, the retainer will be applied to our final statement rendered to you on the matter. If the amount of the retainer exceeds the sum due and owing in our final statement, we will return the balance to you.

**3.      Fees for Legal Services** — Our fees for legal services are based on our assessment of the reasonable value of our services. To assist us in determining that value, we assign hourly rates to each of our lawyers and legal assistants, and require each to maintain a record of the time spent and the services rendered on a particular matter. Time is recorded in tenths of an hour, which is the minimum we charge for any

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Rashda M. Buttar, Esq.
Senior Vice President – General Counsel
Foresight Energy LP                                                                                       3

service.  Our hourly rates, which are based on seniority, currently range from $995 to
$1,330 per hour for partners; $945 to $970 per hour for counsel; $425 to $900 per hour
for staff attorneys and associates; and $95 to $315 per hour for legal assistants.  From
time to time, we reassess these rates to account for increases in our costs, augmentation
of the experience and ability of our legal personnel and other factors, and thus our current
rates may change (and be thereafter applied to all unbilled time) during our representation
of you.  In addition to hourly rates, we may also take account of the types of services
involved; the size, scope, complexity, and time limitations of the matter; the results
obtained; and other relevant circumstances, including any factors that you may wish to
call to our attention. We are prepared, consistent with these principles, to adapt our
valuation of services in advance of undertaking the representation to address any special
needs you may raise with us.

    **4.**    **Disbursements & Other Charges** — We are committed to
serving you with the most effective and cost-efficient support systems reasonably
required as an incident to our legal services, and to this end we allocate charges for such
systems in accordance with the extent of usage by individual clients, which are billed in
addition to our fee for legal services.  We provide certain services (or incur costs) in-
house for which we charge an amount calculated in an effort fairly to reflect the
equipment, personnel and overhead costs to us of providing the services to you.  We
obtain other services (or incur other costs) from outside vendors or suppliers for which
we charge only the amount billed to us by the vendor or supplier. We may forward the
invoices from these outside sources directly to you, in which event you will be
responsible to pay the invoices in accordance with their terms.  Otherwise, our statements
will separately bill you for these disbursements and other charges.

    In the event we are required to respond to a subpoena or other formal
request from a third party relating to services we have performed for you, you agree to
reimburse us for our time and expense incurred in responding to such request.

    **5.**    **Billing** — We want our clients to be satisfied with both the
quality of our services and the reasonableness of our bills, and we earnestly invite you to
discuss with us any questions or comments you may have about any of our fees and
charges or the format of our bills.  Our practice is to bill on a monthly basis for the fees,
disbursements, and related charges incurred in the preceding month, except that, in
certain transactions, we may mutually agree that some or all of the billing will be done on
some other basis.  While we make every effort to include all disbursements in the
statements for the period in which they were incurred, some costs (especially telephone
or outside vendor expenses) are not available at the time of billing and must therefore be
included in a later statement.  Our statements are due and owing upon receipt.  In the
event that some or all of our fees might be subject to payment by some third party (e.g.,
an insurance company), we regard our client as responsible for the payment of our fees
and, absent a specific agreement to the contrary, we will not look to the third party for

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Rashda M. Buttar, Esq.
Senior Vice President – General Counsel
Foresight Energy LP                                                                                           4

payment. We first apply all payments we receive from you to our oldest outstanding statement.

      **6.**     **Managing Costs** — We are sensitive to the need to manage and, when possible, to predict legal costs. We are happy to work with you to estimate our likely fees and expenses in connection with our services. You understand, however, that any estimate of projected fees is necessarily only an inexact approximation based on assumptions that may prove unfounded in the unique circumstances of each matter, and that such estimates are not intended as either a maximum or a minimum fee for our legal services.

      **7.**     **Outside Experts** — In the course of our representation it may be appropriate, with your advance approval, to retain persons of special training or expertise to assist in the rendition of legal services (e.g., accountants, economists, investigators). Owing to privileges that may apply to services that an attorney requests from a third party, it will often be advisable for this firm to assume responsibility for hiring such experts. Notwithstanding that the contractual relationship may be with this firm, however, you agree that you will bear the responsibility directly to pay the invoices for the fees and expenses incurred by these persons.

      **8.**     **Arbitration** — In certain circumstances, you may have the right to demand arbitration of a dispute over our legal fees in civil matters involving amounts greater than one thousand dollars ($1,000) and less than fifty thousand dollars ($50,000). In the event such a dispute arises, we shall notify you in writing of your rights, if any, to demand mediation or arbitration, processes that may have significant advantages for you.

      **9.**     **Confidentiality** — For our relationship to succeed, it is essential for you to provide us with all factual information reasonably relevant and material to the subject matter of our representation. We regard the lawyer's duty to preserve the confidences and secrets of a client with the utmost seriousness. In instances in which we represent a corporation, partnership, or other legal entity, our attorney-client relationship is with, and this duty of confidentiality is owed only to, the entity, and not to the entity's parent or subsidiary corporations nor its shareholders, officers, directors, founders, managers, employees or partners, unless you instruct us or our representation of you requires otherwise. As a result, the confidences and secrets we obtain in the course of such representations belong to and may be waived by the organization we represent, and not by the employees, officers, or directors of the organization. Of course, in the absence of a conflict, we are free to represent these other persons, but should not be deemed to do so without our express agreement to that effect.

      **10.**     **Conflicts of Interest** — We wish to avoid any circumstance in which you would regard our representation of another client to be inconsistent with our duties to and understandings with you. Unless we have told you otherwise, we do not

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Rashda M. Buttar, Esq.
Senior Vice President – General Counsel
Foresight Energy LP                                                                                      5

now represent another client in the specific matter in which you have retained us.
Because we represent a large number of clients in a wide variety of legal matters around
the world, however, it is possible that we currently represent, or in the future may be
asked to represent, in some other matter unrelated to the specific matter in which you
have engaged us, some person or entity whose interests are actually or potentially adverse
to your interests in this or other matters, including in negotiations, work-outs, bankruptcy
proceedings, or litigation.  We agree that we will not undertake any such representation if
the subject of the other representation is related to the specific matter in which we
currently represent you.  If the matters are not related, however, then you hereby agree
that we will be free to undertake such an unrelated adverse representation provided that
(a) the unrelated representation will not implicate any confidential information we have
received from you, and (b) the other client has consented to our continued representation
of you.  This means that this firm could represent another client against you in an
unrelated matter such as a lawsuit, a transaction, or some other matter.  Your agreement
as set forth in this paragraph represents your acknowledgement that such adverse
representations are foreseeable to you, and effects a waiver of your right, if any there be,
to object to our representation in the unrelated matter of another client whose interests are
adverse to yours.  Since we understand that you are experienced in retaining counsel, we
are relying upon your agreement to the foregoing in undertaking this representation.  We
urge you to ask us (or other counsel) any questions concerning this paragraph before we
undertake to represent you.

        Moreover, in the course of representing you, and in order fully to satisfy
our professional obligations, we may from time to time need to consult with the lawyers
in this firm responsible for advising the firm on ethical issues, including issues that may
implicate your interests.  You acknowledge and agree that, notwithstanding this potential
for conflict in consideration of our professional obligations, the firm is free to consult
with its own internal counsel on such matters without your consent and that such
consultations are privileged and confidential.

        **11.    Termination —** We hope and trust that our relationship with you
will be a long and fruitful one.  Nevertheless, you are free to terminate our representation
of you at any time unless judicial approval is required for us to withdraw, in which event
we agree not to oppose such withdrawal.  Subject always to any applicable rule of court,
we may terminate this agreement if you deliberately disregard the terms of this agreement
or if, in our professional judgment, we are unable to continue the representation
consistent with our ethical obligations.  Notwithstanding any such termination, you
remain liable to pay all fees and charges incurred up to the date of termination.  Upon
completion of the matter to which this engagement letter applies, or the earlier
termination of the representation, our attorney-client relationship will end unless we
agree to continue the representation on other matters.  We shall have no continuing
obligation to advise you on any matter unless we otherwise agree in writing.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Rashda M. Buttar, Esq.
Senior Vice President – General Counsel
Foresight Energy LP                                                             6

       **12.**     **Legal Updates, Publications and Events** — You agree that we may contact you with legal updates or other publications which we believe may be useful to you (for example, with details of relevant changes in law). In addition, you agree that we may send you invitations to events such as client seminars on various legal topics. We may contact you for these purposes by email, mail or telephone (as appropriate). If you prefer not to be contacted for these purposes, please email us at privacy@paulweiss.com.

       **13.**     **Governing Law** — Any controversy, dispute or claim of any kind between us shall be governed by and interpreted in accordance with the laws of the state of New York, without regard to any provisions governing conflicts of laws.

       **14.**     **Entire Agreement** — These terms set out the entire agreement between you and us concerning our provision of legal services. Any modifications of or amendments to these terms must be in writing and agreed by both parties.

       **15.**     **Records Management and Retention** — We will maintain all paper and electronic records related to our representation of you in secure facilities and on secure servers. Those records will include documents such as legal pleadings, transactional documents, substantive correspondence and other documents reasonably necessary to our representation of you in the matter (the "Client File"). The Client File is your property. The records may also include purely internal firm documents prepared for the purpose of facilitating performance of our legal services in the form of research memoranda, outlines, emails, handwritten notes and mark-ups of documents, as well as new matter intake forms and internal conflicts checking records. These records are our property. At the close of a specific matter, we will return to you your original documents, if any, related to the matter. At your request, any remaining records in the Client File will be returned to you at your expense. You agree that we may make physical or electronic copies if we choose at our own expense. You agree and understand that any materials left with us after the engagement has terminated may be retained or destroyed at our discretion without further notice to you and in a manner which preserves the confidential and secret nature of their contents. The firm's current policy is to retain records (other than duplicates and the like) for a period of ten years after the matter has terminated. In personal representation matters, the retention period is twenty years. At the expiration of the relevant retention period, the retained matter records will be destroyed. Please advise us if you have a records retention policy in place with which we will need to comply.

*  *  *

Rashda M. Buttar, Esq.
Senior Vice President – General Counsel
Foresight Energy LP

Our goal is to serve you in an effective and efficient way, and we welcome your views on how we may best do so. We encourage you to discuss with us any questions you might have concerning these matters. Please signify your acceptance of the foregoing Terms of Engagement by signing the enclosed copy of this letter and returning it to me. Please note that your instructing us or continuing to instruct us on the matter discussed above will constitute your full acceptance of the terms set out above.

Again, we are all pleased at the chance to work on this matter and look forward to a successful outcome.

Sincerely,

Kelley A. Cornish

KAC/hfn
Enclosure

AGREED:

FORESIGHT ENERGY LP AND ITS SUBSIDIARIES

By: _Rashda M. Buttar_
    Name: Rashda M. Buttar
    Title: Senior Vice President – General Counsel