**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*,[1] | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Hearing Date: March 11, 2020 |
| | ) | Hearing Time: 10:00 a.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

**DEBTORS' MOTION FOR LEAVE TO EXCEED
PAGE LIMITATIONS IN THEIR FIRST DAY MOTIONS**

Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. By this Motion, the Debtors seek entry of a final order (the "Proposed Order"),[2] pursuant to sections 105(a), 363, and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251). The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

[2] A copy of the Proposed Order will made available on the Debtors' case information website at http://cases.primeclerk.com/foresightenergy.

Procedure (the "Bankruptcy Rules"), authorizing the Debtors to exceed the page limitations in their first-day pleadings.

## Jurisdiction and Venue

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 363, and 507 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are a leading producer of thermal coal, with four mining complexes and nearly 2.1 billion tons of proven and probable coal reserves strategically located near multiple rail and river transportation access points in the Illinois Basin. The Debtors also own a barge-loading river terminal on the Ohio River. From this strategic position, the Debtors sell their coal primarily to electric utility and industrial companies located in the eastern half of the United States and across the international market.

5. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. Contemporaneously herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No trustee, examiner or official committee has been appointed in these chapter 11 cases.

6. Information regarding the Debtors' businesses, their capital and debt structure, the events leading to the filing of these cases, and the terms and structure of the proposed restructuring transaction is set forth in the *Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions* (the "Moore Declaration"), the *Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief* (the "Boyko Declaration"), and the declaration of Seth Herman in support of the Debtors' motion for approval of debtor-in-possession financing and use of cash collateral (the "Herman Declaration," and together with the Moore Declaration and Boyko Declaration, the "First Day Declarations"),[3] each filed contemporaneously herewith.

## Basis for Relief Requested

7. Rule 9004(C) of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Bankruptcy Rules") states that "Without leave of Court, no motion, memorandum or brief shall exceed 15 pages exclusive of the signature page, certificate of service and attachments." Due to the complexity and size of the Debtors' chapter 11 cases, the Debtors submit that an extension of the page limitation is warranted. Specifically, the following pleadings (the "First Day Motions") may exceed the page limitations imposed by Local Bankruptcy Rule 9004(C):

    a. *Debtors' Motion for Entry of an Order Authorizing Joint Administration of Chapter 11 Cases* [Docket No. 3];

    b. *Debtors' Motion for Entry of an Order (A) Extending the Time to File Schedules and Statements; (B) Extending the Time to Schedule the Meeting of Creditors; (C) Partially Waiving the Requirements to (I) File Equity Lists and (II) Provide Notice to*

---

[3] The First Day Declarations are being filed in support of this Motion and are incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

*Equity Security Holders; (D) Authorizing the Debtors to File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors; (E) Authorizing the Debtors to File a Consolidated and Redacted List of Creditors in Lieu of Submitting Separate and Reformatted Creditor Matrices for Each Debtor; (F) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases; and (G) Granting Related Relief* [Docket No. 10];

c. *Debtors' Motion for Entry of an Order (A) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Granting Related Relief* [Docket No. 14];

d. *Debtors' Motion for Entry of Interim and Final Orders Determining Adequate Assurance of Payment for Future Utility Services* [Docket No. 13];

e. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Payment of Prepetition Taxes and Fees and (B) Granting Related Relief* [Docket No. 12];

f. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Maintain, Continue, and Renew Their Existing Insurance Program and (Ii) Honor Certain Prepetition Obligations in Respect Thereof and (B) Granting Related Relief* [Docket No. 11];

g. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Maintain Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (B) Granting Related Relief* [Docket No. 7];

h. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Perform Under Existing Coal Sale Contracts in the Ordinary Course of Business and (I) Enter Into and Perform Under New Coal Sale Contracts in the Ordinary Course of Business and (B) Granting Related Relief* [Docket No. 8];

i. *Debtors' Motion for Entry of an Order (A) Establishing Certain Notice, Case Management, and Administrative Procedures and (B) Granting Related Relief* [Docket No. 16];

j. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Debtors to Pay Prepetition Wages and Workforce*

4

    *Obligations, (B) Authorizing Debtors to Maintain Workforce Programs and Pay Related Obligations, and (C) Granting Related Relief* [Docket No. 6];

k. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Debtors to Continue and Renew Surety Bond Program and (B) Granting Related Relief* [Docket No. 9];

l. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Debtors to Pay Prepetition Claims of Trade and Lien Claimants and Authorizing Payment Procedures Related Thereto, (B) Authorizing Debtors to Pay Royalty and Leasehold Claims, (C) Granting Administrative Expense Priority Status to Outstanding Orders, and (D) Granting Related Relief* [Docket No. 5];

m. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Continued Use of the Debtors' Existing Cash Management System; (B) Authorizing Use of Existing Bank Accounts and Business Forms; (C) Granting a Limited Waiver of Requirements of Section 345(B) of the Bankruptcy Code; (D) Authorizing Continuation of Ordinary Course Intercompany Transactions; (E) Granting Administrative Expense Priority Status to Postpetition Intercompany Claims; and (F) Granting Related Relief* [Docket No. 4];

n. *Debtors' Motion for Interim and Final Orders (A) Authorizing the Debtors to (I) Obtain Post-Petition Financing, (II) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (III) Utilize Cash Collateral, (B) Granting Adequate Protection to the Prepetition Secured Parties, (C) Modifying the Automatic Stay; (D) Scheduling Final Hearing; and (D) Granting Related Relief* [Docket No. 29];

o. *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Counsel to the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 33];

p. *Debtors' Application Pursuant to Sections 327(A) and 329(A) of the Bankruptcy Code, Bankruptcy Rules 2014(A) and 2016(B), and Local Bankruptcy Rules 2014(A) and 2016-1, for an Order Authorizing the Debtors to Retain and Employ Armstrong Teasdale LLP as Co-Counsel Effective as of the Petition Date* [Docket No. 19];

q. *Debtors' Application for Authority to Employ and Retain Jefferies LLC as Investment Banker for the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 32];

r. *Debtors' Application for Authority to Employ and Retain FTI Consulting, Inc. as Restructuring Financial Advisor to the Debtors Nunc Pro Nunc to the Petition Date* [Docket No. 31].

s. *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Prime Clerk, LLC as Claims and Noticing Agent and Administrative Advisor for the Debtors and Debtors and Possession Effective as of the Petition Date* [Docket No. 20].

t. *Debtors' Motion for Entry of an Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [Docket No. 15].

8. Further, Bankruptcy Code section 105(a) states that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that it is appropriate for the Court to use its equitable power to grant the relief requested herein.

9. The Debtors believe that additional pages are necessary to adequately and fully provide the Court with all the necessary facts and supporting legal arguments in such First Day Motions.

10. Courts in this district have routinely granted motions to file pleadings in excess of the page limits specified by local rules where, as in the instant case, the issues addressed are significant and complex. *See, e.g., In re Payless Holdings LLC*, No. 19-40883 (KAS) (Bankr. E.D. Mo. March 15, 2019) [Docket No. 573] (order permitting first day motions to exceed page limitation in Local Rule 9004(C)); *In re Armstrong Energy, Inc.*, No. 17-47541 (KAS) (Bankr. E.D. Mo. Nov. 8, 2017) [Docket No. 144] (same); *In re Payless Holdings LLC*, No. 17-42267 (KAS) (Bankr. E.D. Mo. April 5, 2017) [Docket No. 66] (same); *In re Total*

*Hockey, Inc.*, No. 16-44815 (CER) (Bankr. E.D. Mo. July 8, 2016) [Docket No. 51] (same); *In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. Apr. 13, 2016) [Docket No. 44] (same); *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Feb. 12, 2016) [Docket No. 123] (same); and *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 21, 2016) [Docket No. 155] (same).  The Debtors submit that the circumstances of these chapter 11 cases warrant granting similar relief, and that doing so is in the best interests of the Debtors, their estates, their creditors, and their stakeholders, and therefore should be granted.

## Notice

11.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent; (f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Reserves; (*l*) counsel to Javelin; (m) counsel to Uniper Global Commodities UK Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; (s) counsel to the Committee; and (t) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Notice of this Motion and any order entered hereon will be served in accordance with Local Bankruptcy Rule 9013-3(A)(1).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other relief as is just and proper.

Dated: March 10, 2020
       St. Louis, Missouri

Respectfully submitted,

ARMSTRONG TEASDALE LLP

*/s/ Richard W. Engel, Jr.*
Richard W. Engel, Jr. (MO 34641)
John G. Willard (MO 67049)
Kathryn R. Redmond (MO 72087)
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Tel:   (314) 621-5070
Fax:   (314) 621-5065
Email: rengel@atllp.com
       jwillard@atllp.com
       kredmond@atllp.com

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Paul M. Basta (*pro hac vice* admission pending)
Alice Belisle Eaton (*pro hac vice* admission pending)
Alexander Woolverton (*pro hac vice* admission pending)
1285 Avenue of the Americas
New York, New York 10019
Tel:   (212) 373-3000
Fax:   (212) 757-3990
Email: pbasta@paulweiss.com
       aeaton@paulweiss.com
       awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*