UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a)
AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004
AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY
CONTRACTS *NUNC PRO TUNC* TO THE PETITION DATE**

Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. By this Motion, the Debtors seek entry of an order (the "Proposed Order"),[2] pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to reject the executory contracts (each an

---

[1] The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining, LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251). The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

[2] A copy of the Proposed Order will be made available on the Debtors' case information website at: https://cases.primeclerk.com/foresightenergy.

Doc#: US1:13617924v2

"Agreement" and collectively, the "Agreements") with the counterparties (each, a "Counterparty," and collectively, the "Counterparties") identified on **Exhibit A**, *nunc pro tunc* to the date hereof (the "Petition Date").[3]

### Jurisdiction and Venue

2.  The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

3.  The statutory and legal predicates for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rule 6004.

### Background

4.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are a leading producer of thermal coal, with four mining complexes and nearly 2.1 billion tons of proven and probable coal reserves strategically located near multiple rail and river transportation access points in the Illinois Basin. The Debtors also own a barge-loading river terminal on the Ohio River. From this strategic position, the Debtors sell their coal primarily to electric utility and industrial companies located in the eastern half of the United States and across the international market.

5.  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. Contemporaneously

---

[3] Due to the confidential nature of the Agreements, the Debtors have not attached copies of the Agreements to this Motion. Upon request, the Debtors will provide copies of the Agreements to the Court and the U.S. Trustee.

herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No trustee, examiner or official committee has been appointed in these chapter 11 cases.

6. Information regarding the Debtors' businesses, their capital and debt structure, the events leading to the filing of these cases, and the terms and structure of the proposed restructuring transaction is set forth in the *Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions* (the "Moore Declaration"), the *Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief* (the "Boyko Declaration"), and the declaration of Seth Herman in support of the Debtors' motion for approval of debtor in possession financing and use of cash collateral (the "Herman Declaration," and together with the Moore Declaration and Boyko Declaration, the "First Day Declarations"),[4] each filed contemporaneously herewith.

**The Agreements**

7. Prior to the Petition Date, the Debtors engaged in a review of their executory contracts, and as a result of that review, the Debtors have determined in their business judgment that the agreements listed on **Exhibit A** hereto (including any modifications, amendments, addenda or supplements thereto, or restatements thereof)[5] and described below are not necessary to, and would impose substantial burdens on, their ongoing business operations

---

[4] The First Day Declarations are being filed in support of this Motion and are incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

[5] With respect to each Agreement, **Exhibit A** hereto lists, among other things, the applicable counterparty for the Agreement.

3

and restructuring efforts. Accordingly, by this Motion, and in order to maximize the value of their estates, the Debtors seek to reject the following Agreements:

a. **The Covenant Marine Terminal Agreement**. Debtors Foresight Energy LLC and Oeneus LLC (the "CMT Debtors") are parties to a materials handling and storage agreement (as amended, the "CMT Agreement") with Raven Energy LLC of Louisiana ("Raven"). Javelin Global Commodities (UK) Ltd. ("Javelin") and Raven anticipate entering into an agreement (the "New Javelin Transportation Agreement") pursuant to which Javelin will be assuming the CMT Debtors' responsibilities in connection with the CMT Agreement. Accordingly, the cost of the CMT Agreement far exceeds the benefit it provides the Debtors' chapter 11 estates, and the Debtors have therefore determined that it is no longer necessary or desirable to maintain the CMT Agreement. The Debtors estimate that rejection of the CMT Agreement will save the Debtors between $30 million and $70 million over three years.

b. **The United Bulk Terminal Agreement**. Debtor Savatran, LLC ("Savatran") is party to a bulk cargo transfer and storage agreement (the "UBT Agreement") with United Bulk Terminals Davant, LLC ("UBT"). The Debtors no longer require UBT's services under the UBT Agreement because Javelin has agreed to assume a greater degree of the Debtors' logistics costs in transporting coal. Moreover, the Debtors anticipate that the level of future services provided under the UBT Agreement would result in significant shortfall fees. Accordingly, the cost of the UBT Agreement far exceeds the benefit it provides the Debtors' chapter 11 estates, and the Debtors have therefore determined that it is no longer necessary or desirable to maintain the UBT Agreement. The Debtors estimate that rejection of the UBT Agreement will save the Debtors approximately $4 million over two years.

c. **The Ingram Agreement**. Debtor Savatran is party to a transportation agreement (the "Ingram Agreement") with Ingram United Barge LLC ("Ingram"). The Debtors anticipate that the level of future services provided under the Ingram Agreement would result in significant shortfall fees. Accordingly, the cost of the Ingram Agreement far exceeds the benefit it provides the Debtors' chapter 11 estates, and the Debtors have therefore determined that it is no longer necessary or desirable to maintain the Ingram Agreement. The Debtors estimate that rejection of the Ingram Agreement will save the Debtors approximately $1.96 million over the next year.

d. **The Mount Olive Agreement**. Debtor Macoupin Energy LLC ("Macoupin") is party to a purchase and sale agreement (the "Mt. Olive Agreement") with the Mt. Olive and Staunton Coal Company Trust ("Mt.

4

Olive") providing for Macoupin's purchase of mineral properties and records in connection with a tract of real property in Macoupin County, Illinois. The Debtors are not currently utilizing the land associated with the Mt. Olive Agreement, and the mining operations on the underlying property are in the process of being shut down. Accordingly, the cost of the Mt. Olive Agreement far exceeds the benefit it provides the Debtors' chapter 11 estates, and the Debtors have therefore determined that it is no longer necessary or desirable to maintain the Mt. Olive Agreement. The Debtors estimate that rejection of the Mt. Olive Agreement will save the Debtors between $1 million and $1.5 million.

8. The Debtors (i) are incurring substantial losses under these Agreements and (ii) see no prospect of the Agreements being profitable under their current terms within an acceptable timeframe. As a result, the Agreements are burdensome to the estates and it is essential that the Debtors stem these ongoing losses. Accordingly, the Debtors believe that their request for the relief sought herein is a sound exercise of their business judgment, well within the broad latitude accorded to debtors in possession to assume or reject executory contracts.

## Basis for Relief Requested

### A. Rejection of the Agreements Is Justified by the Debtors' Sound Business Judgment.

9. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB* v. *Bildisco & Bildisco*, 465 U.S. 513, 521 (1984), superseded by statute as recognized in *Am. Flint Glass Workers Union* v. *Anchor Resolution Corp.*, 197 F.3d 76, 82 (3d Cir. 1999); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993).

5

10. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease and, upon finding that a debtor has exercised its sound business judgment, regularly approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Food Barn Stores, Inc.*, 107 F.3d 558, 567 n.16 (8th Cir. 1997) (same); *In re Steaks to Go, Inc.*, 226 B.R. 35, 37 (Bankr. E.D. Mo. 1998) (noting that a court should "order rejection if the rejection is based on the debtor or trustee's best business judgment in the circumstances."); *see also In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008); *In re Great Atl. & Pac. Tea Co., Inc.*, 472 B.R. 666, 672 (S.D.N.Y. 2012) ("[I]n reviewing a debtor's decision to assume a lease, the bankruptcy court 'plac[es] itself in the position of the . . . debtor-in-possession and determin[es] whether assuming [it] would be a good business decision or a bad one.'") (quoting *Orion.*, 4 F.3d at 1099).

11. However, as the Second Circuit in *Orion* recognized:

> At heart, a motion to assume should be considered a summary proceeding, intended to efficiently review the trustee's or debtor's decision to adhere to or reject a particular contract in the course of the swift administration of the bankruptcy estate. It is not the time or place for prolonged discovery or a lengthy trial with disputed issues.

6

4 F.3d at 1098-99. *Accord In re Gateway Apparel, Inc.*, 210 B.R. 567, 570 (Bankr. E.D. Mo. 1997) ("The proceeding on a motion to assume an unexpired lease is summary in nature.") (citing *Orion*, 4 F.3d at 1099). Accordingly, to approve a motion to reject an executory contract, a court need only make a determination that the debtor is "acting on an informed basis, in good faith, and with the honest belief that" rejection is "in the best interests of" the debtor and its estate. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 75 (Bankr. D. Del. 2005).

**B. The Court Should Authorize the Rejection of the Agreements Effective *Nunc Pro Tunc* to the Petition Date.**

12.  While court approval is a prerequisite for rejection of any executory contract, courts have recognized such an order may authorize a rejection as of the date the motion is filed. *See In re At Home Corp.*, 392 F.3d 1064, 1071 (9th Cir. 2004); *In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003); *In re Jamesway Corp.*, 179 B.R. 33, 38 (S.D.N.Y. 1995) (approving retroactive rejection where objector "caused the delay" by interposing an improper objection); *see also* 3 COLLIER ON BANKRUPTCY ¶ 365.03[4] ("If retroactive approval of rejection is not permitted, bankruptcy courts face the prospect of requests for expedited determination of rejection motions as a matter of course in order to reduce administrative expenses."); *cf. Adelphia Bus. Solutions* v. *Abnos*, 482 F.3d 602, (2d Cir. 2007) (assuming, without deciding, that bankruptcy court has such authority); *In re Stonebridge Techs., Inc.*, 430 F.3d. 260, 273 (5th Cir. 2005) (suggesting bankruptcy courts have such authority). *But see In re Worths Stores Corp.*, 130 B.R. 531, 533 (Bankr. E.D. Mo. 1991) ("the effective date of a debtor's lease rejection is that on which the Court entered its order approving such rejection"). "[O]nly after balancing the equities in a particular case, should the court approve a retroactive rejection of nonresidential lease." *Chi-Chi's, Inc.*, 305 B.R. at 399; *In re Phila. Newspapers, LLC*, 424 B.R. 178, 185

7

(Bankr. E.D. Pa. 2010) ("[T]he decision to grant retroactive rejection of a lease or contract is dictated by equitable considerations.").

13. *Nunc pro tunc* rejection of the Agreements is warranted under the circumstances of this case. The Agreements either provide no ongoing benefit to the Debtors' estates or provide benefits that are substantially less than the corresponding costs. Rejecting the Agreements will relieve the Debtors from performing under substantially unprofitable agreements and, for all the reasons set forth herein, is clearly beneficial to the Debtors' estates and creditors.

14. Moreover, the Counterparties will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. The Debtors are no longer using the Agreements, and this Motion is being served promptly on each of the Counterparties, each of whom will have a sufficient opportunity to respond. Furthermore, service of this Motion is an unequivocal expression of the Debtors' intention to reject the Agreements, and the Debtors hereby certify that they will not withdraw this Motion as to any of the Agreements without the consent of the applicable counterparty. For these reasons, the Debtors respectfully submit that it is fair and equitable for the Court to hold that the Agreements are rejected as of the Petition Date.

### Request for Waiver of Stay

15. Finally, by this Motion, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the immediate rejection of the Agreements is necessary to the success of the Chapter 11 Cases, and the Debtors' ability to implement their chapter 11 strategy. Accordingly, the Debtors

submit that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

### Notice

16. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent; (f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Reserves; (*l*) counsel to Javelin; (m) counsel to Uniper Global Commodities UK Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; (s) counsel to the Committee; and (t) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this Motion and any order entered hereon will be served in accordance with Local Bankruptcy Rule 9013-3(A)(1). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

### No Prior Request

17. No prior request for the relief sought in this motion has been made to this or any other court.

9

Doc#: US1:13617924v2

WHEREFORE, the Debtors respectfully request that this Court (a) authorize the Debtors to reject the Agreements identified on Exhibit A hereto, effective *nunc pro tunc* to the Petition Date; and (b) grant the Debtors such other and further relief as is just and proper.

Dated: March 10, 2020　　　Respectfully submitted,
　　　　　St. Louis, Missouri

ARMSTRONG TEASDALE LLP

　/s/  Richard W. Engel, Jr.　
Richard W. Engel, Jr. (MO 34641)
John G. Willard (MO 67049)
Kathryn R. Redmond (MO 72087)
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri  63105
Tel:　(314) 621-5070
Fax:　(314) 621-5065
Email: rengel@atllp.com
　　　jwillard@atllp.com
　　　kredmond@atllp.com

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Paul M. Basta (*pro hac vice* admission pending)
Alice Belisle Eaton (*pro hac vice* admission pending)
Alexander Woolverton (*pro hac vice* admission pending)
1285 Avenue of the Americas
New York, New York  10019
Tel:　(212) 373-3000
Fax:　(212) 757-3990
Email: pbasta@paulweiss.com
　　　aeaton@paulweiss.com
　　　awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**The Agreements**

# The Agreements

| Counterparty | Counterparty Address | Debtor Counterparty | Contract Description | Notes / Additional Related Agreements |
|---|---|---|---|---|
| Raven Energy LLC of Louisiana | 3801 PGA Boulevard, Suite 903, Palm Beach Gardens, Florida 33410 | Foresight Energy LLC<br><br>Oeneus LLC d/b/a Savatran LLC | Materials Handling and Storage Agreement – Dated January 1, 2012 | First Amended and Restated Materials Handling and Storage Agreement – Dated May 1, 2015<br><br>Amendment to First Amended and Restated Materials Handling and Storage Agreement – Dated September 26, 2016<br><br>Second Amendment to First Amended and Restated Materials Handling and Storage Agreement – Dated August 31, 2017 |
| United Bulk Terminals Davant, LLC | 4400 Harding Pike Nashville, TN 37205 | Savatran, LLC | Bulk Cargo Transfer and Storage Agreement – Dated November 15, 2013 | |
| Ingram United Barge LLC (f/k/a United Bulk Terminals Davant, LLC) | 4400 Harding Pike Nashville, TN 37205 | Savatran, LLC | Transportation Agreement – Dated November 15, 2013 | |
| The Mt. Olive and Staunton Coal Company Trust | 911 Washington Ave., 3rd Floor St. Louis, MO 63101 | Macoupin Energy LLC | Purchase and Sale Agreement – Dated May 5, 2017 | |

2

Doc#: US1:13617924v2