**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.:  6 |

**INTERIM ORDER (A) AUTHORIZING DEBTORS
TO PAY PREPETITION WAGES AND WORKFORCE OBLIGATIONS,
(B) AUTHORIZING DEBTORS TO MAINTAIN WORKFORCE PROGRAMS
AND PAY RELATED OBLIGATIONS, AND (C) GRANTING RELATED RELIEF**

Upon the Motion[1] of Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") requesting entry of an interim order (this "Interim Order"), pursuant to sections 105(a), 363 and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing, but not directing, the Debtors in their discretion to pay and honor their Workforce Obligations, (b) authorizing, but not directing, the Debtors in their discretion to maintain Workforce Programs and pay prepetition amounts related thereto, and (c) granting related relief, all as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and it appearing that venue of the Debtors' chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice

---

[1]   All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon consideration of the First Day Declarations; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** on an interim basis to the extent set forth herein.

2.      The Debtors are authorized in their sole discretion, pursuant to sections 105(a) and 363 of the Bankruptcy Code, in the reasonable exercise of their business judgment and in the ordinary course of business, to pay and honor the Workforce Obligations, including any associated costs and fees, in an aggregate interim amount not to exceed $9,455,000.

3.      The Debtors are further authorized in their sole discretion, to continue and maintain the Workforce Programs during these chapter 11 cases, including any associated costs and fees.

4.      The Debtors are authorized to continue to pay the Service Providers in the ordinary course of business.

5.      In accordance with section 362(d) of the Bankruptcy Code, (a) Workers are authorized to proceed with their claims, including black lung claims, under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized to pay all prepetition amounts relating thereto as set forth in the Workers'

Compensation Program in the ordinary course of business and (b) the notice requirements under Bankruptcy Rule 4001(d) with respect to clause (a) hereof are waived.

6.      Nothing in this Interim Order shall be deemed to authorize payment of any amounts that (a) are in contravention of section 503(c) of the Bankruptcy Code, (b) are above the caps set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, or (c) would be made to an "insider" as such term is defined by section 101(31) of the Bankruptcy Code; *provided, however*, that nothing in this Interim Order shall prohibit the Debtors from paying accrued but previously unpaid PTO liabilities in the ordinary course of business.

7.      All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, automated clearing house transfers and other payment orders drawn or issued by the Debtors under this Interim Order, whether presented or issued before or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution.  Such banks and financial institutions are authorized to rely on representations of the Debtors as to which checks, electronic funds transfer requests, and payment orders are authorized to be paid pursuant to this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8.      The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Workforce Obligations.

9.      Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted

herein, as well as the exercise of any and all rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (a) the orders approving the Debtors' use of cash collateral and/or postpetition debtor-in-possession financing facilities (collectively, the "DIP Orders"); (b) other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; (c) the Budget (as defined in the DIP Orders); and (d) the terms and conditions set forth in the Restructuring Support Agreement (as defined in the DIP Orders). To the extent there is any inconsistency between the terms of any of the DIP Orders and this Interim Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

10.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity or priority of any claim or lien (or the priority thereof) against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute or contest such claim or lien on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion, (e) a request or authorization to assume or adopt any agreement, contract, or lease under section 365 of the Bankruptcy Code or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or applicable law.

11.     Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective upon its entry.

13. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief sought by the Motion is necessary to avoid immediate and irreparable harm.

14. No later than two (2) business days after the date of this Interim Order, the Debtors shall serve on the Notice Parties (a) a copy of the Interim Order and (b) a notice scheduling a final hearing on the Motion, on April 3, 2020, at 10:00 a.m. (prevailing Central Time) in Courtroom 7-North, and shall file a certificate of service no later than twenty-four (24) hours after service.

KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED:  March 11, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atlllp.com
       jwillard@atlllp.com
       kredmond@atlllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:  pbasta@paulweiss.com
       aeaton@paulweiss.com
       awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*