**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 14 |

**ORDER (A) ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF RETAINED PROFESSIONALS AND (B) GRANTING RELATED RELIEF**

Upon the Motion[1] of Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") requesting entry of an order (this "Order"), pursuant to section 330 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2016(a), Local Bankruptcy Rules 2016-1 and 2016-2, and the Local Guidelines, (a) establishing an orderly, regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "Interim Compensation Procedures") for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses and (b) granting related relief, all as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and it appearing that venue of the Debtors' chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. Except as may otherwise be provided in orders of the Court authorizing the retention of specific professionals, all Retained Professionals of the Debtors or the Committee may seek compensation for professional services rendered and reimbursement of expenses incurred in accordance with the procedures set forth in **Exhibit 1** hereto (the "Interim Compensation Procedures").

3. Each Retained Professional whose retention has been approved by the Court as of the Petition Date may seek, in its first Monthly Fee Statement, compensation for work performed and reimbursement for expenses incurred during the period beginning on the Petition Date and ending on March 29, 2020. The first interim fee application for such Retained Professionals shall seek compensation and reimbursement of expenses for the period from the Petition Date through May 31, 2020. All Retained Professionals retained effective after the Petition Date shall serve their Monthly Fee Statement on the Core Parties for the period from the effective date of their retention through the end of the first full month following the effective date of their retention, and otherwise in accordance with the Interim Compensation Procedures.

4. Each member of the Committee shall be permitted to submit statements of expenses and supporting vouchers to counsel to the Committee, which counsel shall collect and submit such requests for reimbursements in accordance with the foregoing procedure for monthly and interim compensation and reimbursements of Retained Professionals.

5. The amount of fees and disbursements sought by each Retained Professional shall be set forth in U.S. Dollars.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. Nothing herein shall be construed to allow reimbursement or compensation for fees or expenses incurred by any Retained Professional in defending the Retained Professional's fees from legal challenge.

8. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective upon its entry.

10. No later than 2 business days after the date of this Order, the Debtors shall serve on the Notice Parties a copy of the Order and shall file a certificate of service no later than 24 hours after service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: March 13, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
        jwillard@atllp.com
        kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:  pbasta@paulweiss.com
        aeaton@paulweiss.com
        awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# Exhibit 1

**Interim Compensation Procedures**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Docket No.: [14] |

## INTERIM COMPENSATION PROCEDURES

These procedures (the "Interim Compensation Procedures") have been approved by this Court for the above-captioned cases of Foresight Energy LP and its affiliated debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Order (A) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Granting Related Relief* [**Docket No. TBD**] (the "Order").[1]

The Interim Compensation Procedures shall apply to attorneys and other professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who are required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), Local Bankruptcy Rules 2016-1 and 2016-2, and the Local Guidelines (the "Retained Professionals") in these chapter 11 cases, unless a Court order approving the employment and retention of a Retained Professional provides different procedures for compensating or reimbursing such Retained Professional.

**A.  Procedures for Monthly Fee Statements**

(i)  Filing of Monthly Fee Statements. On or before the **20th day of each month**, or as soon as reasonably practicable thereafter, following the month for which

---

[1]  Capitalized terms not defined herein shall have the meaning ascribed to them in the Order.

compensation is sought, each Retained Professional seeking compensation will serve by email a fee statement (a "Monthly Fee Statement"), which need not include a narrative, but must include time and expense detail, on the Core Parties.

(ii) Interim Payment on Monthly Fee Statements. The Core Parties shall have **14 days** following the service of a Monthly Fee Statement to review the request. After the 14th day following the service of a Monthly Fee Statement, the Debtors shall promptly pay each Retained Professional that served such Monthly Fee Statement an interim payment (the "Actual Interim Payment") equal to the lesser of (a) 80% of the fees and 100% of the expenses identified in such Monthly Fee Statement (the "Maximum Payment") and (b) 80% of the fees and 100% of the expenses not subject to a Monthly Fee Statement Objection (as defined below).

(iii) Monthly Fee Statement Objections. If any Core Party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such Core Party shall, by no later than the **14th day** following the service of the relevant Monthly Fee Statement, serve upon the applicable Retained Professional and each of the other Core Parties a written objection (each, a "Monthly Fee Statement Objection") setting forth, with specificity, the nature of the objection and the amount of fees or expenses at issue. Thereafter, the objecting Core Party and the applicable Retained Professional shall attempt to resolve the Monthly Fee Statement Objection on a consensual basis. If the parties are able to resolve their dispute following the timely service of a Monthly Fee Statement Objection, then the applicable Retained Professional shall serve upon the other Core Parties a statement (a) indicating that the Monthly Fee Statement is withdrawn and (b) describing in detail the terms of the resolution. Thereafter, the Debtors shall promptly pay that portion of the Monthly Fee Statement no longer subject to a Monthly Fee Statement Objection up to the Maximum Payment in respect of such Monthly Fee Statement.

(iv) Resolution of Monthly Fee Statement Objections; Formal Objections. If the objecting Core Party and the applicable Retained Professional are unable to resolve the Monthly Fee Statement Objection no later than (a) **20 days** following service of the Monthly Fee Statement Objection or (b) such later date as may be agreed to between the objecting Core Party and the applicable Retained Professional (such date, the "Resolution Deadline"), the objecting Core Party shall file its objection (the "Formal Objection") with the Court no later than **three business days** following the Resolution Deadline and serve such Formal Objection on the applicable Retained Professional and each of the other Core Parties. Thereafter, the Retained Professional may either (a) file a response to the Formal Objection with the Court, together with a request for the payment of the difference between the Maximum Payment and the Actual Interim Payment previously made to the respective Retained Professional with respect to that month (the "Incremental Amount") or (b) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Formal Objection.

(v) <u>Subsequent Objections</u>.  The filing of a Formal Objection in accordance with paragraph (iv) above shall not prejudice the objecting Core Party's right to object to any Fee Application (as defined below) on any ground, whether raised in the Formal Objection or not.  Furthermore, failure by a Core Party to file a Formal Objection to a Monthly Fee Statement shall neither constitute a waiver of any kind nor prejudice such Core Party's right to object to any Fee Application subsequently filed by a Retained Professional.

(vi) <u>Effect of Failure to Submit Monthly Fee Statements</u>.  Any Retained Professional that fails to timely serve a Monthly Fee Statement for a particular month or months may subsequently serve a consolidated Monthly Fee Statement with a future Monthly Fee Statement for such past months.

B. **Procedures for Fee Applications**

(i) <u>Filing of Fee Applications</u>.  Beginning with the period from the Petition Date through and including May 31, 2020, and at four full-month intervals thereafter (each, an "<u>Interim Fee Period</u>"), each Retained Professional shall file with the Court and serve on each of the Core Parties (including via regular or overnight mail on the U.S. Trustee) and any party in interest who files a notice of appearance or request for service of papers, in each case other than through the Court's Electronic Case Files system an application (a "<u>Fee Application</u>") for interim or final (as the case may be) Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such Interim Fee Period.  Each Retained Professional must file its Fee Application within **45 days** after the end of the Interim Fee Period for which the request seeks allowance of compensation and reimbursement of expenses, and at least **30 days** before the hearing on the Fee Application.  All Fee Applications shall comply with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable guidelines issued by the Office of the U.S. Trustee.

(ii) <u>Objections to Fee Applications</u>.  Objections to any Fee Applications must be filed with the Court no later than **14 days** before the hearing on the Fee Application.  Except as otherwise ordered by the Court, any Retained Professional that fails to file a Fee Application when due will be ineligible to receive further Actual Interim Payments with respect to an subsequent Interim Fee Period until such time as such past-due Fee Application is filed and served by the Retained Professional.

(iii) <u>Hearings on Fee Applications</u>.  The Debtors shall request that the Court schedule a hearing on the Fee Applications at least once approximately every 120 days.  If no objections to Monthly Fee Statements have been filed or all have been withdrawn, the Court may approve all uncontested Fee Applications without a hearing.  Upon allowance by the Court of a Retained Professional's Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(iv) <u>Payment on Fee Applications and Monthly Fee Statements</u>. The pendency of a Formal Objection or a Fee Application or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.[2]

(v) <u>Effect of Payment or Failure to Pay</u>. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professional.

---

[2] Filing by the Debtors' counsel of any other Retained Professional's Fee Applications on behalf of such professional is not, and should not be deemed to be, endorsement or approval by the Debtors' counsel of, nor attestation of having reviewed, such professional's Fee Application.