**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 15 |

**ORDER AUTHORIZING THE EMPLOYMENT
OF CERTAIN ORDINARY COURSE PROFESSIONALS**

Upon the Motion[1] of Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") requesting entry of an order (this "Order"), pursuant to sections 105, 327, 328, and 330 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014(A), authorizing procedures for the retention and compensation of certain professionals employed by the Debtors in the ordinary course of business, all as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and it appearing that venue of the Debtors' chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. To the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized pursuant to 11 U.S.C. § 327 and 330, to employ the Ordinary Course Professionals, retroactive to the Petition Date, and to compensate such Ordinary Course Professionals pursuant to the following procedures:

3. Specifically, the Court authorizes the following procedures (the "Procedures") for retaining and compensating Ordinary Course Professionals:

   i. Within 15 days of the later of the entry of the Proposed Order or the date on which the retained Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide the Debtors' attorneys with:

      a. a declaration of disinterestedness (each, a "Declaration of Disinterestedness"), substantially in the form attached hereto as **Exhibit 1**, certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and

      b. a completed retention questionnaire (the "Retention Questionnaire" and together with the Declaration of Disinterestedness, the "Ordinary Course Professional Documents"), substantially in the form attached herein as **Exhibit 2**, and shall periodically update such Ordinary Course Professional Documents to the extent necessary to reflect new facts or circumstances relevant to their retention.

   ii. The Debtors' attorneys shall promptly file the Ordinary Course Professional Documents with the Court and serve the summary on the Core Parties.

   iii. The Core Parties shall then have **14 days** following service (the "Objection Deadline") to object to the retention of the Ordinary Course Professional filing such Ordinary Course Professional Documents.

iv. If no objections are received by the Debtors by the Objection Deadline in accordance with paragraph (iii) above, retention of the Ordinary Course Professional shall be deemed approved and effective as of the later of the Petition Date or the date the Ordinary Course Professional commenced work (the "<u>Retention Date</u>").

v. If an objection is asserted by a Core Party in accordance with paragraph (iii) above and such objection is not resolved within **ten days** of the Objection Deadline (the "<u>Resolution Deadline</u>"), the Debtors shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled omnibus hearing date that is at least 14 days from the Resolution Deadline (unless otherwise agreed to by the Debtors and the objecting Core Party).

vi. No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional Documents have been filed with the Court and (a) the Objection Deadline has passed with no objection asserted in accordance with paragraph (iii) above or (b) if an objection is asserted in accordance with paragraph (iii) above, until such objection is resolved or upon order of the Court.

vii. Where retention of an Ordinary Course Professional has been approved in accordance with these Procedures, without a prior application to the Court and upon the submission to, and approval by, the Debtors of the appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred, the Debtors shall be authorized to pay 100% of the postpetition fees and disbursements incurred, up to (a) $50,000 per month (the "<u>Monthly Cap</u>") per Ordinary Course Professional or (b) $750,000 in the aggregate per Ordinary Course Professional over the life of these cases (the "<u>Aggregate Cap</u>" and together with the Monthly Cap, the "<u>Ordinary Course Professional Fee Caps</u>").

viii. In the event that an Ordinary Course Professional seeks more than the Monthly Cap in a single month, that professional will be required to, on or before the 20th day of the month following the month for which the additional fees and disbursements are being sought, serve a monthly statement (the "<u>Monthly Statement</u>") for the full amount of fees and disbursements sought in such month, by hand or overnight delivery, on the Core Parties.

    a. If any Core Party has an objection to the compensation or reimbursement sought in a particular Monthly Statement, he or she shall, by no later than the **14th day** following the service of the relevant Monthly Statement (the "<u>Monthly Statement Objection Deadline</u>"), serve upon the Ordinary Course Professional whose Monthly Fee Statement is objected to, and upon the other Interested Parties, a written notice (a "<u>Notice of Objection to Fee Statement</u>")

        setting forth the nature of the objection and the amount of fees or expenses at issue.

    b. If the Debtors do not receive an objection to a particular Monthly Statement on or prior to the Monthly Statement Objection Deadline, the Debtors shall promptly thereafter pay all fees and expenses identified in such Monthly Statement to which no objection has been served in accordance with paragraph (a) above.

    c. If the Debtors receive an objection to a particular Monthly Statement served in accordance with the paragraph (a) above on or prior to the Monthly Statement Objection Deadline, they shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements unless the Court, upon notice and a hearing, directs payment to be made.

    d. If the parties to an objection are able to resolve their dispute, and if the Ordinary Course Professional whose Monthly Statement was objected to serves upon the Core Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay that portion of the Monthly Statement no longer subject to an objection.

    e. All objections served in accordance with these Procedures and not resolved by the relevant parties shall be preserved and presented to the Court on notice.

ix. If an Ordinary Course Professional seeks payment of an amount that is more than the Aggregate Cap during these chapter 11 cases, such Ordinary Course Professional shall, unless the Court orders otherwise, file a fee application with the Court seeking approval to be paid such amounts in excess of the Aggregate Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, and any applicable order of this Court.

x. At three-month intervals during the pendency of these chapter 11 cases (each, a "Quarter"), beginning with the three-month interval starting on the Petition Date and ending on April 30, 2020, the Debtors shall file with the Court and serve on the Core Parties, on or as soon as practicable after the fortieth (40th) day after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional:

    c. the name of the Ordinary Course Professional,

    d. the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter, and

    e. all postpetition payments made to that Ordinary Course Professional through the reported Quarter.

  4. The Debtors right to retain additional Ordinary Course Professionals from time to time during these chapter 11 cases shall not be affected or prejudiced in any manner by the relief granted in this Order, <u>provided</u>, <u>that</u> such Ordinary Course Professionals comply with these Procedures.

  5. The Debtors' right to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted in this Order.

  6. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

  7. This Order is without prejudice to the Debtors' right to request modification of the Ordinary Course Professional Fee Caps.

  8. All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests, automated clearing house transfers and other payment orders drawn or issued by the Debtors under this Order, whether presented or issued before or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution.  Such banks and financial institutions are authorized to rely on representations of the Debtors as to which checks, electronic funds transfer requests, and payment orders are authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

9. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (a) the orders approving the Debtors' use of cash collateral and/or postpetition debtor-in-possession financing facilities (collectively, the "DIP Orders"); (b) other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; (c) the Budget (as defined in the DIP Orders); and (d) the terms and conditions set forth in the Restructuring Support Agreement (as defined in the DIP Orders).  To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

10. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity or priority of any claim or lien (or the priority thereof) against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute or contest such claim or lien on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion, (e) a request or authorization to assume or adopt any agreement, contract, or lease under section 365 of the Bankruptcy Code or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or applicable law.

11. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective upon its entry.

13. No later than 2 business days after the date of this Order, the Debtors shall serve on the Notice Parties a copy of the Order and shall file a certificate of service no later than 24 hours after service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: March 13, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
        jwillard@atllp.com
        kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:  pbasta@paulweiss.com
        aeaton@paulweiss.com
        awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# Exhibit 1

**Declaration of Disinterestedness**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Docket No.:  [] |

**DECLARATION AND DISCLOSURE**

**STATEMENT OF** _____

**ON BEHALF OF**_____

_____, declares and says:

1.  I am a _____ of _____, located at _____ (the "Firm").

2.  Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (the "Debtors") have requested that the Firm provide services to the Debtors, and the Firm has consented to provide those services.

3.  The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may be represented or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

        4.        Neither I nor any partner or associate of the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed.

        5.        Neither I nor any partner or associate of the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than partners and associates of the Firm.

        6.        The Debtors owe the Firm $_____ for prepetition services.

        7.        The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this Declaration.

        8.        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on _____ ____, 2020.

                                                        _____
                                                             [NAME]

## **Exhibit 2**

**Retention Questionnaire**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Docket No.:  [] |

**RETENTION QUESTIONNAIRE**

**To Be Completed by Professionals Employed By:** Foresight Energy LP, *et al.* (the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS TO:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019
Attention: Alice Belisle Eaton and Patrick M. Steel

All questions **must** be answered.  Please use "none," "not applicable," or "N/A" as appropriate. If more space is needed, please complete on a separate page and attach.

2. Name and address of firm:

   _____
   _____
   _____
   _____

   Date of retention:  _____

3. Brief description of services to be provided:

   _____
   _____
   _____

4. Arrangements for compensation (hourly, contingent, etc.)

   _____

  (a) Range of hourly rates (if applicable): _____

  (b) Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition): _____

5. Prepetition claims against any of the Debtors held by the firm:

 Amount of claim:  $ _____

 Date claim arose: _____

 Source of claim: _____

6. Prepetition claims against any of the Debtors held individually by any of the firm's professionals:
Name: _____
Status: _____
Amount of claim:  $_____
Date claim arose: _____
Source of claim: _____

7. Stock of any of the Debtors currently held by the firm:

 Kind of shares: _____

 No. of shares: _____

8. Stock of any of the Debtors currently held individually by any of the firm's professionals:

 Name: _____

 Status: _____

 Kind of shares: _____

 No. of shares: _____

9. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the firm is to be employed.

_____

_____

_____

_____

10. Name of individual completing this form:

_____

6