**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 34 |

**ORDER GRANTING LEAVE TO EXCEED**
**THE PAGE LIMITATIONS IN THEIR FIRST DAY MOTIONS**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 363, and 507 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, authorizing the Debtors to exceed the page limitations in their First Day Motions, all as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and it appearing that venue of the Debtors' chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon consideration of the First Day Declarations; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest;

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors are authorized, if necessary, to exceed the page limitations set forth in Local Bankruptcy Rule 9004(C) with respect to the following First Day Motions:

   a. *Debtors' Motion for Entry of an Order Authorizing Joint Administration of Chapter 11 Cases* [Docket No. 3];

   b. *Debtors' Motion for Entry of an Order (A) Extending the Time to File Schedules and Statements; (B) Extending the Time to Schedule the Meeting of Creditors; (C) Partially Waiving the Requirements to (I) File Equity Lists and (II) Provide Notice to Equity Security Holders; (D) Authorizing the Debtors to File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors; (E) Authorizing the Debtors to File a Consolidated and Redacted List of Creditors in Lieu of Submitting Separate and Reformatted Creditor Matrices for Each Debtor; (F) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases; and (G) Granting Related Relief* [Docket No. 10];

   c. *Debtors' Motion for Entry of an Order (A) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Granting Related Relief* [Docket No. 14];

   d. *Debtors' Motion for Entry of Interim and Final Orders Determining Adequate Assurance of Payment for Future Utility Services* [Docket No. 13];

   e. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Payment of Prepetition Taxes and Fees and (B) Granting Related Relief* [Docket No. 12];

   f. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Maintain, Continue, and Renew Their Existing Insurance Program and (Ii) Honor Certain Prepetition Obligations in Respect Thereof and (B) Granting Related Relief* [Docket No. 11];

   g. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Maintain Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (B) Granting Related Relief* [Docket No. 7];

h. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Perform Under Existing Coal Sale Contracts in the Ordinary Course of Business and (I) Enter Into and Perform Under New Coal Sale Contracts in the Ordinary Course of Business and (B) Granting Related Relief* [Docket No. 8];

i. *Debtors' Motion for Entry of an Order (A) Establishing Certain Notice, Case Management, and Administrative Procedures and (B) Granting Related Relief* [Docket No. 16];

j. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Debtors to Pay Prepetition Wages and Workforce Obligations, (B) Authorizing Debtors to Maintain Workforce Programs and Pay Related Obligations, and (C) Granting Related Relief* [Docket No. 6];

k. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Debtors to Continue and Renew Surety Bond Program and (B) Granting Related Relief* [Docket No. 9];

l. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Debtors to Pay Prepetition Claims of Trade and Lien Claimants and Authorizing Payment Procedures Related Thereto, (B) Authorizing Debtors to Pay Royalty and Leasehold Claims, (C) Granting Administrative Expense Priority Status to Outstanding Orders, and (D) Granting Related Relief* [Docket No. 5];

m. *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Continued Use of the Debtors' Existing Cash Management System; (B) Authorizing Use of Existing Bank Accounts and Business Forms; (C) Granting a Limited Waiver of Requirements of Section 345(B) of the Bankruptcy Code; (D) Authorizing Continuation of Ordinary Course Intercompany Transactions; (E) Granting Administrative Expense Priority Status to Postpetition Intercompany Claims; and (F) Granting Related Relief* [Docket No. 4];

n. *Debtors' Motion for Interim and Final Orders (A) Authorizing the Debtors to (I) Obtain Post-Petition Financing, (II) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (III) Utilize Cash Collateral, (B) Granting Adequate Protection to the Prepetition Secured Parties, (C) Modifying the Automatic Stay; (D) Scheduling Final Hearing; and (D) Granting Related Relief* [Docket No. 29];

o. *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Counsel to the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 33];

3

    p. *Debtors' Application Pursuant to Sections 327(A) and 329(A) of the Bankruptcy Code, Bankruptcy Rules 2014(A) and 2016(B), and Local Bankruptcy Rules 2014(A) and 2016-1, for an Order Authorizing the Debtors to Retain and Employ Armstrong Teasdale LLP as Co-Counsel Effective as of the Petition Date* [Docket No. 19];

    q. *Debtors' Application for Authority to Employ and Retain Jefferies LLC as Investment Banker for the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 32];

    r. *Debtors' Application for Authority to Employ and Retain FTI Consulting, Inc. as Restructuring Financial Advisor to the Debtors Nunc Pro Nunc to the Petition Date* [Docket No. 31].

    s. *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Prime Clerk, LLC as Claims and Noticing Agent and Administrative Advisor for the Debtors and Debtors and Possession Effective as of the Petition Date* [Docket No. 20].

    t. *Debtors' Motion for Entry of an Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [Docket No. 15].

3. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

4. The notice requirements of Bankruptcy Rule 9006(d) and any applicable Local Bankruptcy Rules are waived for the Motion.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective upon its entry.

6. No later than 2 business days after the date of this Order, the Debtors shall serve on the Notice Parties (a) a copy of the Order and shall file a certificate of service no later than 24 hours after service.

*/s/ Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: March 13, 2020
St. Louis, Missouri
jjh

4

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
Email:  jwillard@atllp.com
Email:  kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:     (212) 373-3000
Fax:    (212) 757-3990
Email: pbasta@paulweiss.com
         aeaton@paulweiss.com
         awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

6