**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 10 |

**ORDER (A) EXTENDING THE TIME TO
FILE SCHEDULES AND STATEMENTS; (B) EXTENDING THE TIME
TO SCHEDULE THE MEETING OF CREDITORS; (C) PARTIALLY WAIVING
THE REQUIREMENTS TO (I) FILE EQUITY LISTS AND (II) PROVIDE NOTICE TO
EQUITY SECURITY HOLDERS; (D) AUTHORIZING THE DEBTORS TO FILE A
CONSOLIDATED LIST OF THE DEBTORS' 30 LARGEST UNSECURED
CREDITORS; (E) AUTHORIZING THE DEBTORS TO PREPARE A
CONSOLIDATED AND REDACTED LIST OF CREDITORS IN LIEU OF
SUBMITTING SEPARATE AND REFORMATTED CREDITOR MATRICES FOR
EACH DEBTOR; (F) APPROVING THE FORM AND MANNER OF
NOTIFYING CREDITORS OF THE COMMENCEMENT
OF THESE CHAPTER 11 CASES; AND (G) GRANTING RELATED RELIEF**

Upon the Motion[1] of Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") requesting entry of an order (this "Order"), pursuant to sections 105(a), 107(c), and 342(a) of the Bankruptcy Code, Bankruptcy Rules 1007(c), 2002, 9006(b), and 9018, and Local Bankruptcy Rules 1002(C), 1007-6(A), 1007-7, 1009, 2002-1, 2002-2, and 9037(A), (a) extending the 14-day period to file the Schedules and Statements for an additional 19 days without prejudice to the Debtors' ability to request additional time, (b) authorizing the U.S. Trustee to schedule the Section 341 Meeting after the 40-day deadline imposed by Bankruptcy Rule 2003(a), (c) partially waiving the requirement for FELP to file an Equity List and the requirement to give notice of the order for relief to all equity security

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

holders of the Debtors, (d) authorizing the Debtors to file a consolidated list of the Debtors' 30 largest unsecured creditors, (e) authorizing the Debtors to (i) file a consolidated Creditor Matrix in lieu of submitting separate and reformatted creditor matrices for each Debtor and (ii) redact certain personal identification information for individual creditors, (f) mail initial notices through the Proposed Notice and Claims Agent, and (g) granting related relief; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and it appearing that venue of the Debtors' chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon consideration of the First Day Declarations; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED to the extent set forth herein.

2.  Pursuant to sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rule 1007(c), and Local Bankruptcy Rule 1007-6(A), the time in which the Debtors shall file their Schedules and Statements is extended for an additional 19 days, through April 13, 2020, without prejudice to the Debtors' right to seek further extensions.

3. The U.S. Trustee is authorized to schedule the Section 341 Meeting on a date that is more than 40 days after the Petition Date.

4. The requirement under Bankruptcy Rule 1007(a)(3) for FELP to file an Equity List is hereby partially waived; FELP is hereby required to file an Equity List, but is not required to include in such Equity List any Public Unitholders.

5. The requirement under Bankruptcy Rule 2002(d) to give notice to all equity security holders of the orders for relief is hereby waived.

6. The Debtors are authorized to file a consolidated list of their 30 largest unsecured creditors in the Debtors' chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

7. Within two days after entry of this Order, the Debtors shall file with the Clerk of the Court and make available a single formatted mailing matrix, which consists of a single consolidated list of all the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

8. The Debtors are authorized to redact the Confidential Information of the Debtors' individual creditors in the consolidated list of creditors. Within two days after the entry of this Order, the Debtors shall provide an unredacted electronic version of the Creditor Matrix to the Clerk of the Court and provide copies to the U.S. Trustee and the Committee appointed in these chapter 11 cases, and such unredacted Creditor Matrix shall be filed under seal but not otherwise uploaded to the Court's docket; <u>provided</u>, the Clerk of Court or, if requested by the Clerk of Court, the Debtors, shall provide the unredacted version of the Creditor Matrix to a Requesting Party for the purpose of noticing parties in these chapter 11 cases within thirty-six hours of such Requesting Party or the Clerk of the Court, as the case may be, proving notice to counsel to the Debtors;

provided, further, that nothing in the foregoing shall prejudice the right of the Debtors, the U.S. Trustee, the Clerk of the Court, or Committee to object to such request.

9. For each Amended Creditor Matrix, if any, the Debtors shall provide both a redacted and an unredacted electronic copy of the Amended Creditor Matrix to the Clerk of the Court, the U.S. Trustee, and the Committee within two days thereafter.

10. The Debtors, with the assistance of the Proposed Claims and Noticing Agent (upon the Court's approval of the Debtors' retention of the Proposed Claims and Noticing Agent), are authorized, but not directed, to undertake all mailings directed by the Clerk of the Court or the U.S. Trustee, including the Notice of Commencement of these chapter 11 cases, and any other correspondence that the Debtors may wish to send to creditors.

11. The Court approves the form and manner of notifying creditors of the commencement of these chapter 11 cases, in that the Clerk of Court shall create the Notice of Commencement and transmit it to the Proposed Claims and Noticing Agent for mailing.

12. No later than two (2) business days after the date of this Order, the Debtors shall serve on the Notice Parties a copy of the Order and shall file a certificate of service no later than twenty-four (24) hours after service.

IT IS SO ORDERED.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: March 16, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
        jwillard@atllp.com
        kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:  pbasta@paulweiss.com
        aeaton@paulweiss.com
        awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*