**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 31 |

**INTERIM ORDER**
**APPROVING DEBTORS' APPLICATION**
**FOR AUTHORITY TO EMPLOY AND RETAIN**
**FTI CONSULTING, INC. AS RESTRUCTURING FINANCIAL**
**ADVISOR TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the Application[1] of Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") requesting entry of an interim order (this "Interim Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rules 2014(A) and 2016-1(A) approving the employment and retention of FTI as their restructuring financial advisor; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and it appearing that venue of the Debtors' chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Application; and upon consideration of the

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

First Day Declarations; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is hereby **GRANTED** on an interim basis as set forth herein.

2. The Debtors are authorized and directed to employ and retain the Advisor as their restructuring financial advisor effective as of the Petition Date in accordance with the terms and conditions set forth in the Engagement Letter, attached as **Exhibit 1** to the Boyko Declaration and incorporated by reference herein, and to pay fees and expenses to the Advisor on the terms and conditions specified in the Engagement Letter, to the extent that the terms of the Engagement Letter do not conflict with the terms of this Interim Order.

3. The Advisor is authorized to provide the Services, as detailed in the Engagement Letter.

4. The Debtors will reimburse the Advisor for reasonable expenses directly attributable to the Engagement, including, without limitation, fees, disbursements and other charges by the Advisor's counsel to the extent provided for in the Engagement Letter as modified by this Interim Order (including, without limitation, pursuant to the Indemnification Provisions as modified by this Interim Order), which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise; *provided, however*, that such fees shall not include fees related to fee applications or drafting and negotiating the Engagement Letter, the

Application or any related documents; *provided, further*, that in the event that the Advisor seeks reimbursement from the Debtors for attorneys' fees and expenses consistent with the terms of this Interim Order, the invoices and supporting time records from such attorneys shall be included in the Advisor's own applications and shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code.

5. The Indemnification Provisions set forth in the Engagement Letter and Attachment A of the Engagement Letter (the "Indemnification Agreement") are approved, subject to the following modifications:

(a) All requests of Indemnified Parties for payment of indemnity, reimbursement or contribution pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity, reimbursement or contribution conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity, reimbursement or contribution is sought; *provided, however*, that in no event shall Indemnified Party be indemnified in the case of its own bad faith, fraud, gross negligence or willful misconduct.

(b) In the event that Indemnified Party seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Indemnified Party for payment of indemnity, reimbursement or contribution pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Indemnified Party's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

6. The Advisor shall file fee applications on 120-day intervals from the commencement of these chapter 11 cases for compensation and reimbursement of expenses and shall be compensated for its services and reimbursed for any related expenses in accordance with

and pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines and any other applicable orders of this Court; *provided, however*, that the proposed fee structure and indemnification provisions set forth in the Engagement Letter shall be subject to review pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by solely the U.S. Trustee for the Eastern District of Missouri (the "U.S. Trustee"), who, for the avoidance of doubt, shall be entitled to review applications for payment of compensation and reimbursement of expenses of the Advisor under section 330 of the Bankruptcy Code.  The Advisor shall not be required to submit time records in support of its fee applications.

7. The Debtors are jointly authorized to pay the Advisor's monthly invoices under the procedures set forth in Local Rule 2016-2(B).

8. Notwithstanding anything to the contrary in the Engagement Letter, the Application or the Boyko Declaration, to the extent that the Debtors request that the Advisor perform any services other than those detailed in Section 2 of the Engagement Letter, the Debtors shall seek further approval by the Court, including any related modifications to the Engagement Letter, and the application seeking such approval shall set forth, in addition to the additional services to be performed, the additional fees sought to be paid.

9. The Advisor shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

10. To the extent the Application, the Engagement Letter or any prior order or pleading in these cases is inconsistent with this Interim Order, the terms of this Interim Order shall govern.

Doc#: US1:13612400v1

11. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Interim Order, the terms and conditions of this Interim Order shall be immediately effective upon its entry.

12. The Debtors are authorized to take all such actions as are necessary to implement the terms of this Interim Order.

13. A final hearing (the "Final Hearing") on the Application shall be held on **April 3, 2020 at 10:00 a.m. (prevailing Central Time)** in the United States Bankruptcy Court, 111 S. Tenth Street, Courtroom 7-North, St. Louis, Missouri 63102. Any objections or responses to entry of a final order on the Application shall be filed in writing with the Court by **11:59 p.m. (prevailing Central Time), on March 30, 2020**, and shall be served on: (a) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, (Attention: Alice Belisle Eaton and Patrick Steel); (b) proposed co-counsel to the Debtors, Armstrong Teasdale LLP (Attention: Richard W. Engel, Jr. and John G. Willard); (c) the U.S Trustee; (d) counsel to the Ad Hoc First Lien Group; (e) counsel to the Ad Hoc Crossover Group; (f) counsel to the Facilities Agent; (g) counsel to the Term Agent; (h) counsel to the Indenture Trustee; (i) counsel to the collateral trustee under the Debtors' secured debt facilities; (j) counsel to the DIP Agent; (*l*) counsel to DIP Lenders; (m) counsel to Murray Energy Corporation; (n) counsel to Reserves; (o) the Internal Revenue Service; (p) the Securities and Exchange Commission; (q) the United States Attorney's Office for the Eastern District of Missouri; (r) the state attorneys general for all states in which the Debtors conduct business; (n) counsel to the Committee; and (o) the holders of the 30 largest unsecured claims against the Debtors, on a consolidated basis (collectively, the "Notice Parties").

5

In the event no objections to entry of a final order on the Application are timely received, this Court may enter such final order without need for the Final Hearing.

14. Notice of the Application as provided therein is hereby deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

15. No later than two (2) business days after the date of this Interim Order, the Debtors shall serve a copy of this Interim Order on the Notice Parties, and shall file a certificate of service no later than twenty-four (24) hours after service.

*/s/ Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: March 16, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
    jwillard@atllp.com
    kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:  pbasta@paulweiss.com
    aeaton@paulweiss.com
    awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*