# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 32 |

## INTERIM ORDER AUTHORIZING
## THE RETENTION AND EMPLOYMENT OF
## JEFFERIES LLC AS INVESTMENT BANKER FOR THE
## DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[1] of the above-captioned debtors and debtors in possessions (collectively, the "Debtors") requesting entry of an interim order (this "Interim Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014(A) and 2016-2, authorizing the Debtors to retain and employ Jefferies LLC ("Jefferies") as their investment banker *nunc pro tunc* to the Petition Date, pursuant to the terms and subject to the conditions of the Engagement Letter; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon consideration of the First Day Declarations; and upon the record of the hearing and all

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

of the proceedings had before the Court; and the Court having determined that the employment of Jefferies is necessary and in the best interest of the estates and their creditors; and the Court being satisfied that Jefferies does not hold or represent any entity having an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** on an interim basis as set forth herein.

2. The Debtors are authorized to retain and employ Jefferies as their investment banker in these chapter 11 cases, pursuant to the terms and subject to the conditions set forth in the Engagement Letter attached to the Application as **Exhibit 1**, effective as of the Petition Date.

3. Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify Jefferies in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.

4. Jefferies shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules or Local Bankruptcy Rules as may then be applicable, and any other applicable orders and procedures of this Court; *provided*, *however*, that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any order of this Court, the Trustee Guidelines, any other

guidelines regarding submission and approval of fee applications, and any other applicable orders or procedures of the Court, Jefferies' professionals shall be required only to keep reasonably detailed summary time records in one-half hour increments, which time records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed.

5. Notwithstanding anything to the contrary in this Interim Order, the Application or the Engagement Letter, the U.S. Trustee shall have the right to object to Jefferies' requests for compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, and not section 328(a) of the Bankruptcy Code. This Interim Order and the record relating to this Court's consideration of the Application shall not prejudice the rights of the U.S. Trustee's right to challenge the reasonableness of Jefferies' fees under section 330 of the Bankruptcy Code. Accordingly, nothing in this Interim Order or the record relating to this Court's consideration of the Application shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee with respect to the reasonableness of Jefferies' fees. Further, nothing in the Engagement Letter shall affect or modify the standard of review applicable to an objection by the U.S. Trustee under this paragraph.

6. The indemnification, contribution, and reimbursement provisions included in Schedule A to the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following modifications:

    a. subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify the Indemnified Persons in accordance with the Engagement Letter for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Letter; provided, however, that the Indemnified Persons shall not be indemnified for any claim arising from services other than the services provided under the Engagement

        Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

b.   notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct, or (ii) for a contractual dispute in which the Debtors allege breach of Jefferies' obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Interim Order;

c.   If, during the pendency of these chapter 11 cases, the indemnification provided in Schedule A to the Engagement Letter is held unenforceable by reason of the exclusions set forth in paragraph (b) above (i.e. gross negligence, willful misconduct, or for a contractual dispute in which the Debtors allege the breach of Jefferies' obligations under the Engagement Letter, unless the Court determines that indemnification would be permissible pursuant to the *United Artists* decision), and Jefferies makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the limitations on Jefferies' contribution obligations set forth in the second and third sentences of the fifth paragraph of Schedule A shall not apply; and

d.   If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Jefferies believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Interim Order), including, without limitation, the advancement of defense costs, Jefferies must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; provided, however, that for the avoidance of doubt, this subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not

        a provision limiting the duration of the Debtors' obligation to indemnify Jefferies.

7. To the extent that there may be any inconsistency between the terms of the Application, the Finger Declaration, the Engagement Letter, and this Interim Order, the terms of this Interim Order shall govern.

8. Notice of the Application as provided therein is hereby deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

9. A final hearing (the "Final Hearing") on the Application shall be held on **April 3, 2020 at 10:00 a.m. (prevailing Central Time)** in the United States Bankruptcy Court, 111 S. Tenth Street, Courtroom 7-North, St. Louis, Missouri 63102. Any objections or responses to entry of a final order on the Application shall be filed in writing with the Court by **11:59 p.m. (prevailing Central Time), on March 30, 2020**, and shall be served on: (a) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, (Attention: Alice Belisle Eaton and Patrick Steel); (b) proposed co-counsel to the Debtors, Armstrong Teasdale LLP (Attention: Richard W. Engel, Jr. and John G. Willard); (c) the U.S Trustee; (d) counsel to the Ad Hoc First Lien Group; (e) counsel to the Ad Hoc Crossover Group; (f) counsel to the Facilities Agent; (g) counsel to the Term Agent; (h) counsel to the Indenture Trustee; (i) counsel to the collateral trustee under the Debtors' secured debt facilities; (j) counsel to the DIP Agent; (*l*) counsel to DIP Lenders; (m) counsel to Murray Energy Corporation; (n) counsel to Reserves; (o) the Internal Revenue Service; (p) the Securities and Exchange Commission; (q) the United States Attorney's Office for the Eastern District of Missouri; (r) the state attorneys general for all states in which the Debtors conduct business; (n) counsel to the Committee; and (o) the holders of the 30 largest unsecured claims against the Debtors, on a consolidated basis (collectively, the "Notice Parties").

In the event no objections to entry of a final order on the Application are timely received, this Court may enter such final order without need for the Final Hearing.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective upon its entry.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief sought by the Application is necessary to avoid immediate and irreparable harm.

12. No later than two (2) business days after the date of this Interim Order, the Debtors shall serve a copy of this Interim Order on the Notice Parties, and shall file a certificate of service no later than twenty-four (24) hours after service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED:  March 16, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
　　　　jwillard@atllp.com
　　　　kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:     (212) 373-3000
Fax:    (212) 757-3990
Email:  pbasta@paulweiss.com
　　　　aeaton@paulweiss.com
　　　　awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*