**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 33 |

**INTERIM ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFETIVE AS OF THE PETITION DATE**

Upon the Application[1] of the Debtors requesting entry of an interim order (this "Interim Order"), pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014 and 2016, authorizing the retention and employment of Paul, Weiss as their attorneys with respect to the filing and prosecution of their chapter 11 cases, effective *nunc pro tunc* to the Petition Date, and upon the consideration of the Basta Declaration and the Moore Declaration in support thereof; and the Court being satisfied based on the representations made in the Application, the Basta Declaration, and the Moore Declaration that said attorneys represent no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and is in the best interests of the Debtors' estates; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

Court for the Eastern District of Missouri; and it appearing that venue of the Debtors' chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** on an interim basis to the extent set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014 and 2016, to employ and retain Paul, Weiss as their counsel in these chapter 11 cases effective as of the Petition Date.

3. Paul, Weiss is authorized to render professional services to the Debtors as described in the Application and the Engagement Letter. Specifically, but without limitation, Paul, Weiss shall provide services related to

    (a) providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their properties;

    (b) advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

  (c) attending meetings and negotiating with representatives of creditors and other parties in interest;

  (d) taking action necessary to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

  (e) preparing pleadings in connection with these chapter 11 cases, including motions, applications, objections, replies, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

  (f) representing the Debtors in connection with obtaining authority to continue using cash collateral and post-petition financing;

  (g) advising the Debtors in connection with any potential sale of assets;

  (h) advising and assisting the Debtors with financing and transactional matters as such may arise during these chapter 11 cases;

  (i) appearing in Court and any appellate courts to represent the interests of the Debtors' estates;

  (j) advising the Debtors regarding tax matters;

  (k) taking any necessary action on behalf of the Debtors to negotiate, prepare and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documentation related thereto; and

  (l) performing all other legal services for the Debtors that may be necessary and proper in these proceedings.

4. Paul, Weiss shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and the Orders.

5. Paul, Weiss shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other Chapter 11 Professionals in these chapter 11 cases.

6. To the extent the Application is inconsistent with this Order, the terms of this Interim Order shall govern.

7. Notice of the Application as provided therein is hereby deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective upon its entry.

10. A final hearing (the "Final Hearing") on the Application shall be held on **April 3, 2020 at 10:00 a.m. (prevailing Central Time)** in the United States Bankruptcy Court, 111 S. Tenth Street, Courtroom 7-North, St. Louis, Missouri 63102. Any objections or responses to entry of a final order shall be filed in writing with the Court by **11:59 p.m. (prevailing Central Time), on March 30, 2020**, and shall be served on: (a) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, (Attention: Alice Belisle Eaton and Patrick Steel); (b) proposed co-counsel to the Debtors, Armstrong Teasdale LLP (Attention: Richard W. Engel, Jr. and John G. Willard); (c) the U.S Trustee; (d) counsel to the Ad Hoc First Lien Group; (e) counsel to the Ad Hoc Crossover Group; (f) counsel to the Facilities Agent; (g) counsel to the Term Agent; (h) counsel to the Indenture Trustee; (i) counsel to the collateral trustee under the Debtors' secured debt facilities; (j) counsel to the DIP Agent; (*l*) counsel to DIP Lenders; (m) counsel to Murray Energy Corporation; (n) counsel to Reserves; (o) the Internal Revenue Service; (p) the Securities and Exchange Commission; (q) the United States Attorney's Office for the Eastern District of Missouri; (r) the state attorneys general for all states in which the Debtors conduct business; (n) counsel to the Committee; and (o) the holders of the 30 largest unsecured claims against the Debtors, on a consolidated basis (collectively, the "Notice Parties"). In the

event no objections to entry of a final order on the Application are timely received, this Court may enter such final order without need for the Final Hearing.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief sought by the Application is necessary to avoid immediate and irreparable harm.

12. No later than two (2) business days after the date of this Interim Order, the Debtors shall serve a copy of this Interim Order on the Notice Parties, and shall file a certificate of service no later than twenty-four (24) hours after service.

*/s/ Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED:  March 16, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email: pbasta@paulweiss.com
       aeaton@paulweiss.com
       awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*