# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 20 |

## INTERIM ORDER AUTHORIZING RETENTION AND APPOINTMENT OF PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT AND ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") requesting entry of an interim order (this "Order") for retention and appointment of Prime Clerk LLC ("Prime Clerk") as Claims and Noticing Agent and Administrative Advisor pursuant to 28 U.S.C. § 156(c), sections 105(a) and 327(a) of the Bankruptcy Code, Bankruptcy Rules 2002(f), 2014(a), and 2016, and Local Bankruptcy Rule 2014(A); and the Court having jurisdiction to consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Application; and upon the First Day Declaration and the Steele Declaration submitted in support of the Application; and the Debtors having estimated that there are thousands of creditors and parties in interest in these chapter 11 cases, many of which are expected to file proofs of claim; and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

being authorized under 28 U.S.C. § 156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Prime Clerk has the capability and experience to provide such services and that Prime Clerk does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given under the circumstances and no other or further notice being required; and it appearing that the employment of Prime Clerk is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Notwithstanding the terms set forth in the Application and in the Engagement Agreement, the Application is **GRANTED** on an interim basis solely as set forth in this order, and the Debtors are authorized to retain Prime Clerk as Claims and Noticing Agent and Administrative Advisor effective as of the Petition Date under the terms of the Engagement Agreement only to the extent that the terms of the Engagement Agreement do not conflict with the terms of this Order.

2. Prime Clerk is authorized and directed to perform notice and claims processing services as set forth below and in this Order and any non-conflicting provisions of the Application. Under the Engagement Agreement, Prime Clerk will perform the following services as the Claims and Noticing Agent pursuant to 28 U.S.C. § 156(c):

   (a) assist the Debtors with the preparation and distribution of all required notices and documents in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including: (i) notice of any claims bar date, (ii) notice of any proposed sale of the Debtor's assets, (iii) notices of objections to claims and objections to transfers of claims, (iv) notices of any hearings on a disclosure statement and confirmation of any plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (v) notice of the effective date of any plan, and (vi) all other notices, orders, pleadings, publications and other documents as the Debtors, the Court, or the Clerk may deem necessary or

appropriate for an orderly administration of these chapter 11 cases;

(b) maintain a copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

(c) maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available to the Clerk and upon request by a party in interest;

(d) furnish a notice to all potential creditors of the last date for filing proofs of claim and a customized form for filing a proof of claim, after such notice and form are approved by the Clerk and the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be affected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e) maintain a post office box or address for receiving claims and returned mail, and process all mail received;

(f) for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk a certificate of service within 24 hours of service which includes (i) the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(g) maintain a duplicate claims register on behalf of each Debtor (collectively, the "Claims Register"); and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned by the Court in the official claims register, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the address for payment, if different from the notice address, (v) the amount asserted, (vi) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), and (vii) any disposition of the claim;

(h) upon receipt of proofs of claim not otherwise filed with the Clerk, electronically file claims in the Court's Claim Register(s) within forty eight (48) hours of receipt; upon completion of the docketing of claims processed with the Court, reconcile its records with the Court for all claims received to date for each case to ensure use of the same numbers for each proof of claim maintained by the Court and by Prime Clerk; if the time deadline

3

cannot be met due to volume or unforeseen circumstances, Prime Clerk shall promptly notify the Clerk;

(i) implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(j) monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the duplicate claims register(s) and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(k) identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(l) assist in the dissemination of information to the public and respond to requests for administrative information regarding these chapter 11 cases as directed by the Debtors or the Court, including through the use of a case website at https://cases.primeclerk.com/foresightenergy and/or call center;

(m) thirty (30) days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Prime Clerk as claims, noticing, and solicitation agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

(n) within seven (7) days of notice to Prime Clerk of entry of an order closing these chapter 11 cases, reconcile all proofs of claim with the Court;

(o) periodically audit the claims information to assure the Clerk's Office that the claims information is being appropriately and accurately recorded in the claims register; allow the Clerk's Office to independently audit the claims information during regular business hours; allow the Clerk's Office to inspect Prime Clerk's premises at any time during regular business hours;

(p) with prior approval of the Clerk, at the close of these chapter 11 cases, address the destruction of proofs of claim as instructed by the Clerk; and

(q) comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements.

3. Prime Clerk is authorized and directed to perform administrative advisor services as set forth below and in this Order and any non-conflicting provisions of the Application. Under the Engagement Agreement, Prime Clerk will perform the following services as the

4

Administrative Advisor pursuant to 11 U.S.C. § 327(a):

> (a) assist the Debtors with plan-solicitation services including: (i) balloting, (ii) distribution of applicable solicitation materials, (iii) tabulation and calculation of votes, (iv) determining with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, Bankruptcy Rules, and procedures ordered by this Court; (v) preparing an official ballot certification and testifying, if necessary, in support of the ballot tabulation results; and (vi) in connection with the foregoing services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;
>
> (b) assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;
>
> (c) provide a confidential data room, if requested;
>
> (d) manage and coordinate any distributions pursuant to a chapter 11 plan; and
>
> (e) provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included pursuant to § 156(c), that may be requested from time to time by the Debtors, the Court, or the Clerk's Office.

4. For services rendered under 11 U.S.C. § 327(a), Prime Clerk shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable Guidelines. Prime Clerk shall serve notice of these cases and the initial 11 U.S.C. § 341 meeting of creditors using the current Official Form 309F notice as modified by the Court. Prime Clerk shall obtain this form notice from the Clerk and shall not modify the form notice it receives from the Clerk without the Clerk's consent. Any claims bar date notice must be approved by the Court and the Clerk prior to being issued by Prime Clerk.

5. Pursuant to 28 U.S.C. § 156(e), the Clerk shall perform her normal function as the custodian of Court records and official record keeper of all information related to these cases. The Clerk shall maintain the official case docket and claims register for each of these

5

Debtors. Prime Clerk shall work cooperatively with, assist, and support the Clerk in any way consistent with this Order. If Prime Clerk is unclear as to the application or applicability of any rule or procedure, it is to seek guidance from the Clerk.

6. The Clerk shall provide Prime Clerk with Electronic Case Filing ("ECF") credentials that allow Prime Clerk to receive ECF notifications, file proofs of claim, and file certificates of service. Prime Clerk is authorized and directed to obtain a post-office box or address for the receipt of proofs of claim.

7. Prime Clerk shall maintain a publicly accessible copy of the claims filed in these cases. Prime Clerk shall not unilaterally remove or alter any incorrect names or addresses from the claims register or mailing lists but shall file with the Court an updated creditor matrix along with a memorandum describing any change(s) thereto in accordance with Local Bankruptcy Rule 1009 and pay any requisite fee.

8. Prime Clerk shall, using the Court's ECF System as instructed by the Clerk, electronically file all proofs of claim that Prime Clerk has received or will receive in these cases, using the Court's ECF System as instructed by the Clerk. Upon receipt of a proof of claim or a transfer of claim, Prime Clerk shall stamp the receipt date and time on the document before filing it with the Court. The Clerk need not physically transfer any claim that she received electronically to Prime Clerk. The Clerk may, by using Prime Clerk's overnight express account, transmit to Prime Clerk any paper proof of claim that she receives. Prime Clerk shall not accept any proofs of claim electronically or provide any access to the public on its website to electronically file the proofs of claims

9. The Clerk shall retain exclusive responsibility to receive all transfers of claims. All transfers of claim shall be filed with the Clerk. Any and all transfers of claim and

6

accompanying filing fees received by Prime Clerk shall be filed with and paid to the Clerk.

10. Any contrary provision in the Application notwithstanding, and unless otherwise ordered by the Court, Prime Clerk shall serve any document that it is required to serve pursuant to this Order, the Application, and/or the Engagement Agreement within one (1) business day of the document being entered on the Court's docket. Prime Clerk shall file a certificate of service for any such document within one (1) business day of the document being served. Unless otherwise ordered by the Court, notice of any hearing that Prime Clerk is required to serve pursuant to this Order, Application, and/or the Engagement Agreement must be served within one (1) business day of the hearing being set. Prime Clerk shall file a certificate of service for any such notice within one (1) business day of the notice being served.

11. Once these cases have been closed, Prime Clerk shall seek permission of the Clerk to destroy any paper proofs of claim still in its possession that it has received in these cases and that have previously been filed with the Court. Prime Clerk shall file with the Court a certificate of destruction specifying the method of destruction, the date of destruction, and any reference number or other relevant information for the destruction of the paper proofs of claim.

12. Except as otherwise provided in paragraph 3 and 4, the Debtors are authorized to compensate Prime Clerk in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Prime Clerk and the rates charged for each, and to reimburse Prime Clerk for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Prime Clerk to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

13. Prime Clerk shall maintain records of all services showing dates, categories

7

of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, the Clerk, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

14. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

15. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Prime Clerk under this Order shall be an administrative expense of the Debtors' estates.

16. Prime Clerk may apply its advance to all prepetition invoices, which advance may be replenished to the original advance amount, and thereafter, Prime Clerk may hold its advance under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

17. In the event Prime Clerk is unable to provide the services set out in this order, Prime Clerk will immediately notify the Clerk and Debtors' counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel or to the Court directly.

18. The Debtors shall not be authorized to terminate Prime Clerk's services, nor shall Prime Clerk cease providing notice and claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court. If these cases convert to cases under Chapter 7 of the Bankruptcy Code, Prime Clerk shall cooperate with the Clerk to

turn over to the Clerk or another agent any materials that the Clerk requests unless Prime Clerk continues as notice and claims agent following the conversion.

19. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

20. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective upon its entry.

21. All time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

22. A final hearing (the "Final Hearing") on the Application shall be held on **April 3, 2020 at 10:00 a.m. (prevailing Central Time)** in the United States Bankruptcy Court, 111 S. Tenth Street, Courtroom 7-North, St. Louis, Missouri 63102. Any objections or responses to entry of a final order shall be filed in writing with the Court by **11:59 p.m. (prevailing Central Time), on March 30, 2020**, and shall be served on: (a) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, (Attention: Alice Belisle Eaton and Patrick Steel); (b) proposed co-counsel to the Debtors, Armstrong Teasdale LLP (Attention: Richard W. Engel, Jr. and John G. Willard); (c) the U.S Trustee; (d) counsel to the Ad Hoc First Lien Group; (e) counsel to the Ad Hoc Crossover Group; (f) counsel to the Facilities Agent; (g) counsel to the Term Agent; (h) counsel to the Indenture Trustee; (i) counsel to the collateral trustee under the Debtors' secured debt facilities; (j) counsel to the DIP Agent; (*l*) counsel to DIP Lenders; (m) counsel to Murray Energy Corporation; (n) counsel to Reserves; (o) the Internal Revenue Service; (p) the Securities and Exchange Commission; (q) the United States Attorney's Office for the Eastern District of Missouri; (r) the state attorneys general for all states in which the Debtors conduct business; (n) counsel to the Committee; and (o) the holders of the 30 largest unsecured claims against the

Debtors, on a consolidated basis (collectively, the "Notice Parties"). In the event no objections to entry of a final order on the Application are timely received, this Court may enter such final order without need for the Final Hearing.

23. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

24. No later than two business days after entry of this Order, the Debtors shall serve a copy of this Order on the Notice Parties and shall file a certificate of service no later than one (1) business day after service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: March 24, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
	jwillard@atllp.com
	kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:	(212) 373-3000
Fax:	(212) 757-3990
Email:  pbasta@paulweiss.com
	aeaton@paulweiss.com
	awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*