UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| FORESIGHT ENERGY LP, et al., ) | |
| ) | Case No. 20-41308-659 |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Related to Docket No. 63 |

**Response to Debtors' Motion for an Order Pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing the Rejection of Certain Executory Contracts *Nunc Pro Tunc* to the Petition Date**

Mt. Olive & Staunton Coal Company Trust ("Mt. Olive"), by counsel, hereby asks that this Court deny Debtor's Motion for an Order Pursuant to Sections 104(a) and 365 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing the Rejection of Certain Executory Contracts *Nunc Pro Tunc* to the Petition Date ("Section 365 Motion") as it relates to a Purchase and Sale Agreement by and between Macoupin Energy LLC and Mt. Olive and the adherent Guaranty executed by Foresight Energy LP.  In support thereof, Mt. Olive offers the following memorandum:

**Introduction**

In their Section 365 Motion, the Debtors have asked this Court to authorize the rejection of a Purchase and Sale Agreement between Macoupin Energy LLC and Mt. Olive and, presumably, the adherent Guaranty executed by Foresight Energy LP.  Fatal to the Debtors' effort, however, is the fact that Section 365 only authorizes the rejection of *executory* contracts in certain situations, and neither the Purchase and Sale Agreement nor the Guaranty constitutes an executory contract.

As such, Mt. Olive asks this Court to deny Debtors' Section 365 Motion as it relates to these two agreements.

### Factual Background

1. On May 5, 2017, Mt. Olive and Macoupin Energy LLC closed on a Purchase and Sale Agreement concerning the sale of certain mineral rights owned by Mt. Olive in Macoupin County, Illinois. (**Exhibit A** (Purchase and Sale Agreement).)

2. Pursuant to the Agreement, Mt. Olive agreed to transfer these mineral rights to Macoupin Energy LLC on the date of closing in exchange for $2.5 million. (**Exhibit A** at Article 2.)

3. However, unlike Mt. Olive's obligation to immediately transfer ownership of its mineral rights on the date of closing, Macoupin Energy's $2.5 million payment obligation was to be paid pursuant to the following schedule:

    a. $1 million at closing;

    b. $500,000 on the first business day after January 1, 2020;

    c. $500,000 on the first business day after January 1, 2021; and

    d. $500,000 on the first business day after January 1, 2022.

    (**Exhibit A** at Article 2.2.)

4. As such, because Macoupin Energy's payment obligation was spread over four installments, Mt. Olive also required Foresight Energy LP to execute a Guaranty wherein Foresight Energy LP agreed to "unconditionally and irrevocably" Macoupin Energy's payment obligations. (**Exhibit A** at Exhibit D – Guaranty.)

5. On May 5, 2017, Mt. Olive performed its obligations under the Purchase and Sale Agreement and transferred ownership of the mineral rights at issue. (**Group Exhibit B**

(Documents reflecting transfer of ownership, including the Quit Claim transferring the mineral rights at issue.))

6. On the date of closing, Macoupin Energy made its initial $1 million payment.

7. It, however, failed to make the $500,000 due on January 1, 2020.

8. Likewise, Foresight Energy LP has failed to satisfy its obligations under the Guaranty.

**Grounds for Denial**

This Court should deny the Debtors' Motion as it relates to the Purchase and Sale Agreement and the adherent Guaranty because neither agreement constitutes an executory contract. Section 365 of the Bankruptcy Code only applies to executory contracts and unexpired leases. *See* 11 U.S.C. § 365. Not even the Debtors are suggesting that the Purchase and Sale Agreement and the adherent Guaranty constitute unexpired leases, and, in the Eighth Circuit, "[t]o conclude that a contract is executory for purposes of § 365, the bankruptcy court must find that *both* parties have so far underperformed that a failure of *either* to complete performance would constitute a material breach excusing the performance of the other." *In re Interstate Bakeries Corp.*, 751 F.3d 955, 963 (8th Cir. 2014) (emphasis in original).

Here, it is simply factually impossible to characterize the Purchase and Sale Agreement and the Guaranty as executory contracts in light of this definition. Mt. Olive's obligation under these Agreements was to transfer ownership of certain mineral rights to Macoupin Energy – which it completed almost three years ago. The remaining obligations under these agreements fall onto Macoupin Energy and Foresight Energy LP. The first has the primary obligation to pay Mt. Olive the remaining $1.5 million owed to the trust while Foresight Energy LP has the obligation to

guarantee these payments.  There is nothing left for Mt. Olive to do under these agreements such that a failure to perform would constitute a material breach of the agreements.

### Conclusion

The Debtors' motion has a fundamental problem.  Mt. Olive's agreements with Macoupin Energy LLC and Foresight Energy LP are simply not executory in nature – as the term has been defined by the Eighth Circuit.  As a consequence, Mt. Olive & Staunton Coal Company Trust asks that this Court deny the Debtors' Motion to the extent that their motion seeks to authorize the rejection of the Purchase and Sale Agreement between Mt. Olive & Staunton Coal Company and Macoupin Energy LLC and the adherent Guaranty executed by Foresight Energy LP.

                                      HEYL, ROYSTER, VOELKER & ALLEN, P.C.

                                      By: /s/ Patrick D. Cloud
                                            Of Heyl, Royster, Voelker & Allen, P.C.

Patrick D. Cloud, #57187MO
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 W. Vandalia, Suite 100
P.O. Box 467
Edwardsville, IL  62025
Telephone:     618.656.4646
Facsimile:     618.656.7940
edwecf@heylroyster.com
pcloud@heylroyster.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 26th day of March, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record via the Court's CM/ECF system.

/s/ Patrick D. Cloud
Of Heyl, Royster, Voelker & Allen, P.C.

Patrick D. Cloud
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 W. Vandalia, Suite 100
P.O. Box 467
Edwardsville, IL  62025
Telephone:     618.656.4646
Facsimile:      618.656.7940
edwecf@heylroyster.com
pcloud@heylroyster.com