**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Objection Deadline:  April 10, 2020 |
| | ) | Hearing Date:  April 17, 2020 |
| | ) | Hearing Time:  10:00 a.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BAILEY & GLASSER LLP AS SPECIAL COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO PETITION DATE**

Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (each a "Debtor" and, collectively, the "Debtors"), hereby move this Court for entry of an order (the "Proposed Order"), pursuant to sections 327(e), 328, and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Rules"), authorizing the retention and employment of Bailey & Glasser, LLP ("Bailey Glasser" or the "Firm") as special counsel to the Debtors in these chapter 11 cases, effective *nunc pro tunc* to March 10, 2020.  In support of this Application (the "Application"), the Debtors rely upon the Declarations of Nicholas S. Johnson (the "Johnson Declaration") and Robert D. Moore (the "Moore Declaration"), attached hereto as Exhibits A and B and respectfully represent as follows:

**Jurisdiction**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory and legal predicates for the relief requested are sections 327(e), 328, and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014 and 2016.

**Background**

3.      On March 10, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby commencing the instant cases (the "Chapter 11 Cases").

4.      The Debtors continue to manage and operate their businesses as debtors-in-possession under 1107 and 1008 of the Bankruptcy Code.

5.      The Court has entered an order [Docket No. 86] providing for the joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

6.      No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.  On March 17, 2020, the United States Trustee appointed the Official Unsecured Creditors Committee.

7.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy LP, in Support of Chapter 11 Petitions* (the "Moore Declaration") [Docket No. 17], the *Declaration of Alan Boyko, Senior Managing Director of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Relief* (the "Boyko

Declaration") [Docket No. 18], and the declaration of Seth Herman in support of the Debtors'

motion for approval of debtor-in-possession financing and use of cash collateral (the "Herman

Declaration" [Docket No. 29-3] (the "First Day Declarations").

### Relief Requested

8.      By this Application, the Debtors seek authority to employ and retain Bailey

Glasser, pursuant to sections 327(e), 328, and 1107(b) of the Bankruptcy Code, Bankruptcy

Rules 2014 and 2016 and Local Rules 2014-1, as special counsel with regard to the Chapter 11

Cases *nunc pro tunc* to the Petition Date.

9.      Specifically, the Debtors seek this Court's approval to employ and retain Bailey

Glasser as special counsel to the Debtors to provide legal services related to environmental,

regulatory, and other discrete corporate transaction and commercial litigation matters, services

that Bailey Glasser has provided to the Debtors for many years prior to the commencement of

these cases.

10.     Particularly in light of its extensive experience in representing the Debtors and the

specialized coal-industry services Bailey Glasser provides to the Debtors, the Debtors submit

that the engagement and retention of Bailey Glasser as their special counsel in these Chapter 11

Cases is necessary and in the best interests of the Debtors, their estates, their creditors, and other

parties in interest and should be approved.

### Basis of Relief Requested

11.     A debtor is required to obtain bankruptcy court approval before it is permitted to

hire certain professionals and compensate them with funds from property of the estate.   In

addition to authorizing the employment of general counsel for the debtor, the Bankruptcy Code

also allows a debtor — with court approval — to employ "for a specified special purpose" a

lawyer who has previously represented the debtor.  11 U.S.C. § 327(e).  In contrast to general counsel for the debtor which must, in accordance with Section 327(a) of the Bankruptcy Code, be "disinterested," an attorney employed as special counsel must only not represent or hold an interest adverse to the debtor or its estate with respect, particularly, to the matters on which he or she is to be employed.  *Id.*

12.    Bailey Glasser has represented the Debtors in many capacities since their inception and formation.  Beginning in 1999, Bailey Glasser began representing the Debtors' founder, Chris Cline, personally and his various business interests generally.  In that regard, Bailey Glasser assisted Mr. Cline in forming the entities that eventually comprised the Foresight Energy, LP family of companies ("Foresight") beginning in 2004.  From that time until Mr. Cline sold a portion of his interests in Foresight to Murray Energy Corporation ("Murray") in 2015, Bailey Glasser acted as general counsel to both Mr. Cline and Foresight.  After Murray acquired a majority of the economic interests in Foresight, Bailey Glasser continued to represent Foresight through the commencement of these Chapter 11 cases on a more limited basis on environmental, regulatory, and other discrete corporate transaction and commercial litigation matters.  Both in connection with and after the Murray transaction, Bailey Glasser continued to represent generally Mr. Cline and his business interests, including his business interests in Foresight through Foresight Reserves LP, until his untimely death in 2019.  Since the Murray transaction, Bailey Glasser has also represented certain Murray subsidiaries in connection with various matters unrelated to the Debtors.  Since his death, Bailey Glasser has represented generally Mr. Cline's estate and his various ongoing business interests, including his business interests in Foresight through Foresight Reserves LP.

13.     To enable Bailey Glasser to represent Foresight and various of its subsidiaries while simultaneously representing Mr. Cline and the Cline-related entities, both in connection with Foresight and other unrelated matters and the Murray subsidiaries, Foresight has entered into a series of conflict waivers with Mr. Cline and the Cline-related entities and the Murray subsidiaries stretching back to 2015.

14.     From its long history of representation of Mr. Cline and Foresight, Bailey Glasser has gained a detailed institutional knowledge of Debtors' operations, corporate structure, material agreements, and personnel that cannot be replicated in the short term at another law firm.

15.     Given Bailey Glasser's extensive prepetition experience in representing the Debtors, the Debtors have determined that it is essential that the employment of Bailey Glasser be continued to avoid disruption of the Debtors' normal business operations.  In connection therewith, the Debtors submit that the proposed employment of Bailey Glasser on the terms set forth below is in the best interest of their estates and their creditors.

.**Services To Be Rendered**

16.     Subject to the approval of this Court, Bailey Glasser will provide legal services to the Debtors on the following specific matters:

a.     Seeking various environmental permits necessary to construct pipelines and diffusers in the Big Muddy River to allow discharges of chloride water into mixing zones approved under Clean Water Act mixing zones, a matter which Bailey Glasser has handled for five years;

b.    Advising on groundwater management zones at Macoupin Energy and related Consent Orders, a matter which Bailey Glasser has handled since Macoupin Energy acquired the affected assets from Exxon in 2009;

c.    To the extent any litigation occurs during the pendency of Debtors' cases, continuing to represent Williamson Energy, LLC in the claims brought by an alleged partnership (Mitchell-Roberts), a matter which Bailey Glasser has handled since 2014;

d.    Advising on chloride and sulfate water treatment at Sugar Camp Energy, a matter which Bailey Glasser has assisted on since 2014;

e.    Pursuing an injunction related to unconstitutional regulations in Kentucky involving coal price bidding, an expedited matter which Bailey Glasser has assisted on since December 2019; and

f.    Other day-to-day environmental, permitting, regulatory, commercial, and land matters for which Bailey Glasser has provided similar assistance since inception of Foresight Energy.

17.    In addition to those specified matters, Bailey Glasser will provide legal services, as requested by the Debtors, with respect to (a) other environmental litigation, regulatory and compliance matters, including monitoring permits, negotiating with state and federal environmental entities regarding compliance matters, and advising the Debtors as to state and federal environmental compliance standards and (b) other commercial advice or lawsuits.

18.    Bailey Glasser's representation will be limited to the matters set forth above (the "Special Counsel Matters").  Bailey Glasser will not provide general bankruptcy advice or legal service.  Neither the Debtors' bankruptcy counsel nor Bailey Glasser anticipate any overlap in

6

responsibility or duplication of efforts between them.  Bailey Glasser and the Debtors' other counsel will work together to ensure that legal services are coordinated and that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

### Compensation

19.    Bailey Glasser intends, generally and subject to the caveat discussed below, to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

20.    Prior to the Petition Date, the Debtors prepaid Bailey Glasser on a flat-fee basis for its services, plus reimbursement of expenses, through March 31, 2020.  Bailey Glasser intends to honor that arrangement.  Although it will apply for approval of its compensation for services rendered and reimbursement of expenses prior to March 31, 2020 in accordance with the rules of the Court and the United States Trustee, Bailey Glasser will not seek payment of compensation for the services by that prepetition arrangement during that period.[1]  Beginning April 1, 2020, Bailey Glasser will seek compensation for professional services in accordance with its hourly rates described below.

21.    Because of the long-standing and broad relationship between Debtors and Bailey Glasser, Bailey Glasser provides Debtors a substantially discounted hourly rate as compared to its standard rates. The range of Bailey Glasser's rates applicable to Debtors' matters are as follows:

       a.  Partners                          $475–$850

---

[1] For the avoidance of doubt, the Debtors understand that Bailey Glasser may seek compensation for services rendered in connection with this application and the Debtors' bankruptcy cases, services that fall outside of the prepetition fee arrangement.

     b.   Associates/Of Counsel                       $400–$450

     c.   Paraprofessionals (Including Investigators)     $250–$300

22. The following attorneys and paraprofessionals are currently expected to provide legal services to the Debtors at the substantially discounted hourly rates specified below, which may change from time-to-time based upon agreement with Debtors:

| Name | Position | Hourly Rate |
|---|---|---|
| Brian A. Glasser | Partner | $650 |
| Nicholas S. Johnson | Partner | $500 |
| Jennifer S. Fahey | Partner | $550 |
| Jeffrey R. Baron | Partner | $500 |
| Amy S. Rubin | Of Counsel | $450 |
| Joshua I. Hammack | Associate | $425 |
| Christopher D. Smith | Associates | $400 |
| John C. Ailes, Jr. | Investigator | $300 |
| Linda Sadler | Paralegal | $250 |

23. Other Bailey Glasser lawyers and paraprofessionals will be utilized or consulted from time-to-time and may appear on behalf of the Debtors in these chapter 11 cases, as necessary.

24. Bailey Glasser's hourly rates are set at a level designed to compensate Bailey Glasser fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses of the Firm. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

25.     The rate structure provided by Bailey Glasser is appropriate and not significantly different, and in fact is substantially discounted, from (a) the rates that Bailey Glasser charges for other similar types of regulatory and commercial litigation representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Bailey Glasser will perform on behalf of the Debtors.

26.     In addition to the fees set forth above, the Debtors have agreed, subject to the Court's approval and pursuant to applicable orders of this Court, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, to reimburse Bailey Glasser for direct expenses incurred in connection with the performance of the Special Counsel Matters.  Direct expenses include reasonable and customary out-of-pocket expenses such as travel, meals, accommodations, and other expenses specifically related to the Special Counsel Matters.

27.     Consistent with the firm's policy with respect to its other clients, Bailey Glasser will charge the Debtors for all charges and disbursements incurred in rendering services to the Debtors, including those services rendered through March 31, 2020.

28.     The Debtors understand and have agreed that Bailey Glasser will apply to the Court for allowances of compensation and reimbursement of expenses from and after the Petition Date in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and this Court's *Order (A) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Granting Related Relief* [Docket No. 122].

## Compensation Received by Bailey Glasser

29.     In the 12-month period preceding the Petition Date, the Debtors paid Bailey Glasser $1,958,097.39 in the aggregate. Bailey Glasser has been paid for all prepetition services rendered and expenses incurred prior to March 31, 2020.

30.     Of the amounts paid to Bailey Glasser during that 12-month period, the Debtors paid Bailey Glasser $325,000 on January 7, 2020 as an advance payment retainer covering all services Bailey Glasser was to provide through March 31, 2020.  That advance payment retainer was, in accordance with Bailey Glasser's agreement, earned by Bailey Glasser upon receipt.  As stated, Bailey Glasser intends to abide by that agreement and provide the covered services through March 31, 2020 at no additional expense to the Debtors, other than expenses Bailey Glasser incurs.

31.     Pursuant to Bankruptcy Rule 2016(b), Bailey Glasser has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Bailey Glasser or (b) any compensation another person or party has received or may receive.

32.     As of the Petition Date, the Debtors did not owe Bailey Glasser any amounts for legal services rendered or expenses incurred before the Petition Date.

## No Adverse Interest

33.     Based on the Johnson Declaration and Moore Declaration, to the best of the Debtors' knowledge and except as set forth in the Johnson Declaration and otherwise as set forth herein, Bailey Glasser does not represent or hold any interest adverse to the Debtors or their estates with respect to the Special Counsel Matters on which Bailey Glasser is to be employed. Furthermore, to the best of the Debtors' knowledge and based on the Johnson Declaration,

Bailey Glasser does not have any connection with the Debtors or any creditor or other parties in interest in these Chapter 11 Cases, or their respective attorneys or accountants, except as otherwise set forth in the Johnson Declaration and otherwise as set forth herein. None of the connections disclosed in the Johnson Declaration or otherwise herein relate to or constitute an adverse interest with respect to the matters on which Bailey Glasser is to be employed, and thus the Debtors believe Bailey Glasser has no connections that would disqualify it as serving as their special counsel herein.

34.     Prior to the Petition Date, the Debtors provided Bailey Glasser with a list of all known parties in interest in connection with the Debtors' cases.  Bailey Glasser has advised the Debtors that it has conducted a preliminary review and disclosed all currently known contacts with those parties in interest in the Johnson Declaration.  Bailey Glasser has also advised the Debtors that it is continuing to and will in the future conduct an ongoing review of its records to ensure that no conflicts or other disqualifying circumstances exist or arise.  Bailey Glasser has informed the Debtors that if there is a material change to any of the foregoing statements and representations or the statements and representations in the Johnson Declaration during the course of these cases, Bailey Glasser will supplement the Johnson Declaration as needed.

**Notice**

35.     Notice of this Application will be provided to: (a) the Office of the United States Trustee for Region 13; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent; (f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) counsel to Murray Energy Corporation; (k) counsel to Foresight Reserves LP; (*l*) counsel to Javelin; (m) counsel to Uniper

11

Global Commodities UL Limited; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; (s) counsel to the Committee; and (t) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Notice of this Application and any order entered hereon will be served in accordance with Local Bankruptcy Rule 9013-3(A)(1). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

### No Prior Request

36.     No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the

relief requested in this Application and such other and further relief as may be just and proper.

Dated: March 31, 2020                  Respectfully submitted,
       St. Louis, Missouri

FORESIGHT ENERGY LP
(for itself and on behalf of each of its affiliated
Debtors and Debtors in Possession)

*/s/ Robert D. Moore*
Name:  Robert D. Moore
Title:   President and Chief Executive Officer
         Foresight Energy LP

**EXHIBIT A**

**JOHNSON DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF NICHOLAS S. JOHNSON IN SUPPORT OF THE DEBTORS'**
**APPLICATION TO EMPLOY BAILEY & GLASSER LLP AS SPECIAL COUNSEL**

I, Nicholas S. Johnson, hereby declare:

1.     I am a Partner of the law firm Bailey & Glasser LLP ("Bailey Glasser"), which maintains offices for the practice of law at, among other places, 1055 Thomas Jefferson Street NW, Suite 540, Washington, D.C., 20007.

2.     I am admitted, practicing, and a member in good standing of the Bars of the State of West Virginia, the State of Missouri, the Commonwealth of Virginia, and the District of Columbia, and I have been admitted to practice in the United States District Courts for the Southern and Northern District of West Virginia.

3.     I submit this declaration ("Declaration") in support of *Debtors' Application for an Order Authorizing the Retention and Employment of Bailey & Glasser LLP as Special Counsel for the Debtors and Debtors-in-Possession Nunc Pro Tunc to Petition Date* (the "Application") and pursuant to Bankruptcy Rules 2014 and 2016 and sections 327(e), 328(a), and 329 of the Bankruptcy Code.

4.     I am authorized to make this Declaration on behalf of Bailey Glasser.

5.     Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.  Indeed, I was

1

Assistant General Counsel for Foresight Energy Services, LLC, one of the Debtors in these cases, from 2014-2015, advising on operational issues across the company, with a focus on commercial and environmental matters.

6.      I am in all respect competent to make this Declaration pursuant to sections 327, 328, and 329 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## Bailey Glasser's Qualifications

7.      Foresight Energy LP and its subsidiaries that are debtors and debtors in possession in the above referenced proceedings (collectively the "Debtors") have requested that Bailey Glasser continue to provide services to the Debtors similar to those Bailey Glasser provided prior to the Petition Date, and Bailey Glasser has consented to provide those services.

8.      Bailey Glasser has represented the Debtors in many capacities since their inception and formation.  Beginning in 1999, Bailey Glasser began representing the Debtors' founder, Chris Cline, personally and his various business interests generally.  In that regard, Bailey Glasser assisted Mr. Cline in forming the entities that eventually comprised Foresight Energy, LP and its family of companies ("Foresight") beginning in 2004.  From that time until Mr. Cline sold a portion of his interests in Foresight to Murray Energy Corporation ("Murray") in 2015 (the "Murray Acquisition"), Bailey Glasser acted as general outside counsel to both Mr. Cline and Foresight.

9.      After Murray acquired a majority of the economic interests in Foresight, Bailey Glasser continued to represent Foresight through the commencement of these chapter 11 cases on a more limited basis on environmental, regulatory, and other discrete corporate transaction and commercial litigation matters.

2

10.     A non-exhaustive list of Bailey Glasser's prior representative matters of Foresight includes:

a. Litigating against WPP, LLC in a $800 million claim pressed as a result of spontaneous combustion and subsequent declaration of force majeure by Hillsboro Energy, LLC;

b.  Negotiating and drafting sale-leaseback style transactions at each of the Debtor's mining facilities (Macoupin Energy, LLC; Hillsboro Energy, LLC; Sugar Camp Energy, LLC; and Williamson Energy, LLC) pre-Murray Acquisition;

c. Representing Foresight Coal Sales, LLC in multiple coal pricing arbitrations;

d. Representing Williamson Energy, LLC, both pre-and post-Murray Acquisition, in long-running dispute with an alleged partnership over mineral rights related to Williamson Energy, LLC's mine plan;

e. Representing Foresight Coal Sales, LLC, both pre-and post-Murray Acquisition, in commercial disputes with railroads and railcar leasing companies;

f. Representing the debtors mining facilities in every regulatory appeal made to the Illinois Department of Natural Resources ("IDNR") and/or the Illinois Environmental Protection Agency ("IEPA") since inception; and

g. Representing the debtors mining facilities in every enforcement action initiated by either the IDNR or IEPA since inception.

11.     Both in connection with and after the Murray Acquisition, Bailey Glasser also continued to represent generally Mr. Cline and his business interests, including his business interests in Foresight through Foresight Reserves LP, until his untimely death in 2019.  Since his

death, Bailey Glasser has represented generally Mr. Cline's estate and his various ongoing business interests, including his business interests in Foresight through Foresight Reserves.

12.     Since the Murray Acquisition, Bailey Glasser has also represented certain subsidiaries of Murray in connection with various matters unrelated to the Debtors.

13.     To enable Bailey Glasser to represent Foresight and various of its subsidiaries while simultaneously representing Mr. Cline and the Cline-related entities, both in connection with Foresight and other unrelated matters, and subsidiaries of Murray, Foresight has entered into a series of conflict waivers with Mr. Cline and the Cline-related entities and certain Murray subsidiaries stretching back to 2015.

14.     As a result of its long history of representation of Mr. Cline and Foresight, Bailey Glasser has gained a detailed institutional knowledge of Debtors' operations, corporate structure, material agreements, and personnel that cannot be replicated in the short term at another law firm and that cannot be replicated without substantial cost to the Debtors.

### Services to be Rendered

15.     Subject to the approval of this Court, Bailey Glasser will provide legal services to the Debtors on the following specific matters:

    a.  Seeking various environmental permits necessary to construct pipelines and diffusers in the Big Muddy River to allow discharges of chloride water into mixing zones approved under Clean Water Act mixing zones, a matter which Bailey Glasser has handled for five years;

    b.  Advising on groundwater management zones at Macoupin Energy, LLC and related Consent Orders, a matter which Bailey Glasser has handled since Macoupin Energy, LLC acquired the affected assets from Exxon in 2009;

c.  Advising on chloride and sulfate water treatment at Sugar Camp Energy, LLC a matter which Bailey Glasser has assisted on since 2014;

d.  To the extent any litigation occurs during the pendency of Debtors' cases, continuing to represent Williamson Energy, LLC in the claims brought by an alleged partnership (Mitchell-Roberts), a matter which Bailey Glasser has handled since 2014;

e.  Pursuing an injunction related to unconstitutional regulations in Kentucky involving coal price bidding, an expedited matter which Bailey Glasser has assisted on since December 2019; and

f.  Other day-to-day environmental, permitting, regulatory, and land matters for which Bailey Glasser has provided similar assistance since inception of Foresight Energy.

16.    In addition to those specified matters, Bailey Glasser will provide legal services, as requested by the Debtors, with respect to (a) other environmental litigation, regulatory and compliance matters, including monitoring permits, negotiating with state and federal environmental entities regarding compliance matters, and advising the Debtors as to state and federal environmental compliance standards and (b) other commercial advice and lawsuits.

17.    Bailey Glasser will also undertake legal work related to this application to retain Bailey Glasser as special counsel, periodic applications for payment of professional fees and expenses, and related matters.

18.    Bailey Glasser's representation will be limited to the matters set forth above (the "Special Counsel Matters").  Bailey Glasser will not provide general bankruptcy advice or legal service.  Neither the Debtors' bankruptcy counsel nor Bailey Glasser anticipate any overlap in

5

responsibility or duplication of efforts between them.  Bailey Glasser and the Debtors' other counsel will work together to ensure that legal services are coordinated and that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

## Compensation

19.     Subject to Court approval and the caveat described below, Bailey Glasser will charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for this client and for matters of the types in effect on the date such services are rendered and for reimbursement of its actual and necessary expenses and other charged incurred by Bailey Glasser.

20.     The Debtors prepaid Bailey Glasser on a flat-fee basis for its services, plus reimbursement of expenses, through March 31, 2020.  Bailey Glasser intends to honor that arrangement.  Although it will apply for approval of its compensation for services rendered and reimbursement of expenses prior to March 31, 2020 in accordance with the rules of the Court and the United States Trustee, Bailey Glasser will not seek payment of compensation for the services by that prepetition arrangement during that period.[1]  Beginning April 1, 2020, Bailey Glasser will seek compensation for professional services in accordance with its  hourly rates described below.

21.     Because of the long-standing and broad relationship between Debtors and Bailey Glasser, Bailey Glasser provides Debtors a substantially discounted hourly rate as compared to its standard rates. The range of Bailey Glasser's rates applicable to Debtors' matters are as follows:

     a.  Partners                                              $475–$850

---

[1] For the avoidance of doubt, the Debtors understand that Bailey Glasser may seek compensation for services rendered in connection with this application and the Debtors' bankruptcy cases, services that fall outside of the prepetition fee arrangement.

    b.  Associates/Of Counsel                      $400–$450

    c.  Paraprofessionals (Including Investigators)    $250–$300

22.     The following attorneys and paraprofessionals are currently expected to provide legal services to the Debtors at the substantially discounted hourly rates specified below, which may change from time-to-time based upon agreement with Debtors:

| Name | Position | Hourly Rate |
| --- | --- | --- |
| Brian A. Glasser | Partner | $650 |
| Nicholas S. Johnson | Partner | $500 |
| Jennifer S. Fahey | Partner | $550 |
| Jeffrey R. Baron | Partner | $500 |
| Amy S. Rubin | Of Counsel | $450 |
| Joshua I. Hammack | Associate | $425 |
| Christopher D. Smith | Associates | $400 |
| John C. Ailes, Jr. | Investigator | $300 |
| Linda Sadler | Paralegal | $250 |

23.     Other Bailey Glasser lawyers and paraprofessionals will be utilized or consulted and may appear on behalf of the Debtors in these chapter 11 cases, as necessary.

24.     None of the professionals included in this engagement increase their rate based on the geographical location of these chapter 11 cases.

25.     The hourly rates set forth above reflect a substantial discount from Bailey Glasser's standard hourly rates, owing to the age of many of the matters which we are handling and the long-standing attorney-client relationship with Debtors. These rates are set at a level designed to fairly compensate Bailey Glasser for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses of the Firm.

26.     Additionally, it is Bailey Glasser's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case or transaction, subject to any modification to such policies that Bailey Glasser may be required to comply with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and Orders of this Court.

27.     These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and to reflect their increased experience and expertise in this area of the law. Bailey Glasser may make periodic applications for compensation, and if, at the completion of the case the results merit it, may make application to the Court for the allowance of a premium above their designated hourly rates.

28.     Bailey Glasser intends to apply to the Bankruptcy Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these cases in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules and Orders of this Court.

### Compensation Received by Bailey Glasser

29.     In the 12-month period preceding the Petition Date, the Debtors paid to Bailey Glasser $1,958,097.39 in the aggregate for legal services rendered and expenses incurred. Bailey Glasser has been paid for all prepetition services rendered and expenses incurred prior to March 31, 2020.

30.     Of the amounts paid to Bailey Glasser during that 12-month period, the Debtors paid Bailey Glasser $325,000 on January 7, 2020 as an advance payment retainer covering all services Bailey Glasser was to provide through March 31, 2020.  That advance payment retainer was, in accordance with Bailey Glasser's agreement, earned by Bailey Glasser upon receipt.  As

stated, Bailey Glasser intends to abide by that agreement and provide covered services through March 31, 2020 at no additional expense to the Debtors, other than expenses Bailey Glasser incur on Debtors' behalf.

31.     The Debtors owe the firm $0.00 for prepetition services and Bailey Glasser has been paid for all prepetition services and expenses rendered prior to March 31, 2020.

32.     Neither I nor any partner or associate of Bailey Glasser has shared or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Bailey Glasser or (b) any compensation another person or party has received or may receive.

**No Adverse Interest**

33.     Bailey Glasser has performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, Bailey Glasser is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. Except as specifically set forth herein, Bailey Glasser does not and will not perform services for any such person in connection with these chapter 11 cases.

34.     Bailey Glasser does not have any relationship with any person, any such persons' attorneys, or any such persons' accountants that would be adverse to the Debtors or their estates with respect to the matters on which Bailey Glasser is to be retained.

**Bailey Glasser's Connections with the Debtors**

35.     As set forth above, over a period of approximately 15 years, Bailey Glasser has provided extensive general legal and corporate advice and other professional services to the

9

Debtors. Bailey Glasser has represented the Debtors as their outside counsel, working closely with and advising the Debtors in connection with a wide range of matters including significant corporate transactions and commercial and environmental litigation.

36.     In connection therewith and insofar as is pertinent to the Application, Bailey Glasser has served as Debtors' legal advisors regarding environmental and other regulatory compliance, and has provided as well advice to the Debtors' board of directors and other services for the Debtors in relation to the issues that have a direct and significant impact on the Debtors' day-to-day operations.  If authorized to so by this Court, Bailey Glasser will continue to act as special counsel for the Debtors with respect to those matters, advising the Debtors with respect, specifically, to the Special Counsel Matters set forth in the Application.

### Bailey Glasser's Connections with Parties in these Chapter 11 Cases

37.     To confirm that Bailey Glasser did not have any conflicts or other connections that might preclude its representation of the Debtors as special counsel, I caused Bailey Glasser attorneys under my supervision to conduct a review of potential connections and relationships between Bailey Glasser and parties in interest in these chapter 11 cases within the categories articulated in the *Potential Parties in Interest List* (ECF No. 33) hereto (the "Potential Parties in Interest").

38.     Bailey Glasser has conducted a preliminary investigation and review of its connections to the Potential Parties in Interest. To the best of my knowledge, all such entities and the nature of Bailey Glasser's representation of, or connections to, such entities are set forth in this Declaration or in **Exhibit 1** to this Declaration (the "Disclosure Schedule").

**_Connections with the Debtors and Their Representatives_**

39.     As noted, Bailey Glasser has represented Foresight Energy and various of its subsidiaries for more than fifteen years. [2]

40.     In connection with its representation of the Debtors during that period of time, Bailey Glasser and various of its attorneys, paralegals, and investigators have had professional and personal relationships with many of the Debtors' current and former officers and directors, some of whom are (or were) representatives or appointees of Cline-related entities and Murray that Bailey Glasser also represented as described below, and various of the Debtors' attorneys, advisors, and accountants.

41.     In addition, Bailey Glasser has had contacts with those persons listed as Former Officers and Directors on the List of Potential Parties in their activities after departing Foresight Energy LP, and in some instances, has been retained by such former officers and directors to represent them and their new employers in matters unrelated to the Debtors.  Bailey Glasser currently represents Lesslie Ray, a former director of the Debtors, in her capacity as Executor of the Estate of Chris Cline in a litigation matter pending in Florida.

**_Cline-Related Connections_**

42.     Bailey Glasser, and the partners, counsel, and associates of Bailey Glasser, represented Chris Cline and his estate and business interests in the past, and currently represent and expect to represent his estate and business interests in the future, in connection with matters unrelated to the Debtors.

---

[2]     Bailey Glasser has represented and/or assisted in the formation of each of the Debtors listed on the _Potential Parties in Interest List_ (ECF No. 33), except for Foresight Energy Employee Services.

43.     In addition, Bailey Glasser represented Chris Cline, his estate and certain of his business interests in the past, currently represent, and may represent in the future the following Cline-related entities in connection with matters directly related to the Debtors:

    a.  Foresight Reserves, LP, a 20% equity holder of the limited partnership interests in Foresight Energy LP;

    b.  Colt, LLC, which leases coal reserves to the Debtors and entered into a restructuring support agreement with the Debtors; and

    c.  New River Royalty LLC, which leases property to the Debtors.

44.     Prior to the Petition Date, Bailey Glasser simultaneously represented certain of the Debtors and those identified Cline-related entities in connection with matters directly related to the Debtors pursuant to conflict waivers executed by each of the relevant parties.

45.     As set forth in the Moore Declaration, the Debtors have agreed to waive the same conflicts to allow Bailey Glasser to continue to represent the Debtors and such Cline-related entities in such matters directly related to the Debtors in connection with Bailey Glasser's employment as special counsel.

### *Other Non-Cline-Related Connections*

46.     In addition to those Cline-related entities, Bailey Glasser, and the partners, counsel, and associates of Bailey Glasser, presently represent, have represented in the past, and may represent in the future entities (or affiliates of entities) that are claimants of and/or interest holders in the Debtors, and/or are parties in interest in these chapter 11 cases, in matters unrelated to these chapter 11 cases.  To the best of my knowledge, all such parties and Bailey Glasser's relationship thereto are specifically described in **Exhibit 1**.

47.     Bailey Glasser has also represented certain Murray Energy Company subsidiaries: Consolidation Coal Company, McElroy Coal Company, and The American Coal Company (the "Murray Subsidiaries") in providing compliance advice and in litigation matters unrelated to the Debtors.  Bailey Glasser's representation of the Murray Subsidiaries was undertaken with all potentially interested parties consenting in writing.  Bailey Glasser expects to continue to represent the Murray Subsidiaries in matters unrelated to these chapter 11 cases.

48.     Bailey Glasser currently represents Javelin Global Commodities (UK) LTD ("Javelin") in various bankruptcy or litigation matters unrelated to the Debtors.  Bailey Glasser's representation of Javelin was undertaken with all potentially interested parties consenting in writing. Bailey Glasser will continue to represent Javelin in matters unrelated to these chapter 11 cases.

49.     Lastly, certain of Bailey Glasser's attorneys acquired and continue to hold *de minimis* amounts of limited partnership interests in Foresight, which limited partnership interests are expected to receive no distributions or other consideration in connection with these Chapter 11 cases.

50.     Except as set forth in the preceding paragraphs and **Exhibit 1** hereto, and based on the conflicts review conducted to date and described herein, to the best of my knowledge, neither I, nor any member, counsel, associate, or other attorney of Bailey Glasser, insofar as I have been able to ascertain, currently represents or has represented any of the other Potential Parties in Interest.

51.     Bailey Glasser is, however, continuing to conduct a review of its records for connections to the Potential Parties in Interest and reserves the right to supplement this disclosure as to its relationships with the Potential Parties in Interest.

13

52.     In addition, and in light of the extensive number of the Debtors' creditors and parties in interest and because definitive lists of all such creditors and other parties have not yet been generated or obtained, neither I nor Bailey Glasser are able to conclusively identify all potential relationships with the Debtors' creditors and other parties at this time, and we reserve the right to supplement this disclosure as additional relationships that may be relevant to Bailey Glasser come to our attention.

53.     The records upon which this investigation is based are maintained by Bailey Glasser in the ordinary course of business and are believed to be accurate; to the extent I become aware hereafter that any such records or other information contained herein is not accurate, I will promptly apprise the Court.

54.     I am not related, and to the best of my knowledge, no attorney at Bailey Glasser is related, to any United States Bankruptcy Judge in the Eastern District of Missouri or the United States Trustee for such district or any employee in the office thereof, or any clerk, deputy, or personnel working in the Court, except (i) to the extent any partner, counsel, or associate (a) may have appeared in the past and may appear in the future in cases where one or more of such parties may be involved; and (b) may have represented or may represent one or more of such parties in interest in matters unrelated to these chapter 11 cases.

55.     To the best of my knowledge and insofar as I have been able to ascertain, neither Bailey Glasser nor any of its partners, counsel, or associates holds or represents any interest adverse to the Debtors or their estates with respect to the matters upon which it is to be engaged.

56.     With respect to the foregoing representations, and any other representation set forth in **Exhibit 1**, the identified, ongoing, and potential future representations of any Cline-related entities or any other creditor or party in interest will not affect Bailey Glasser's

14

representation of the Debtors in the specific matters for which it is to be retained as set forth in the Application.

57.     Bailey Glasser further states that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates of Bailey Glasser and other employees generally retained by Bailey Glasser in the ordinary course of business and that have not been specifically retained for this particular matter; or (b) any compensation paid by the Debtors to any other person or party in these chapter 11 cases.

58.     The foregoing constitutes the statement of Bailey Glasser pursuant to sections 327(e), 328, and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Bankruptcy Rules 2014 and 2016.

59.     Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this

Dated:  March 31, 2020.                              Respectfully submitted,

                                                     */s/ Nicholas S. Johnson*_____
                                                     Name: Nicholas S. Johnson
                                                     Title:   Partner
                                                              Bailey & Glasser LLP

15

## **EXHIBIT 1**

**DISCLOSURE SCHEDULE**

### *Debtors*

Bailey Glasser has represented and/or assisted in the formation of each of the Debtors listed on the *Potential Parties in Interest List* (ECF No. 33), except for Foresight Energy Employee Services.

### *Non-Debtor Affiliates*

| Matched Entity | Relationship to Bailey Glasser |
|---|---|
| Adena Minerals, L.L.C. | Former Client[1] |
| Consolidation Coal Company | Current Client |
| McElroy Coal Company | Former Client |
| Colt LLC | Current Client |
| Javelin Global Commodities (UK) LTD | Current Client |
| Foresight Reserves LP | Current Client |
| Ruger Coal Company, LLC | Current Client |
| Ruger, LLC | Current Client |

### *Current Officers and Directors*

| Matched Entity | Relationship to Bailey Glasser |
|---|---|
| Lesslie Ray | Current Client |

### *Former Officers and Directors*

| Matched Entity | Relationship to Bailey Glasser |
|---|---|
| Anthony Webb | Former Client |

### *Joint Ventures, Partnerships and Consortiums*

| Matched Entity | Relationship to Bailey Glasser |
|---|---|
| Foresight Reserves LP | Current Client |

### *Fiver Percent and Greater Shareholders and Beneficial Owners*

| Matched Entity | Relationship to Bailey Glasser |
|---|---|
| Cline Trust Company, LLC | Current Client |
| [Estate of] Christopher Cline | Current Client |

### *Significant Financial Institutions (Including Administrative Agents, Lenders and Equipment Financing)*

| Matched Entity | Relationship to Bailey Glasser |
|---|---|

---

[1]    The term "current client" means an entity or person identified as presently having a matter open with Bailey Glasser. The term "former client" means an entity or person identified as having a closed matter with Bailey Glasser.

| PNC Bank, National Association | Current Client |
|---|---|

### *Royalty Contract Counterparties*

| Matched Entity | Relationship to Bailey Glasser |
|---|---|
| New River Royalty, LLC | Current Client |

### *1L Lenders[2]*

| Matched Entity | Relationship to Bailey Glasser |
|---|---|
| Cline Resource and Development Company | Current Client |
| The Cline Trust Company | Current Client |
| Midtown Acquisitions L.P. | Former Client |

### *2L Lenders[3]*

| Matched Entity | Relationship to Bailey Glasser |
|---|---|
| The Cline Group | Current Client |
| Davidson Kempner Capital Management L.P. | Former Client |

### *Significant Customers*

| Matched Entity | Relationship to Bailey Glasser |
|---|---|
| The American Coal Company | Current Client |

### *Top 50 Unsecured Creditors*

| Matched Entity | Relationship to Bailey Glasser |
|---|---|
| State Electric Supply Co. | Former Client |

---

[2]     Neither Cline Trust Company LLC nor Cline Resource and Development Company, Inc. owned any 1L debt as of the bankruptcy petition.

[3]     The Cline Group is a d/b/a for Cline Resource and Development Company, Inc.  It owed no 2L debt as of the bankruptcy petition.

2

## __EXHIBIT B__

**MOORE DECLARATION**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF ROBERT D. MOORE IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BAILEY & GLASSER LLP AS SPECIAL COUNSEL,
*NUNC PRO TUNC* TO THE PETITION DATE**

I, Robert D. Moore, under penalty of perjury, declare as follows:

1.      I am the President and Chief Executive Officer of Foresight Energy LP located at

One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

2.      I submit this declaration (the "Declaration") in support of *Debtors' Application

for an Order Authorizing the Retention and Employment of Bailey & Glasser LLP as Special

Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to Petition Date* (the

"Application"). Except as otherwise noted, all facts in this Declaration are based on my personal

knowledge of the matters set forth herein, information gathered from my review of relevant

documents, and information supplied to be by members of the Debtors' senior management and

the Debtors' advisors.

3.      The Debtors are seeking the employment of Bailey Glasser despite Bailey

Glasser's continuing representation of parties-in-interest who hold or may hold an interest

adverse to the Debtors in these chapter 11 cases.  However, the Debtors have determined that

Bailey Glasser, by its representation of those parties-in-interest listed below, does not hold an

interest adverse to the Debtors in the matters for which the Debtors seek their representation in these cases, i.e. the Special Counsel Matters as defined in the Application.

4.      Additionally, the Debtors, as debtors in possession, hereby agree to waive any actual or potential conflicts now existing or arising from Bailey Glasser's continued representation of other parties-in-interest in any business or litigation matter relating to the Debtors and as to which the Debtors' interests are adverse:

        a.      The Estate of Chris Cline;

        b.      Foresight Reserves LP;

        c.      Colt, LLC; and

        d.      New River Royalty, LLC.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.


Dated: March 31, 2020
St. Louis, Missouri                Respectfully submitted,

                                      */s/ Robert D. Moore*_____
                                        Robert D. Moore
                                        Title:   President and Chief Executive Officer
                                                      Foresight Energy LP