**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 9 |

**FINAL ORDER (A) AUTHORIZING DEBTORS TO CONTINUE AND**
**RENEW SURETY BOND PROGRAM AND (B) GRANTING RELATED RELIEF**

Upon the Motion[1] of Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") requesting entry of a Final order (this "Final Order"), pursuant to sections 105(a), 363, 364, and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing the Debtors to maintain, continue, and renew, in their sole discretion the Surety Bond Program and to pay any obligations related thereto, including the provision of collateral, all in the ordinary course of business and consistent with past practices in effect before the Petition Date and (b) granting related relief, all as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and it appearing that venue of the Debtors' chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon consideration of the First Day Declarations; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **granted** to the extent set forth herein.

2. The Debtors are authorized, in their sole discretion, to maintain the Surety Bond Program, including the maintenance of collateral, and the payment of additional collateral in an amount not to exceed $2 million, in the ordinary course of business and consistent with past practices in effect before the Petition Date.

3. The Debtors are further authorized to pay all Surety Bond Obligations to the extent that the Debtors determine such action is in the best interest of their estates; *provided, however*, that the Debtors may only pay additional collateral in an amount not to exceed $2 million.

4. The Debtors are authorized to renew existing Surety Bonds, to increase or decrease the size of any such Surety Bonds, to obtain new Surety Bonds, to execute any agreements, documents, or instruments in connection with the Surety Bond Program, and to take all actions reasonably appropriate with respect thereto, in each case, (a) in the ordinary course of business and consistent with past practices in effect before the Petition Date and (b) in accordance with the applicable documents governing the Surety Bond Program.

5. The Debtors are authorized to post additional collateral in favor of the existing or any new Issuers to secure any surety bonds in the Surety Bond Program, including in connection with either the maintenance and renewal of any existing Surety Bonds or the entry into new surety bonds; *provided, however*, that the Debtors may only pay additional collateral in an amount not to exceed $2 million.

6. The Debtors are authorized to honor the Indemnity Agreements to the extent that the Debtors determine such action is in the best interest of their estates.

7. The failure to specifically describe or include any particular feature of the Surety Bond Program in this Final Order shall not diminish or impair the effectiveness of such feature, it being the intent of this Court that the Surety Bond Program be approved in its entirety.

8. All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests, automated clearing house transfers and other payment orders drawn or issued by the Debtors under this Final Order, whether presented or issued before or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on representations of the Debtors as to which checks, electronic funds transfer requests, and payment orders are authorized to be paid pursuant to this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

9. The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Surety Bond Obligations.

10. Notwithstanding anything in the Motion or this Final Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (a) the orders approving the Debtors' use of cash collateral and/or postpetition debtor-in-possession financing facilities (collectively, the "DIP Orders"); (b) other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; (c) the Budget (as defined in the DIP Orders); and (d) the terms and conditions set forth in the Restructuring Support Agreement (as defined in the DIP Orders). To the extent there is any inconsistency between the terms of any of the DIP Orders and this Final Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

11. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity or priority of any claim or lien (or the priority thereof) against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute or contest such claim or lien on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion, (e) a request or authorization to assume or adopt any agreement, contract, or lease under section 365 of the Bankruptcy Code or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or applicable law.

12. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

4

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective upon its entry.

14. Notwithstanding anything to the contrary in this Final Order, nothing in this Final Order shall relieve the Debtors of any obligations under federal, state or local police or regulatory laws or under 28 U.S.C. § 959(b), *provided* that nothing herein shall limit or impair the Debtors' rights to assert defenses under applicable law and nothing herein shall create new defenses to obligations under police or regulatory laws or 28 U.S.C. § 959(b).

15. No later than two (2) business days after the date of this Final Order, the Debtors shall serve on the Notice Parties a copy of the Final Order and shall file a certificate of service no later than twenty-four (24) hours after service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: April 7, 2020
St. Louis, Missouri
jjh

5

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
	jwillard@atllp.com
	kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:	(212) 373-3000
Fax:	(212) 757-3990
Email:  pbasta@paulweiss.com
	aeaton@paulweiss.com
	awoolverton@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*