**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Objection Deadline:  April 8, 2020, |
| | ) | Hearing Date:  April 8, 2020 |
| | ) | Hearing Time:  11:00 a.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

**DEBTORS' MOTION FOR
ENTRY OF AN ORDER (I) SCHEDULING
AN EXPEDITED HEARING, (II) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. By this Motion, and pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-2(A) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Bankruptcy Rules"), the Debtors seek entry of an order (a) shortening the notice requirement for the *Debtors' Motion for an Order (A) Approving Agreement between Debtors and Javelin Global Commodities (UK) Ltd. and (B) Granting Related Relief* (the "Settlement Motion")[1] [Docket No. 251] filed by the Debtors contemporaneously herewith, (b) scheduling an

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Motion.

expedited hearing on the Settlement Motion for April 8, 2020 at 11:00 a.m. (Central Time), and (c) granting related relief.

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 9.01(B) of the Local Rules of the United States District Court for the Eastern District of Missouri. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

2. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 9006(c) of the Bankruptcy Rules, and Rule 9013-2(A) of the Local Bankruptcy Rules.

## Background

3. On March 10, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, and their cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. On March 17, 2020, the Office of the United States Trustee for Region 13 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

4. Contemporaneously herewith, the Debtors have filed the Settlement Motion, which seeks entry of an order approving the Settlement Agreement and granting related relief. As described in the Settlement Motion, the proposed Settlement Agreement provides for the resolution of key issues among the Debtors and Javelin relating to their pre-existing relationship. Importantly, the Settlement Agreement is one of several agreements involving the

2

Debtors and Javelin that collectively represent an integral component of the Debtors' overall restructuring.  Without authorization to consummate the Settlement Agreement, the Debtors may not be able to obtain such agreements' anticipated benefits, which would present unnecessary and avoidable risks to their restructuring objectives.

## Basis for Relief

5. Pursuant to the Court's *Order (A) Establishing Certain Notice, Case Management and Administrative Procedures and (B) Granting Related Relief* [Docket No. 182] (the "Case Management Order"), the Debtors are required to provide 14-days' notice of the hearing on the Settlement Motion.  See Case Management Order ¶ 15(a).  This Motion and the Settlement Motion will be filed and served less than 14 days prior to the hearing scheduled on April 8, 2017 at 11:00 a.m. (Central Time).

6. Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  Further, Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion reduce the notice period normally required for motions.  Finally, Local Bankruptcy Rule 9013-2(A) allows a hearing to be scheduled on an expedited basis "by written motion, setting forth the reason the matter should be considered on an expedited . . . basis."

7. The Debtors request that the Court shorten the notice period otherwise required by the Case Management Order and hear the Settlement Motion on an expedited basis so that the interconnected relief sought in the Settlement Motion and the Debtors' other motions scheduled to be addressed at the April 8, 2020 hearing may be considered and approved by the Court in a timely and coordinated fashion.  The counterparties to the Settlement Agreement and related agreements will not be harmed by the shortening of the notice period, as such parties are

aware of and support the relief sought in this Motion and the Settlement Motion. Moreover, shortening the notice period will not harm the Debtors' estates or their other creditors. The Debtors believe that the relief requested in this Motion and the Settlement Motion is critical to ensure the continued profitability of the Debtors' mining operations and the success of its restructuring efforts. Accordingly, an expedited hearing on the Settlement Motion is warranted.

8. Courts in this district have granted similar relief concerning expedited consideration in other large chapter 11 cases. *See, e.g.*, *In re Payless Holdings LLC*, Case No. 19-40883-659 (Bankr. E.D. Mo. October 28, 2019) (granting expedited hearing on debtors' motion to dispose of returned merchandise); *In re Abengoa Bioenergy US Holding, LLC*, No. 16-41161 (Bankr. E.D. Mo. June 16, 2016) (granting expedited hearing on debtors' motion to pay certain prepetition claims); *In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. Dec. 14, 2016) (granting an expedited hearing on DIP repayment motion); *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. May 13, 2016) (granting expedited hearing to hear debtors' motion approving agreed stipulation and order); *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Aug. 11, 2016) (granting expedited hearing on debtors' motion to enter into a new insurance premium finance agreement).

**Notice**

9. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Ad Hoc First Lien Group; (c) counsel to the Ad Hoc Crossover Group; (d) counsel to the Facilities Agent; (e) counsel to the Term Agent; (f) counsel to the Indenture Trustee; (g) counsel to the collateral trustee under the Debtors' secured debt facilities; (h) counsel to the DIP Agent; (i) counsel to DIP Lenders; (j) the Creditors' Committee; (k) counsel to Murray Energy Corporation; (*l*) counsel to Reserves; (m) counsel to Javelin; (n) counsel to Uniper; (o) the

Internal Revenue Service; (p) the Securities and Exchange Commission; (q) the United States Attorney's Office for the Eastern District of Missouri; (r) the state attorneys general for all states in which the Debtors conduct business; (s) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis; and (t) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary..

## No Prior Request

10. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of this page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of an order (a) shortening the notice requirement for the Settlement Motion, (b) scheduling an expedited hearing on the Settlement Motion for April 8, 2020 at 11:00 a.m. (Central Time), and (c) granting related relief.

Dated: April 7, 2020
St. Louis, Missouri

Respectfully submitted,

ARMSTRONG TEASDALE LLP

 /s/  Richard W. Engel, Jr.
Richard W. Engel, Jr. (MO 34641)
John G. Willard (MO 67049)
Kathryn Redmond (MO 72087)
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri  63105
Tel:    (314) 621-5070
Fax:   (314) 621-5065
Email: rengel@atllp.com
            jwillard@atllp.com
            kredmond@atllp.com

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:   (212) 757-3990
Email: pbasta@paulweiss.com
            aeaton@paulweiss.com
            awoolverton@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

6