# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | In Proceedings |
| ) | Under Chapter 11 |
| FORESIGHT ENERGY, L.P., et al. ) | |
| ) | |
| Debtors. ) | Bk. No. 20-41308-659 |
| ) | Jointly Administered |
| ) | |
| ) | Objection Deadline: May 7, 2020 |
| ) | Hearing Date: May 14, 2020 |
| ) | Hearing Time: 10:00 a.m. (Central Time) |
| ) | Hearing Location: Courtroom 7 North |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

MITCHELL/ROBERTS PARTNERSHIP, an Illinois Partnership; REBA L. MITCHELL, individually and as Trustee and Beneficiary of the Robert H. Mitchell Residual Trust; CARL INMAN, Independent Executor of the Estate of Russell J. Inman, Deceased; CAROL DEAN CRABTREE; ROBIN LYNNE KEE WILLIAMS; JOHN MILO KEE; J. EARL BALDWIN, Personal Representative of the Estate of Beverly B. Adams, Deceased; J. EARL BALDWIN, Personal Representative of the Estate of Katherine Baldwin, Deceased; and DAVID SENSENEY, Executor of the Estate of Marguerite Boos, Deceased (collectively, the "Subsidence Rights Claimants"), by and through their undersigned attorneys, state as follows:

1. On March 10, 2020, the Debtors filed their voluntary cases under Chapter 11 of the United States Bankruptcy Code.

2. The Court has jurisdiction over this Motion and the relief requested herein pursuant to 28 U.S.C. §1334(b) and 11 U.S.C. §§105 and 362.

3. This is a "core" proceeding with the contemplation of 28 U.S.C. §157(b)(2)(G).

4. Debtor Williamson Energy, LLC ("WE") and other Debtors mine coal as their principal business. Mining of coal is dependent on ownership of the right to do so. However, the right to mine coal is not a *carte blanche* right to impact the rights of the owners of the strata above the removed coal seam including the surface. In that respect, owners of the above strata (including the surface) also own the right of subjacent and sublateral support unless the right to subside was specifically granted and conveyed o the party mining the coal. If the owner of the coal in that context mines it, it must do so in a fashion so as not to subside the above strata. In other words, mining can be accomplished only by way of so-called room and pillar mining in which sufficient coal must remain in-place so as to support the strata above. By comparison, if the owner of the coal also holds the right to subside the above strata including the surface, it can use longwall mining, which has the planned effect of subsiding the above strata.

5. The difference between room-and-pillar and longwall mining is significant in that the latter permits the owner of the coal to remove and recover substantially more coal per acre. In sum, the economic effect of longwall mining provides an unquestioned substantial benefit to the coal miner at the expense of the owners of the above strata including the surface.

6. On November 26, 2014, the Subsidence Rights Claimants filed an action against Debtor Williamson Energy, LLC ("WE"), as well as others not involved in these

proceedings, seeking, *inter alia,* declaratory relief with respect to the construction of four (4) deeds under which George Roberts and his wife conveyed to Charles I Pierce the coal below 125 feet subsurface in and underlying 127 parcels of real property located in Southern Illinois (the "Pierce Deeds"). That action was filed in the Circuit Court, Williamson County, Illinois under case number 14-MR-285 (the "State Court Case").[1] The other defendants in the State Court Case are Colt, LLC, Independence Land Company, LLC, WPP, LLC, Paula Newcomb, Vince Sneed, Robert C. Wilson, Christie Brown, Joni Miller and Fannie Miller (collectively, the "Non-Debtor Defendants").

7. The Pierce Deeds contained the following provision (the "Subsidence Provision") immediately following the legal description of 12 distinct parcels:

> TOGETHER with the right to mine, dig, and remove the coal therefrom and the right to dig the entire quantity or a less quantity of said real estate at the grantee's option, without leaving any support for the overlying strata, and without liability for any injury or damage which may result from the mining and removal of said coal, whether caused by the breaking of the said strata or otherwise, and to ventilate and drain the mines and said coal by such openings, shafts, drill holes, pipes, trenches, structures and appliances as are reasonably necessary and best adapted for such purposes, and the right to mine, ventilate and drain other lands and transport such other coal through and by means of the mines, openings, shafts, structures and appliances upon such lands, and the right to mine and remove so much of other minerals as may be desirable or necessary in order to properly mine and remove said coal.

8. No such provision appears in the Pierce deeds with respect to the remaining 115 parcels.

---

[1] Certain of the Plaintiffs are also parties to actions against WE for subsidence and other damages.

3

9. The Subsidence Provision applicable to 12 parcels has the effect of permitting the owner of the coal to subside the above strata and thereby impact the owners of such strata including the surface rights.  As to the remaining 115 parcels, the owner of the coal has no such right.

10. Based on the foregoing, the Subsidence Rights Claimants contend that WE and other corporate defendants in the State Court Case have no right to subside the above strata and may not interfere with the Subsidence Rights Claimants' right to subjacent and sublateral support with respect to 115 parcels conveyed in the Pierce Deeds. Consequently, WE and the other corporate defendants in the State Court Case are required to mine and remove the coal in and under such 115 parcels in such a fashion so as to provide subjacent and sublateral support.  Having failed to support the above strata, WE and the other corporate defendants must compensate  for damages sustained by the Subsidence Rights Claimants planned subsidence mining of the 115 parcels.

11. The matters at issue in the State Court Case touch on and concern only questions of Illinois law relative to property rights and construction of the Pierce Deeds.

12. On July 15, 2019, the Circuit Court entered judgment against the Subsidence Rights Claimants and in favor of the defendants.  The Circuit Court construed the Pierce Deeds so as to render the Subsidence Provision applicable to all 127 parcels.

13. The Subsidence Rights Claimants appealed the Circuit Court's decision to the Fifth District Illinois Appellate Court, and the matter is pending there under case number 5-19-0339 (the "Appeal").

4

14. The Appeal has been fully briefed; however, commencement of the Debtors' Chapter 11 cases stayed further prosecution of the Appeal.

15. The Court may grant relief from the automatic stay for "cause" as contemplated in Section 362(d)(1) of the Bankruptcy Code.  While "cause" is not specifically defined in the Code, case authority makes clear the Court may grant relief from the automatic stay in order to permit the continuation of non-bankruptcy litigation.

16.  "The mere filing of a petition in bankruptcy cannot, in and of itself, erase a plaintiff's claim, its opportunity to litigate, or the fact that the debtor may be liable to the plaintiff in some amount." *In re Wiley*, 288 B.R. 818, 822 (Bankr. 8th Cir. 2003).  The Court there recognized that in order to determine whether to grant relief from the stay in the context of non-bankruptcy litigation,

> the court must balance the potential prejudice to the debtor, to the bankruptcy estate, and to the other creditors against the hardship to the moving party if it is not allowed to proceed in state court . . . The factors used to balance the hardships are: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

*Id.* (internal citations omitted).  In *Wiley*, the Bankruptcy Appellate Panel reviewed the identified factors and concluded the Bankruptcy Court did not abuse its discretion in granting relief from the stay.  Importantly, the Bankruptcy Court recognized it did not have jurisdiction over the non-debtor defendants, and it best served judicial economy of the state court case to proceed against both defendants.  Moreover, trial preparation in that case was well under way.

17. Similarly, in *In re Power Equipment Co, LLC,* 309 B.R. 552 (Bankr. 8th Cir. 2004), the Bankruptcy Appellate Panel validated the bankruptcy court's rational in granting relief from the stay in the context of state court litigation:

> The property which was the subject of the state court litigation was property the debtors believed was necessary to an effective reorganization. The state court litigation concerned the right, title and interest of one or more of the debtors in the real estate in question. The state court litigation was ready for and scheduled for trial within weeks of the date the bankruptcy petitions were filed. The state court had personal jurisdiction over all parties to the case. The bankruptcy court did not have personal jurisdiction over all parties to the case.

*Id.* at 559. *See also In re Robbins,* 964 F.2d 342, 344 (4th Cir. 1992) (the bankruptcy court did not err in granting relief from the stay in a domestic dispute since the matter at issue turned on the interpretation of Florida law).

18. Unquestionably, relief from the automatic stay in this situation is necessary and appropriate. In that respect, the factors identified in *Wiley,* when applied here, support entry of an Order granting relief from the stay.

19. Judicial economy would be best served by granting the relief sought in this Motion. Furthermore, trial readiness weighs in favor of lifting the stay. There are non-debtor parties to the State Court Case and the Appeal, and it would be a waste of judicial resources to require the matters at issue to be litigated in more than one forum. Furthermore, the Appeal has been fully briefed, and the only thing remaining is oral argument.

20. There are no preliminary bankruptcy matters that must be resolved in order for the Appeal to be argued and concluded.

21. Moreover, the Subsidence Rights Claimants are likely to succeed in the Appeal. As noted above, the Court in the State Court Case erred when it construed the Pierce Deeds: the legend in the Pierce Deeds related only to 12 distinct parcels, and the Pierce Deeds were otherwise silent as to the right to subside the above strata.

22. The cost and expense attending the Appeal certainly tips the balance in favor of granting relief from the stay. The alternative to concluding the Appeal would be commencement of litigation anew in this Court. As noted, the heavy lifting in connection with the Appeal is complete, and the only remaining task is oral argument. Thus, cost and expense associated with the Appeal clearly weighs in favor of relief from the stay.

23. Finally, the ability of the Debtors to subside the above strata is a critical issue in this case. If, as the Subsidence Rights Claimants contend, WE does not have the right to subside the above strata, the amount of coal it can mine is substantially curtailed. That issue alone justifies entry of an Order permitting the Appeal to proceed. In addition, the ownership of the coal above 125 feet subsurface by the Subsidence Rights Claimants will have been subjected to the resultant subsidence.

24. For the foregoing reasons, the Court should enter its Order in the form submitted herewith as Exhibit A, thereby permitting the Subsidence Rights Claimants, WE and the Non-Debtor Defendant to consummate the Appeal.

WHEREFORE, MITCHELL/ROBERTS PARTNERSHIP, an Illinois Partnership; REBA L. MITCHELL, individually and as Trustee and Beneficiary of the Robert H. Mitchell Residual Trust; CARL INMAN, Independent Executor of the Estate of Russell J. Inman, Deceased; CAROL DEAN CRABTREE; ROBIN LYNNE KEE

WILLIAMS; JOHN MILO KEE; J. EARL BALDWIN, Personal Representative of the Estate of Beverly B. Adams, Deceased; J. EARL BALDWIN, Personal Representative of the Estate of Katherine Baldwin, Deceased; and DAVID SENSENEY, Executor of the Estate of Marguerite Boos, Deceased, respectfully request and pray that the Court enter its Order granting the Subsidence Rights Claimants relief from the automatic stay and thereby permit them to conclude the Appeal, and the Subsidence Rights Claimants pray for such additional relief as the Court deems appropriate.

                                                SILVER LAKE GROUP, LTD.

                                                /s/ Steven M. Wallace

By:    _____

                                                Steven M. Wallace #35738
6 Ginger Creek Village Drive
Glen Carbon, IL 62034
Phone: (618) 692-5275
Fax: (888) 519-6101
Email: steve@silverlakelaw.com

Thomas DeVore
118 N. Second Street
Greenville, IL 62246
Phone: (618) 664-9439
Fax (618) 664-9486
Email: tom@silverlakelaw.com

Counsel to the Subsidence Rights Claimants

8

## Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing was served electronically this 7th day of April, 2020, via CM/ECF to all persons receiving notice through that system. The undersigned further certifies that a true and correct copy of the foregoing was served this 30th day of March, 2020, on all parties on the Debtors' most recent Master Notice list dated March 27, 2020 (a) by email, where email addresses are provided and (b) by the United States Postal Service, postage fully prepaid, in the event the most recent Master Notice List does not include an email address.

/s/ Steven M. Wallace

_____

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | In Proceedings |
| ) | Under Chapter 11 |
| FORESIGHT ENERGY, L.P., et al. ) | |
| ) | |
| Debtors. ) | Bk. No. 20-41308-659 |
| ) | Jointly Administered |

## ORDER FOR RELIEF FROM THE AUTOMATIC STAY

This matter is before the Court pursuant to the *Motion for Relief from the Automatic Stay* (the "Motion") [Doc. ____] filed by the Subsidence Rights Claimants.[1] The Court, having been fully advised in the premises finds and determines as follows:

1. Judicial economy would be best served by granting the relief sought in this Motion. Furthermore, trial readiness weighs in favor of lifting the stay. There are non-debtor parties to the State Court Case and the Appeal, it would be a waste of judicial resources to require the matters at issue to be litigated in more than one forum. Furthermore, the Appeal has been fully briefed, and the only thing remaining is oral argument.

2. There are no preliminary bankruptcy matters that must be resolved in order for the Appeal to be argued and concluded.

3. Moreover, the Subsidence Rights Claimants are likely to succeed in the Appeal. As noted above, the Court in the State Court Case erred when it construed the Pierce

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the Motion.

Deeds: the legend in the Pierce Deeds related only to 12 distinct parcels, and the Pierce Deeds were otherwise silent as to the right to subside the above strata.

4. The cost and expense attending the appeal certainly tips the balance in favor of granting relief from the stay. The alternative to concluding the appeal would be commencement of litigation anew in this Court. As noted, the heavy lifting in connection with the Appeal is complete, and the only remaining task is oral argument. Thus, cost and expense associated with the Appeal clearly weighs in favor of relief from the stay.

5. Finally, the ability of the Debtors to subside the above strata is a critical issue in this case. If, as the Subsidence Rights Claimants contend, WE does not have the right to subside the above strata, the amount of coal it can mine is substantially curtailed. That issue alone justifies entry of an Order permitting the Appeal to proceed. In addition, the ownership of the coal above 125 feet subsurface by the Subsidence Rights Claimants will have been subjected to the resultant subsidence.

6. Based on the foregoing, "cause" exists for granting the Subsidence Rights Claimants relief from the automatic stay in order to consummate the Appeal.

IT IS THEREFORE

ORDERED that the Subsidence Rights Claimants are hereby granted relief from the automatic stay in order to consummate the appeal pending in the Fifth District Illinois Appellate Court under Case No. 5-198-339, and it is further

ORDERED that counsel for the Subsidence Rights Claimants shall serve a copy of this Order by mail on all interested parties who were not served electronically.

Enter: _____

_____
United States Bankruptcy Judge