**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 20 |

**FINAL ORDER AUTHORIZING RETENTION AND APPOINTMENT OF
PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT AND
ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") requesting entry of an order (this "Order") for retention and appointment of Prime Clerk LLC ("Prime Clerk") as Claims and Noticing Agent and Administrative Advisor pursuant to 28 U.S.C. § 156(c), sections 105(a) and 327(a) of the Bankruptcy Code, Bankruptcy Rules 2002(f), 2014(a), and 2016, and Local Bankruptcy Rule 2014(A); and the Court having jurisdiction to consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Application; and upon the First Day Declaration and the Steele Declaration submitted in support of the Application; and the Debtors having estimated that there are thousands of creditors and parties in interest in these chapter 11 cases, many of which are expected to file proofs of claim; and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

§ 156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Prime Clerk has the capability and experience to provide such services and that Prime Clerk does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given under the circumstances and no other or further notice being required; and it appearing that the employment of Prime Clerk is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Notwithstanding the terms set forth in the Application and in the Engagement Agreement, the Application is **GRANTED** on a final basis solely as set forth in this order, and the Debtors are authorized to retain Prime Clerk as Claims and Noticing Agent and Administrative Advisor effective as of the Petition Date under the terms of the Engagement Agreement only to the extent that the terms of the Engagement Agreement do not conflict with the terms of this Order.

2. Prime Clerk is authorized and directed to perform notice and claims processing services as set forth below and in this Order and any non-conflicting provisions of the Application. Under the Engagement Agreement, Prime Clerk will perform the following services as the Claims and Noticing Agent pursuant to 28 U.S.C. § 156(c):

    (a) assist the Debtors with the preparation and distribution of all required notices and documents in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including: (i) notice of any claims bar date, (ii) notice of any proposed sale of the Debtor's assets, (iii) notices of objections to claims and objections to transfers of claims, (iv) notices of any hearings on a disclosure statement and confirmation of any plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (v) notice of the effective date of any plan, and (vi) all other notices, orders, pleadings, publications and other documents as the Debtors, the Court, or the Clerk may deem necessary or

appropriate for an orderly administration of these chapter 11 cases;

(b) maintain a copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

(c) maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available to the Clerk and upon request by a party in interest;

(d) furnish a notice to all potential creditors of the last date for filing proofs of claim and a customized form for filing a proof of claim, after such notice and form are approved by the Clerk and the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be affected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e) maintain a post office box or address for receiving claims and returned mail, and process all mail received;

(f) for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk a certificate of service within 24 hours of service which includes (i) the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(g) maintain a duplicate claims register on behalf of each Debtor (collectively, the "Claims Register"); and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned by the Court in the official claims register, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the address for payment, if different from the notice address, (v) the amount asserted, (vi) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), and (vii) any disposition of the claim;

(h) upon receipt of proofs of claim not otherwise filed with the Clerk, electronically file claims in the Court's Claim Register(s) within forty eight (48) hours of receipt; upon completion of the docketing of claims processed with the Court, reconcile its records with the Court for all claims received to date for each case to ensure use of the same numbers for each proof of claim maintained by the Court and by Prime Clerk; if the time deadline

3

cannot be met due to volume or unforeseen circumstances, Prime Clerk shall promptly notify the Clerk;

(i) implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(j) monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the duplicate claims register(s) and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(k) identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(l) assist in the dissemination of information to the public and respond to requests for administrative information regarding these chapter 11 cases as directed by the Debtors or the Court, including through the use of a case website at https://cases.primeclerk.com/foresightenergy and/or call center;

(m) thirty (30) days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Prime Clerk as claims, noticing, and solicitation agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

(n) within seven (7) days of notice to Prime Clerk of entry of an order closing these chapter 11 cases, reconcile all proofs of claim with the Court;

(o) periodically audit the claims information to assure the Clerk's Office that the claims information is being appropriately and accurately recorded in the claims register; allow the Clerk's Office to independently audit the claims information during regular business hours; allow the Clerk's Office to inspect Prime Clerk's premises at any time during regular business hours;

(p) with prior approval of the Clerk, at the close of these chapter 11 cases, address the destruction of proofs of claim as instructed by the Clerk; and

(q) comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements.

3. Prime Clerk is authorized and directed to perform administrative advisor services as set forth below and in this Order and any non-conflicting provisions of the Application. Under the Engagement Agreement, Prime Clerk will perform the following services as the

4

Administrative Advisor pursuant to 11 U.S.C. § 327(a):

    (a)    assist the Debtors with plan-solicitation services including: (i) balloting, (ii) distribution of applicable solicitation materials, (iii) tabulation and calculation of votes, (iv) determining with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, Bankruptcy Rules, and procedures ordered by this Court; (v) preparing an official ballot certification and testifying, if necessary, in support of the ballot tabulation results; and (vi) in connection with the foregoing services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

    (b)    assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

    (c)    provide a confidential data room, if requested;

    (d)    manage and coordinate any distributions pursuant to a chapter 11 plan; and

    (e)    provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included pursuant to § 156(c), that may be requested from time to time by the Debtors, the Court, or the Clerk's Office.

4.    For services rendered under 11 U.S.C. § 327(a), Prime Clerk shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable Guidelines. Prime Clerk shall serve notice of these cases and the initial 11 U.S.C. § 341 meeting of creditors using the current Official Form 309F notice as modified by the Court. Prime Clerk shall obtain this form notice from the Clerk and shall not modify the form notice it receives from the Clerk without the Clerk's consent. Any claims bar date notice must be approved by the Court and the Clerk prior to being issued by Prime Clerk.

5.    Pursuant to 28 U.S.C. § 156(e), the Clerk shall perform her normal function as the custodian of Court records and official record keeper of all information related to these cases. The Clerk shall maintain the official case docket and claims register for each of these

5

Debtors.  Prime Clerk shall work cooperatively with, assist, and support the Clerk in any way consistent with this Order.  If Prime Clerk is unclear as to the application or applicability of any rule or procedure, it is to seek guidance from the Clerk.

6. The Clerk shall provide Prime Clerk with Electronic Case Filing ("ECF") credentials that allow Prime Clerk to receive ECF notifications, file proofs of claim, and file certificates of service.  Prime Clerk is authorized and directed to obtain a post-office box or address for the receipt of proofs of claim.

7. Prime Clerk shall maintain a publicly accessible copy of the claims filed in these cases.  Prime Clerk shall not unilaterally remove or alter any incorrect names or addresses from the claims register or mailing lists but shall file with the Court an updated creditor matrix along with a memorandum describing any change(s) thereto in accordance with Local Bankruptcy Rule 1009 and pay any requisite fee.

8. Prime Clerk shall, using the Court's ECF System as instructed by the Clerk, electronically file all proofs of claim that Prime Clerk has received or will receive in these cases, using the Court's ECF System as instructed by the Clerk.  Upon receipt of a proof of claim or a transfer of claim, Prime Clerk shall stamp the receipt date and time on the document before filing it with the Court.  The Clerk need not physically transfer any claim that she received electronically to Prime Clerk.  The Clerk may, by using Prime Clerk's overnight express account, transmit to Prime Clerk any paper proof of claim that she receives. Prime Clerk shall not accept any proofs of claim electronically or provide any access to the public on its website to electronically file the proofs of claims

9. The Clerk shall retain exclusive responsibility to receive all transfers of claims. All transfers of claim shall be filed with the Clerk. Any and all transfers of claim and

accompanying filing fees received by Prime Clerk shall be filed with and paid to the Clerk.

10. Any contrary provision in the Application notwithstanding, and unless otherwise ordered by the Court, Prime Clerk shall serve any document that it is required to serve pursuant to this Order, the Application, and/or the Engagement Agreement within one (1) business day of the document being entered on the Court's docket. Prime Clerk shall file a certificate of service for any such document within one (1) business day of the document being served. Unless otherwise ordered by the Court, notice of any hearing that Prime Clerk is required to serve pursuant to this Order, Application, and/or the Engagement Agreement must be served within one (1) business day of the hearing being set. Prime Clerk shall file a certificate of service for any such notice within one (1) business day of the notice being served.

11. Once these cases have been closed, Prime Clerk shall seek permission of the Clerk to destroy any paper proofs of claim still in its possession that it has received in these cases and that have previously been filed with the Court. Prime Clerk shall file with the Court a certificate of destruction specifying the method of destruction, the date of destruction, and any reference number or other relevant information for the destruction of the paper proofs of claim.

12. Except as otherwise provided in paragraph 3 and 4, the Debtors are authorized to compensate Prime Clerk in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Prime Clerk and the rates charged for each, and to reimburse Prime Clerk for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Prime Clerk to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

13. Prime Clerk shall maintain records of all services showing dates, categories

7

of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, the Clerk, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

14. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; <u>provided</u> that the parties may seek resolution of the matter from the Court if resolution is not achieved.

15. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Prime Clerk under this Order shall be an administrative expense of the Debtors' estates.

16. Prime Clerk may apply its advance to all prepetition invoices, which advance may be replenished to the original advance amount, and thereafter, Prime Clerk may hold its advance under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

17. In the event Prime Clerk is unable to provide the services set out in this order, Prime Clerk will immediately notify the Clerk and Debtors' counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel or to the Court directly.

18. The Debtors shall not be authorized to terminate Prime Clerk's services, nor shall Prime Clerk cease providing notice and claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court. If these cases convert to cases under Chapter 7 of the Bankruptcy Code, Prime Clerk shall cooperate with the Clerk to

8

turn over to the Clerk or another agent any materials that the Clerk requests unless Prime Clerk continues as notice and claims agent following the conversion.

19. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

20. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective upon its entry.

21. All time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

22. No later than two business days after entry of this Order, the Debtors shall serve a copy of this Order on the Notice Parties and shall file a certificate of service no later than one (1) business day after service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: April 7, 2020
St. Louis, Missouri
jjh

9

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
    jwillard@atllp.com
    kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:  pbasta@paulweiss.com
    aeaton@paulweiss.com
    awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

United States Bankruptcy Court
Eastern District of Missouri

In re:                                                                    Case No. 20-41308-kss
Foresight Energy LP                                                       Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0865-4          User: admin              Page 1 of 3          Date Rcvd: Apr 07, 2020
                              Form ID: pdfo1           Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 09, 2020.
aty          +Aidan Synnott,    Paul, Weiss, Rifkind, Wharton & Garrison,    1285 Avenue of the Americas,
               New York, NY 10019-6031
aty          +Alexander Woolverton,    Paul Weiss Rifkind Wharton & Garrison LL,    1285 Avenue of the Americas,
               New York, NY 10019-6031
aty          +Michael J. Colarossi,    Paul, Weiss, Rifkind, Wharton & Garrison,    1285 Avenue of the Americas,
               New York, NY 10019-6031
aty          +Paul M. Basta,   Paul, Weiss, Rifkind, Wharton & Garrison,    1285 Avenue of the Americas,
               New York, NY 10019-6031
aty          +Stephanie P. Lascano,    Paul, Weiss, Rifkind, Wharton & Garrison,    1285 Avenue of the Americas,
               New York, NY 10019-6031

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 09, 2020                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 7, 2020 at the address(es) listed below:
              Alice Belisle Eaton    on behalf of Debtor    Foresight Energy LP
               aeaton@paulweiss.com;mcolarossi@paulweiss.com;pbasta@paulweiss.com;slascano@paulweiss.com;awoolve
               rton@paulweiss.com;orahnama@paulweiss.com;mtattnall@paulweiss.com;psteel@paulweiss.com;dweiss@pau
               lweiss.com
              Amy A. Zuccarello    on behalf of Creditor    Lord Securities Corporation
               azuccarello@sullivanlaw.com,    tkethro@sullivanlaw.com
              Brad M. Kahn    on behalf of Creditor    Ad Hoc First Lien Group bkahn@akingump.com
              Brian C. Walsh     on behalf of Creditor    Davidson Kempner Capital Management LP
               brian.walsh@bclplaw.com
              Christopher Foy    on behalf of Creditor    Illinois Department of Natural Resources
               cfoy@atg.state.il.us
              Christopher J. Lawhorn     on behalf of Creditor    Javelin Global Commodities UK Ltd
               cjl@carmodymacdonald.com,    txs@carmodymacdonald.com;aep@carmodymacdonald.com
              Cullen Drescher Speckhart     on behalf of Creditor Committee    John Fabick Tractor Company/Fabick
               Mining, Inc. cspeckhart@cooley.com,    efiling-notice@ecf.pacerpro.com
              Dominique Sinesi    on behalf of Interested Party    United States of America
               dominique.sinesi@usdoj.gov
              Erika L. Todd    on behalf of Creditor    Lord Securities Corporation etodd@sullivanlaw.com
              Ira S Dizengoff    on behalf of Creditor    Ad Hoc First Lien Group idizengoff@akingump.com
              Jaimie L Mansfield    on behalf of Debtor    Sugar Camp Energy, LLC jmansfield@atllp.com,
               bvogt@armstrongteasdale.com
              Jaimie L Mansfield    on behalf of Debtor    Macoupin Energy LLC jmansfield@atllp.com,
               bvogt@armstrongteasdale.com
              Jaimie L Mansfield    on behalf of Debtor    Tanner Energy LLC jmansfield@atllp.com,
               bvogt@armstrongteasdale.com
              Jaimie L Mansfield    on behalf of Debtor    Williamson Energy, LLC jmansfield@atllp.com,
               bvogt@armstrongteasdale.com
              Jaimie L Mansfield    on behalf of Debtor    Foresight Coal Sales LLC jmansfield@atllp.com,
               bvogt@armstrongteasdale.com
              James Savin    on behalf of Creditor    Ad Hoc First Lien Group jsavin@akingump.com
              Jason D. Angelo    on behalf of Creditor Committee    Wilmington Trust, NA jangelo@reedsmith.com
              Jennifer M McLemore    on behalf of Creditor    Natural Resource Partners L.P., et al.
               jmclemore@williamsmullen.com

```
District/off: 0865-4          User: admin                 Page 2 of 3                  Date Rcvd: Apr 07, 2020
                              Form ID: pdfo1              Total Noticed: 5
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        Joel A Kunin    on behalf of Creditor Cory  Leitschuh jkunin@ghalaw.com,  megan@ghalaw.com
        Joel A Kunin    on behalf of Creditor   Terra Payne, as Special Administrator of the Estate of William Daniel Hans Payne jkunin@ghalaw.com,  megan@ghalaw.com
        John G. Willard    on behalf of Debtor   American Century Mineral LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   Foresight Energy Labor LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   Foresight Energy Finance Corporation jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   MaRyan Mining LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   Akin Energy LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   Adena Resources, LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   Foresight Energy LP jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   Oeneus LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   Mach Mining, LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   Sitran, LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   Seneca Rebuild LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   Hillsboro Transport LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor   American Century Transport LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John T.M. Whiteman    on behalf of Creditor   Missouri Department of Revenue edmoecf@dor.mo.gov
        John Talbot Sant, Jr.    on behalf of Creditor Committee    Official Committee of Unsecured Creditors tsant@affinitylawgrp.com,  kschimweg@affinitylawgrp.com
        Kathryn  Redmond    on behalf of Debtor    Coal Field Repair Services LLC kredmond@atllp.com,  bvogt@atllp.com
        Kathryn  Redmond    on behalf of Debtor    Logan Mining LLC kredmond@atllp.com,  bvogt@atllp.com
        Kathryn  Redmond    on behalf of Debtor    LD Labor Company LLC kredmond@atllp.com,  bvogt@atllp.com
        Kathryn  Redmond    on behalf of Debtor    Coal Field Construction Company LLC kredmond@atllp.com,  bvogt@atllp.com
        Kathryn  Redmond    on behalf of Debtor    Foresight Energy LP kredmond@atllp.com,  bvogt@atllp.com
        Kurt F. Gwynne    on behalf of Creditor Committee    Wilmington Trust, NA kgwynne@reedsmith.com
        Mark V. Bossi    on behalf of Creditor    Ad Hoc First Lien Group mbossi@thompsoncoburn.com,  lmckinnon@thompsoncoburn.com
        Marshall C. Turner    on behalf of Creditor    Lord Securities Corporation marshall.turner@huschblackwell.com,  gail.sinnett@huschblackwell.com;marshall-turner-8668@ecf.pacerpro.com
        Marshall C. Turner    on behalf of Creditor    Huntington National Bank marshall.turner@huschblackwell.com,  gail.sinnett@huschblackwell.com;marshall-turner-8668@ecf.pacerpro.com
        Michael D Mueller    on behalf of Creditor    Natural Resource Partners L.P., et al. mmueller@williamsmullen.com
        Michael J. Roeschenthaler    on behalf of Creditor Committee    Official Committee of Unsecured Creditors mroeschenthaler@wtplaw.com
        Nathaniel R.B. Koslof    on behalf of Creditor    Lord Securities Corporation nkoslof@sullivanlaw.com
        Office of US Trustee    USTPRegion13.SL.ECF@USDOJ.gov
        Patrick  Cloud    on behalf of Creditor    Mt. Olive and Staunton Coal Company Trust pcloud@heylroyster.com
        Richard J. Parks    on behalf of Creditor    Joy Underground Mining LLC rjp@pietragallo.com
        Richard J. Parks    on behalf of Creditor    Joy Global Conveyors Inc. rjp@pietragallo.com
        Richard W. Engel, Jr.    on behalf of Debtor    American Century Mineral LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor    M-Class Mining, LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor    Hillsboro Energy LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor    American Century Transport LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor    Patton Mining LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy GP LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy Services LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy Employee Services Corporation rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com

```
District/off: 0865-4          User: admin              Page 3 of 3              Date Rcvd: Apr 07, 2020
                              Form ID: pdfo1           Total Noticed: 5
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy LP rengel@armstrongteasdale.com, bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Richard W. Engel, Jr.    on behalf of Debtor    Foresight Receivables LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Richard W. Engel, Jr.    on behalf of Debtor    Viking Mining LLC rengel@armstrongteasdale.com, bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Robert E. Eggmann    on behalf of Creditor    Mangrove Partners ree@carmodymacdonald.com, thr@carmodymacdonald.com;ala@carmodymacdonald.com;syd@carmodymacdonald.com
          Rusty Keith Reinoehl    on behalf of Creditor    Bradford Supply Company rusty@rklegalgroup.com, rusty@rklegalgroup.com;riley@rklegalgroup.com
          Spencer P. Desai    on behalf of Creditor    Mangrove Partners spd@carmodymacdonald.com, ala@carmodymacdonald.com;txs@carmodymacdonald.com
          Steven M. Wallace    on behalf of Creditor    David Senseney, Executor of the Estate of Marguerite Boos, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor John Milo Kee steve@silverlakelaw.com, denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor Robin Lynne Kee Williams steve@silverlakelaw.com, denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor    Mitchell/Roberts Partnership, an Illinois Partnership steve@silverlakelaw.com,  denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor Carol Dean Crabtree steve@silverlakelaw.com, denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor    J. Earl Baldwin, Personal Representative of the Estate of Katherine Baldwin, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor    J. Earl Baldwin, Personal Representative of the Estate of Beverly B. Adams, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor    Carl Inman, Executor of the Estate of Russell J. Inman, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor    Reba Mitchell, Individually and as Trustee and Beneficiary of the Robert H.Mitchell Residual Trust steve@silverlakelaw.com, denise@silverlakelaw.com
          Thomas H Riske    on behalf of Creditor    Javelin Global Commodities UK Ltd thr@carmodymacdonald.com,  syd@carmodymacdonald.com;ala@carmodymacdonald.com
          Thomas H Riske    on behalf of Creditor    Javelin Global Commodities (UK) Ltd thr@carmodymacdonald.com,  syd@carmodymacdonald.com;ala@carmodymacdonald.com
          Timothy P. Palmer    on behalf of Creditor    Huntington National Bank Timothy.Palmer@BIPC.com
          Wendi S. Alper-Pressman    on behalf of Creditor    Natural Resource Partners L.P., et al. wpressman@lathropgage.com,  jbuchheit@lathropgage.com,stlfilings@lathropgage.com,
          Zachary Dain Lanier    on behalf of Creditor    Ad Hoc First Lien Group zlanier@akingump.com

                                                                                                                         TOTAL: 80