**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 32 |

**FINAL ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF**
**JEFFERIES LLC AS INVESTMENT BANKER FOR THE**
**DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[1] of the above-captioned debtors and debtors in possessions (collectively, the "Debtors") requesting entry of an final order (this "Final Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014(A) and 2016-2, authorizing the Debtors to retain and employ Jefferies LLC ("Jefferies") as their investment banker *nunc pro tunc* to the Petition Date, pursuant to the terms and subject to the conditions of the Engagement Letter; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon consideration of the First Day Declarations; and upon the record of the hearing and all

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

of the proceedings had before the Court; and the Court having determined that the employment of Jefferies is necessary and in the best interest of the estates and their creditors; and the Court being satisfied that Jefferies does not hold or represent any entity having an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **granted** on a final basis as set forth herein.

2. The Debtors are authorized to retain and employ Jefferies as their investment banker in these chapter 11 cases, pursuant to the terms and subject to the conditions set forth in the Engagement Letter attached to the Application as **Exhibit 1**, effective as of the Petition Date.

3. Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify Jefferies in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.

4. Jefferies shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules or Local Bankruptcy Rules as may then be applicable, and any other applicable orders and procedures of this Court; *provided*, *however*, that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any order of this Court, the Trustee Guidelines, any other

guidelines regarding submission and approval of fee applications, and any other applicable orders or procedures of the Court, Jefferies' professionals shall be required only to keep reasonably detailed summary time records in one-half hour increments, which time records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed.

5. Notwithstanding anything to the contrary in this Final Order, the Application or the Engagement Letter, the U.S. Trustee shall have the right to object to Jefferies' requests for compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, and not section 328(a) of the Bankruptcy Code. This Final Order and the record relating to this Court's consideration of the Application shall not prejudice the rights of the U.S. Trustee's right to challenge the reasonableness of Jefferies' fees under section 330 of the Bankruptcy Code. Accordingly, nothing in this Final Order or the record relating to this Court's consideration of the Application shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee with respect to the reasonableness of Jefferies' fees. Further, nothing in the Engagement Letter shall affect or modify the standard of review applicable to an objection by the U.S. Trustee under this paragraph.

6. The indemnification, contribution, and reimbursement provisions included in Schedule A to the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following modifications:

    a. subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify the Indemnified Persons in accordance with the Engagement Letter for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Letter; provided, however, that the Indemnified Persons shall not be indemnified for any claim arising from services other than the services provided under the Engagement

Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

b.  notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct, or (ii) for a contractual dispute in which the Debtors allege breach of Jefferies' obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Final Order;

c.  if, during the pendency of these chapter 11 cases, the indemnification provided in Schedule A to the Engagement Letter is held unenforceable by reason of the exclusions set forth in paragraph (b) above (i.e. gross negligence, willful misconduct, or for a contractual dispute in which the Debtors allege the breach of Jefferies' obligations under the Engagement Letter, unless the Court determines that indemnification would be permissible pursuant to the *United Artists* decision), and Jefferies makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the limitations on Jefferies' contribution obligations set forth in the second and third sentences of the fifth paragraph of Schedule A shall not apply; and

d.  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Jefferies believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Final Order), including, without limitation, the advancement of defense costs, Jefferies must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; provided, however, that for the avoidance of doubt, this subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not

a provision limiting the duration of the Debtors' obligation to indemnify Jefferies.

7. To the extent that there may be any inconsistency between the terms of the Application, the Finger Declaration, the Engagement Letter, and this Final Order, the terms of this Final Order shall govern.

8. Notice of the Application as provided therein is hereby deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective upon its entry.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief sought by the Application is necessary to avoid immediate and irreparable harm.

12. No later than two (2) business days after the date of this Final Order, the Debtors shall serve a copy of this Final Order on the Notice Parties, and shall file a certificate of service no later than twenty-four (24) hours after service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: April 7, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
            jwillard@atllp.com
            kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:     (212) 373-3000
Fax:    (212) 757-3990
Email: pbasta@paulweiss.com
            aeaton@paulweiss.com
            awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

United States Bankruptcy Court
Eastern District of Missouri

In re:  
Foresight Energy LP  
        Debtor

Case No. 20-41308-kss  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0865-4     User: admin     Page 1 of 3     Date Rcvd: Apr 07, 2020  
                           Form ID: pdfo1     Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 09, 2020.
```
aty          +Aidan Synnott,    Paul, Weiss, Rifkind, Wharton & Garrison,    1285 Avenue of the Americas,
               New York, NY 10019-6031
aty          +Alexander Woolverton,    Paul Weiss Rifkind Wharton & Garrison LL,    1285 Avenue of the Americas,
               New York, NY 10019-6031
aty          +Michael J. Colarossi,    Paul, Weiss, Rifkind, Wharton & Garrison,    1285 Avenue of the Americas,
               New York, NY 10019-6031
aty          +Paul M. Basta,    Paul, Weiss, Rifkind, Wharton & Garrison,    1285 Avenue of the Americas,
               New York, NY 10019-6031
aty          +Stephanie P. Lascano,    Paul, Weiss, Rifkind, Wharton & Garrison,    1285 Avenue of the Americas,
               New York, NY 10019-6031
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 09, 2020                                                 Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 7, 2020 at the address(es) listed below:
```
              Alice Belisle Eaton    on behalf of Debtor    Foresight Energy LP
               aeaton@paulweiss.com;mcolarossi@paulweiss.com;pbasta@paulweiss.com;slascano@paulweiss.com;awoolve
               rton@paulweiss.com;orahnama@paulweiss.com;mtattnall@paulweiss.com;psteel@paulweiss.com;dweiss@pau
               lweiss.com
              Amy A. Zuccarello    on behalf of Creditor    Lord Securities Corporation
               azuccarello@sullivanlaw.com,    tkethro@sullivanlaw.com
              Brad M. Kahn    on behalf of Creditor    Ad Hoc First Lien Group bkahn@akingump.com
              Brian C. Walsh    on behalf of Creditor    Davidson Kempner Capital Management LP
               brian.walsh@bclplaw.com
              Christopher Foy    on behalf of Creditor    Illinois Department of Natural Resources
               cfoy@atg.state.il.us
              Christopher J. Lawhorn    on behalf of Creditor    Javelin Global Commodities UK Ltd
               cjl@carmodymacdonald.com,    txs@carmodymacdonald.com;aep@carmodymacdonald.com
              Cullen Drescher Speckhart    on behalf of Creditor Committee    John Fabick Tractor Company/Fabick
               Mining, Inc. cspeckhart@cooley.com,    efiling-notice@ecf.pacerpro.com
              Dominique Sinesi    on behalf of Interested Party    United States of America
               dominique.sinesi@usdoj.gov
              Erika L. Todd    on behalf of Creditor    Lord Securities Corporation etodd@sullivanlaw.com
              Ira S Dizengoff    on behalf of Creditor    Ad Hoc First Lien Group idizengoff@akingump.com
              Jaimie L Mansfield    on behalf of Debtor    Sugar Camp Energy, LLC jmansfield@atllp.com,
               bvogt@armstrongteasdale.com
              Jaimie L Mansfield    on behalf of Debtor    Macoupin Energy LLC jmansfield@atllp.com,
               bvogt@armstrongteasdale.com
              Jaimie L Mansfield    on behalf of Debtor    Tanner Energy LLC jmansfield@atllp.com,
               bvogt@armstrongteasdale.com
              Jaimie L Mansfield    on behalf of Debtor    Williamson Energy, LLC jmansfield@atllp.com,
               bvogt@armstrongteasdale.com
              Jaimie L Mansfield    on behalf of Debtor    Foresight Coal Sales LLC jmansfield@atllp.com,
               bvogt@armstrongteasdale.com
              James Savin    on behalf of Creditor    Ad Hoc First Lien Group jsavin@akingump.com
              Jason D. Angelo    on behalf of Creditor Committee    Wilmington Trust, NA jangelo@reedsmith.com
              Jennifer M McLemore    on behalf of Creditor    Natural Resource Partners L.P., et al.
               jmclemore@williamsmullen.com
```

```
District/off: 0865-4           User: admin              Page 2 of 3              Date Rcvd: Apr 07, 2020
                               Form ID: pdf01           Total Noticed: 5
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        Joel A Kunin    on behalf of Creditor Cory  Leitschuh jkunin@ghalaw.com,  megan@ghalaw.com
        Joel A Kunin    on behalf of Creditor  Terra Payne, as Special Administrator of the Estate of William Daniel Hans Payne jkunin@ghalaw.com,  megan@ghalaw.com
        John G. Willard    on behalf of Debtor  American Century Mineral LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  Foresight Energy Labor LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  Foresight Energy Finance Corporation jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  MaRyan Mining LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  Akin Energy LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  Adena Resources, LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  Foresight Energy LP jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  Oeneus LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  Mach Mining, LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  Sitran, LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  Seneca Rebuild LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  Hillsboro Transport LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John G. Willard    on behalf of Debtor  American Century Transport LLC jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
        John T.M. Whiteman    on behalf of Creditor  Missouri Department of Revenue edmoecf@dor.mo.gov
        John Talbot Sant, Jr.    on behalf of Creditor Committee   Official Committee of Unsecured Creditors tsant@affinitylawgrp.com,  kschimweg@affinitylawgrp.com
        Kathryn  Redmond    on behalf of Debtor   Coal Field Repair Services LLC kredmond@atllp.com,  bvogt@atllp.com
        Kathryn  Redmond    on behalf of Debtor   Logan Mining LLC kredmond@atllp.com,  bvogt@atllp.com
        Kathryn  Redmond    on behalf of Debtor   LD Labor Company LLC kredmond@atllp.com,  bvogt@atllp.com
        Kathryn  Redmond    on behalf of Debtor   Coal Field Construction Company LLC kredmond@atllp.com,  bvogt@atllp.com
        Kathryn  Redmond    on behalf of Debtor   Foresight Energy LP kredmond@atllp.com,  bvogt@atllp.com
        Kurt F. Gwynne    on behalf of Creditor Committee   Wilmington Trust, NA kgwynne@reedsmith.com
        Mark V. Bossi    on behalf of Creditor   Ad Hoc First Lien Group mbossi@thompsoncoburn.com,  lmckinnon@thompsoncoburn.com
        Marshall C. Turner    on behalf of Creditor   Lord Securities Corporation marshall.turner@huschblackwell.com,  gail.sinnett@huschblackwell.com;marshall-turner-8668@ecf.pacerpro.com
        Marshall C. Turner    on behalf of Creditor   Huntington National Bank marshall.turner@huschblackwell.com,  gail.sinnett@huschblackwell.com;marshall-turner-8668@ecf.pacerpro.com
        Michael D Mueller    on behalf of Creditor   Natural Resource Partners L.P., et al. mmueller@williamsmullen.com
        Michael J. Roeschenthaler    on behalf of Creditor Committee   Official Committee of Unsecured Creditors mroeschenthaler@wtplaw.com
        Nathaniel R.B. Koslof    on behalf of Creditor   Lord Securities Corporation nkoslof@sullivanlaw.com
        Office of US Trustee    USTPRegion13.SL.ECF@USDOJ.gov
        Patrick  Cloud    on behalf of Creditor   Mt. Olive and Staunton Coal Company Trust pcloud@heylroyster.com
        Richard J. Parks    on behalf of Creditor   Joy Underground Mining LLC rjp@pietragallo.com
        Richard J. Parks    on behalf of Creditor   Joy Global Conveyors Inc. rjp@pietragallo.com
        Richard W. Engel, Jr.    on behalf of Debtor   American Century Mineral LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor   Foresight Energy LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor   M-Class Mining, LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor   Hillsboro Energy LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor   American Century Transport LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor   Patton Mining LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor   Foresight Energy GP LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor   Foresight Energy Services LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor   Foresight Energy Employee Services Corporation rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com

```
District/off: 0865-4          User: admin              Page 3 of 3              Date Rcvd: Apr 07, 2020
                              Form ID: pdfo1           Total Noticed: 5
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          Richard W. Engel, Jr.   on behalf of Debtor    Foresight Energy LP rengel@armstrongteasdale.com, bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Richard W. Engel, Jr.   on behalf of Debtor    Foresight Receivables LLC rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Richard W. Engel, Jr.   on behalf of Debtor    Viking Mining LLC rengel@armstrongteasdale.com, bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Robert E. Eggmann    on behalf of Creditor    Mangrove Partners ree@carmodymacdonald.com, thr@carmodymacdonald.com;ala@carmodymacdonald.com;syd@carmodymacdonald.com
          Rusty Keith Reinoehl    on behalf of Creditor    Bradford Supply Company rusty@rklegalgroup.com, rusty@rklegalgroup.com;riley@rklegalgroup.com
          Spencer P. Desai    on behalf of Creditor    Mangrove Partners spd@carmodymacdonald.com, ala@carmodymacdonald.com;txs@carmodymacdonald.com
          Steven M. Wallace    on behalf of Creditor    David Senseney, Executor of the Estate of Marguerite Boos, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor John Milo Kee steve@silverlakelaw.com, denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor Robin Lynne Kee Williams steve@silverlakelaw.com, denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor    Mitchell/Roberts Partnership, an Illinois Partnership steve@silverlakelaw.com,  denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor Carol Dean Crabtree steve@silverlakelaw.com, denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor    J. Earl Baldwin, Personal Representative of the Estate of Katherine Baldwin, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor    J. Earl Baldwin, Personal Representative of the Estate of Beverly B. Adams, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor    Carl Inman, Executor of the Estate of Russell J. Inman, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
          Steven M. Wallace    on behalf of Creditor    Reba Mitchell, Individually and as Trustee and Beneficiary of the Robert H.Mitchell Residual Trust steve@silverlakelaw.com, denise@silverlakelaw.com
          Thomas H Riske    on behalf of Creditor    Javelin Global Commodities UK Ltd thr@carmodymacdonald.com,  syd@carmodymacdonald.com;ala@carmodymacdonald.com
          Thomas H Riske    on behalf of Creditor    Javelin Global Commodities (UK) Ltd thr@carmodymacdonald.com,  syd@carmodymacdonald.com;ala@carmodymacdonald.com
          Timothy P. Palmer    on behalf of Creditor    Huntington National Bank Timothy.Palmer@BIPC.com
          Wendi S. Alper-Pressman    on behalf of Creditor    Natural Resource Partners L.P., et al. wpressman@lathropgage.com,  jbuchheit@lathropgage.com,stlfilings@lathropgage.com,
          Zachary Dain Lanier    on behalf of Creditor    Ad Hoc First Lien Group zlanier@akingump.com

                                                                                     TOTAL: 80