# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 13 |

## FINAL ORDER DETERMINING ADEQUATE
## ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the Motion[1] of Foresight Energy LP and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") requesting entry of a final order (this "Final Order"), pursuant to sections 105(a) and 366 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) determining that the Proposed Adequate Assurance provides the Utility Providers with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services, (c) approving the Proposed Adequate Assurance Procedures, and (d) granting related relief, all as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and it appearing that venue of the Debtors' chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

relief requested in the Motion; and upon consideration of the First Day Declaration; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** to the extent set forth herein.

2. All Utility Providers are prohibited from altering, refusing, or discontinuing service to, or discriminating against, the Debtors as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices, or requiring payment of a deposit or receipt or any other security for continued service postpetition, other than in accordance with the Proposed Adequate Assurance Procedures.

3. The following Proposed Adequate Assurance Procedures are approved in all respects:

   (a) If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (i) the Debtors, One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102, Attention: Cody Nett, Esq.; (ii) proposed counsel to the Debtors, (A) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attention: Alice Belisle Eaton, Esq., and Patrick M. Steel, Esq., and (B) Armstrong Teasdale LLP, 7700 Forsyth Boulevard, Suite 1800, St. Louis, Missouri 63105, Attention: Richard W. Engel, Jr., Esq., and John G. Willard, Esq.; and (iii) proposed counsel to the official committee of unsecured creditors (the "Committee"), (A) Whiteford Taylor & Preston, LLP, 3190 Fairview Park Drive, Suite 1800 Falls Church, VA 22042-4510, Attention: Christopher A. Jones, Esq., and David W. Gaffey,

        Esq., and (B) Affinity Law Group, 1610 Des Peres Road, Suite, 100, St. Louis, MO 63131, Attention: John Talbot Sant, Jr. (collectively, the "<u>Adequate Assurance Notice Parties</u>"). The Debtors shall honor such request within five (5) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court; <u>provided that</u> in no event shall a Utility Provider be permitted to receive aggregate disbursements in excess of the total amount set forth for such Utility Provider under the column labeled "Proposed Adequate Assurance Deposit" on the Utility Services List.

(b)     The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be removed from the account and returned to the Debtors on the earlier of (i) the Debtors' termination of Utility Services from such Utility Provider or (ii) the effective date of any chapter 11 plan approved in these chapter 11 cases.

(c)     Any Utility Provider desiring additional assurances of payment must serve a written request (an "<u>Additional Assurance Request</u>") on the Adequate Assurance Notice Parties so that it is <u>actually received</u> by the Adequate Assurance Notice Parties no later than twenty (20) days after the entry of an order granting the relief requested herein (the "<u>Request Deadline</u>").

(d)     Any Additional Assurance Request must (i) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each account, (ii) provide a report on and certify the Debtors' payment history on each account for the previous twelve (12) months, (iii) disclose any existing security deposit, (iv) provide an explanation of why the requesting Utility Provider believes the Proposed Adequate Assurance is not Adequate Assurance of future payment, and (v) specify the amount and nature of Adequate Assurance that would be satisfactory to the Utility Provider.

(e)     Without further order of the Court, the Debtors may, upon consultation with the Committee, (i) enter into agreements granting additional Adequate Assurance to a Utility Provider, including cash deposits, prepayments, or other forms of security if determined by the Debtors to be reasonable, and (ii) extend the Debtors' time to file a Determination Motion (as defined below).

(f)     If the Debtors determine that an Additional Assurance Request is unreasonable, then such Utility Provider shall have the greater of (i) twenty (20) days from the receipt of the Proposed Orders or

     (ii) thirty (30) days from the entry of the Proposed Orders (the "Resolution Period") to negotiate with the Debtors to resolve the Utility Provider's Additional Assurance Request; provided that the Debtors and Utility Provider may extend the Resolution Period by mutual agreement. If a resolution is not reached within the Resolution Period, then the Debtors shall file a motion (the "Determination Motion") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from the Court that the Adequate Assurance Deposit, plus any additional consideration offered by the Debtors, constitutes Adequate Assurance of payment. Pending resolution of any such Determination Motion, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of the commencement of these chapter 11 cases, unpaid charges for prepetition services, or on account of any objections to the Debtors' Proposed Adequate Assurance.

  (g) The Proposed Adequate Assurance shall be deemed Adequate Assurance of payment for any Utility Provider that fails to make an Additional Assurance Request.

 4. A Utility Provider shall be deemed to have received adequate assurance of payment satisfactory to such Utility Provider in compliance with section 366 of the Bankruptcy Code unless and until, subject to the limitations of this Final Order, (a) the Debtors agree to (i) an Additional Assurance Request or (ii) an alternative adequate assurance payment with the Utility Provider during the Resolution Period; or (b) this Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

 5. The Debtors' Proposed Adequate Assurance is hereby approved and is deemed adequate assurance of payment as such term is used in section 366 of the Bankruptcy Code.

 6. The Debtors are authorized, in their sole discretion, to amend the Utility Services List to add or remove a Utility Provider and this Final Order shall apply to any such Utility Provider that is subsequently added to the Utility Services List.

7. The Adequate Assurance Deposit shall be removed from the Adequate Assurance Account on the earlier of (a) the Debtors' termination of Utility Services from such Utility Provider or (b) the effective date of any chapter 11 plan approved in these chapter 11 cases.

8. The Debtors shall serve a copy of this Final Order on each Utility Provider listed on the Utility Services List within two (2) business days after the date this Order is entered, and shall promptly serve this Final Order on each Utility Provider subsequently added by the Debtors to the Utility Services List.

9. All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests, automated clearing house transfers and other payment orders drawn or issued by the Debtors under this Final Order, whether presented or issued before or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on representations of the Debtors as to which checks, electronic funds transfer requests, and payment orders are authorized to be paid pursuant to this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

10. The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to amounts authorized to be paid herein.

11. Notwithstanding anything in the Motion or this Final Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all rights and authorizations granted or approved hereunder, shall

be subject in all respects to, as applicable: (a) the orders approving the Debtors' use of cash collateral and/or postpetition debtor-in-possession financing facilities (collectively, the "DIP Orders"); (b) other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; (c) the Budget (as defined in the DIP Orders); and (d) the terms and conditions set forth in the Restructuring Support Agreement (as defined in the DIP Orders). To the extent there is any inconsistency between the terms of any of the DIP Orders and this Final Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

12. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity or priority of any claim or lien (or the priority thereof) against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute or contest such claim or lien on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion, (e) a request or authorization to assume or adopt any agreement, contract, or lease under section 365 of the Bankruptcy Code or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or applicable law.

13. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective upon its entry.

15.  No later than two (2) business days after the date of this Final Order, the Debtors shall serve on the Notice Parties a copy of the Final Order and shall file a certificate of service no later than twenty-four (24) hours after service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: April 7, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
            jwillard@atllp.com
            kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:     (212) 373-3000
Fax:    (212) 757-3990
Email:  pbasta@paulweiss.com
            aeaton@paulweiss.com
            awoolverton@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Utility Services List**

**Foresight Energy**
Utility Services List

| Utility Provider and Address | Debtor(s) | Account Number(s) | Type | Average Monthly Expenditure | Average 2-Week Expenditure | Prepetition Deposits | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|---|---|
| AKIN WATER DISTRICT | Sugar Camp Energy, LLC Seneca Rebuild, LLC | 00055, 10250, 10308, 10310, 10497, 10580, 10605, 10606, 10610, 10611, 10712, 10715, 10716, 10810, 10811, 10925, 10957, 10958, 11230, 11258, 11303, 11780, 40334, 40335, 40560, 40565, 40585, 40960, 71595, 81070, 40000, 40134, 10305, 10307, 103315, 10312 | Water | $34,890 | $17,444 | – | $17,444 |
| AMEREN ILLINOIS | Macoupin Energy LLC Oeneus LLC d/b/a Savatran LLC Hillsboro Energy LLC | 0838089007 3155371000 3933417006 9690830005 06691-55014 0938050000 4303360044 | Electric | $266,267 | $133,133 | – | $133,133 |
| AT&T | Macoupin Energy LLC Hillsboro Energy LLC Coalfield Construction, LLC | 287025551266 287021834553 287022945004 287265180081 | Telecommunications | $2,500 | $1,250 | – | $1,250 |

| Utility Provider and Address | Debtor(s) | Account Number(s) | Type | Average Monthly Expenditure | Average 2-Week Expenditure | Prepetition Deposits | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|---|---|
| AT&T TELECONFERENCE SERVICES | Foresight Energy Services, LLC | 72506778-00001 | Telecommunications | $598 | $299 | – | $299 |
| BULLDOG SYSTEMS, LLC | Foresight Energy Services, LLC | 20224, 600916, 609278, 606129, 606324, 607427, 618472, 600421, 603526, 618339, 605026, 609225 | Trash | $15,325 | $7,662 | – | $7,662 |
| CENTURYLINK | Sugar Camp Energy, LLC Seneca Rebuild, LLC | 87460426 | Telecommunications | $1,151 | $576 | – | $576 |
| CITY OF HILLSBORO | Foresight Energy Services, LLC | 007 20470 00 007 20480 00 1760134007 | Water | $23,903 | $11,952 | – | $11,952 |
| CONFERTEL | Hillsboro Energy LLC | None | Telecommunications | $2 | $1 | – | $1 |
| CONSOLIDATED COMMUNICATIONS | Foresight Energy Services, LLC | 217-532-6334/0 217-532-7310/0 | Telecommunications | $3,144 | $1,572 | – | $1,572 |
| CORINTH WATER DISTRICT | Hillsboro Energy LLC | SUPPF3293, MACHM2440, MACH2540, DEVEW3536, ENERW3857, ENERW3821, ENERW3711, KENNM3518, MINIM3809 ENERW3505 | Water | $9,858 | $4,929 | – | $4,929 |
| CMC RURAL WATER DISTRICT | Williamson Energy, LLC Coalfield Construction, LLC | 083 60000 00 068 00000 00 | Water | $1,970 | $985 | – | $985 |

PAGE 2

| Utility Provider and Address | Debtor(s) | Account Number(s) | Type | Average Monthly Expenditure | Average 2-Week Expenditure | Prepetition Deposits | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|---|---|
| CWI OF ILLINOIS #732/ REPUBLIC SERVICES | Williamson Energy, LLC | 3-0732-1027409 3-0732-5008126 | Trash | $9,330 | $4,665 | – | $4,665 |
| DC WASTE & RECYCLING, INC. | Hillsboro Energy LLC | 1719100 | Trash | $2,860 | $1,430 | | $1,430 |
| FLOWERS SANITATION SERVICE | Macoupin Energy LLC | 131597-001 131597-002 | Trash | $2,797 | $1,398 | – | $1,398 |
| FRONTIER COMMUNICATIONS SERVICES | Macoupin Energy LLC Hillsboro Energy LLC Williamson Energy, LLC | 217-854-3291-120 106-2 217-196-1028-053 117-2 217-534-6764-122 618-2 224-159-2000-021 212-5 | Telecommunications | $3,014 | $1,506 | – | $1,506 |
| FUTIVA LLC | Sugar Camp Energy, LLC | 123083 | Telecommunications | $101 | $50 | – | $50 |
| HAMILTON COUNTY WATER DISTRICT | Sugar Camp Energy, LLC | 050000662Z, 05000457A | Water | $143 | $72 | – | $72 |
| HOSTWAY | Foresight Energy Services, LLC | foresighte359824 | Telecommunications | $118 | $59 | – | $59 |
| Level 3 / CENTURY LINK | Foresight Energy Services, LLC | 321481 | Telecommunications | $3,848 | $1,924 | – | $1,924 |
| MJM Electric | Hillsboro Energy LLC Oeneus LLC d/b/a Savatran LLC | 624302, 1263600, 1263700 | Electric | $160 | $80 | – | $80 |
| REND LAKE CONSERVANCY | Coalfield Construction, LLC | 3703 | Water | $24 | $12 | – | $12 |
| SIT-CO LLC | Sitran LLC | None | Telecommunications | $688 | $344 | – | $344 |

PAGE 2

| Utility Provider and Address | Debtor(s) | Account Number(s) | Type | Average Monthly Expenditure | Average 2-Week Expenditure | Prepetition Deposits | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|---|---|
| SOUTHEASTERN ILLINOIS ELECTRIC | Sugar Camp Energy, LLC Williamson Energy, LLC | 1056410, 106423, 1069999, 1070017, 1070787, 1077538, 1080081, 1065540, 1067948, 1082128, 1063704, 1073822, 1070321, 1055811, 1057455, 1057736, 1065423, 1079948, 1080806, 1081445, 1080131, 1083140, 1078513, 1080981, 1082016, 1083076, 1052858, 1070577, 1071060, 1082128, 1067948, 1065540, 1077521, 1071846, 1082462, 1084309 | Electric | $3,572,953 | $1,786,477 | $2,900,000 | – |
| SOUTHEASTERN ILLINOIS ELECTRIC | Oeneus LLC d/b/a Savatran LLC Coalfield Construction, LLC Seneca Rebuild, LLC | 1060008 1065949 1080806 1070321 | Electric | $4,879 | $2,438 | – | $2,438 |
| SPECTRUM BUSINESS/CHARTER COMMUNICATIONS | Foresight Energy Services, LLC | 83457800142485000 | Telecommunications | $1,000 | $500 | – | $500 |
| VECTREN ENERGY DELIVERY | Sitran LLC | 01-300574289-140 6156 8 01-300549093-116 6281 4 01-300549093-116 6290 3 | Electric | $48,133 | $24,067 | – | $24,067 |

PAGE 2

| Utility Provider and Address | Debtor(s) | Account Number(s) | Type | Average Monthly Expenditure | Average 2-Week Expenditure | Prepetition Deposits | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|---|---|
| VERIZON | Sugar Camp Energy, LLC Williamson Energy, LLC | 285667821-00001 442023057-00001 | Telecommunications | $4,463 | $2,231 | – | $2,231 |
| WAYNE-WHITE COUNTIES ELECTRIC COOP | Sugar Camp Energy, LLC Oeneus LLC d/b/a Savatran LLC | 2652300, 2486000, 2485600, 2485700, 2485800, 2485900, 2486100, 2486200, 2486300, 2486400, 2486500 | Electric | $8,593 | $4,297 | – | $4,297 |
| WINDSTREAM | Foresight Energy Services, LLC | 7078622 | Telecommunications | $3,106 | $1,553 | – | $1,553 |
| Total | | | | $4,025,814 | $2,012,907 | $2,900,000 | $226,430 |

```
                           United States Bankruptcy Court
                             Eastern District of Missouri
In re:                                                          Case No. 20-41308-kss
Foresight Energy LP                                             Chapter 11
          Debtor
                              CERTIFICATE OF NOTICE
District/off: 0865-4          User: admin                 Page 1 of 3         Date Rcvd: Apr 07, 2020
                              Form ID: pdfo2              Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 09, 2020.
aty            +Aidan Synnott,   Paul, Weiss, Rifkind, Wharton & Garrison,    1285 Avenue of the Americas,
                 New York, NY 10019-6031
aty            +Alexander Woolverton,   Paul Weiss Rifkind Wharton & Garrison LL,    1285 Avenue of the Americas,
                 New York, NY 10019-6031
aty            +Paul M. Basta,   Paul, Weiss, Rifkind, Wharton & Garrison,    1285 Avenue of the Americas,
                 New York, NY 10019-6031
aty            +Stephanie P. Lascano,   Paul, Weiss, Rifkind, Wharton & Garrison,    1285 Avenue of the Americas,
                 New York, NY 10019-6031

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 09, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 7, 2020 at the address(es) listed below:
          Alice Belisle Eaton    on behalf of Debtor    Foresight Energy LP
           aeaton@paulweiss.com;mcolarossi@paulweiss.com;pbasta@paulweiss.com;slascano@paulweiss.com;awoolve
           rton@paulweiss.com;orahnama@paulweiss.com;mtattnall@paulweiss.com;psteel@paulweiss.com;dweiss@pau
           lweiss.com
          Amy A. Zuccarello    on behalf of Creditor    Lord Securities Corporation
           azuccarello@sullivanlaw.com,    tkethro@sullivanlaw.com
          Brad M. Kahn    on behalf of Creditor    Ad Hoc First Lien Group bkahn@akingump.com
          Brian C. Walsh    on behalf of Creditor    Davidson Kempner Capital Management LP
           brian.walsh@bclplaw.com
          Christopher Foy    on behalf of Creditor    Illinois Department of Natural Resources
           cfoy@atg.state.il.us
          Christopher J. Lawhorn    on behalf of Creditor    Javelin Global Commodities UK Ltd
           cjl@carmodymacdonald.com,    txs@carmodymacdonald.com;aep@carmodymacdonald.com
          Cullen Drescher Speckhart    on behalf of Creditor Committee    John Fabick Tractor Company/Fabick
           Mining, Inc. cspeckhart@cooley.com,    efiling-notice@ecf.pacerpro.com
          Dominique Sinesi    on behalf of Interested Party    United States of America
           dominique.sinesi@usdoj.gov
          Erika L. Todd    on behalf of Creditor    Lord Securities Corporation etodd@sullivanlaw.com
          Ira S Dizengoff    on behalf of Creditor    Ad Hoc First Lien Group idizengoff@akingump.com
          Jaimie L Mansfield    on behalf of Debtor    Sugar Camp Energy, LLC jmansfield@atllp.com,
           bvogt@armstrongteasdale.com
          Jaimie L Mansfield    on behalf of Debtor    Macoupin Energy LLC jmansfield@atllp.com,
           bvogt@armstrongteasdale.com
          Jaimie L Mansfield    on behalf of Debtor    Tanner Energy LLC jmansfield@atllp.com,
           bvogt@armstrongteasdale.com
          Jaimie L Mansfield    on behalf of Debtor    Williamson Energy, LLC jmansfield@atllp.com,
           bvogt@armstrongteasdale.com
          Jaimie L Mansfield    on behalf of Debtor    Foresight Coal Sales LLC jmansfield@atllp.com,
           bvogt@armstrongteasdale.com
          James Savin    on behalf of Creditor    Ad Hoc First Lien Group jsavin@akingump.com
          Jason D. Angelo    on behalf of Creditor Committee    Wilmington Trust, NA jangelo@reedsmith.com
          Jennifer M McLemore    on behalf of Creditor    Natural Resource Partners L.P., et al.
           jmclemore@williamsmullen.com
          Joel A Kunin    on behalf of Creditor Cory  Leitschuh jkunin@ghalaw.com,    megan@ghalaw.com
```

```
District/off: 0865-4          User: admin              Page 2 of 3              Date Rcvd: Apr 07, 2020
                              Form ID: pdfo2           Total Noticed: 4
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

              Joel A Kunin    on behalf of Creditor    Terra Payne, as Special Administrator of the Estate of
               William Daniel Hans Payne jkunin@ghalaw.com, megan@ghalaw.com
              John G. Willard    on behalf of Debtor    American Century Mineral LLC
               jwillard@armstrongteasdale.com,    bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Foresight Energy Labor LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Foresight Energy Finance Corporation
               jwillard@armstrongteasdale.com,    bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    MaRyan Mining LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Akin Energy LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Adena Resources, LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Foresight Energy LP jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Oeneus LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Mach Mining, LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Sitran, LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Hillsboro Transport LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Seneca Rebuild LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    American Century Transport LLC
               jwillard@armstrongteasdale.com,    bvogt@armstrongteasdale.com
              John T.M. Whiteman    on behalf of Creditor    Missouri Department of Revenue edmoecf@dor.mo.gov
              John Talbot Sant, Jr.    on behalf of Creditor Committee    Official Committee of Unsecured
               Creditors tsant@affinitylawgrp.com, kschimweg@affinitylawgrp.com
              Kathryn    Redmond    on behalf of Debtor    Coal Field Repair Services LLC kredmond@atllp.com,
               bvogt@atllp.com
              Kathryn    Redmond    on behalf of Debtor    Logan Mining LLC kredmond@atllp.com,    bvogt@atllp.com
              Kathryn    Redmond    on behalf of Debtor    LD Labor Company LLC kredmond@atllp.com,    bvogt@atllp.com
              Kathryn    Redmond    on behalf of Debtor    Coal Field Construction Company LLC kredmond@atllp.com,
               bvogt@atllp.com
              Kathryn    Redmond    on behalf of Debtor    Foresight Energy LP kredmond@atllp.com,    bvogt@atllp.com
              Kurt F. Gwynne    on behalf of Creditor Committee    Wilmington Trust, NA kgwynne@reedsmith.com
              Mark V. Bossi    on behalf of Creditor    Ad Hoc First Lien Group mbossi@thompsoncoburn.com,
               lmckinnon@thompsoncoburn.com
              Marshall C. Turner    on behalf of Creditor    Lord Securities Corporation
               marshall.turner@huschblackwell.com,
               gail.sinnett@huschblackwell.com;marshall-turner-8668@ecf.pacerpro.com
              Marshall C. Turner    on behalf of Creditor    Huntington National Bank
               marshall.turner@huschblackwell.com,
               gail.sinnett@huschblackwell.com;marshall-turner-8668@ecf.pacerpro.com
              Michael D Mueller    on behalf of Creditor    Natural Resource Partners L.P., et al.
               mmueller@williamsmullen.com
              Michael J. Roeschenthaler    on behalf of Creditor Committee    Official Committee of Unsecured
               Creditors mroeschenthaler@wtplaw.com
              Nathaniel R.B. Koslof    on behalf of Creditor    Lord Securities Corporation
               nkoslof@sullivanlaw.com
              Office of US Trustee    USTPRegion13.SL.ECF@USDOJ.gov
              Patrick    Cloud    on behalf of Creditor    Mt. Olive and Staunton Coal Company Trust
               pcloud@heylroyster.com
              Richard J. Parks    on behalf of Creditor    Joy Global Conveyors Inc. rjp@pietragallo.com
              Richard J. Parks    on behalf of Creditor    Joy Underground Mining LLC rjp@pietragallo.com
              Richard W. Engel, Jr.    on behalf of Debtor    American Century Mineral LLC
               rengel@armstrongteasdale.com,    bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy LLC rengel@armstrongteasdale.com,
               bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    M-Class Mining, LLC rengel@armstrongteasdale.com,
               bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Hillsboro Energy LLC rengel@armstrongteasdale.com,
               bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    American Century Transport LLC
               rengel@armstrongteasdale.com,    bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Patton Mining LLC rengel@armstrongteasdale.com,
               bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy GP LLC
               rengel@armstrongteasdale.com,    bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy Services LLC
               rengel@armstrongteasdale.com,    bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy Employee Services Corporation
               rengel@armstrongteasdale.com,    bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy LP rengel@armstrongteasdale.com,
               bvogt@armstrongteasdale.com;srice@armstrongteasdale.com

```
District/off: 0865-4          User: admin              Page 3 of 3              Date Rcvd: Apr 07, 2020
                              Form ID: pdfo2           Total Noticed: 4

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Richard W. Engel, Jr.   on behalf of Debtor    Foresight Receivables LLC
               rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.   on behalf of Debtor    Viking Mining LLC rengel@armstrongteasdale.com,
               bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Robert E. Eggmann    on behalf of Creditor    Mangrove Partners ree@carmodymacdonald.com,
               thr@carmodymacdonald.com;ala@carmodymacdonald.com;syd@carmodymacdonald.com
              Rusty Keith Reinoehl    on behalf of Creditor    Bradford Supply Company rusty@rklegalgroup.com,
               rusty@rklegalgroup.com;riley@rklegalgroup.com
              Spencer P. Desai    on behalf of Creditor    Mangrove Partners spd@carmodymacdonald.com,
               ala@carmodymacdonald.com;txs@carmodymacdonald.com
              Steven M. Wallace    on behalf of Creditor    David Senseney, Executor of the Estate of Marguerite
               Boos, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
              Steven M. Wallace    on behalf of Creditor John Milo Kee steve@silverlakelaw.com,
               denise@silverlakelaw.com
              Steven M. Wallace    on behalf of Creditor Robin Lynne Kee Williams steve@silverlakelaw.com,
               denise@silverlakelaw.com
              Steven M. Wallace    on behalf of Creditor    Mitchell/Roberts Partnership, an Illinois Partnership
               steve@silverlakelaw.com,  denise@silverlakelaw.com
              Steven M. Wallace    on behalf of Creditor Carol Dean Crabtree steve@silverlakelaw.com,
               denise@silverlakelaw.com
              Steven M. Wallace    on behalf of Creditor    J. Earl Baldwin, Personal Representative of the
               Estate of Katherine Baldwin, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
              Steven M. Wallace    on behalf of Creditor    J. Earl Baldwin, Personal Representative of the
               Estate of Beverly B. Adams, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
              Steven M. Wallace    on behalf of Creditor    Carl Inman, Executor of the Estate of Russell J.
               Inman, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
              Steven M. Wallace    on behalf of Creditor    Reba Mitchell, Individually and as Trustee and
               Beneficiary of the Robert H.Mitchell Residual Trust steve@silverlakelaw.com,
               denise@silverlakelaw.com
              Thomas H Riske    on behalf of Creditor    Javelin Global Commodities UK Ltd
               thr@carmodymacdonald.com,  syd@carmodymacdonald.com;ala@carmodymacdonald.com
              Thomas H Riske    on behalf of Creditor    Javelin Global Commodities (UK) Ltd
               thr@carmodymacdonald.com,  syd@carmodymacdonald.com;ala@carmodymacdonald.com
              Timothy P. Palmer    on behalf of Creditor    Huntington National Bank Timothy.Palmer@BIPC.com
              Wendi S. Alper-Pressman    on behalf of Creditor    Natural Resource Partners L.P., et al.
               wpressman@lathropgage.com,  jbuchheit@lathropgage.com,stlfilings@lathropgage.com,
              Zachary Dain Lanier    on behalf of Creditor    Ad Hoc First Lien Group zlanier@akingump.com
                                                                                             TOTAL: 80
```