# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Proceedings |
| | ) | Under Chapter 11 |
| FORESIGHT ENERGY, L.P., et al. | ) | |
| | ) | |
| Debtors. | ) | Bk. No. 20-41308-659 |
| | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 206 |
| | ) | |

**OBJECTION TO DEBTORS' APPLCIATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAILEY & GLASSER LLP AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

MITCHELL/ROBERTS PARTNERSHIP, an Illinois Partnership; REBA L. MITCHELL, individually and as Trustee and Beneficiary of the Robert H. Mitchell Residual Trust; CARL INMAN, Independent Executor of the Estate of Russell J. Inman, Deceased; CAROL DEAN CRABTREE; ROBIN LYNNE KEE WILLIAMS; JOHN MILO KEE; J. EARL BALDWIN, Personal Representative of the Estate of Beverly B. Adams, Deceased; J. EARL BALDWIN, Personal Representative of the Estate of Katherine Baldwin, Deceased; and DAVID SENSENEY, Executor of the Estate of Marguerite Boos, Deceased (collectively, the "Subsidence Rights Claimants"), by and through their undersigned attorneys, state as follows:

1. On March 10, 2020, the Debtors filed their voluntary cases under Chapter 11 of the United States Bankruptcy Code.

2. On March 31, 2020, the Debtors filed the instant application to authorize the retention of Bailey & Glasser LLP ("Bailey Glasser") as "special counsel" pursuant to

Section 327(e) of the Bankruptcy Code. The Debtors offer in support the application, among other things, the *Declaration of Nicholas S. Johnson in Support of the Debtors;' Application to Employ Bailey & Glasser LLP as Special Counsel* (the "Johnson Declaration").

3. As discussed below, the Court should reject the subject application because it is impermissible under Section 327 of the Bankruptcy Code. The Debtors do not propose that Bailey Glasser handle a "discrete" matter, but, instead, to generally represent the Debtors in connection with corporate, environmental, and other litigation matters. That proposal certainly falls outside the scope of section 327(e). Furthermore, the Johnson Declaration demonstrates that Bailey Glasser's representation of non-debtor individuals and entities disqualifies it for engagement otherwise in these jointly administered cases.

4. The Debtors propose to engage Bailey Glasser in connection with the following matters:

   a. Seeking various environmental permits necessary to construct pipelines and diffusers in the Big Muddy River to allow discharges of chloride water into mixing zones approved under Clean Water Act mixing zones, a matter which Bailey Glasser has handled for five years;

   b. Advising on groundwater management zones at Macoupin Energy and related Consent Orders, a matter which Bailey Glasser has handled since Macoupin Energy acquired the affected assets from Exxon in 2009;

   c. To the extent any litigation occurs during the pendency of Debtors' cases, continuing to represent Williamson Energy, LLC in the claims brought by an alleged partnership (Mitchell-Roberts), a matter which Bailey Glasser has handled since 2014;[1]

   d. Advising on chloride and sulfate water treatment at Sugar Camp Energy, a matter which Bailey Glasser has assisted on since 2014;

---

[1] This litigation involves the Subsidence Rights Claimants, and is now pending in the Illinois Fifth District Appellate Court under case number 5-19-0339.

2

    e. Pursuing an injunction related to unconstitutional regulations in Kentucky involving coal price bidding, an expedited matter which Bailey Glasser has assisted on since December 2019; and

    f. Other day-to-day environmental, permitting, regulatory, commercial, and land matters for which Bailey Glasser has provided similar assistance since inception of Foresight Energy.

Doc. 206 at 5-6.

  5.  Paragraph 17 of the instant application further proposes that "Bailey Glasser will provide legal services, as requested by the Debtors, with respect to (a) other environmental litigation, regulatory and compliance matters, including monitoring permits, negotiating with state and federal environmental entities regarding compliance matters, and advising the Debtors as to state and federal environmental compliance standards and (b) other commercial advice or lawsuits."  Doc. 206 at ¶17.

  6. Section 327(e) of the Bankruptcy Code authorizes employment "***for a specified special purpose***, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interests of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. §327(e).

  7. The plain language of the statute makes clear that in order for counsel to qualify for engagement under the less rigorous standards set forth in Section 327(e), its retention must be for a specified special purpose.  In other words, Section 327(e) does not contemplate engagement of "special" counsel for the purpose of conducting an array of tasks.  Instead, the statute is drafted such that special counsel is authorized to perform only a truly discrete service.

3

8. The Debtors seek authority to engage Bailey Glasser not simply for a "specified special purpose," but, instead, want to employ Bailey Glasser to serve, in essence, as general non-bankruptcy counsel. Section 327(e) neither contemplates nor permits representation of that nature. The Debtors are simply attempting to use Section 327(e) as a vehicle to accomplish what they clearly cannot under Section 327(a) or (c).

9. Even if the Court finds that subparagraphs (a) – (e), as set forth above, are sufficiently limited so as to satisfy section 327(e), the representation described in subparagraph (f) is clearly not a discrete special purpose. That subparagraph clearly contemplates myriad services not within the scope of Section 327(e). Moreover, paragraph 17 of the application certainly contemplates a much broader role for Bailey Glasser than simply certain "discrete" matters.

10. Since the scope of Bailey Glasser's proposed engagement is not limited to a truly discrete matter, it must be denied.

11. The Johnson Declaration reveals numerous connections to non-debtor affiliates, equity interests, lenders, creditors, and interested parties that should disqualify Bailey Glasser from representing the estate in any capacity. In short, it appears Bailey Glasser represents parties from virtually every constituency in this case.

12. In addition, the Johnson Declaration, while it states that Bailey Glasser represents Colt LLC, does not disclose Bailey Glasser's representation of both Debtor Williamson Energy, LLC and Colt LLC in the litigation involving the Subsidence Rights Claimants. Certainly, there is the possibility that depending on the outcome of the pending appeal, that Debtor and Colt could have cross-claims against one another.

Moreover, Colt LLC is a lessor of substantial portions of the coal being mined by its lessee, Debtor Williamson Energy, LLC, at the Pond Creek Mine. Bailey Glasser would appear to have an interest adverse to Williamson Energy in connection with construction and interpretation of the pertinent lease(s) and the payment of royalties due thereunder from Williamson Energy to Colt. Thus, Bailey Glasser may have an interest adverse to that Debtor in connection with the matters for which it is to be engaged.

13. Based on the foregoing, the instant application does not satisfy the standards for engagement of Bailey Glasser pursuant to Section 327(e) and should be denied.

WHEREFORE, WHEREFORE, MITCHELL/ROBERTS PARTNERSHIP, an Illinois Partnership; REBA L. MITCHELL, individually and as Trustee and Beneficiary of the Robert H. Mitchell Residual Trust; CARL INMAN, Independent Executor of the Estate of Russell J. Inman, Deceased; CAROL DEAN CRABTREE; ROBIN LYNNE KEE WILLIAMS; JOHN MILO KEE; J. EARL BALDWIN, Personal Representative of the Estate of Beverly B. Adams, Deceased; J. EARL BALDWIN, Personal Representative of the Estate of Katherine Baldwin, Deceased; and DAVID SENSENEY, Executor of the Estate of Marguerite Boos, Deceased, respectfully request and pray that the Court enter its Order denying the instant application to authorize the employment of Bailey & Glasser LLP, and the Subsidence Rights Claimants pray for such additional relief as the Court deems appropriate.

                      SILVER LAKE GROUP, LTD.

                      /s/ Steven M. Wallace

By:    _____

                      Steven M. Wallace #35738
                      6 Ginger Creek Village Drive
                      Glen Carbon, IL 62034
                      Phone: (618) 692-5275
                      Fax: (888) 519-6101
                      Email: steve@silverlakelaw.com

                      Thomas DeVore
                      118 N. Second Street
                      Greenville, IL 62246
                      Phone: (618) 664-9439
                      Fax (618) 664-9486
                      Email: tom@silverlakelaw.com

                      Counsel to the Subsidence Rights Claimants

## Certificate of Service

      The undersigned certifies that a true and correct copy of the foregoing was served electronically this 10th day of April, 2020, via CM/ECF to all persons receiving notice through that system. The undersigned further certifies that a true and correct copy of the foregoing was served this 10th day of April, 2020, on all parties on the +Debtors' most recent Master Notice list (a) by email, where email addresses are provided and (b) by the United States Postal Service, postage fully prepaid, in the event the most recent Master Notice List does not include an email address.

                      /s/ Steven M. Wallace

                      _____