# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 251 |

## ORDER GRANTING DEBTORS' MOTION FOR AN ORDER (A) APPROVING AGREEMENT BETWEEN DEBTORS AND JAVELIN GLOBAL COMMODITIES (UK) LTD AND (B) GRANTING RELATED RELIEF

This matter coming before the Court on the Debtors' motion [Docket No. 251] (the "Motion")[1] pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for entry of an Order approving that certain Settlement Agreement, attached hereto as Exhibit A (the "Settlement Agreement"); the Court having reviewed the Motion and the Settlement Agreement, and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) the Debtors having represented that adequate and proper notice of the Motion has been given and that no other or further notice need be given; (v) the relief requested in this Motion and the Settlement Agreement is in the best interests of the Debtors and their stakeholders; and (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** and the terms of the Settlement Agreement are approved as such terms are set forth therein.

2. The Debtors are authorized to enter into and perform under the Settlement Agreement.

3. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

4. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective upon its entry.

5. No later than two (2) business days after the date of this Order, the Debtors shall serve on the Notice Parties a copy of this Order and shall file a certificate of service no later than twenty-four (24) hours after service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED:  April 10, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
          jwillard@atllp.com
          kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:  pbasta@paulweiss.com
          aeaton@paulweiss.com
          awoolverton@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Settlement Agreement**

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement"), dated as of April [●], 2020, is made by and among Javelin Global Commodities (UK) LTD, a United Kingdom limited company ("Javelin"), Foresight Coal Sales LLC, a Delaware limited liability ("FCS") and Foresight Energy LP, a Delaware limited partnership ("FELP"; together with FCS, the "Foresight Entities"). Javelin and the Foresight Entities are herein referred to as the "Parties" or each a "Party".

W I T N E S S E T H

A. The Foresight Entities and their affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as now in effect or hereafter amended, and the rules and regulations promulgated thereunder (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court" and such cases, the "Chapter 11 Cases"), on March 10, 2020 (the "Petition Date").

B. FCS is obligated to Javelin under the Coal Marketing Agreement among Javelin, Murray Energy Corporation ("MEC"), and The American Coal Sales Company ("ACSC"), dated June 13, 2015 (the "Original Javelin-MEC Coal Marketing Agreement") (as amended, restated, or otherwise modified form time to time, the "Prepetition Marketing Agreement"). Pursuant to the Prepetition Marketing Agreement, certain of the Foresight Entities utilized Javelin's services for international marketing and exporting of the Foresight Entities' coal.

C. As of the Petition Date, Javelin asserts that FCS owes Javelin $487,976.69 under the Prepetition Marketing Agreement (the "Foresight Prepetition Marketing Agreement Obligations").

D. FELP, FCS, Javelin and Uniper Global Commodities UK Limited ("Uniper") are party to the Amended and Restated Master Coal Purchase and Sale Agreement, dated January 1, 2019 (as amended, restated, or otherwise modified form time to time, including pursuant to any confirmation entered into thereunder, the "Prepetition Master Agreement").

E. As of the Petition Date, (i) Javelin asserts that FCS owes Javelin $6,210,463.67 under the Prepetition Master Agreement (the "Foresight Prepetition Master Agreement Obligations"; collectively with the Foresight Prepetition Marketing Agreement Obligations, the "Prepetition Foresight Obligations") and (ii) FCS asserts that Javelin owes FCS $7,179,465.33 under the Prepetition Master Agreement (the "Prepetition Javelin Obligations").

F. In settlement of the asserted Prepetition Foresight Obligations and the asserted Prepetition Javelin Obligations, the Parties have mutually agreed to reduce the Prepetition Foresight Obligations by $3,187,976.69 (the "Agreed Reduction"), the difference between the Prepetition Javelin Obligations and the Agreed Reduction being $3,991,488.64 (such difference, the "Settlement Amount"), and the difference between the Prepetition Foresight Obligations and the Agreed Reduction being $3,510,463.67 (the "Additional Amount").

LEGAL_US_E # 147470029.14

G. In connection with the Chapter 11 Cases, the Foresight Entities wish to resolve the Prepetition Javelin Obligations and the Prepetition Foresight Obligations on the terms set forth in this agreement.

H. After the Petition Date, the Foresight Entities and Javelin have entered into (i) that certain Amended and Restated Master Coal Purchase and Sale Agreement, dated as of [•], 2020, by and among Javelin, Uniper and the Foresight Entities (together with all confirmations thereunder (including, for the avoidance of doubt, confirmations that were entered into under the Prepetition Master Agreement) and as amended, restated, supplemented, or otherwise modified from time to time and including any attachments thereto, the "Postpetition Master Agreement"), (ii) that certain Coal Marketing Agreement, dated as of [•], 2020, by and among Javelin and the Foresight Entities (as amended, restated, supplemented, or otherwise modified from time to time and including any attachments thereto, the "Postpetition Marketing Agreement") and (iii) that certain Amended and Restated Parent Company Guarantee, dated as of [•], 2020 (as amended, restated, supplemented, or otherwise modified from time to time and including any attachments thereto, and together with the Postpetition Master Agreement and the Postpetition Marketing Agreement, the "Postpetition Agreements").

In consideration of the foregoing premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Party hereby agrees as follows:

1. **Court Approval/Effective Date.** This Agreement is subject to the approval of the Bankruptcy Court and shall be effective on the date that the Bankruptcy Court enters an order, in form and substance agreeable to the Parties, approving the Agreement (the "Effective Date").

2. **Set-Off of Claims; Net Javelin Payable**. The Parties hereto agree that, on the Effective Date, Javelin shall be authorized reduce the Prepetition Javelin Obligations by the Agreed Reduction. On the first business day after the Effective Date, Javelin shall pay to FCS the Settlement Amount, which payment shall, subject to Section 5, be deemed to satisfy and extinguish in full all Prepetition Foresight Obligations and Prepetition Javelin Obligations.

3. **Ownership of Claims**. Each Party expressly warrants, represents, and covenants, for the benefit of the other Party, that such Party is the legal and equitable owner and holder of its Claims enumerated in this Agreement, and it has never assigned or transferred to any person or entity any such Claims.

4. **Foresight Entity Covenants**. The Foresight Entities hereby agree and covenant to use commercially reasonable efforts to obtain the following relief in the Chapter 11 Cases:

    a) Confirmation of a Chapter 11 plan, filed by or on behalf of the Debtors, that provides that, upon the effective date of such plan, the Foresight Entities shall assume the Postpetition Agreements and shall assign the Postpetition Agreements to a new holding company formed by the Foresight Entities for the purposes of emerging from the Chapter 11 Cases (the "New Agreements"); and

    b) Confirmation of a Chapter 11 plan, filed by or on behalf of the Debtors, that provides that, upon the effective date of such plan, each "DIP Secured Designated Coal Contract Counterparty" (as defined in that certain [*Final Order (I) Authorizing the Debtors*

2

*to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* approved by the Bankruptcy Court on April [8], 2020] (the "Final DIP Order")) shall be designated as a "Secured Designated Coal Contract Counterparty" on terms and conditions consistent with that certain *Senior Secured Superpriority Debtor-In-Possession Credit and Guaranty Agreement among Foresight Energy LLC ("FELLC"), FELP and certain subsidiaries of FELLC, Cortland Capital Market Services LLC, the Other Lenders party thereto and the Designated Coal Contract Counterparties party thereto*, dated as of March 11, 2020 (as amended by that certain Amendment No. 1 thereto, and as further amended, restated, supplemented or otherwise modified, the "DIP Credit Agreement") and the other DIP Documents (as defined in the Final DIP Order and as amended by agreements contemplated by clause (a)), under the Exit Facility Credit Agreement (as defined in such plan) and granted a first priority lien *pari passu* with the Exit Facility Loans made by the Exit Facility Lenders (each as defined in such plan) in connection with the obligations arising under the New Agreements.

5. **Treatment of the Settlement Amount & Agreed Reduction.** In the event the relief described in Section 4 is granted or agreed to, as the case may be, Javelin agrees to waive all rights to receive the Additional Amount. In the event that the relief described in Section 4 is not granted or agreed to, as the case may be, then Javelin shall be entitled to pursue the Additional Amount, it being understood that nothing in this Agreement relieves Javelin of any obligation to file a proof of claim in the Chapter 11 Cases in compliance with any order entered by the Bankruptcy Court establishing a deadline by which parties in interest must file proofs of claim.

6. **No Admission**. This Agreement is not intended to be and shall not be construed as an admission by any Party of any liability by such Party.

7. **Governing Law; Submission to Jurisdiction; Selection of Forum**. This Agreement (and any claims or cause of action arising under, out of or in connection with this Agreement, whether in contract, tort or statute) shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts made and to be performed in such state, without giving effect to the conflict of laws principles thereof. Each of the Parties irrevocably and unconditionally agrees that, subject to the immediately following sentence of this Section 7, any legal action, suit or proceeding against it with respect to any matter arising under, out of or in connection with this Agreement or for recognition or enforcement of any judgment rendered in any such action, suit or proceeding, shall be brought before any state or federal court of competent jurisdiction in New York County, State of New York, and by execution and delivery of this Agreement, each of the Parties: (a) irrevocably submits itself to the nonexclusive jurisdiction of such court, (b) waives any objection to laying venue in any such action, suit or proceeding and (c) waives any objection that such court is an inconvenient forum or does not have jurisdiction over such Party. Notwithstanding the foregoing consent to jurisdiction in either a state or federal court of competent jurisdiction in the State and County of New York each of the Parties hereby agrees that, for as long as the Chapter 11 Cases are pending, the Bankruptcy Court shall have exclusive jurisdiction over all matters arising out of or in connection with this Agreement. Each Party agrees that it shall bring any action or proceeding in respect of any claim arising under,

3

out of or in connection with this Agreement, to the extent possible, in the Bankruptcy Court, and solely in connection with claims arising under this Agreement: (a) irrevocably submits to the exclusive jurisdiction of the Bankruptcy Court; (b) waives any objection to laying venue in any such action or proceeding in the Bankruptcy Court; and (c) waives any objection that the Bankruptcy Court is an inconvenient forum or does not have jurisdiction over any Party.

8. **WAIVER OF JURY TRIAL**. EACH PARTY TO THIS AGREEMENT ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY THAT MAY ARISE UNDER THIS AGREEMENT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES, AND THEREFORE EACH SUCH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT SUCH PARTY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE BREACH, TERMINATION OR VALIDITY OF THIS AGREEMENT, OR THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT. EACH SUCH PARTY CERTIFIES AND ACKNOWLEDGES THAT (A) NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER, (B) EACH SUCH PARTY UNDERSTANDS AND HAS CONSIDERED THE IMPLICATIONS OF THIS WAIVER, (C) EACH SUCH PARTY MAKES THIS WAIVER VOLUNTARILY, AND (D) EACH SUCH PARTY HAS BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION 8.

9. **Further Assurances**. Each of the Parties shall use its commercially reasonable efforts to take, or cause to be taken, at its expense, all actions necessary or appropriate and proceed diligently and in good faith to evidence, confirm and give full effect to this Agreement.

10. **Severability.** If any provision of this Agreement is determined to be illegal, invalid or unenforceable, such provision shall be fully severable and the remaining provisions shall remain in full force and effect and shall be construed without giving effect to the illegal, invalid or unenforceable provisions.

11. **Entirety.** This Agreement represents the entire agreement of the parties hereto and thereto, and supersedes all prior agreements and understandings, oral or written relating to the transactions contemplated herein.

[*The remainder of this page is intentionally left blank*.]

IN WITNESS WHEREOF, the Parties have executed and delivered, or caused the execution and delivery of, this Agreement as of the date first written above.

JAVELIN GLOBAL COMMODITIES (UK) LTD

By:

Name:

Title:

[*Signature Page to Settlement Agreement*]

FORESIGHT COAL SALES LLC


By:

Name:

Title:


FORESIGHT ENERGY LP


By:

Name:

[*Signature Page to Settlement Agreement*]