UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 251 |

### ORDER GRANTING DEBTORS' MOTION FOR AN ORDER (A) APPROVING AGREEMENT BETWEEN DEBTORS AND JAVELIN GLOBAL COMMODITIES (UK) LTD AND (B) GRANTING RELATED RELIEF

This matter coming before the Court on the Debtors' motion [Docket No. 251] (the "Motion")[1] pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for entry of an Order approving that certain Settlement Agreement, attached hereto as Exhibit A (the "Settlement Agreement"); the Court having reviewed the Motion and the Settlement Agreement, and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) the Debtors having represented that adequate and proper notice of the Motion has been given and that no other or further notice need be given; (v) the relief requested in this Motion and the Settlement Agreement is in the best interests of the Debtors and their stakeholders; and (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** and the terms of the Settlement Agreement are approved as such terms are set forth therein.

2. The Debtors are authorized to enter into and perform under the Settlement Agreement.

3. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

4. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective upon its entry.

5. No later than two (2) business days after the date of this Order, the Debtors shall serve on the Notice Parties a copy of this Order and shall file a certificate of service no later than twenty-four (24) hours after service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: April 10, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@atllp.com
    jwillard@atllp.com
    kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:  pbasta@paulweiss.com
    aeaton@paulweiss.com
    awoolverton@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Settlement Agreement**

**SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT (this "Agreement"), dated as of April [●], 2020, is made by and among Javelin Global Commodities (UK) LTD, a United Kingdom limited company ("Javelin"), Foresight Coal Sales LLC, a Delaware limited liability ("FCS") and Foresight Energy LP, a Delaware limited partnership ("FELP"; together with FCS, the "Foresight Entities"). Javelin and the Foresight Entities are herein referred to as the "Parties" or each a "Party".

W I T N E S S E T H

A.  The Foresight Entities and their affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as now in effect or hereafter amended, and the rules and regulations promulgated thereunder (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court" and such cases, the "Chapter 11 Cases"), on March 10, 2020 (the "Petition Date").

B.  FCS is obligated to Javelin under the Coal Marketing Agreement among Javelin, Murray Energy Corporation ("MEC"), and The American Coal Sales Company ("ACSC"), dated June 13, 2015 (the "Original Javelin-MEC Coal Marketing Agreement") (as amended, restated, or otherwise modified form time to time, the "Prepetition Marketing Agreement").  Pursuant to the Prepetition Marketing Agreement, certain of the Foresight Entities utilized Javelin's services for international marketing and exporting of the Foresight Entities' coal.

C.  As of the Petition Date, Javelin asserts that FCS owes Javelin $487,976.69 under the Prepetition Marketing Agreement (the "Foresight Prepetition Marketing Agreement Obligations").

D.  FELP, FCS, Javelin and Uniper Global Commodities UK Limited ("Uniper") are party to the Amended and Restated Master Coal Purchase and Sale Agreement, dated January 1, 2019 (as amended, restated, or otherwise modified form time to time, including pursuant to any confirmation entered into thereunder, the "Prepetition Master Agreement").

E.  As of the Petition Date, (i) Javelin asserts that FCS owes Javelin $6,210,463.67 under the Prepetition Master Agreement (the "Foresight Prepetition Master Agreement Obligations"; collectively with the Foresight Prepetition Marketing Agreement Obligations, the "Prepetition Foresight Obligations") and (ii) FCS asserts that Javelin owes FCS $7,179,465.33 under the Prepetition Master Agreement (the "Prepetition Javelin Obligations").

F.  In settlement of the asserted Prepetition Foresight Obligations and the asserted Prepetition Javelin Obligations, the Parties have mutually agreed to reduce the Prepetition Foresight Obligations by $3,187,976.69 (the "Agreed Reduction"), the difference between the Prepetition Javelin Obligations and the Agreed Reduction being $3,991,488.64 (such difference, the "Settlement Amount"), and the difference between the Prepetition Foresight Obligations and the Agreed Reduction being $3,510,463.67 (the "Additional Amount").

LEGAL_US_E # 147470029.14

G. In connection with the Chapter 11 Cases, the Foresight Entities wish to resolve the Prepetition Javelin Obligations and the Prepetition Foresight Obligations on the terms set forth in this agreement.

H. After the Petition Date, the Foresight Entities and Javelin have entered into (i) that certain Amended and Restated Master Coal Purchase and Sale Agreement, dated as of [•], 2020, by and among Javelin, Uniper and the Foresight Entities (together with all confirmations thereunder (including, for the avoidance of doubt, confirmations that were entered into under the Prepetition Master Agreement) and as amended, restated, supplemented, or otherwise modified from time to time and including any attachments thereto, the "Postpetition Master Agreement"), (ii) that certain Coal Marketing Agreement, dated as of [•], 2020, by and among Javelin and the Foresight Entities (as amended, restated, supplemented, or otherwise modified from time to time and including any attachments thereto, the "Postpetition Marketing Agreement") and (iii) that certain Amended and Restated Parent Company Guarantee, dated as of [•], 2020 (as amended, restated, supplemented, or otherwise modified from time to time and including any attachments thereto, and together with the Postpetition Master Agreement and the Postpetition Marketing Agreement, the "Postpetition Agreements").

In consideration of the foregoing premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Party hereby agrees as follows:

1. **Court Approval/Effective Date.** This Agreement is subject to the approval of the Bankruptcy Court and shall be effective on the date that the Bankruptcy Court enters an order, in form and substance agreeable to the Parties, approving the Agreement (the "Effective Date").

2. **Set-Off of Claims; Net Javelin Payable**. The Parties hereto agree that, on the Effective Date, Javelin shall be authorized reduce the Prepetition Javelin Obligations by the Agreed Reduction. On the first business day after the Effective Date, Javelin shall pay to FCS the Settlement Amount, which payment shall, subject to Section 5, be deemed to satisfy and extinguish in full all Prepetition Foresight Obligations and Prepetition Javelin Obligations.

3. **Ownership of Claims**. Each Party expressly warrants, represents, and covenants, for the benefit of the other Party, that such Party is the legal and equitable owner and holder of its Claims enumerated in this Agreement, and it has never assigned or transferred to any person or entity any such Claims.

4. **Foresight Entity Covenants**. The Foresight Entities hereby agree and covenant to use commercially reasonable efforts to obtain the following relief in the Chapter 11 Cases:

a) Confirmation of a Chapter 11 plan, filed by or on behalf of the Debtors, that provides that, upon the effective date of such plan, the Foresight Entities shall assume the Postpetition Agreements and shall assign the Postpetition Agreements to a new holding company formed by the Foresight Entities for the purposes of emerging from the Chapter 11 Cases (the "New Agreements"); and

b) Confirmation of a Chapter 11 plan, filed by or on behalf of the Debtors, that provides that, upon the effective date of such plan, each "DIP Secured Designated Coal Contract Counterparty" (as defined in that certain [*Final Order (I) Authorizing the Debtors*

2

*to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* approved by the Bankruptcy Court on April [8], 2020] (the "Final DIP Order")) shall be designated as a "Secured Designated Coal Contract Counterparty" on terms and conditions consistent with that certain *Senior Secured Superpriority Debtor-In-Possession Credit and Guaranty Agreement among Foresight Energy LLC ("FELLC"), FELP and certain subsidiaries of FELLC, Cortland Capital Market Services LLC, the Other Lenders party thereto and the Designated Coal Contract Counterparties party thereto*, dated as of March 11, 2020 (as amended by that certain Amendment No. 1 thereto, and as further amended, restated, supplemented or otherwise modified, the "DIP Credit Agreement") and the other DIP Documents (as defined in the Final DIP Order and as amended by agreements contemplated by clause (a)), under the Exit Facility Credit Agreement (as defined in such plan) and granted a first priority lien *pari passu* with the Exit Facility Loans made by the Exit Facility Lenders (each as defined in such plan) in connection with the obligations arising under the New Agreements.

5. **Treatment of the Settlement Amount & Agreed Reduction.** In the event the relief described in Section 4 is granted or agreed to, as the case may be, Javelin agrees to waive all rights to receive the Additional Amount. In the event that the relief described in Section 4 is not granted or agreed to, as the case may be, then Javelin shall be entitled to pursue the Additional Amount, it being understood that nothing in this Agreement relieves Javelin of any obligation to file a proof of claim in the Chapter 11 Cases in compliance with any order entered by the Bankruptcy Court establishing a deadline by which parties in interest must file proofs of claim.

6. **No Admission**. This Agreement is not intended to be and shall not be construed as an admission by any Party of any liability by such Party.

7. **Governing Law; Submission to Jurisdiction; Selection of Forum**. This Agreement (and any claims or cause of action arising under, out of or in connection with this Agreement, whether in contract, tort or statute) shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts made and to be performed in such state, without giving effect to the conflict of laws principles thereof. Each of the Parties irrevocably and unconditionally agrees that, subject to the immediately following sentence of this Section 7, any legal action, suit or proceeding against it with respect to any matter arising under, out of or in connection with this Agreement or for recognition or enforcement of any judgment rendered in any such action, suit or proceeding, shall be brought before any state or federal court of competent jurisdiction in New York County, State of New York, and by execution and delivery of this Agreement, each of the Parties: (a) irrevocably submits itself to the nonexclusive jurisdiction of such court, (b) waives any objection to laying venue in any such action, suit or proceeding and (c) waives any objection that such court is an inconvenient forum or does not have jurisdiction over such Party. Notwithstanding the foregoing consent to jurisdiction in either a state or federal court of competent jurisdiction in the State and County of New York each of the Parties hereby agrees that, for as long as the Chapter 11 Cases are pending, the Bankruptcy Court shall have exclusive jurisdiction over all matters arising out of or in connection with this Agreement. Each Party agrees that it shall bring any action or proceeding in respect of any claim arising under,

out of or in connection with this Agreement, to the extent possible, in the Bankruptcy Court, and solely in connection with claims arising under this Agreement: (a) irrevocably submits to the exclusive jurisdiction of the Bankruptcy Court; (b) waives any objection to laying venue in any such action or proceeding in the Bankruptcy Court; and (c) waives any objection that the Bankruptcy Court is an inconvenient forum or does not have jurisdiction over any Party.

8. **WAIVER OF JURY TRIAL**. EACH PARTY TO THIS AGREEMENT ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY THAT MAY ARISE UNDER THIS AGREEMENT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES, AND THEREFORE EACH SUCH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT SUCH PARTY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE BREACH, TERMINATION OR VALIDITY OF THIS AGREEMENT, OR THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT. EACH SUCH PARTY CERTIFIES AND ACKNOWLEDGES THAT (A) NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER, (B) EACH SUCH PARTY UNDERSTANDS AND HAS CONSIDERED THE IMPLICATIONS OF THIS WAIVER, (C) EACH SUCH PARTY MAKES THIS WAIVER VOLUNTARILY, AND (D) EACH SUCH PARTY HAS BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION 8.

9. **Further Assurances**. Each of the Parties shall use its commercially reasonable efforts to take, or cause to be taken, at its expense, all actions necessary or appropriate and proceed diligently and in good faith to evidence, confirm and give full effect to this Agreement.

10. **Severability.** If any provision of this Agreement is determined to be illegal, invalid or unenforceable, such provision shall be fully severable and the remaining provisions shall remain in full force and effect and shall be construed without giving effect to the illegal, invalid or unenforceable provisions.

11. **Entirety.** This Agreement represents the entire agreement of the parties hereto and thereto, and supersedes all prior agreements and understandings, oral or written relating to the transactions contemplated herein.

[*The remainder of this page is intentionally left blank*.]

IN WITNESS WHEREOF, the Parties have executed and delivered, or caused the execution and delivery of, this Agreement as of the date first written above.

JAVELIN GLOBAL COMMODITIES (UK) LTD

By:

Name:

Title:

[*Signature Page to Settlement Agreement*]

FORESIGHT COAL SALES LLC

By:

Name:

Title:

FORESIGHT ENERGY LP

By:

Name:

[*Signature Page to Settlement Agreement*]

```
                         United States Bankruptcy Court
                          Eastern District of Missouri
In re:                                                    Case No. 20-41308-kss
Foresight Energy LP                                       Chapter 11
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0865-4         User: admin                  Page 1 of 3    Date Rcvd: Apr 10, 2020
                             Form ID: pdfo1               Total Noticed: 4
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 12, 2020.
```
aty          +Aidan Synnott,   Paul, Weiss, Rifkind, Wharton & Garrison,   1285 Avenue of the Americas,
               New York, NY 10019-6031
aty          +Alexander Woolverton,   Paul Weiss Rifkind Wharton & Garrison LL,   1285 Avenue of the Americas,
               New York, NY 10019-6031
aty          +Michael J. Colarossi,   Paul, Weiss, Rifkind, Wharton & Garrison,   1285 Avenue of the Americas,
               New York, NY 10019-6031
aty          +Paul M. Basta,   Paul, Weiss, Rifkind, Wharton & Garrison,   1285 Avenue of the Americas,
               New York, NY 10019-6031
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 12, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 10, 2020 at the address(es) listed below:
```
          Alice Belisle Eaton    on behalf of Debtor    Foresight Energy LP
           aeaton@paulweiss.com;mcolarossi@paulweiss.com;pbasta@paulweiss.com;slascano@paulweiss.com;awoolve
           rton@paulweiss.com;orahnama@paulweiss.com;mtattnall@paulweiss.com;psteel@paulweiss.com;dweiss@pau
           lweiss.com
          Amy A. Zuccarello    on behalf of Creditor    Lord Securities Corporation
           azuccarello@sullivanlaw.com,    tkethro@sullivanlaw.com
          Brad M. Kahn    on behalf of Creditor    Ad Hoc First Lien Group bkahn@akingump.com
          Brian C. Walsh    on behalf of Creditor    Davidson Kempner Capital Management LP
           brian.walsh@bclplaw.com
          Christopher Foy    on behalf of Creditor    Illinois Department of Natural Resources
           cfoy@atg.state.il.us
          Christopher J. Lawhorn    on behalf of Creditor    Javelin Global Commodities UK Ltd
           cjl@carmodymacdonald.com,   txs@carmodymacdonald.com;aep@carmodymacdonald.com
          Cullen Drescher Speckhart    on behalf of Creditor Committee    John Fabick Tractor Company/Fabick
           Mining, Inc. cspeckhart@cooley.com,   efiling-notice@ecf.pacerpro.com
          Dominique Sinesi    on behalf of Interested Party    United States of America
           dominique.sinesi@usdoj.gov
          Erika L. Todd    on behalf of Creditor    Lord Securities Corporation etodd@sullivanlaw.com
          Ira S Dizengoff    on behalf of Creditor    Ad Hoc First Lien Group idizengoff@akingump.com
          Jaimie L Mansfield    on behalf of Debtor    Sugar Camp Energy, LLC jmansfield@atllp.com,
           bvogt@armstrongteasdale.com
          Jaimie L Mansfield    on behalf of Debtor    Macoupin Energy LLC jmansfield@atllp.com,
           bvogt@armstrongteasdale.com
          Jaimie L Mansfield    on behalf of Debtor    Tanner Energy LLC jmansfield@atllp.com,
           bvogt@armstrongteasdale.com
          Jaimie L Mansfield    on behalf of Debtor    Williamson Energy, LLC jmansfield@atllp.com,
           bvogt@armstrongteasdale.com
          Jaimie L Mansfield    on behalf of Debtor    Foresight Coal Sales LLC jmansfield@atllp.com,
           bvogt@armstrongteasdale.com
          James Savin    on behalf of Creditor    Ad Hoc First Lien Group jsavin@akingump.com
          Jason D. Angelo    on behalf of Creditor    Wilmington Trust NA jangelo@reedsmith.com
          Jason D. Angelo    on behalf of Creditor Committee    Wilmington Trust, NA jangelo@reedsmith.com
          Jennifer M McLemore    on behalf of Creditor    Natural Resource Partners L.P., et al.
           jmclemore@williamsmullen.com
          Joel A Kunin    on behalf of Creditor Cory    Leitschuh jkunin@ghalaw.com,   megan@ghalaw.com
```

```
District/off: 0865-4              User: admin              Page 2 of 3              Date Rcvd: Apr 10, 2020
                                  Form ID: pdfo1           Total Noticed: 4
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

              Joel A Kunin    on behalf of Creditor    Terra Payne, as Special Administrator of the Estate of
               William Daniel Hans Payne jkunin@ghalaw.com, megan@ghalaw.com
              John G. Willard    on behalf of Debtor    American Century Mineral LLC
               jwillard@armstrongteasdale.com, bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Foresight Energy Labor LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Foresight Energy Finance Corporation
               jwillard@armstrongteasdale.com, bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    MaRyan Mining LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Akin Energy LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Adena Resources, LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Foresight Energy LP jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Oeneus LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Mach Mining, LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Sitran, LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Hillsboro Transport LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    Seneca Rebuild LLC jwillard@armstrongteasdale.com,
               bvogt@armstrongteasdale.com
              John G. Willard    on behalf of Debtor    American Century Transport LLC
               jwillard@armstrongteasdale.com, bvogt@armstrongteasdale.com
              John T.M. Whiteman    on behalf of Creditor    Missouri Department of Revenue edmoecf@dor.mo.gov
              John Talbot Sant, Jr.    on behalf of Creditor Committee    Official Committee of Unsecured
               Creditors tsant@affinitylawgrp.com, kschimwey@affinitylawgrp.com
              Kathryn  Redmond    on behalf of Debtor    Coal Field Repair Services LLC kredmond@atllp.com,
               bvogt@atllp.com
              Kathryn  Redmond    on behalf of Debtor    Logan Mining LLC kredmond@atllp.com, bvogt@atllp.com
              Kathryn  Redmond    on behalf of Debtor    LD Labor Company LLC kredmond@atllp.com, bvogt@atllp.com
              Kathryn  Redmond    on behalf of Debtor    Coal Field Construction Company LLC kredmond@atllp.com,
               bvogt@atllp.com
              Kathryn  Redmond    on behalf of Debtor    Foresight Energy LP kredmond@atllp.com, bvogt@atllp.com
              Kurt F. Gwynne    on behalf of Creditor Committee    Wilmington Trust, NA kgwynne@reedsmith.com
              Mark V. Bossi    on behalf of Creditor    Ad Hoc First Lien Group mbossi@thompsoncoburn.com,
               lmckinnon@thompsoncoburn.com
              Marshall C. Turner    on behalf of Creditor    Lord Securities Corporation
               marshall.turner@huschblackwell.com,
               gail.sinnett@huschblackwell.com;marshall-turner-8668@ecf.pacerpro.com
              Marshall C. Turner    on behalf of Creditor    Huntington National Bank
               marshall.turner@huschblackwell.com,
               gail.sinnett@huschblackwell.com;marshall-turner-8668@ecf.pacerpro.com
              Michael D Mueller    on behalf of Creditor    Natural Resource Partners L.P., et al.
               mmueller@williamsmullen.com
              Michael J. Roeschenthaler    on behalf of Creditor Committee    Official Committee of Unsecured
               Creditors mroeschenthaler@wtplaw.com
              Nathaniel R.B. Koslof    on behalf of Creditor    Lord Securities Corporation
               nkoslof@sullivanlaw.com
              Office of US Trustee    USTPRegion13.SL.ECF@USDOJ.gov
              Patrick  Cloud    on behalf of Creditor    Mt. Olive and Staunton Coal Company Trust
               pcloud@heylroyster.com
              Richard J. Parks    on behalf of Creditor    Joy Global Conveyors Inc. rjp@pietragallo.com
              Richard J. Parks    on behalf of Creditor    Joy Underground Mining LLC rjp@pietragallo.com
              Richard W. Engel, Jr.    on behalf of Debtor    American Century Mineral LLC
               rengel@armstrongteasdale.com, bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy LLC rengel@armstrongteasdale.com,
               bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    M-Class Mining, LLC rengel@armstrongteasdale.com,
               bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Hillsboro Energy LLC rengel@armstrongteasdale.com,
               bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    American Century Transport LLC
               rengel@armstrongteasdale.com, bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Patton Mining LLC rengel@armstrongteasdale.com,
               bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy GP LLC
               rengel@armstrongteasdale.com, bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy Services LLC
               rengel@armstrongteasdale.com, bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy Employee Services Corporation
               rengel@armstrongteasdale.com, bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
              Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy LP rengel@armstrongteasdale.com,
               bvogt@armstrongteasdale.com;srice@armstrongteasdale.com

```
District/off: 0865-4           User: admin                  Page 3 of 3                    Date Rcvd: Apr 10, 2020
                               Form ID: pdfo1               Total Noticed: 4
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        Richard W. Engel, Jr.    on behalf of Debtor    Foresight Receivables LLC rengel@armstrongteasdale.com,   bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.    on behalf of Debtor    Viking Mining LLC rengel@armstrongteasdale.com, bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Robert E. Eggmann    on behalf of Creditor    Mangrove Partners ree@carmodymacdonald.com, thr@carmodymacdonald.com;ala@carmodymacdonald.com;syd@carmodymacdonald.com
        Rusty Keith Reinoehl    on behalf of Creditor    Bradford Supply Company rusty@rklegalgroup.com, rusty@rklegalgroup.com;riley@rklegalgroup.com
        Spencer P. Desai    on behalf of Creditor    Mangrove Partners spd@carmodymacdonald.com, ala@carmodymacdonald.com;txs@carmodymacdonald.com
        Steven M. Wallace    on behalf of Creditor    David Senseney, Executor of the Estate of Marguerite Boos, Deceased steve@silverlakelaw.com,   denise@silverlakelaw.com
        Steven M. Wallace    on behalf of Creditor John Milo Kee steve@silverlakelaw.com, denise@silverlakelaw.com
        Steven M. Wallace     on behalf of Creditor Robin Lynne Kee Williams steve@silverlakelaw.com, denise@silverlakelaw.com
        Steven M. Wallace    on behalf of Creditor    Mitchell/Roberts Partnership, an Illinois Partnership steve@silverlakelaw.com,   denise@silverlakelaw.com
        Steven M. Wallace    on behalf of Creditor Carol Dean Crabtree steve@silverlakelaw.com, denise@silverlakelaw.com
        Steven M. Wallace    on behalf of Creditor    J. Earl Baldwin, Personal Representative of the Estate of Katherine Baldwin, Deceased steve@silverlakelaw.com,   denise@silverlakelaw.com
        Steven M. Wallace    on behalf of Creditor    J. Earl Baldwin, Personal Representative of the Estate of Beverly B. Adams, Deceased steve@silverlakelaw.com,   denise@silverlakelaw.com
        Steven M. Wallace    on behalf of Creditor    Carl Inman, Executor of the Estate of Russell J. Inman, Deceased steve@silverlakelaw.com,   denise@silverlakelaw.com
        Steven M. Wallace    on behalf of Creditor    Reba Mitchell, Individually and as Trustee and Beneficiary of the Robert H.Mitchell Residual Trust steve@silverlakelaw.com, denise@silverlakelaw.com
        Thomas H Riske    on behalf of Creditor    Javelin Global Commodities UK Ltd thr@carmodymacdonald.com,   syd@carmodymacdonald.com;ala@carmodymacdonald.com
        Thomas H Riske    on behalf of Creditor    Javelin Global Commodities (UK) Ltd thr@carmodymacdonald.com,   syd@carmodymacdonald.com;ala@carmodymacdonald.com
        Timothy P. Palmer    on behalf of Creditor    Huntington National Bank Timothy.Palmer@BIPC.com
        Wendi S. Alper-Pressman    on behalf of Creditor    Natural Resource Partners L.P., et al. wpressman@lathropgage.com,   jbuchheit@lathropgage.com,stlfilings@lathropgage.com;
        Zachary Dain Lanier    on behalf of Creditor    Ad Hoc First Lien Group zlanier@akingump.com

                                                                                                                                                                    TOTAL: 81