**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**SCHEDULE OF ASSETS AND LIABILITIES FOR**
**<u>FORESIGHT ENERGY LABOR LLC  (CASE NO. 20-41337)</u>**

---

[1]    The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).  The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC
DISCLOSURE REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**INTRODUCTION**

Foresight Energy LP ("***Foresight***") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***," and together with the Schedules the "***Schedules and Statements***") with the United States Bankruptcy Court for the District of Eastern Missouri (the "***Bankruptcy Court***"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "***Global Notes***") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements.  The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"), nor are they intended to be fully reconciled with the financial statements of each Debtor.  Additionally, the Schedules and Statements contain unaudited information that is subject to further review, potential adjustment, and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided

1

herein, or to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Mr. Robert D. Moore, the Debtors' President and Chief Executive Officer, has signed each of the Schedules and Statements.  Mr. Moore is an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Moore necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Moore has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## <u>GLOBAL NOTES AND OVERVIEW OF METHODOLOGY</u>

1. **<u>Reservation of Rights</u>**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any and all claim descriptions, designations, or Debtor(s) against which the is asserted; (ii) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority or avoidability of any claim.  Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Nothing in the Schedules or Statements is intended to, shall be construed as, or shall have the effect of, modifying, changing, or otherwise affecting *the Final Order Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the*

*Automatic Stay; and (IV) Scheduling Final Hearing; and (VI) Granting Related Relief* [Docket No. pending] (the "***Final DIP Order***") or any amendments, modifications, or other orders related to the same.

2.    **Description of Cases and "As Of" Information Date**.  On March 10, 2020 (the "***Petition Date***"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

On March 11, 2020, the Bankruptcy Court entered the *Order Authorizing Joint Administration of Chapter 11 Cases* [Docket No. 86].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

The asset information provided herein represents the asset data of the Debtors as of the close of business on January 31, 2020, except as otherwise noted.  The liability information provided herein represents the liability data of the Debtors as of the Petition Date, except as otherwise noted.

3.    **Net Book Value of Assets**.  Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date.  The book values of certain assets may materially differ from their fair market values.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value or to determine what a third party might be willing to pay in connection with any asset disposition.

For financial reporting purposes, Foresight prepares consolidated financial statements.  These consolidated financial statements are filed with the Securities and Exchange Commission (the "***SEC***") and are audited annually.  Unlike the consolidated financial statements, these Schedules and Statements, except as indicated herein, reflect the assets and liabilities of each Debtor, including intercompany accounts which would be eliminated in Foresight's consolidated financial statements.  Accordingly, combining the assets and claims set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information for Foresight and its respective consolidated subsidiaries that would be prepared under GAAP.  Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile to the financial statements filed by Foresight Peak with the SEC.

Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets.  Additionally, because the book values of assets may materially differ from their fair market values, some assets are listed as undetermined amounts as of January 31, 2020. Furthermore, assets that have been fully depreciated or

3

fully amortized, or were expensed for GAAP accounting purposes, have no net book value and are, therefore, not included in the Schedules and Statements

4. **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make certain estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities, and the reported amounts of revenues and expenses.  Actual results could differ materially from these estimates.

5. **Recharacterization**.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate

6. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

   The liabilities listed on the Schedules do not reflect a complete analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

7. **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, tax accruals, asset retirement obligations, and assets with a net book value of zero.  For confidentiality reasons, the Debtors have not listed individual customer accounts receivable information.  Total accounts receivable information for each Debtor has been listed as of January 31, 2020.  In addition, certain immaterial assets and liabilities may have been excluded.

8. **Insiders**. Persons listed as "insiders" have been included for informational purposes only and including them in the Schedules and Statements shall not constitute an admission by the Debtors that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or

she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

9.     **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.     **Umbrella Agreements**.  Certain contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements of the Debtor entity that signed the original umbrella or master agreement.  Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

11.     **Guarantees**.  The Debtors have made reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "*Guarantees*") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party.  Where Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees.  The Debtors have placed the Guarantees on Schedule H for both the primary obligor and the guarantor of the relevant obligation.  It is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted.  The Debtors reserve their rights to amend the Schedules to the extent additional Guarantees are identified or such Guarantees are discovered to have expired or be unenforceable.  Additionally, failure to list any Guarantees in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guarantees not listed.

12.     **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

13.     **Claims Description**.  Schedules D and E/F permit each of the Debtors to designate a claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or

classification.    Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated."

14. **Causes of Action**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "*Causes of Action*") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

15. **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

- Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

- Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- Paid Claims.  The Debtors were authorized to pay certain outstanding prepetition claims pursuant to various orders entered by the Bankruptcy Court.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

- Liens.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16. **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17. **Intercompany Payables and Receivables**.    The Debtors routinely engage in intercompany transactions with other Debtor and affiliates.  Intercompany receivable

6

account balances are shown in Schedule A/B and intercompany liabilities are shown in Schedule E/F.

- As described more fully in the *Motion Re: Entry of Interim and Final Orders (A) Authorizing Continued Use of the Debtors' Existing Cash Management System; (B) Authorizing Use of Existing Bank Accounts and Business Forms; (C) Granting a Limited Waiver of Requirements of Section 345(b) of the Bankruptcy Code; (D) Authorizing Continuation of Ordinary Course Intercompany Transactions; (E) Granting Administrative Expense Priority Status to Postpetition Intercompany Claims; and (F) Granting Related Relief* [Docket No. 4] (the "**Cash Management Motion**"), the Debtors use a centralized cash management system to streamline collection, transfer, and disbursement of funds generated by the Debtors' business operations. Certain receivables are collected by Debtor subsidiaries of Foresight and sent to a concentration account held by Debtor Foresight Energy, LLC. The concentration funds certain other Debtor bank accounts where Payables are paid on behalf of the Debtors in the ordinary course of business. The Debtors record in their books and records any receipts and/or disbursements made on behalf of Debtors as intercompany balances.

  The listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors reserve all rights to recharacterize, reprioritize, reclassify, recategorize or redesignate intercompany accounts reported in the Schedules and Statements.

18. **Inventories, Property and Equipment**. Inventories consist of materials and supplies and coal inventory. These inventories are valued at the lower of cost or market. Coal inventory costs include labor, supplies, equipment depreciation, depletion of mineral reserves, operating overhead and transportation costs incurred prior to the transfer of title to customers. Property, plant, equipment and mine development are recorded at cost or at fair value at the date of acquisition in the case of acquired businesses. Property, plant, and equipment are aggregated in the Debtors' books and records and cannot be segregated easily into the categories required by the Schedules and Statements. All inventories, as well as all property and equipment, are presented without consideration of any statutory or consensual liens.

19. **Mineral Right, Land and Land Rights**. The Debtors control an estimated 2.1 billion tons of proven and probable coal reserves located in the Illinois Basin. The aggregate book value of owned and leased coal reserves is $1.3 billion as of January 31, 2020. The Debtors have not analyzed the current market value of their owned or leased coal reserves. Except where otherwise noted, the Debtors have reported the book value of all owned pieces of real property, including leased coal reserves, in Schedule A/B. Certain unexpired coal reserve leases of the Debtors as of the Petition Date that may constitute executory contracts or unexpired leases within the meaning of section 365 of the Bankruptcy Code are also included in Schedule G, and to the extent that there was an amount outstanding under a coal reserve lease, such as royalties payable, as of the Petition Date, the amount owed to the lessor of the coal reserves has been listed on Schedule E/F.

20. **Other Leases**. The Debtors lease equipment and facilities under various capital and operating lease agreements. These equipment and facilities leases are reported on Schedule G of each applicable Debtor, and to the extent that there was an amount outstanding under any of these leases as of the Petition Date, the amount owed to the applicable lessor has been listed on Schedule E/F of each applicable Debtor.

21. **Effect of "First Day" Orders**. The Bankruptcy Court has authorized the Debtors to pay various outstanding prepetition claims including certain payments to employees, critical vendors, lien holders and taxing authorities. Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amount of such claims, such scheduled amounts reflect amounts owed as of the Petition Date, adjusted for any postpetition payments made as of March 29, 2020 on account of such claims pursuant to the authority granted to the Debtors by the Bankruptcy Court. To the extent any further adjustments are necessary for any additional postpetition payments made after March 29, 2020 on account of such claims pursuant to the authority granted to the Debtors by the Bankruptcy Court, such adjustments have not been included in the Schedules and Statements unless otherwise noted on the applicable Schedule or Statement. Estimates of claims set forth in the Schedules and Statements may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

22. **Setoffs**. The Debtors periodically incur certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, pricing discrepancies, returns, warranties, refunds, negotiations and/or disputes between Debtors and their customers regarding regulatory or governmental impositions costs incurred by Debtors, and other disputes between the Debtors and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

23. **Confidentiality**. There are instances within the Schedules and Statements where names, addresses or amounts have been left blank. Due to the nature of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of an individual, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts.

24. **Global Notes Control**. In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

**Schedules Summary**. Except as otherwise noted, the asset information provided herein represents the asset data of the Debtors as of January 31, 2020, and liability information provided herein represents the liability data of the Debtors as of the Petition Date.

For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

As part of their financial statement due diligence process, the Debtors, from time to time, analyze the book values of their assets to determine, with respect to any of their assets, whether all or part of an asset value would be impaired in accordance with GAAP. The Debtors have recently experienced significant write-offs of book values of certain assets, sometimes reducing book values of such assets to zero, due to the declining coal market in which the Debtors operate. Where book values of assets have been reduced to zero, such assets have not been included in the Schedules.

**Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments**. Details with respect to the Debtors' cash management system and bank accounts are provided in the Debtors' Cash Management Motion and the final order of the Bankruptcy Court granting the Cash Management Motion [Docket No. 4].

**Schedule A/B, Part 9 – Real Property**. For those Debtors that own real property, such owned real estate is reported, except where otherwise noted, at book value. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. Buildings and land improvements are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or land improvement is connected is Debtor-owned property. The Debtors reserve all of their rights to recategorize and/or recharacterize such assets holdings to the extent the Debtors determine that such holdings were improperly listed.

**Schedule A/B, Part 11 – All Other Assets**. Dollar amounts are presented net of impairments and other adjustments.

In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, credits, rebates, or refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which such Debtor has asserted, or may assert,

claims as a plaintiff or counter-claims and/or cross-claims as defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11.

**Schedule D – Creditors Who Have Claims Secured by Property**. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve their right to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including any intercompany agreement) related to such creditor's claim. In certain circumstances, a Debtor may be a co-obligor or guarantor with respect to the scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in Schedule D and/or the Global Notes shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights, claims and causes of action with respect to claims associated with any contracts and agreements listed on Schedule D or Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument (including any intercompany agreement) related to a creditor's claim. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

The Debtors have not included on Schedule D parties that may believe such claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

As of the Petition Date, Debtor Foresight Energy LLC was the borrower, and certain of the other Debtors were the guarantors, for a first lien secured revolving credit and a first lien secured term loan (shown on Schedule D).

Debtors Foresight Energy LLC and Foresight Energy Finance Corporation were co-issuers for the second lien bond indentures (shown on Schedule F). In total, first and second lien facilities, totaled approximately $1.4 billion outstanding as of the Petition Date.

Foresight has requested postpetition financing pursuant to the *Cash Collateral Motion (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the*

*Automatic Stay; and (IV) Scheduling Final Hearing; and (VI) Granting Related Relief* [Docket No. 29] (Interim and Final Orders are pending) consisting of a loan facility in the aggregate principal amount of approximately $175 million, including the prepetition $75 million in loan rollup of the first lien revolving credit facility (the "***DIP Facility***").   All of the other Debtors guarantee Foresight's obligations under the DIP Facility.

The claim amount listed for both secured and unsecured notes in Schedule D, and in Schedule E/F, includes principal and interest as of the Petition Date.

**Schedule E/F, Part 1 – Creditors With Priority Unsecured Claims**.  Pursuant to the *Final Order (A) Authorizing the Payment of Prepetition Taxes and Fees and (B) Granting Related Relief* [Docket No. 246] (the "***Final Taxes Order***"), the Debtors have been granted the authority to pay certain tax liabilities that accrued prepetition.  Accordingly, any priority unsecured claim based upon prepetition tax accruals that have been paid pursuant to the Final Taxes Order are not listed on Schedule E/F.  Certain of the tax claims may be subject to on-going audits, and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the tax claims listed on Schedule E/F.  Therefore, the Debtors have listed all such claims as undetermined in amount, pending final resolution of on-going audits or outstanding issues.

The Debtors believe that all of the employee claims entitled to priority under the Bankruptcy Code were or will be paid pursuant to the *Interim Order (A) Authorizing the Debtors to Pay Prepetition Wages and Workforce Obligations, (B)Authorizing Debtors to Maintain Workforce Programs and Pay Related Obligations, and (C) Granting Related Relief* [Docket No. 88].   Accordingly, no employee-related claims by and against the Debtors for prepetition amounts due have been included in Schedule E/F.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

**Schedule E/F, Part 2 – Creditors With Non-Priority Unsecured Claims**.  The Debtors have made reasonable efforts to report all general unsecured claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records.  The claims of individual creditors for among other things, products, goods, or services are listed as either the lower of the amounts invoiced by the creditor or the amounts entered on the Debtors' books and records, and may not reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all rights with respect to any such credits and allowances including the right to assert claims objections and/or setoffs.  The claims listed on Schedule E/F, Part 2, arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact.  While commercially reasonable efforts  have  been made, determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for every claim listed on Schedule E/F.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.

11

In addition, Schedule E/F, Part 2, does not include all claims that may arise in connection with the rejection of any executory contracts and unexpired leases that may be or have been rejected.

Schedule E/F, Part 2, does not include certain deferred charges, deferred liabilities, accruals or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they are reflected on the Debtors' books and records  as required in accordance with GAAP.

Schedule E/F contains information regarding pending litigation involving the Debtors.  In certain instances, the Debtor that is subject of the litigation is uncertain or undetermined.  Where the named defendant is "Foresight" plus "et al.," the Debtors have listed such claim on Schedule E/F of Foresight.  However, to the extent that litigation involving a particular Debtor has been identified, information regarding that litigation is contained in Schedule E/F for that Debtor.  The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

**Schedule G – Executory Contracts and Unexpired Leases**.  The businesses of the Debtors are complex.  Although the Debtors' existing books, records, financial systems, and contracts management systems have been relied upon to identify and schedule executory contracts for each of the Debtors and reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or overinclusion may have occurred.  The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule, as necessary.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels, certificates, letters, memoranda and other documents, instruments and agreements that may not be listed on Schedule G,  despite the Debtors' use of reasonable efforts to identify such documents.  In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not separately set forth on Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

The Debtors have included only contracts and agreements to which a Debtor is a party.  Schedule G does not include contracts or agreements in which payments to third parties were made on any of the Debtors' behalf for administrative convenience or as a result of the Debtors' cash management system.  The Debtors have included certain interests in real property such as easements, rights of way, and other similar interests on Schedule G.  The listing of such real property interests on Schedule G as "executory" does not constitute an admission by a Debtor that any such contract is executory.  The Debtors reserve all rights to recategorize and/or recharacterize their interests in such real property at a later date, as necessary.  Although not required, because leased coal reserves represent such a significant asset of the Debtors, the Debtors have also included the book value of

leased coal reserves in Schedule A/B.  The Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any  agreement as an executory  contract or unexpired lease in any  appropriate filing.  The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization  or the structure of any transaction, document, or instrument  (including any intercompany agreement) related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements.  Such documents may not be set forth on Schedule G. Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained in every circumstance.  In such cases, the Debtors made their best efforts to determine the correct Debtors' Schedule G on which to list such executory contract or unexpired lease.  Certain of the executory contracts may not have been memorialized and could be subject to dispute.  Each unexpired lease listed in Schedule G may include one or more ancillary documents, including but not limited to any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases.  Executory contracts that are oral in nature, if any, have not been included on Schedule G.  Schedule G does not constitute an admission that any such contract or agreement is an executory contract or unexpired lease.  The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument.

**Schedule H – Co-Debtors**.  In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross claims and counter-claims against other parties.  Due to the volume of such claims, and because all such claims are contingent, unliquidated, and disputed, and listed elsewhere in the Schedules and Statements, such claims have not been set forth individually on Schedule H.

Schedule H reflects Guarantees, if any, by various Debtors of obligations of related affiliates.  The Debtors may not have identified certain Guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Certain of the Guarantees reflected on Schedule H, if any, may have expired or no longer be enforceable.  Thus, the Debtors reserve their rights to amend Schedule H to the extent  that additional Guarantees are identified or such Guarantees are discovered to have expired or are unenforceable, or to contest the validity or enforceability of the Guarantees in another filing.

**Claims of Third-Party Related Entities**. Although the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to both such entity and its affiliates.  Therefore, to the extent that the Debtors  have classified  their estimate of claims of a creditor as disputed, all claims of such

13

creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

## <u>SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' STATEMENTS</u>

**Statements Summary**. As part of their financial statement due diligence process, the Debtors, from time to time, analyze the book values of their assets to determine, with respect to any of their assets, whether all or part of an asset value would be impaired in accordance with GAAP. The Debtors have recently experienced significant write-offs of book values of certain assets, sometimes reducing book values of such assets to zero, due to the declining coal market in which the Debtors operate. Where book values of assets have been reduced to zero, such assets have not been included in these Statements.

**Statements, Part 1, Question 1 – Gross Revenue From Business**. The amount shown for year-to date 2020 is for the period January 1, 2020 to February 29, 2020. Revenue from business for 2019 and 2018 is for the period of January 1 to December 31 of each year.

**Statements, Part 1, Question 2 – Non-Business Revenue**. The Debtors record a non-material amount of certain transactions as other income in their financial records. Such transactions have been included in the response to Statements, Part 1, Question 2. These transactions are not directly related to the sale of coal at the Debtors' mines, but are related to transloading fees, lease income from affiliates, and royalty income from affiliates.

The amount shown for year-to-date 2020 includes non-business revenue for the period of January 1, 2020 to February 29, 2020. Non-business revenue for 2019 and 2018 is for the period of January 1 to December 31 of each year.

**Statements, Part 2, Question 3 – Payments and Transfers to Certain Creditors Within 90 Days**. The dates set forth in the "Dates" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the check date. In general, disbursements are made through Foresight bank accounts and recorded to the proper entity with the liability through intercompany journal entries. For the purpose of this schedule, all of these payments are shown at the proper Debtor unless otherwise noted in the response of a particular Debtor's Statements, Part 2, Question 3. In addition to the payments disclosed in response to this Question, the Debtors periodically replenish "petty cash" working accounts held locally by some entities. Disbursements from these working accounts, held by various Debtors, to third party payees are included in this Question but the intercompany replenishment transactions are not. Payments to the Debtors' insiders, bankruptcy professionals, and intercompany transactions are not included in this Statements, Part 2, Question 3.

Additionally, creditors with aggregate 90-day payments below $6,825 are not included in Part 2, Question 3 (11 U.S.C. § 547(c)(9).).

**Statements, Part 2, Question 4 – Payments to Insiders**. For a discussion of insiders of the Debtors, refer to paragraph 8 of these Global Notes.

The Debtors are party to a Management Services Agreement with Murray American Coal, Inc., ("**Murray**") under which Murray provides the Debtors with a broad array of management and selling and general administrative services. The Debtors pay a flat quarterly fee in exchange for these services. As a result, the employees who would normally be considered as insiders are employed and paid by Murray. The Debtors have no insider employees. The Debtors did make payments to the members of their Board of Directors during the one-year period which are included in this Statements, Part 2, Question 4.

In addition to payments made to the Debtors' Board of Directors, the Debtors made payments to affiliated companies that have either direct or indirect ownership in certain of the Debtors. These affiliated companies fall into two groups, Murray and Foresight Reserves LP (the "**Cline Group**"). Payments made to the Murray and to the Cline Group controlled companies during the one-year period are included in this Statements, Part 2, Question 4.

The payments to "insiders" listed in Statements, Part 2, Question 4 were made by certain Debtors. These payments were not allocated among the subsidiary Debtors, so the list of total payments to each insider is shown for all Debtors.

**Statements, Part 2, Question 5 – Repossessions, Foreclosures and Returns**.  The Debtors routinely return damaged, unsatisfactory or out-of-specification raw materials and other goods to vendors in the ordinary course of business.  These ordinary course returns have not been listed in this Statements, Part 2, Question 5.

**Statements, Part 2, Question 6 – Setoffs**.  For a discussion of setoffs incurred by the Debtors, refer to paragraph 22 of these Global Notes.

**Statements, Part 3 – Legal Actions or Assignments**.  There may be pending litigation matters that are believed to have potential recoveries.  The actual amount of these litigation matters is contingent on the outcome of the cases.  The Debtors routinely participate in administrative actions and appeals with state agencies regarding permits in the ordinary course of their business and they have identified those administrative actions that were pending within one year of the Petition Date.

**Statements, Part 5 – Certain Losses**.  Any claims for losses that do not exceed the various deductible amounts for certain casualty insurance policies maintained by the Debtors have been excluded from Statements, Part 5.

**Statements Part 6 – Certain Payments or Transfers**.  The Debtors make *de minimis* sales to third parties for such items including, but not limited to, scrap steel, obsolete parts and supplies, and surplus inventory and equipment.  These de minimis sales are not included in this Statements, Part 6.

**Statements, Part 10 – Off-Premises Storage**.  The Debtors routinely store parts and supplies inventory as well as parts that are in the process of being repaired on the premises of third-party vendors.  Due to insufficient records some of these parts and supplies may not be included in Statements, Part 10.

**Statements, Part 11 – Property Held for Another**.  The Debtors withhold or retain certain funds from employees for payment to certain governmental authorities.  These funds are held in trust for turnover to the applicable governmental authority.  Given that the Debtors do not retain control of such funds and such funds are not considered property of the Debtors' estates, amounts of such funds have not been listed under Statements, Part 11.

In the ordinary course of business, Foresight enters into consignment agreements (the "***Consignment Agreements***") on behalf of certain of the Debtors with some of their vendors.  Under the Consignment Agreements, the Debtors take possession but not title to various materials and supplies, including parts and components of various mining and mining-related equipment (the "***Consigned Assets***").  Title to the Consigned Assets does not transfer to the Debtors, and the Debtors are not obligated to pay for the Consigned Assets until the Consigned Assets are placed in service.  Consigned Assets have been listed in Statements, Part 11.

**Statements, Part 12, Questions 22-24 – Details About Environmental Information**.  The Debtors historically have operated over a substantial period of time in several locations across Illinois and Ohio.  At some locations, the Debtors no longer have any active operations and may no longer have relevant records or the records may no longer be complete or reasonably accessible or reviewable.  In some cases, statutory document retention periods have passed.  Further, some individuals who once possessed responsive information are no longer employed by the Debtors.  For all these reasons, it may not be possible to identify and supply the requested information that is responsive to Statements, Part 12, Questions 22-24.  The Debtors have devoted substantial internal and external resources to identifying and providing the requested information that is responsive for as many sites and proceedings as reasonably possible.

This response does not include sites or proceedings related to non-environmental laws such as occupational safety and health laws or transportation laws.  The Debtors are legally required to make routine reports and submissions to regulatory agencies concerning discharges resulting from normal operations consistent with regulatory requirements, such as discharge monitoring reports, toxic release inventory submissions and submissions concerning air emissions.  This response in this Statement is limited to identifying circumstances in which governmental agencies have alleged in writing that particular operations of the Debtors are in violation of environmental laws and proceedings that have resulted from alleged violations of environmental laws.

**Statements Part 13, Question 26 – Books, Records and Financial Statements**.  Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, Foresight and its subsidiaries have filed with the SEC reports on Form 8-K, Form 10-Q, and Form 10-K.  These SEC filings contain consolidated financial information.  Because the SEC filings are of public record, Foresight does not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or Foresight.  In addition, Foresight provides certain parties, such as banks, auditors, potential investors, vendors and financial advisors financial statements that may not be part of a public filing.  Foresight does not maintain complete lists to track such disclosures.  As such, Foresight has not provided lists of these parties in response to Statements Part 13, Question 26c and Question 26d.

**Statements Part 13, Question 27 – Inventories**.  The Debtors' policy concerning the counts of parts and supplies inventory does not include regular periodic counts of the entire inventory, and the last complete count of the entire inventory occurred in December 2019.  Instead, cycle counts of portions of inventory are continuously taken.  Thus, information concerning parts and supplies inventory counts are not included in the response to Statements Part 13, Question 27.

**Statements Part 13, Question 30 – Payments, Distributions or Withdrawals to Insiders**.  The response to Statements Part 13, Question 30 incorporates by reference items listed in the response to Statements Part 2, Question 4.

**Fill in this information to identify the case:**

Debtor name **Foresight Energy Labor LLC**

United States Bankruptcy Court for the: EASTERN DISTRICT OF MISSOURI

Case number (if known) **20-41337**

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*........................................................................ $ _____ **0.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*...................................................................... $ _____ **0.00**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*....................................................................... $ _____ **0.00**

| Part 2: | Summary of Liabilities |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*................... $ **918,930,135.70**

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................. $ _____ **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................. +$ **472,121,609.38**

4. Total liabilities ........................................................................................
    Lines 2 + 3a + 3b                                                   $ **1,391,051,745.08**

**Fill in this information to identify the case:**

Debtor name **Foresight Energy Labor LLC**

United States Bankruptcy Court for the: EASTERN DISTRICT OF MISSOURI

Case number (if known) **20-41337**

☐ Check if this is an amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

■ No. Go to Part 2.
☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
|---|---|

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.

Debtor    **Foresight Energy Labor LLC**                                    Case number *(If known)*  **20-41337**
          Name

☐ Yes Fill in the information below.

| Part 7: | **Office furniture, fixtures, and equipment; and collectibles** |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | **Machinery, equipment, and vehicles** |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | **Real property** |

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | **Intangibles and intellectual property** |

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | **All other assets** |

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No.  Go to Part 12.
☐ Yes Fill in the information below.

Debtor    **Foresight Energy Labor LLC**                                    Case number *(If known)*  **20-41337**
_____
Name

| Part 12: | Summary |
| --- | --- |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*....................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $0.00 |

**Fill in this information to identify the case:**

Debtor name __**Foresight Energy Labor LLC**__

United States Bankruptcy Court for the: __EASTERN DISTRICT OF MISSOURI__

Case number (if known) __**20-41337**__

☐ Check if this is an
amended filing

## Official Form 206D
# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:   List Creditors Who Have Secured Claims**

| 2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. | | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|

**2.1  Wilmington National Trust**
Creditor's Name

**$170mm Senior Secured Revolver**
**1100 North Market Street**
**Wilmington, DE 19890**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**3/28/2017**
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe debtor's property that is subject to a lien**
**Assets of Company**

**Describe the lien**

**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
  No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

| | | **$159,308,231.50** | **Unknown** |
|---|---|---|---|

**2.2  Wilmington National Trust**
Creditor's Name

**$825mm Senior Secured Term Loan**
**1100 North Market Street**
**Wilmington, DE 19890**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**Various**
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

**Describe debtor's property that is subject to a lien**
**Assets of Company**

**Describe the lien**

**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
  No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply

| | | **$759,621,904.20** | **Unknown** |
|---|---|---|---|

Debtor    **Foresight Energy Labor LLC**                                        Case number (*if known*)    **20-41337**
Name

■ No

☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

☐ Contingent
☐ Unliquidated
☐ Disputed

3.    **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    | **$918,930,135
.70** |

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
| --- | --- | --- |
|  |  |  |

**Fill in this information to identify the case:**

Debtor name  **Foresight Energy Labor LLC**

United States Bankruptcy Court for the:  EASTERN DISTRICT OF MISSOURI

Case number (if known)  **20-41337**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

■ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

| 2.1 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |
|---|---|---|---|---|

| 2.1 | Priority creditor's name and mailing address<br>**Belmont County Treasurer**<br>**101 W Main Street**<br>**Saint Clairsville, OH 43950** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>■ Contingent<br>■ Unliquidated<br>■ Disputed | Total claim **Unknown** | Priority amount **Unknown** |
|---|---|---|---|---|
| | Date or dates debt was incurred | Basis for the claim:<br>**Taxing Authority** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

| 2.2 | Priority creditor's name and mailing address<br>**Benton High School**<br>**511 East Main Street**<br>**Benton, IL 62812** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>■ Contingent<br>■ Unliquidated<br>■ Disputed | Total claim **Unknown** | Priority amount **Unknown** |
|---|---|---|---|---|
| | Date or dates debt was incurred<br>**Various** | Basis for the claim:<br>**Taxing Authority** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

Debtor    **Foresight Energy Labor LLC**                                                    Case number (if known)    **20-41337**
Name

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |

Priority creditor's name and mailing address
**Benton Library District**
**P.O. Box 548**
**Benton, IL 62812**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.4 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |

Priority creditor's name and mailing address
**Department of The Treasury**
**Internal Revenue Service**
**Ogden, UT 84201-0009**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.5 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |

Priority creditor's name and mailing address
**Franklin County Treasurer**
**P.O. Box 967**
**Benton, IL 62812**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.6 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |

Priority creditor's name and mailing address
**Gallatin County Treasurer**
**P.O. Box 310**
**Shawneetown, IL 62984**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

Debtor   **Foresight Energy Labor LLC**                                    Case number *(if known)*   **20-41337**
_____
Name

| 2.7 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** | **Unknown** |

**Gregory Fx Daly Collector (St Louis City**
**P.O. Box 66877**
**St. Louis, MO 63166**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

- ■ No
- ☐ Yes

---

| 2.8 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** | **Unknown** |

**Hamilton County Tax Assessor**
**100 S Jackson St, Room 4**
**Mc Leansboro, IL 62859**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

- ■ No
- ☐ Yes

---

| 2.9 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** | **Unknown** |

**Henderson County Sheriff**
**20 North Main Street, Suite 112**
**Henderson, KY 42420**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

- ■ No
- ☐ Yes

---

| 2.10 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** | **Unknown** |

**Illinois Department of Natural Resources**
**One Natural Resources Way**
**Springfield, IL 62702-1271**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

- ■ No
- ☐ Yes

---

Debtor    **Foresight Energy Labor LLC**                                    Case number (if known)    **20-41337**

Name

| 2.11 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |

**Illinois Department of Revenue**
**P.O. Box 19030**
**Springfield, IL 62794-9447**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.12 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |

**Illinois Department of Revenue**
**P.O. Box 19447**
**Springfield, IL 62794-9447**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.13 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |

**Indiana Department of Revenue**
**P.O. Box 1028**
**Indianapolis, IN 46206-1028**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.14 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |

**Indiana Department of Revenue**
**P.O. Box 7218**
**Indianapolis, IN 46206-1028**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

Debtor **Foresight Energy Labor LLC**

Name

Case number (if known)    **20-41337**

| 2.15 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |
|---|---|---|---|---|

**Kentucky Department of Revenue**
**501 High Street**
**Frankfort, KY 40601**

*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.16 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |
|---|---|---|---|---|

**Kentucky State Treasurer**
**501 High Street**
**Frankfort, KY 40602-0491**

*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.17 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |
|---|---|---|---|---|

**Louisiana Department of Revenue**
**P.O. Box 61030**
**New Orleans, LA 70161**

*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.18 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |
|---|---|---|---|---|

**Macoupin County Sheriff**
**215 S E ST**
**Carlinville, IL 62626**

*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

Debtor **Foresight Energy Labor LLC**
Name                                                          Case number (if known)    **20-41337**

| | | | |
|---|---|---|---|
| 2.19 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown**    **Unknown** |

**2.19**
Priority creditor's name and mailing address
**Missouri Department of Revenue**
**P.O. Box 999**
**Jefferson City, MO 65105**

As of the petition filing date, the claim is:
*Check all that apply.*
- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Unknown**      **Unknown**

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
- ■ No
- ☐ Yes

---

**2.20**
Priority creditor's name and mailing address
**Montgomery County Treasurer**
**1 Courthouse Square, Room 101**
**Hillsboro, IL 62049**

As of the petition filing date, the claim is:
*Check all that apply.*
- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Unknown**      **Unknown**

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
- ■ No
- ☐ Yes

---

**2.21**
Priority creditor's name and mailing address
**New River Royalty**
**3825 PGA Blvd., Suite 1101**
**Palm Beach Gardens, FL 33410**

As of the petition filing date, the claim is:
*Check all that apply.*
- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Unknown**      **Unknown**

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
- ■ No
- ☐ Yes

---

**2.22**
Priority creditor's name and mailing address
**Office of Surface Mining**
**P.O. Box 979068**
**St. Louis, MO 63197-9000**

As of the petition filing date, the claim is:
*Check all that apply.*
- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Unknown**      **Unknown**

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
- ■ No
- ☐ Yes

---

Debtor  **Foresight Energy Labor LLC**                                    Case number *(if known)*  **20-41337**
     Name

| | | |
|---|---|---|
| **2.23** | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |

**2.23** Priority creditor's name and mailing address
**Posey County Treasurer**
**126 E Third St**
**Mount Vernon, IN 47620**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

**Unknown**          **Unknown**

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

---

**2.24** Priority creditor's name and mailing address
**Rend Lake College**
**468 Ken Gray Parkway**
**Ina, IL 62846**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

**Unknown**          **Unknown**

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

---

**2.25** Priority creditor's name and mailing address
**RGGS**
**100 Waugh Dr Ste 400**
**Houston, TX 77007**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

**Unknown**          **Unknown**

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

---

**2.26** Priority creditor's name and mailing address
**Ruger**
**3825 PGA Blvd., Suite 1101**
**Palm Beach Gardens, FL 33410**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

**Unknown**          **Unknown**

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

---

Debtor  **Foresight Energy Labor LLC**                                       Case number (*if known*)    **20-41337**
_____
Name

| 2.27 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |

| 2.27 | Priority creditor's name and mailing address<br>**Saline County Treasurer**<br>**10 E Poplar Street**<br>**Harrisburg, IL 62946** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>■ Contingent<br>■ Unliquidated<br>■ Disputed | **Unknown** | **Unknown** |

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.28 | Priority creditor's name and mailing address<br>**United States Treasury**<br>**Internal Revenue Service**<br>**Cincinnati, OH 45999-0009** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>■ Contingent<br>■ Unliquidated<br>■ Disputed | **Unknown** | **Unknown** |

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.29 | Priority creditor's name and mailing address<br>**Williamson County Treasurer**<br>**407 N Monroe Ste 104**<br>**Marion, IL 62959** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>■ Contingent<br>■ Unliquidated<br>■ Disputed | **Unknown** | **Unknown** |

Date or dates debt was incurred
**Various**

Basis for the claim:
**Taxing Authority**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

**3.    List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | | Amount of claim |

| 3.1 | Nonpriority creditor's name and mailing address<br>**See Schedule E/F Part 2 Attachment** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$472,121,609.38** |

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim: __

Is the claim subject to offset? ■ No ☐ Yes

---

**Part 3:    List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

Debtor  **Foresight Energy Labor LLC**                                    Case number (if known)  **20-41337**
_____
Name

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | | |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.  Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ 472,121,609.38 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 472,121,609.38 |

In re Foresight Energy Labor LLC
Case No. 20-41337
Schedule E/F Part 2: Creditors With Nonpriority Unsecured Claims

| Creditor Name and Mailing Address | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Total Claim |
|---|---|---|---|---|---|
| Canadian National Railway<br>935 de La Gauchetiere Street West<br>Montreal QC H3B 2M9<br>Canada | 4/18/17; Letter of Credit Beneficiary | X | X | X | Unknown |
| Huntington Bank<br>7 Eastern Oval<br>Columbus OH 43219 | Letter of Credit Issuer | X | X | X | Unknown |
| Wilmington National Trust<br>11.50% Senior Secured Notes due 2023<br>1100 North Market Street<br>Wilmington DE 19890 | 10/01/17, Unsecured Bond | | | | $472,121,609.38 |
| | | **Total:** | | | **$472,121,609.38** |

Fill in this information to identify the case:

Debtor name **Foresight Energy Labor LLC**

United States Bankruptcy Court for the: EASTERN DISTRICT OF MISSOURI

Case number (if known) **20-41337**

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases 12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ☑ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1. State what the contract or lease is for and the nature of the debtor's interest **Marketing Agreement** | |
| State the term remaining **12/31/2025** | **Javelin Global Commodities (UK) LTD**<br>**7 Howick Place**<br>**London, SW1P 1BB**<br>**United Kingdom** |
| List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name    **Foresight Energy Labor LLC**

United States Bankruptcy Court for the:   EASTERN DISTRICT OF MISSOURI

Case number (if known)   **20-41337**

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | **See Schedule H Attachment** | | | ☐ D _____ <br> ☐ E/F _____ <br> ☐ G _____ |

Foresight Energy LP, et al.
Case No. 20-41308 (KAS)
Schedule H: Codebtors

| Name of Codebtor | Address1 | City | State | Zip | Name of Creditor (Senior Secured Debt due 2021) | Applicable Schedules (D, E/F Part 2, G) |
|---|---|---|---|---|---|---|
| Adena Resources LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Adena Resources LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Adena Resources LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Akin Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Akin Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Akin Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| American Century Mineral LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| American Century Mineral LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| American Century Mineral LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| American Century Transport LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| American Century Transport LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| American Century Transport LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Coal Field Construction Company LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Coal Field Construction Company LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Coal Field Construction Company LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Coal Field Repair Services LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Coal Field Repair Services LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Coal Field Repair Services LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Foresight Coal Sales LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Foresight Coal Sales LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Foresight Coal Sales LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Foresight Energy Employee Services Corporation | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Foresight Energy Employee Services Corporation | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Foresight Energy Employee Services Corporation | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Foresight Energy Finance Corporation | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Foresight Energy Finance Corporation | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Foresight Energy Finance Corporation | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Foresight Energy GP LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Foresight Energy GP LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Foresight Energy GP LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Foresight Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Foresight Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Foresight Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Foresight Energy LP | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Foresight Energy LP | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Foresight Energy LP | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Foresight Energy Services LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Foresight Energy Services LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Foresight Energy Services LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Hillsboro Transport LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Hillsboro Transport LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Hillsboro Transport LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| LD Labor Company LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |

1 of 2

Foresight Energy Corporation, et al.
Case No. 20-40945 (KAS)
Schedule H: Codebtors

| Name of Codebtor | Address1 | City | State | Zip | Name of Creditor (Senior Secured Debt due 2021) | Applicable Schedules (D, E/F Part 2, G) |
|---|---|---|---|---|---|---|
| LD Labor Company LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| LD Labor Company LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Logan Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Logan Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Logan Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Mach Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Mach Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Mach Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Macoupin Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Macoupin Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Macoupin Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| MaRyan Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| MaRyan Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| MaRyan Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| M-Class Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| M-Class Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| M-Class Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Oeneus LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Oeneus LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Oeneus LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Seneca Rebuild LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Seneca Rebuild LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Seneca Rebuild LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Sitran LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Sitran LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Sitran LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Sugar Camp Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Sugar Camp Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Sugar Camp Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Tanner Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Tanner Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Tanner Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Viking Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Viking Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Viking Mining LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |
| Williamson Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $825mm Senior Secured Term Loan | D |
| Williamson Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | 11.50% Senior Secured Notes due 2023 | E/F Part 2 |
| Williamson Energy LLC | 211 North Broadway, Suite 2600 | St. Louis | MO | 63102 | $170mm Senior Secured Revolver | D |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**FORESIGHT ENERGY LABOR LLC  (CASE NO. 20-41337)**

---

[1]    The Debtors in these cases are each incorporated or organized in the state of Delaware, and along with the last four digits of each Debtor's federal tax identification number (or SEC filing number if unavailable), are: Foresight Energy LP (8894); Foresight Energy GP LLC (8332); Foresight Energy LLC (7685); Foresight Energy Employee Services Corporation (7023); Foresight Energy Services LLC (6204); Foresight Receivables LLC (2250); Sugar Camp Energy, LLC (8049); Macoupin Energy LLC (9005); Williamson Energy, LLC (9143); Foresight Coal Sales LLC (8620); Tanner Energy LLC (0409); Sitran LLC (9962); Seneca Rebuild LLC (0958); Oeneus LLC (6007); Adena Resources, LLC (4649); Hillsboro Transport LLC (6881); American Century Transport LLC (SEC No. 5786); Akin Energy LLC (1648); American Century Mineral LLC (SEC No. 5788); Foresight Energy Finance Corporation (5321); Foresight Energy Labor LLC (4176); Viking Mining LLC (4981); M-Class Mining, LLC (5272); MaRyan Mining LLC (7085); Mach Mining LLC (4826); Logan Mining LLC (2361); LD Labor Company LLC (8454); Coal Field Repair Services LLC (9179); Coal Field Construction Company LLC (5694); Hillsboro Energy LLC (1639); and Patton Mining LLC (7251).  The address of the Debtors' corporate headquarters is One Metropolitan Square, 211 North Broadway, Suite 2600, St. Louis, Missouri 63102.

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC
DISCLOSURE REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**INTRODUCTION**

Foresight Energy LP ("***Foresight***") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***," and together with the Schedules the "***Schedules and Statements***") with the United States Bankruptcy Court for the District of Eastern Missouri (the "***Bankruptcy Court***"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "***Global Notes***") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review, potential adjustment, and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided

1

herein, or to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Mr. Robert D. Moore, the Debtors' President and Chief Executive Officer, has signed each of the Schedules and Statements.  Mr. Moore is an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Moore necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Moore has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1.   **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any and all claim descriptions, designations, or Debtor(s) against which the is asserted; (ii) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority or avoidability of any claim.  Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Nothing in the Schedules or Statements is intended to, shall be construed as, or shall have the effect of, modifying, changing, or otherwise affecting *the Final Order Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the*

2

*Automatic Stay; and (IV) Scheduling Final Hearing; and (VI) Granting Related Relief* [Docket No. pending] (the "***Final DIP Order***") or any amendments, modifications, or other orders related to the same.

2.    **Description of Cases and "As Of" Information Date**.  On March 10, 2020 (the "***Petition Date***"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.    The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.    No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

On March 11, 2020, the Bankruptcy Court entered the *Order Authorizing Joint Administration of Chapter 11 Cases* [Docket No. 86].    Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

The asset information provided herein represents the asset data of the Debtors as of the close of business on January 31, 2020, except as otherwise noted.    The liability information provided herein represents the liability data of the Debtors as of the Petition Date, except as otherwise noted.

3.    **Net Book Value of Assets**.    Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date.    The book values of certain assets may materially differ from their fair market values.    For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value or to determine what a third party might be willing to pay in connection with any asset disposition.

For financial reporting purposes, Foresight prepares consolidated financial statements.  These consolidated financial statements are filed with the Securities and Exchange Commission (the "***SEC***") and are audited annually.    Unlike the consolidated financial statements, these Schedules and Statements, except as indicated herein, reflect the assets and liabilities of each Debtor, including intercompany accounts which would be eliminated in Foresight's consolidated financial statements.    Accordingly, combining the assets and claims set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information for Foresight and its respective consolidated subsidiaries that would be prepared under GAAP.    Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile to the financial statements filed by Foresight Peak with the SEC.

Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets.    Additionally, because the book values of assets may materially differ from their fair market values, some assets are listed as undetermined amounts as of January 31, 2020. Furthermore, assets that have been fully depreciated or

3

fully amortized, or were expensed for GAAP accounting purposes, have no net book value and are, therefore, not included in the Schedules and Statements

4.    **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make certain estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities, and the reported amounts of revenues and expenses.  Actual results could differ materially from these estimates.

5.    **Recharacterization**.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate

6.    **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect a complete analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

7.    **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, tax accruals, asset retirement obligations, and assets with a net book value of zero.  For confidentiality reasons, the Debtors have not listed individual customer accounts receivable information.  Total accounts receivable information for each Debtor has been listed as of January 31, 2020.  In addition, certain immaterial assets and liabilities may have been excluded.

8.    **Insiders**. Persons listed as "insiders" have been included for informational purposes only and including them in the Schedules and Statements shall not constitute an admission by the Debtors that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or

she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

9.  **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.  **Umbrella Agreements**.   Certain contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements of the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

11.  **Guarantees**.  The Debtors have made reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "***Guarantees***") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party.  Where Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees.  The Debtors have placed the Guarantees on Schedule H for both the primary obligor and the guarantor of the relevant obligation.  It is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted.  The Debtors reserve their rights to amend the Schedules to the extent additional Guarantees are identified or such Guarantees are discovered to have expired or be unenforceable. Additionally, failure to list any Guarantees in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guarantees not listed.

12.  **Duplication**.   Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

13.  **Claims Description**.  Schedules D and E/F permit each of the Debtors to designate a claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or

classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated."

14. **Causes of Action**. Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "***Causes of Action***") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

15. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

- <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

- <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- <u>Paid Claims</u>. The Debtors were authorized to pay certain outstanding prepetition claims pursuant to various orders entered by the Bankruptcy Court. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

- <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17. **Intercompany Payables and Receivables**. The Debtors routinely engage in intercompany transactions with other Debtor and affiliates. Intercompany receivable

account balances are shown in Schedule A/B and intercompany liabilities are shown in Schedule E/F.

- As described more fully in the *Motion Re: Entry of Interim and Final Orders (A) Authorizing Continued Use of the Debtors' Existing Cash Management System; (B) Authorizing Use of Existing Bank Accounts and Business Forms; (C) Granting a Limited Waiver of Requirements of Section 345(b) of the Bankruptcy Code; (D) Authorizing Continuation of Ordinary Course Intercompany Transactions; (E) Granting Administrative Expense Priority Status to Postpetition Intercompany Claims; and (F) Granting Related Relief* [Docket No. 4] (the "**Cash Management Motion**"), the Debtors use a centralized cash management system to streamline collection, transfer, and disbursement of funds generated by the Debtors' business operations. Certain receivables are collected by Debtor subsidiaries of Foresight and sent to a concentration account held by Debtor Foresight Energy, LLC. The concentration funds certain other Debtor bank accounts where Payables are paid on behalf of the Debtors in the ordinary course of business. The Debtors record in their books and records any receipts and/or disbursements made on behalf of Debtors as intercompany balances.

  The listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors reserve all rights to recharacterize, reprioritize, reclassify, recategorize or redesignate intercompany accounts reported in the Schedules and Statements.

18. **Inventories, Property and Equipment**. Inventories consist of materials and supplies and coal inventory. These inventories are valued at the lower of cost or market. Coal inventory costs include labor, supplies, equipment depreciation, depletion of mineral reserves, operating overhead and transportation costs incurred prior to the transfer of title to customers. Property, plant, equipment and mine development are recorded at cost or at fair value at the date of acquisition in the case of acquired businesses. Property, plant, and equipment are aggregated in the Debtors' books and records and cannot be segregated easily into the categories required by the Schedules and Statements. All inventories, as well as all property and equipment, are presented without consideration of any statutory or consensual liens.

19. **Mineral Right, Land and Land Rights**. The Debtors control an estimated 2.1 billion tons of proven and probable coal reserves located in the Illinois Basin. The aggregate book value of owned and leased coal reserves is $1.3 billion as of January 31, 2020. The Debtors have not analyzed the current market value of their owned or leased coal reserves. Except where otherwise noted, the Debtors have reported the book value of all owned pieces of real property, including leased coal reserves, in Schedule A/B. Certain unexpired coal reserve leases of the Debtors as of the Petition Date that may constitute executory contracts or unexpired leases within the meaning of section 365 of the Bankruptcy Code are also included in Schedule G, and to the extent that there was an amount outstanding under a coal reserve lease, such as royalties payable, as of the Petition Date, the amount owed to the lessor of the coal reserves has been listed on Schedule E/F.

7

20. **Other Leases**. The Debtors lease equipment and facilities under various capital and operating lease agreements. These equipment and facilities leases are reported on Schedule G of each applicable Debtor, and to the extent that there was an amount outstanding under any of these leases as of the Petition Date, the amount owed to the applicable lessor has been listed on Schedule E/F of each applicable Debtor.

21. **Effect of "First Day" Orders**. The Bankruptcy Court has authorized the Debtors to pay various outstanding prepetition claims including certain payments to employees, critical vendors, lien holders and taxing authorities. Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amount of such claims, such scheduled amounts reflect amounts owed as of the Petition Date, adjusted for any postpetition payments made as of March 29, 2020 on account of such claims pursuant to the authority granted to the Debtors by the Bankruptcy Court. To the extent any further adjustments are necessary for any additional postpetition payments made after March 29, 2020 on account of such claims pursuant to the authority granted to the Debtors by the Bankruptcy Court, such adjustments have not been included in the Schedules and Statements unless otherwise noted on the applicable Schedule or Statement. Estimates of claims set forth in the Schedules and Statements may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

22. **Setoffs**. The Debtors periodically incur certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, pricing discrepancies, returns, warranties, refunds, negotiations and/or disputes between Debtors and their customers regarding regulatory or governmental impositions costs incurred by Debtors, and other disputes between the Debtors and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

23. **Confidentiality**. There are instances within the Schedules and Statements where names, addresses or amounts have been left blank. Due to the nature of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of an individual, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts.

24. **Global Notes Control**. In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

**Schedules Summary**. Except as otherwise noted, the asset information provided herein represents the asset data of the Debtors as of January 31, 2020, and liability information provided herein represents the liability data of the Debtors as of the Petition Date.

For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

As part of their financial statement due diligence process, the Debtors, from time to time, analyze the book values of their assets to determine, with respect to any of their assets, whether all or part of an asset value would be impaired in accordance with GAAP. The Debtors have recently experienced significant write-offs of book values of certain assets, sometimes reducing book values of such assets to zero, due to the declining coal market in which the Debtors operate. Where book values of assets have been reduced to zero, such assets have not been included in the Schedules.

**Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments**. Details with respect to the Debtors' cash management system and bank accounts are provided in the Debtors' Cash Management Motion and the final order of the Bankruptcy Court granting the Cash Management Motion [Docket No. 4].

**Schedule A/B, Part 9 – Real Property**. For those Debtors that own real property, such owned real estate is reported, except where otherwise noted, at book value. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. Buildings and land improvements are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or land improvement is connected is Debtor-owned property. The Debtors reserve all of their rights to recategorize and/or recharacterize such assets holdings to the extent the Debtors determine that such holdings were improperly listed.

**Schedule A/B, Part 11 – All Other Assets**. Dollar amounts are presented net of impairments and other adjustments.

In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, credits, rebates, or refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which such Debtor has asserted, or may assert,

claims as a plaintiff or counter-claims and/or cross-claims as defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11.

**Schedule D – Creditors Who Have Claims Secured by Property**. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve their right to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including any intercompany agreement) related to such creditor's claim. In certain circumstances, a Debtor may be a co-obligor or guarantor with respect to the scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in Schedule D and/or the Global Notes shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights, claims and causes of action with respect to claims associated with any contracts and agreements listed on Schedule D or Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument (including any intercompany agreement) related to a creditor's claim. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

The Debtors have not included on Schedule D parties that may believe such claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

As of the Petition Date, Debtor Foresight Energy LLC was the borrower, and certain of the other Debtors were the guarantors, for a first lien secured revolving credit and a first lien secured term loan (shown on Schedule D).

Debtors Foresight Energy LLC and Foresight Energy Finance Corporation were co-issuers for the second lien bond indentures (shown on Schedule F). In total, first and second lien facilities, totaled approximately $1.4 billion outstanding as of the Petition Date.

Foresight has requested postpetition financing pursuant to the *Cash Collateral Motion (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the*

*Automatic Stay; and (IV) Scheduling Final Hearing; and (VI) Granting Related Relief* [Docket No. 29] (Interim and Final Orders are pending) consisting of a loan facility in the aggregate principal amount of approximately $175 million, including the prepetition $75 million in loan rollup of the first lien revolving credit facility (the "***DIP Facility***").  All of the other Debtors guarantee Foresight's obligations under the DIP Facility.

The claim amount listed for both secured and unsecured notes in Schedule D, and in Schedule E/F, includes principal and interest as of the Petition Date.

**Schedule E/F, Part 1 – Creditors With Priority Unsecured Claims**.  Pursuant to the *Final Order (A) Authorizing the Payment of Prepetition Taxes and Fees and (B) Granting Related Relief* [Docket No. 246] (the "***Final Taxes Order***"), the Debtors have been granted the authority to pay certain tax liabilities that accrued prepetition.  Accordingly, any priority unsecured claim based upon prepetition tax accruals that have been paid pursuant to the Final Taxes Order are not listed on Schedule E/F.  Certain of the tax claims may be subject to on-going audits, and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the tax claims listed on Schedule E/F.  Therefore, the Debtors have listed all such claims as undetermined in amount, pending final resolution of on-going audits or outstanding issues.

The Debtors believe that all of the employee claims entitled to priority under the Bankruptcy Code were or will be paid pursuant to the *Interim Order (A) Authorizing the Debtors to Pay Prepetition Wages and Workforce Obligations, (B)Authorizing Debtors to Maintain Workforce Programs and Pay Related Obligations, and (C) Granting Related Relief* [Docket No. 88].   Accordingly, no employee-related claims by and against the Debtors for prepetition amounts due have been included in Schedule E/F.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

**Schedule E/F, Part 2 – Creditors With Non-Priority Unsecured Claims**.  The Debtors have made reasonable efforts to report all general unsecured claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records.  The claims of individual creditors for among other things, products, goods, or services are listed as either the lower of the amounts invoiced by the creditor or the amounts entered on the Debtors' books and records, and may not reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all rights with respect to any such credits and allowances including the right to assert claims objections and/or setoffs.  The claims listed on Schedule E/F, Part 2, arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact.  While commercially reasonable efforts  have  been made, determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for every claim listed on Schedule E/F.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.

11

In addition, Schedule E/F, Part 2, does not include all claims that may arise in connection with the rejection of any executory contracts and unexpired leases that may be or have been rejected.

Schedule E/F, Part 2, does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they are reflected on the Debtors' books and records as required in accordance with GAAP.

Schedule E/F contains information regarding pending litigation involving the Debtors. In certain instances, the Debtor that is subject of the litigation is uncertain or undetermined. Where the named defendant is "Foresight" plus "et al.," the Debtors have listed such claim on Schedule E/F of Foresight. However, to the extent that litigation involving a particular Debtor has been identified, information regarding that litigation is contained in Schedule E/F for that Debtor. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

**Schedule G – Executory Contracts and Unexpired Leases**. The businesses of the Debtors are complex. Although the Debtors' existing books, records, financial systems, and contracts management systems have been relied upon to identify and schedule executory contracts for each of the Debtors and reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or overinclusion may have occurred. The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule, as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels, certificates, letters, memoranda and other documents, instruments and agreements that may not be listed on Schedule G, despite the Debtors' use of reasonable efforts to identify such documents. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not separately set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

The Debtors have included only contracts and agreements to which a Debtor is a party. Schedule G does not include contracts or agreements in which payments to third parties were made on any of the Debtors' behalf for administrative convenience or as a result of the Debtors' cash management system. The Debtors have included certain interests in real property such as easements, rights of way, and other similar interests on Schedule G. The listing of such real property interests on Schedule G as "executory" does not constitute an admission by a Debtor that any such contract is executory. The Debtors reserve all rights to recategorize and/or recharacterize their interests in such real property at a later date, as necessary. Although not required, because leased coal reserves represent such a significant asset of the Debtors, the Debtors have also included the book value of

leased coal reserves in Schedule A/B. The Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing. The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained in every circumstance. In such cases, the Debtors made their best efforts to determine the correct Debtors' Schedule G on which to list such executory contract or unexpired lease. Certain of the executory contracts may not have been memorialized and could be subject to dispute. Each unexpired lease listed in Schedule G may include one or more ancillary documents, including but not limited to any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Executory contracts that are oral in nature, if any, have not been included on Schedule G. Schedule G does not constitute an admission that any such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument.

**Schedule H – Co-Debtors**. In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross claims and counter-claims against other parties. Due to the volume of such claims, and because all such claims are contingent, unliquidated, and disputed, and listed elsewhere in the Schedules and Statements, such claims have not been set forth individually on Schedule H.

Schedule H reflects Guarantees, if any, by various Debtors of obligations of related affiliates. The Debtors may not have identified certain Guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Certain of the Guarantees reflected on Schedule H, if any, may have expired or no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional Guarantees are identified or such Guarantees are discovered to have expired or are unenforceable, or to contest the validity or enforceability of the Guarantees in another filing.

**Claims of Third-Party Related Entities**. Although the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to both such entity and its affiliates. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such

13

creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' STATEMENTS

**Statements Summary**. As part of their financial statement due diligence process, the Debtors, from time to time, analyze the book values of their assets to determine, with respect to any of their assets, whether all or part of an asset value would be impaired in accordance with GAAP. The Debtors have recently experienced significant write-offs of book values of certain assets, sometimes reducing book values of such assets to zero, due to the declining coal market in which the Debtors operate. Where book values of assets have been reduced to zero, such assets have not been included in these Statements.

**Statements, Part 1, Question 1 – Gross Revenue From Business**. The amount shown for year-to date 2020 is for the period January 1, 2020 to February 29, 2020. Revenue from business for 2019 and 2018 is for the period of January 1 to December 31 of each year.

**Statements, Part 1, Question 2 – Non-Business Revenue**. The Debtors record a non-material amount of certain transactions as other income in their financial records. Such transactions have been included in the response to Statements, Part 1, Question 2. These transactions are not directly related to the sale of coal at the Debtors' mines, but are related to transloading fees, lease income from affiliates, and royalty income from affiliates.

The amount shown for year-to-date 2020 includes non-business revenue for the period of January 1, 2020 to February 29, 2020. Non-business revenue for 2019 and 2018 is for the period of January 1 to December 31 of each year.

**Statements, Part 2, Question 3 – Payments and Transfers to Certain Creditors Within 90 Days**. The dates set forth in the "Dates" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the check date. In general, disbursements are made through Foresight bank accounts and recorded to the proper entity with the liability through intercompany journal entries. For the purpose of this schedule, all of these payments are shown at the proper Debtor unless otherwise noted in the response of a particular Debtor's Statements, Part 2, Question 3. In addition to the payments disclosed in response to this Question, the Debtors periodically replenish "petty cash" working accounts held locally by some entities. Disbursements from these working accounts, held by various Debtors, to third party payees are included in this Question but the intercompany replenishment transactions are not. Payments to the Debtors' insiders, bankruptcy professionals, and intercompany transactions are not included in this Statements, Part 2, Question 3.

Additionally, creditors with aggregate 90-day payments below $6,825 are not included in Part 2, Question 3 (11 U.S.C. § 547(c)(9).).

**Statements, Part 2, Question 4 – Payments to Insiders**. For a discussion of insiders of the Debtors, refer to paragraph 8 of these Global Notes.

The Debtors are party to a Management Services Agreement with Murray American Coal, Inc., ("**Murray**") under which Murray provides the Debtors with a broad array of management and selling and general administrative services. The Debtors pay a flat quarterly fee in exchange for these services. As a result, the employees who would normally be considered as insiders are employed and paid by Murray. The Debtors have no insider employees. The Debtors did make payments to the members of their Board of Directors during the one-year period which are included in this Statements, Part 2, Question 4.

In addition to payments made to the Debtors' Board of Directors, the Debtors made payments to affiliated companies that have either direct or indirect ownership in certain of the Debtors. These affiliated companies fall into two groups, Murray and Foresight Reserves LP (the "**Cline Group**"). Payments made to the Murray and to the Cline Group controlled companies during the one-year period are included in this Statements, Part 2, Question 4.

The payments to "insiders" listed in Statements, Part 2, Question 4 were made by certain Debtors. These payments were not allocated among the subsidiary Debtors, so the list of total payments to each insider is shown for all Debtors.

**Statements, Part 2, Question 5 – Repossessions, Foreclosures and Returns**.  The Debtors routinely return damaged, unsatisfactory or out-of-specification raw materials and other goods to vendors in the ordinary course of business.  These ordinary course returns have not been listed in this Statements, Part 2, Question 5.

**Statements, Part 2, Question 6 – Setoffs**.  For a discussion of setoffs incurred by the Debtors, refer to paragraph 22 of these Global Notes.

**Statements, Part 3 – Legal Actions or Assignments**.  There may be pending litigation matters that are believed to have potential recoveries.  The actual amount of these litigation matters is contingent on the outcome of the cases.  The Debtors routinely participate in administrative actions and appeals with state agencies regarding permits in the ordinary course of their business and they have identified those administrative actions that were pending within one year of the Petition Date.

**Statements, Part 5 – Certain Losses**.  Any claims for losses that do not exceed the various deductible amounts for certain casualty insurance policies maintained by the Debtors have been excluded from Statements, Part 5.

**Statements Part 6 – Certain Payments or Transfers**.  The Debtors make *de minimis* sales to third parties for such items including, but not limited to, scrap steel, obsolete parts and supplies, and surplus inventory and equipment.  These de minimis sales are not included in this Statements, Part 6.

**Statements, Part 10 – Off-Premises Storage**.  The Debtors routinely store parts and supplies inventory as well as parts that are in the process of being repaired on the premises of third-party vendors.  Due to insufficient records some of these parts and supplies may not be included in Statements, Part 10.

15

**Statements, Part 11 – Property Held for Another**.  The Debtors withhold or retain certain funds from employees for payment to certain governmental authorities.  These funds are held in trust for turnover to the applicable governmental authority.  Given that the Debtors do not retain control of such funds and such funds are not considered property of the Debtors' estates, amounts of such funds have not been listed under Statements, Part 11.

In the ordinary course of business, Foresight enters into consignment agreements (the "**Consignment Agreements**") on behalf of certain of the Debtors with some of their vendors.  Under the Consignment Agreements, the Debtors take possession but not title to various materials and supplies, including parts and components of various mining and mining-related equipment (the "**Consigned Assets**").  Title to the Consigned Assets does not transfer to the Debtors, and the Debtors are not obligated to pay for the Consigned Assets until the Consigned Assets are placed in service.  Consigned Assets have been listed in Statements, Part 11.

**Statements, Part 12, Questions 22-24 – Details About Environmental Information**.  The Debtors historically have operated over a substantial period of time in several locations across Illinois and Ohio.  At some locations, the Debtors no longer have any active operations and may no longer have relevant records or the records may no longer be complete or reasonably accessible or reviewable.  In some cases, statutory document retention periods have passed.  Further, some individuals who once possessed responsive information are no longer employed by the Debtors.  For all these reasons, it may not be possible to identify and supply the requested information that is responsive to Statements, Part 12, Questions 22-24.  The Debtors have devoted substantial internal and external resources to identifying and providing the requested information that is responsive for as many sites and proceedings as reasonably possible.

This response does not include sites or proceedings related to non-environmental laws such as occupational safety and health laws or transportation laws.  The Debtors are legally required to make routine reports and submissions to regulatory agencies concerning discharges resulting from normal operations consistent with regulatory requirements, such as discharge monitoring reports, toxic release inventory submissions and submissions concerning air emissions.  This response in this Statement is limited to identifying circumstances in which governmental agencies have alleged in writing that particular operations of the Debtors are in violation of environmental laws and proceedings that have resulted from alleged violations of environmental laws.

**Statements Part 13, Question 26 – Books, Records and Financial Statements**.  Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, Foresight and its subsidiaries have filed with the SEC reports on Form 8-K, Form 10-Q, and Form 10-K.  These SEC filings contain consolidated financial information.  Because the SEC filings are of public record, Foresight does not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or Foresight.  In addition, Foresight provides certain parties, such as banks, auditors, potential investors, vendors and financial advisors financial statements that may not be part of a public filing.  Foresight does not maintain complete lists to track such disclosures.  As such, Foresight has not provided lists of these parties in response to Statements Part 13, Question 26c and Question 26d.

**Statements Part 13, Question 27 – Inventories**.  The Debtors' policy concerning the counts of parts and supplies inventory does not include regular periodic counts of the entire inventory, and the last complete count of the entire inventory occurred in December 2019.  Instead, cycle counts of portions of inventory are continuously taken.  Thus, information concerning parts and supplies inventory counts are not included in the response to Statements Part 13, Question 27.

**Statements Part 13, Question 30 – Payments, Distributions or Withdrawals to Insiders**.  The response to Statements Part 13, Question 30 incorporates by reference items listed in the response to Statements Part 2, Question 4.

**Fill in this information to identify the case:**

Debtor name  **Foresight Energy Labor LLC**

United States Bankruptcy Court for the:  EASTERN DISTRICT OF MISSOURI

Case number (if known)  **20-41337**

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    04/19

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:    Income**

1.  **Gross revenue from business**

   ■ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|

2.  **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5.  **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

Debtor  **Foresight Energy Labor LLC**    Case number *(if known)* 20-41337

---

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

---

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title / Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Andrea Bruington v. Foresight Energy LP, et al.; Charges 440-2017-05433, 440-2017-05431, 440-2017-05429, 440-2017-05379, 440-2017-05378 | Discrimination | Equal Employment Opportunity Commission 33 Whitehall St New York, NY 10004 | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| 7.2. | Arleen Meracle v. Foresight Energy LP, et al.; Charges 440-2017-04875, 440-2017-04873, 440-2017-04878, 440-2017-04852, 440-2017-04848, 440-2017-04845, 440-2017-04847, 440-2017-04337 | Discrimination | Equal Employment Opportunity Commission 33 Whitehall St New York, NY 10004 | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| 7.3. | Carrie Cox v. Foresight Energy LP, et al.; Charges 440-2018-03779, 440-2018-03781, 440-2018-03767, 440-2018-03770, 440-2018-03778, 440-2018-03775 | Discrimination | Equal Employment Opportunity Commission 33 Whitehall St New York, NY 10004 | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| 7.4. | Karen Jones v. Foresight Energy LP eta l., No: Charges 440-2018-03647; 440-2018-03827; 440-2018-03829; 440-2018-03831; 440-2018-03834; 440-2018-03835 | Discrimination | Equal Employment Opportunity Commission 33 Whitehall St New York, NY 10004 | ☐ Pending<br>☐ On appeal<br>■ Concluded |

---

Debtor    **Foresight Energy Labor LLC**                                    Case number *(if known)* **20-41337**

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.5.  **Karen Jones v. Foresight Energy LP eta l., No: Charges 440-2018-03647; 440-2018-03827; 440-2018-03829; 440-2018-03831; 440-2018-03834; 440-2018-03835** | Discrimination | **Equal Employment Opportunity Commission 33 Whitehall St New York, NY 10004** | ☐ Pending ☐ On appeal ■ Concluded |
| 7.6.  **Kenneth S. Grossman Pension Plan v. Foresight Energy LLC, et al.** | Summary judgement | **Supreme Court of the State of New York County of New York 60 Centre St New York, NY 10007** | ■ Pending ☐ On appeal ☐ Concluded |

**8.  Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

---

**Part 4:**    **Certain Gifts and Charitable Contributions**

**9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:**    **Certain Losses**

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss  If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:**    **Certain Payments or Transfers**

**11.  Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

**12.  Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

Debtor   **Foresight Energy Labor LLC**                                    Case number *(if known)*   **20-41337**

---

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor in 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

---

Debtor   **Foresight Energy Labor LLC**                                    Case number *(if known)*  20-41337

---

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|
| | | | |

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| | | | |

**Part 11:**   Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:**   Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

Debtor    **Foresight Energy Labor LLC**                                    Case number *(if known)*  20-41337

---

☐ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☐ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**Part 13:**  Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed | | |
|---|---|---|---|---|
| 25.1.  **Viking Mining LLC**<br>**211 North Broadway, Suite 2600**<br>**Saint Louis, MO 63102** | **Labor Company** | EIN:<br><br>From-To | **46-1264981**<br><br>**Beginning Date= 05/14/2012; Ending date= Present** | |
| 25.2.  **Patton Mining LLC**<br>**211 North Broadway, Suite 2600**<br>**Saint Louis, MO 63102** | **Labor Company. Unrestricted Entity** | EIN:<br><br>From-To | **26-4027251**<br><br>**Beginning Date= 01/09/2009; Ending date= Present** | |
| 25.3.  **M-Class Mining LLC**<br>**211 North Broadway, Suite 2600**<br>**Saint Louis, MO 63102** | **Labor Company** | EIN:<br><br>From-To | **26-0645272**<br><br>**Beginning Date= 07/13/2007; Ending date= Present** | |
| 25.4.  **MaRyan Mining LLC**<br>**211 North Broadway, Suite 2600**<br>**Saint Louis, MO 63102** | **Labor Company** | EIN:<br><br>From-To | **26-4027085**<br><br>**Beginning Date= 01/07/2009; Ending date= Present** | |
| 25.5.  **Mach Mining LLC**<br>**211 North Broadway, Suite 2600**<br>**Saint Louis, MO 63102** | **Labor Company** | EIN:<br><br>From-To | **73-1734826**<br><br>**Beginning Date= 04/26/2005; Ending date= Present** | |
| 25.6.  **Logan Mining LLC**<br>**211 North Broadway, Suite 2600**<br>**Saint Louis, MO 63102** | **Created for purposes of establishing a 3rd longwall at the Sugar Camp complex. Logan to represent the associated labor company.** | EIN:<br><br>From-To | **47-1762361**<br><br>**Beginning Date= 08/07/2014; Ending date= Present** | |

Debtor  **Foresight Energy Labor LLC**                                    Case number *(if known)* **20-41337**

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| 25.7. **LD Labor Company LLC**<br>**211 North Broadway, Suite 2600**<br>**Saint Louis, MO 63102** | **Labor Company** | EIN: **45-3848454**<br><br>From-To **Beginning Date= 11/18/2011;**<br>**Ending date= Present** |
| 25.8. **Coal Field Repair Services LLC**<br>**211 North Broadway, Suite 2600**<br>**Saint Louis, MO 63102** | **Labor Company** | EIN: **46-2249179**<br><br>From-To **Beginning Date= 03/07/2013;**<br>**Ending date= Present** |
| 25.9. **Coal Field Construction Company LLC**<br>**211 North Broadway, Suite 2600**<br>**Saint Louis, MO 63102** | **Oversees all mining ops/shared services** | EIN: **26-3795694**<br><br>From-To **Beginning Date= 12/02/2008;**<br>**Ending date= Present** |

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1. **Jeremy Harrison**<br>**211 N Broadway Ste. 2600**<br>**Saint Louis, MO 63102** | **3/10/2018 - 3/10/2020** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26b.1. **Ernst & Young**<br>**5 Times Square**<br>**New York, NY 10036** | **3/10/2018 - 3/10/2020** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Jeremy Harrison**<br>**211 N Broadway Ste. 2600**<br>**Saint Louis, MO 63102** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1. **See Global Notes** |

Debtor  **Foresight Energy Labor LLC**                                          Case number *(if known)*  **20-41337**

---

27. **Inventories**
   Have any inventories of the debtor's property been taken within 2 years before filing this case?

   ■ No
   ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Foresight Energy Employee** | Services Corporation 211 North Broadway, Suite 2600 Saint Louis, MO 63102 | **Parent Company** | **0.01%** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Foresight Energy LLC** | **211 North Broadway, Suite 2600 Saint Louis, MO 63102** | **Parent Company** | **99.99%** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Cody E. Nett** | **211 North Broadway, Suite 2600 Saint Louis, MO 63102** | **Corporate Secretary** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Jeremy J. Harrison** | **211 North Broadway, Suite 2600 Saint Louis, MO 63102** | **Chief Accounting Officer** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Robert D. Moore** | **211 North Broadway, Suite 2600 Saint Louis, MO 63102** | **President & Chief Executive Officer** | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

   ■ No
   ☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
   Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

   ■ No
   ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

   ■ No
   ☐ Yes. Identify below.

---

Debtor    **Foresight Energy Labor LLC**                                      Case number *(if known)*  **20-41337**

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|
| | |

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April 13, 2020**

**/s/ Robert D. Moore**                                        **Robert D. Moore**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **President & Chief Executive Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

**Fill in this information to identify the case:**

Debtor name     **Foresight Energy Labor LLC**

United States Bankruptcy Court for the:   EASTERN DISTRICT OF MISSOURI

Case number (if known)   **20-41337**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■   *Schedule H: Codebtors* (Official Form 206H)

■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule*

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April 13, 2020**          X **/s/ Robert D. Moore**
                                            Signature of individual signing on behalf of debtor

                                            **Robert D. Moore**
                                            Printed name

                                            **President & Chief Executive Officer**
                                            Position or relationship to debtor

Official Form 202               **Declaration Under Penalty of Perjury for Non-Individual Debtors**