# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.:  177 (re 30) |

## ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), establishing bar dates for filing proofs of claim and approving the form and manner of notice thereof, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1]   Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

and any and all objections having been resolved or overruled; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. As used herein, (a) the term "claim" has the meaning given to such term in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to such term in section 101(15) of the Bankruptcy Code and (c) the term "governmental unit" has the meaning given to such term in section 101(27) of the Bankruptcy Code.

3. The forms of the Bar Date Notice, the Proof of Claim Form and the Publication Notice attached hereto as **Exhibit A**, **Exhibit B** and **Exhibit C**, respectively, and the manner of providing notice of the Bar Dates proposed in the Motion are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7), 2002(l), and 2002(p).  The form and manner of notice of the Bar Dates approved herein are (a) reasonable and adequate and (b) fulfill the notice requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  As such, the Debtors are authorized to direct their claims and noticing agent Prime Clerk, LLC ("Prime Clerk"), to prepare and serve the Bar Date Notice Package in the manner described below and publish the Publication Notice as described in paragraph 19 below.

4. Except as otherwise provided in this Order, all entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim against a Debtor that arose or is deemed to have arisen prior to the Petition Date must file a proof of claim in writing in accordance with the procedures described herein so that such proof of claim is actually received by the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri (the "Clerk of the Court") or by Prime Clerk **on or before 11:59 p.m., prevailing Central Time on May 26, 2020** (the "General Bar Date").

2

5.      Except as otherwise provided in this Order, the General Bar Date applies to all types of claims against the Debtors that arose or are otherwise deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, claims under section 503(b)(9) of the Bankruptcy Code, and unsecured nonpriority claims.

6.      The filing of a proof of claim form is deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code, so long as such 503(b)(9) claim (and any amendments thereto) is asserted using the Proof of Claim Form attached hereto as **Exhibit B**; *provided, however*, that 503(b)(9) claims may be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code.  All other administrative claims under section 503(b) of the Bankruptcy Code, other than Rejection Damages Claims (as defined below), must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by a proof of claim.

7.      No later than two (2) business days after the Debtors file their Schedules (the "Service Deadline"), the Debtors will serve, through Prime Clerk, the Bar Date Notice and a Proof of Claim Form upon all creditors that have been identified as of the filing date of such Schedules.  Prime Clerk shall, using the Court's ECF System as instructed by the Clerk of the Court, electronically file with the Court all proofs of claim that Prime Clerk has received or will receive in these cases.  Upon receipt of a proof of claim or a transfer of claim, Prime Clerk shall stamp the receipt date and time on the document before filing it with the Court.  The Clerk of the Court need not physically transfer to Prime Clerk any claim that she receives electronically.

8.      Subject to terms described in this Order for holders of claims subject to the Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date, the following entities must file a proof of claim on or before the General Bar Date:

3

a.  any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, disputed or unliquidated and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

b.  any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor, and that desires to have its claim allowed in a classification or amount or against a Debtor other than that identified in the Schedules.

9.  The following procedures for the filing of proofs of claim shall apply:

a.  proofs of claim asserting administrative priority under section 503(b)(9) of the Bankruptcy Code must be on the Proof of Claim Form attached hereto as **Exhibit B**, provided all other proofs of claim must either be on such Proof of Claim Form or otherwise conform substantially to Official Form B 410;

b.  proofs of claim must be (a) filed through the CM/ECF system on the Court's website at https://www.moeb.uscourts.gov/electronic-filing; (b) filed electronically using the Electronic Proof of Claim (ePOC) Program on the Court's web site at https://www.moeb.uscourts.gov/epoc-electronic-proof-claim-filing; (c) sent by first-class mail or overnight courier to Clerk of the Bankruptcy Court, Eastern District of Missouri, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (d) sent by first-class mail, overnight courier, or hand-delivery to Foresight Energy LP Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.  **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**;

c.  proofs of claims will be deemed filed only when underlying actually received by Prime Clerk or the Clerk of the Court per the instructions set forth in the foregoing subparagraph on or before the applicable Bar Date. If a creditor wishes to receive acknowledgement of Prime Clerk's or the Clerk of the Court's receipt of a proof of claim, the creditor also must submit to Prime Clerk or the Clerk of the Court, as appropriate, by the applicable Bar Date and concurrently with its original proof of claim (i) a copy of the original proof of claim and (ii) a self-addressed, postage prepaid return envelope.  Subject to any order of this Court to the contrary, filed Proofs of Claim will be processed on the Court's claims register and then posted on Prime Clerk's

4

website, https://cases.primeclerk.com/foresightenergy, within forty eight (48) hours of receipt.[2]

d.    proofs of claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant (electronic signature is acceptable), (ii) include any documents upon which the claim is based (or, if such documents are voluminous, a summary) or an explanation as to why the documents are not available, (iii) be written in the English language and (iv) be denominated in United States currency. Notwithstanding the foregoing or anything contained in the Exhibits hereto to the contrary: (y) contingent and unliquidated claims or protective Proofs of Claim do not need to include a Claim amount; (z) subsection (ii) above does not apply to Proofs of Claim filed by the United States, the State of Illinois or other State environmental protection agencies; and

e.    all Claimants asserting a Claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which such Claim is asserted and the case number for that particular Debtor. If any proof of claim does not clearly specify the name of the Debtor against which the claim is asserted (including listing multiple Debtors), that proof of claim shall be administered as though it was filed against Foresight Energy LP (Case No. 20-41308-659), unless a single different case number is clearly specified. Notwithstanding the foregoing, the failure of any entity to file its proof of claim against the correct Debtor shall not constitute cause to expunge the proof of claim. Rather, the Debtors may seek to reclassify the proof of claim so that the claim is asserted against the proper Debtor upon notice to the affected claimant.

f.    The United States, the State of Illinois or other State environmental protection agencies shall provide supporting documentation to the Debtors upon the Debtors' request. Solely as an accommodation to the United States on behalf of the United States Environmental Protection Agency, Department of Agriculture, Department of Interior, Department of Labor, Army Corps of Engineers, and any other federal governmental units (collectively the "United States"), the United States is permitted to file a single, consolidated Proof of Claim on account of each of its Claims, which Claim shall be deemed to be filed against all the Debtors (the "United States' Claim"); provided, however, that the United States' Claim shall meet the requirements of the Bankruptcy Code, the Bankruptcy

---

[2]    The Debtors cannot guarantee that Proofs of Claim submitted near the Bar Date will be posted prior to the Bar Date.

Rules, and any applicable order of the Court. The United States' Claim shall be deemed a valid Proof of Claim against each Debtor described in the United States' Claim and the United States shall not be required to file a Proof of Claim in the separate case of each such Debtor. The authorization for the United States to file a single, consolidated Proof of Claim is for procedural purposes only, intended for administrative convenience, and shall not be interpreted or construed to substantively affect any right, objection, Claim, or defense of any party in interest to the United States' Claim, including the amount, extent, validity, priority, perfection, or enforceability of any Claim or security interest asserted in the United States' Claim.

10.     The following entities, whose claims otherwise would be subject to the General Bar Date, shall <u>not</u> be required to file proofs of claim in these chapter 11 cases:

a.     any entity that already has filed a signed proof of claim against the applicable Debtor(s) with Prime Clerk or the Clerk of the Court in a form substantially similar to Official Form B 410;

b.     any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent" or "unliquidated"; (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.     any entity whose claim has previously been allowed by order of the Court;

d.     any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code in accordance with an order of the Court;

e.     any Debtor or non-Debtor subsidiary having a claim against another Debtor;

f.     any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.     a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commission, or benefits; *provided, however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment and/or retaliation;

6

h.       Holders of First Lien Claims; *provided*, however, that the administrative agents or collateral agent under the First Lien Credit Agreement, as applicable, may (but is not required to) file one master proof of claim by the General Bar Date with respect to all of the claims under the First Lien Credit Agreement;

i.       Holders of Second Lien Claims, on account of claims arising under the Second Lien Indenture; *provided*, however, that the Second Lien Indenture Trustee may (but is not required to) file one master proof of claim by the General Bar Date with respect to all of the Second Lien Claims;

j.       any individual holder of a claim for principal, interest or applicable fees or charges (a "Debt Claim") on account of any note, bond or debenture issued by the Debtors pursuant to an indenture (an "Indenture") or a credit agreement (a "Credit Agreement") with respect to such claim;

k.       any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an expense of administration incurred in the ordinary course; *provided, however*, that any entity asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must assert such claims by filing a request for payment or a proof of claim on the Proof of Claim Form on or prior to the General Bar Date;

l.       any entity holding a claim for which a separate deadline is fixed by the Court; and

m.      claims for fees and expenses of professionals (i) retained in these proceedings or (ii) compensated pursuant to the DIP Orders.

11.      Any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability corporation or partnership or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest, an "Interest"), need not file a proof of Interest on or before the General Bar Date; *provided*, *however*, that Interest Holders that wish to assert *claims* against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General

Bar Date, unless another exception contained in this Order applies.  The Debtors retain the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of Interest.

12.     Any governmental unit asserting a claim against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose or is deemed to have arisen prior to the Petition Date must file a proof of claim in writing in accordance with the procedures described herein so that such proof of claim is actually received by the Clerk of the Court or Prime Clerk **on or before 11:59 p.m., prevailing Central Time, on September 8, 2020** (the "<u>Governmental Bar Date</u>").

13.     Any entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases pursuant to an order of this Court or by operation of section 365(d)(4) of the Bankruptcy Code in the applicable Debtor's chapter 11 case, or claims otherwise related to such rejected agreements, including (a) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date and (b) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "<u>Rejection Damages Claims</u>") are required to file proofs of claim by the later of: (a) the General Bar Date and (b) 11:59 p.m., prevailing Central Time, on the date that is twenty-one (21) days following entry of the relevant order or deemed effective date of the rejection of such rejected contract or unexpired lease (the "<u>Rejection Bar Date</u>").  For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to the rejection of executory contacts or unexpired leases must be filed by the Rejection Bar Date.  Notices of rejection of executory contracts and/or unexpired leases, and any orders approving the rejection of executory contracts or unexpired leases entered after the date of entry of this Order, shall include, in bold, underlined print in the text thereof, a description of the applicable Rejection Bar Date and the requirement that administrative

claims under section 503(b) of the Bankruptcy Code shall be included with the Rejection Damages Claim and filed by the Rejection Bar Date.

14.     Each entity asserting a Rejection Damages Claim that includes an administrative claim component must file as part of its proof of claim a detailed supporting statement describing the nature and basis of any portion of the Rejection Damages Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement").   The filing of a proof of claim form with an attached Administrative Claim Supplement, if applicable, shall be deemed to satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein).   For the avoidance of doubt, any entity asserting a Rejection Damages Claim with an administrative claim component shall prepare its own Administrative Claim Supplement, and the Debtors will not provide a form of Administrative Claim Supplement.

15.     All administrative claims under section 503(b) of the Bankruptcy Code other than (a) claims under section 503(b)(9) of the Bankruptcy Code and (b) any portion of a Rejection Damages Claim asserting administrative priority, must be made by separate filed requests for payment filed with the Court in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim.   For the avoidance of doubt, as of the date of this Order, no deadline has been established for the filing of administrative claims other than (a) claims under Bankruptcy Code section 503(b)(9) and (b) any portion of a Rejection Damages Claim seeking administrative priority, which claims must be filed by the General Bar Date and the Rejection Bar Date, respectively.

16.     The Debtors shall retain the right, subject to the DIP Orders, to: (a) dispute, or assert offsets or defenses against any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any

9

scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.

17.     If the Debtors amend or supplement their Schedules after the service of the Bar Date Package, the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.  In particular, if a Debtor amends or supplements its Schedules to: (a) reduce the undisputed, noncontingent and liquidated amount of a claim; (b) change the amount, nature or classification of a claim against the Debtor in a manner adverse to the scheduled creditor; or (c) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the new or amended scheduled claim in accordance with the procedures described herein by the later of: (i) the General Bar Date and (ii) 11:59 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules (the "Amended Schedules Bar Date").  Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

18.     Pursuant to Bankruptcy Code sections 105(a) and 503(a) and Bankruptcy Rule 3003(c)(2), and except as otherwise ordered by the Court pursuant to the Bankruptcy Code, the Bankruptcy Rules, and/or applicable law, any entity that is required to file a proof of claim in these cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against a Debtor, but fails to properly do so by the applicable Bar Date, shall be estopped and enjoined from: (a) asserting any such claim against the Debtors or their estates or against any reorganized Debtor or successor in interest following the effective date of a Chapter 11 plan of reorganization in these cases, or property that (i) is in an amount that exceeds the

amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or classification than any such claim identified in the Schedules on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting on, or receiving distributions under, any chapter 11 plan in these chapter 11 cases in respect of an Unscheduled Claim; or (c) with respect to any administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the Debtors or their estates or property.

19.     The Debtors will publish the Bar Date Notice in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form attached hereto as **Exhibit C** (the "Publication Notice"), on one occasion in *The New York Times* and the *St. Louis Post-Dispatch* at least twenty-one (21) days before the General Bar Date, which publication is hereby approved and deemed to constitute good, adequate and sufficient publication notice, reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the Bar Date Notice.

20.     By the Service Deadline, the Debtors, through Prime Clerk or otherwise, shall serve the Bar Date Package, including a copy of the Bar Date Notice and the Proof of Claim Form substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, by first class mail, postage prepaid (or equivalent service), on:

    a.    the Office of the United States Trustee for the Eastern District of Missouri;

    b.    counsel to the Committee;

    c.    counsel to the Ad Hoc First Lien Group;

    d.    counsel to the Ad Hoc Crossover Group;

    e.    counsel to the Facilities Agent;

f.      counsel to the Term Agent;

g.      counsel to the Indenture Trustee;

h.      counsel to the DIP Agent;

i.      counsel to DIP Credit Parties;

j.      counsel to Murray Energy Corporation;

k.      counsel to Reserves

l.      counsel to Javelin

m.      counsel to Uniper Global Commodities UK Limited

n.      all banking or financial institutions that hold the Debtors' accounts;

o.      all creditors and other known holders of claims against the Debtors, including all entities to be listed in the Schedules as holding claims against the Debtors;

p.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Proposed Order;

q.      all entities that have filed proofs of claim in these chapter 11 cases as of the date of entry of the Proposed Order

r.      all parties to executory contracts and unexpired leases with the Debtors that have been identified as of the date of entry of the Proposed Order, including all parties to rejected executory contracts and unexpired leases as of the date of entry of the Proposed Order;

s.      all parties to pending litigation with the Debtors that have been identified as of the date of entry of the Proposed Order;

t.      the Internal Revenue Service for this District and all other taxing authorities for the jurisdictions in which the Debtors conducted business as of the Petition Date;

u.      all relevant state attorneys general;

v.      the Securities and Exchange Commission;

w.  all federal and state environmental protection agencies for the jurisdictions in which the Debtors held property on the Petition Date or conducted business on the Petition Date; and

x.  such additional persons and entities as deemed appropriate by the Debtors.

21.  As part of the Bar Date Package, the Debtors shall mail one or more Proof of Claim Forms (as appropriate) to the parties receiving the Bar Date Notice.  For holders of potential claims listed in the Schedules, the Proof of Claim Form mailed to such entities shall indicate how the Debtors have scheduled the creditor's claim in the Schedules, including (a) the identity of the Debtor against which the entity's claim is scheduled, (b) the amount of the scheduled claim, if any, (c) whether the scheduled claim is listed as disputed, contingent or unliquidated and (d) whether the scheduled claim is listed as a secured claim, an unsecured priority claim or an unsecured nonpriority claim.

22.  Except as otherwise provided in this Order, all entities asserting claims against more than one Debtor are required to file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which their claim is asserted.  If more than one Debtor is listed on the Proof of Claim Form, then the Debtors will treat such claim as filed only against the first listed Debtor. Any claim filed under the joint administration case number (Foresight Energy LP, Case No. 20-41308-659) or otherwise without identifying a Debtor by name or case number will be presumed to be filed only against Debtor Foresight Energy LP.

23.  The United States, the State of Illinois or other State environmental protection agencies shall provide supporting documentation to the Debtors upon the Debtors' request.  Solely as an accommodation to the United States on behalf of the United States Environmental Protection Agency, Department of Agriculture, Department of Interior, Department of Labor, Army Corps of Engineers, and any other federal governmental units (collectively the "United States"), the United States is permitted to file a single, consolidated Proof of Claim on account of each of its Claims, which Claim shall be deemed to be filed against all the Debtors (the "United States' Claim"); provided, however, that the United States' Claim shall meet the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any applicable order of the Court. The United States' Claim shall be deemed a valid Proof of Claim against each Debtor described in the United States' Claim and the United States shall not be required to file a Proof of

Claim in the separate case of each such Debtor. The authorization for the United States to file a single, consolidated Proof of Claim is for procedural purposes only, intended for administrative convenience, and shall not be interpreted or construed to substantively affect any right, objection, Claim, or defense of any party in interest to the United States' Claim, including the amount, extent, validity, priority, perfection, or enforceability of any Claim or security interest asserted in the United States' Claim.

24.    The requirements of Local Bankruptcy Rules 3001 and 3003 are hereby deemed satisfied.

25.    Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

26.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective upon its entry.

27.    No later than two (2) business days after the date of this order, the Debtors shall serve a copy of the Order on the Notice Parties and shall file a certificate of service no later than twenty-four (24) hours after service.

*Kathy A. Surratt - States*

KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED:  April 14, 2020
St. Louis, Missouri
jjh

14

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile: (314) 621-2239
Email: rengel@atllp.com
       jwillard@atllp.com
       kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email: pbasta@paulweiss.com
       aeaton@paulweiss.com
       awoolverton@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Form of Notice of Bar Date**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 30 |

### NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| Debtor's Name | Debtor's Case Number |
|---|---|
| Foresight Energy LP | 20-41308 |
| Foresight Energy GP LLC | 20-41309 |
| Foresight Energy LLC | 20-41312 |
| Foresight Energy Employee Services Corporation | 20-41316 |
| Foresight Energy Services LLC | 20-41319 |
| Foresight Receivables LLC | 20-41321 |
| Sugar Camp Energy, LLC | 20-41336 |
| Macoupin Energy LLC | 20-41331 |
| Williamson Energy, LLC | 20-41327 |
| Foresight Coal Sales LLC | 20-41323 |
| Tanner Energy LLC | 20-41317 |
| Sitran LLC | 20-41310 |
| Seneca Rebuild LLC | 20-41311 |
| Oeneus LLC | 20-41313 |
| Adena Resources, LLC | 20-41314 |
| Hillsboro Transport LLC | 20-41318 |
| American Century Transport LLC | 20-41322 |
| Akin Energy LLC | 20-41326 |
| American Century Mineral LLC | 20-41330 |
| Foresight Energy Finance Corporation | 20-41333 |
| Foresight Energy Labor LLC | 20-41337 |
| Viking Mining LLC | 20-41325 |
| M-Class Mining, LLC | 20-41335 |
| MaRyan Mining LLC | 20-41320 |
| Mach Mining, LLC | 20-41338 |
| Logan Mining LLC | 20-41325 |
| LD Labor Company LLC | 20-41324 |
| Coal Field Repair Services LLC | 20-41329 |

| Debtor's Name | Debtor's Case Number |
|---|---|
| Coal Field Construction Company LLC | 20-41334 |
| Hillsboro Energy LLC | 20-41328 |

On [•], 2020, the United States Bankruptcy Court for the Eastern District of Missouri (the "Court") entered an order (Docket No. __) (the "Bar Date Order")[1] establishing certain deadlines for the filing of Proofs of Claim in the chapter 11 cases of the above-listed debtors and debtors-in-possession (collectively, the "Debtors").

By the Bar Date Order, the Court established: (i) **May 26, 2020 at 11:59 p.m., prevailing Central Time** (the "General Bar Date"), as the general deadline for entities to file Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the date on which the Debtors filed their chapter 11 petitions, March 10, 2020 (the "Petition Date"); and (ii) **September 8, 2020 at 11:59 p.m., prevailing Central Time** (the "Governmental Bar Date"), as the general deadline for governmental units to file Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date. As described below, the Bar Date Order also establishes different bar dates for certain categories of claims.

For your convenience, enclosed with this Notice is a customized proof of claim form (the "Proof of Claim Form"), which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these chapter 11 cases (collectively, the "Schedules").

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States Trustee. As used in this Notice, the terms "person" and "governmental unit" have the meanings given to them in Bankruptcy Code sections 101(41) and 101(27), respectively.

As used in this Notice, the term "claim" means, as to or against any of the Debtors and in accordance with Bankruptcy Code section 101(5): (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## A.   THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim or requests for payment of certain administrative expenses in these cases (collectively, the "Bar Dates"):

        1.      The General Bar Date. Pursuant to the Bar Date Order, except as described

---

[1]   All capitalized term not defined herein shall have the meaning ascribed them in the Bar Date Order.

below, all entities holding claims (whether secured, unsecured, priority or unsecured priority, including section 503(b)(9) claims) against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim so that such proof of claim is actually received by the Clerk of the Bankruptcy Court for the Eastern District of Missouri (the "Clerk of the Court") or the Debtors' claims, noticing and balloting agent, Prime Clerk LLC ("Prime Clerk") **by May 26, 2020 at 11:59 p.m., prevailing Central Time**. *The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under Bankruptcy Code section 503(b)(9)) and unsecured nonpriority claims*.

2.    The Governmental Bar Date.  Pursuant to the Bar Date Order, except as described below, all governmental units holding claims against the Debtors that arose or are deemed to have arisen before the Petition Date are required to file Proofs of Claim so that such proof of claim is actually received by the Clerk of the Court or Prime Clerk **by September 8, 2020 at 11:59 p.m., prevailing Central Time**.

3.    The Rejection Bar Date.  Pursuant to the Bar Date Order, any entity asserting claims against the Debtors arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with Bankruptcy Code section 365 and pursuant to a court order or by operation of Bankruptcy Code section 365(d)(4), or claims otherwise related to such rejected agreements, including: (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date; and (ii) administrative claims under Bankruptcy Code section 503(b), (collectively, "Rejection Damages Claims") are required to file Proofs of Claim so that such proof of claim is actually received by the Clerk of the Court or Prime Clerk **by the later of: (x) the General Bar Date and (y) 11:59 p.m., prevailing Central Time, on the date that is twenty-one (21) days after the entry of the relevant order or deemed effective date of such rejection of executory contract(s) or unexpired lease(s).**  The later of these dates is referred to in this Notice as the "Rejection Bar Date."  *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to rejected executory contacts or unexpired leases must be filed by the Rejection Bar Date.*

4.    The Amended Schedules Bar Date.  Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, a Debtor amends or supplements its Schedules to: (i) reduce the undisputed, noncontingent and liquidated amount of a claim against the Debtor; (ii) change the nature or classification of a claim against the Debtor in a manner adverse to the scheduled creditor; or (iii) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the new or amended scheduled claim so that such proof of claim is actually received by the Clerk of the Court or Prime Clerk **by the later of: (x) the General Bar Date;**

3

**and (y) 11:59 p.m., prevailing Central Time, on the date that is thirty (30) days after notice of the applicable amendment or supplement to the Schedules is served on the claimant**.  The later of these dates is referred to in this Notice as the "<u>Amended Schedules Bar Date</u>."

**B.    WHO MUST FILE A PROOF OF CLAIM**

Unless one of the exceptions described in Section E below applies, if you have a claim that arose or is deemed to have arisen prior to the Petition Date, you **MUST** file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Except where the Governmental Bar Date, Rejection Bar Date, or the Amended Schedules Bar Date apply to establish a different deadline or one of the exceptions described in Section E below applies, the following entities must file proofs of claim on or before the General Bar Date:

a.    any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in any of them; and

b.    any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor other than that identified in the Schedules.

**C.    WHAT TO FILE**

The Debtors are enclosing a Proof of Claim Form for use in these cases, or you may use another proof of claim form that conforms substantially to the standard proof of claim form, Official Form B 410.  You will receive a different Proof of Claim Form for each claim scheduled in your name by the Debtors.  You may utilize the Proof of Claim Form(s) provided by the Debtors to file your claim.  Additional proof of claim forms may be obtained, free of charge, at the following websites:    https://cases.primeclerk.com/foresightenergy    or https://www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant (electronic signatures are acceptable).  The proof of claim form must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim form any documents upon which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Except as otherwise set forth in the Bar Date Order, all claimants asserting a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which such claim is asserted and the

4

case number for that particular Debtor. If any proof of claim does not clearly specify the name of the Debtor against which the claim is asserted (including listing multiple Debtors), that proof of claim shall be administered as though it was filed against Foresight Energy LP (Case No. 20-41308-659), unless a single different case number is clearly specified. Notwithstanding the foregoing, the failure of any entity to file its proof of claim against the correct Debtor shall not constitute cause to expunge the proof of claim. Rather, the Debtors may seek to reclassify the proof of claim so that the claim is asserted against the proper Debtor on notice to the affected claimant.

Any entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of any portion of the Rejection Damages Claim asserting an administrative priority under Bankruptcy Code section 503(b) (the "Administrative Claim Supplement"). For the avoidance of doubt, any entity asserting a Rejection Damages Claim with an administrative claim component shall prepare its own Administrative Claim Supplement, and the Debtors will not provide a form of Administrative Claim Supplement.

Under the Bar Date Order, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall be deemed to satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein). *All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with Bankruptcy Code section 503(a) and shall not be deemed proper if made by proof of claim.* No deadline has been established for the filing of administrative claims other than (a) claims under Bankruptcy Code section 503(b)(9) and (b) any portion of a Rejection Damages Claim seeking administrative priority, which claims must be filed by the General Bar Date and the Rejection Bar Date, respectively.

### D.    WHEN AND WHERE TO FILE

All Proofs of Claim must be (a) filed using the CM/ECF system on the Court's website at https://www.moeb.uscourts.gov/electronic-filing; (b) filed electronically using the Electronic Proof of Claim (ePOC) Program on the Court's website at https://www.moeb.uscourts.gov/epoc-electronic-proof-claim-filing; (c) sent by first-class mail or overnight courier to Clerk of the Bankruptcy Court, Eastern District of Missouri, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (d) sent by first-class mail, overnight courier, or hand-delivery to Foresight Energy LP Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. Proofs of claim must be actually received by 11:59 p.m, prevailing Central Time, **on or before the applicable Bar Date**.

Proofs of claim will be deemed filed only when **actually received** by the United States Bankruptcy Court for the Eastern District of Missouri or by the Foresight Claims Processing Center on or before the applicable Bar Date. **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**. Any facsimile or electronic mail submission will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the approved methods described above.

5

Proof of claim forms will be docketed and maintained by the Court with a duplicate claims register maintained by the Debtors' claims agent, Prime Clerk. If you wish to receive acknowledgement of the Court's or Prime Clerk's receipt of a proof of claim, you must submit to the Court or Prime Clerk by the applicable Bar Date and concurrently with your original proof of claim: (a) a copy of the original proof of claim; and (b) a self-addressed, postage prepaid return envelope. Filed Proofs of Claim will be posted on the Court's website, https://www.moeb.uscourts.gov, and Prime Clerk's website, https://cases.primeclerk.com/foresightenergy, as soon as is practicable after receipt.

### E.    WHO NEED NOT FILE A PROOF OF CLAIM

The Bar Date Order further provides that the following entities need <u>not</u> file Proofs of Claim:

a.  any entity that already has filed a signed proof of claim against the applicable Debtor(s) with Prime Clerk or the Clerk of the Court in a form substantially similar to Official Form B 410;

b.  any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent" or "unliquidated"; (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.  any entity whose claim has previously been allowed by order of the Court;

d.  any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code in accordance with an order of the Court;

e.  any Debtor or non-Debtor subsidiary having a claim against another Debtor;

f.  any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.  a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commission, or benefits; *provided*, *however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment and/or retaliation;

h.  Holders of First Lien Claims; *provided*, however, that the administrative agents or collateral agent under the First Lien Credit Agreement, as applicable, may (but is not required to) file one master proof of claim by the General Bar Date with respect to all of the claims under the First Lien Credit Agreement;

i.  Holders of Second Lien Claims, on account of claims arising under the Second Lien Indenture; *provided*, however, that the Second Lien Indenture Trustee may

6

(but is not required to) file one master proof of claim by the General Bar Date with respect to all of the Second Lien Claims;

j.  any individual holder of a claim for principal, interest or applicable fees or charges (a "Debt Claim") on account of any note, bond or debenture issued by the Debtors pursuant to an indenture (an "Indenture") or a credit agreement (a "Credit Agreement") with respect to such claim;

k.  any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an expense of administration incurred in the ordinary course; *provided*, *however*, that any entity asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must assert such claims by filing a request for payment or a proof of claim on the Proof of Claim Form on or prior to the General Bar Date;

l.  any entity holding a claim for which a separate deadline is fixed by the Court; and

m.  claims for fees and expenses of professionals (i) retained in these proceedings or (ii) compensated pursuant to the DIP Orders.

## F.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As described in Section A above, any entity wishing to assert a Rejection Damages Claim must file, by the Rejection Bar Date, a proof of claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement. As further described in Section C above, any entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, an Administrative Claim Supplement.

## G.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

EXCEPT AS OTHERWISE SET FORTH IN THE BAR DATE ORDER, ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST A DEBTOR BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE SHALL BE ESTOPPED AND ENJOINED FROM THE FOLLOWING: (I) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR AGAINST ANY REORGANIZED DEBTOR OR SUCCESSOR IN INTEREST FOLLOWING THE EFFECTIVE DATE OF A CHAPTER 11 PLAN OF REORGANIZATION IN THESE CASES, OR PROPERTY THAT (A) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (B) IS OF A DIFFERENT NATURE OR CLASSIFICATION THAN ANY SUCH CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM IN THIS SUBPARAGRAPH BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (II) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER

7

11 PLAN IN THESE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM; OR (III) WITH RESPECT TO ANY ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY.

### H.      THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form(s) regarding the nature, amount and status of your claim(s).  If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the information on the enclosed Proof of Claim Form may reflect the net remaining amount thereof.  If the Debtors believe that you may hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

### I.      RESERVATION OF RIGHTS

The Debtors reserve the right, subject to the DIP Orders, to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (ii) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (iii) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

### J.      ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, the Proof of Claim Form and other information and documents regarding the Debtors' chapter 11 cases are available for inspection and download free of charge on Prime Clerk's website at https://cases.primeclerk.com/foresightenergy.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:30 a.m. and 4:30 p.m., prevailing Central Time, Monday through Friday, at the U.S. Bankruptcy Court Eastern District of Missouri, Office of the Clerk of Court, 111 South 10th Street, Fourth Floor, St. Louis, MO 63102.

If you require additional information regarding the filing of a proof of claim, you may contact Prime Clerk at (844) 648-5574 (toll free in the U.S. and Canada) or (347) 505-5254 (international calls).  You also may contact Prime Clerk by writing to:

> Foresight Energy LP Claims Processing Center
> c/o Prime Clerk LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

BY ORDER OF THE COURT

## **Exhibit B**

**Proof of Claim Form**

**United States Bankruptcy Court, Eastern District of Missouri, Eastern Division**

### Fill in this information to identify the case (Select only one Debtor per claim form):

| | | |
|---|---|---|
| ❏ Foresight Energy LP (Case No. 20-____) | ❏ Foresight Coal Sales LLC (Case No. 20-____) | ❏ Foresight Energy Finance Corporation (Case No. 20-____) |
| ❏ Foresight Energy GP LLC (Case No. 20-____) | ❏ Tanner Energy LLC (Case No. 20-____) | ❏ Foresight Energy Labor LLC (Case No. 20-____) |
| ❏ Foresight Energy LLC (Case No. 20-____) | ❏ Sitran, LLC (Case No. 20-____) | ❏ Viking Mining LLC (Case No. 20-____) |
| ❏ Foresight Energy Employee Services Corporation (Case No. 20-____) | ❏ Seneca Rebuild LLC (Case No. 20-____) | ❏ M-Class Mining, LLC (Case No. 20-____) |
| ❏ Foresight Energy Services LLC (Case No. 20-____) | ❏ Oeneus LLC (Case No. 20-____) | ❏ MaRyan Mining LLC (Case No. 20-____) |
| ❏ Foresight Receivables LLC (Case No. 20-____) | ❏ Adena Resources, LLC (Case No. 20-____) | ❏ Mach Mining, LLC (Case No. 20-____) |
| ❏ Sugar Camp Energy, LLC (Case No. 20-____) | ❏ Hillsboro Transport, LLC (Case No. 20-____) | ❏ Logan Mining LLC (Case No. 20-____) |
| ❏ Macoupin Energy LLC (Case No. 20-____) | ❏ American Century Transport LLC (Case No. 20-____) | ❏ LD Labor Company LLC (Case No. 20-____) |
| ❏ Williamson Energy, LLC (Case No. 20-____) | ❏ Akin Energy LLC (Case No. 20-____) | ❏ Coal Field Repair Services LLC (Case No. 20-____) |
| | ❏ American Centry Mineral LLC (Case No. 20-____) | ❏ Coal Filred Construction Company LLC (Case No. 20-____) |
| | | ❏ Hillsboro Energy LLC (Case No. 20-____) |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | _____<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ❏ No<br>❏ Yes.  From whom? _____ |

| | | |
|---|---|---|
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br><br>_____<br>Number        Street<br><br>_____<br>City              State           ZIP Code |
| | Contact phone _____<br><br>Contact email _____ | Contact phone _____<br><br>Contact email _____ |

| | |
|---|---|
| 4. Does this claim amend one already filed? | ❏ No<br>❏ Yes.  Claim number on court claims registry (if known) _____        Filed on _____<br>                                                                                              MM  /  DD  /  YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ❏ No<br>❏ Yes.  Who made the earlier filing? _____ |

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

7. **How much is the claim?**
$_____. **Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**
☐ No
☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____
**Amount of the claim that is secured:**    $_____
**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**
☐ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**
☐ No
☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No |  |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
|  | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
|  | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
|  | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
|  | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
|  | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
|  | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $ _____ |
|  | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | |
|  | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $ _____ |

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐   I am the creditor.

☐   I am the creditor's attorney or authorized agent.

☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____ (mm/dd/yyyy)

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | _____ |
|---|---|
|  | First name            Middle name            Last name |
| Title | _____ |
| Company | _____ |
|  | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
|  | Number        Street |
|  | _____ |
|  | City                              State        ZIP Code |
| Contact phone | _____        Email _____ |

## Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                            12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may  view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://cases.primeclerk.com/foresightenergy
or the Court's website at https://www.pacer.gov and
https://www.ecf.moeb.uscourts.gov/cgibin/login.pl.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Foresight Energy LP Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

| **Do not file these instructions with your form** |
| --- |

## Exhibit C

**Form of Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.:  30 |

<u>**NOTICE OF DEADLIINES FOR FILING OF PROOFS OF CLAIM**</u>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On _____, 2020, the United States Bankruptcy Court for the Eastern District of Missouri (the "<u>Court</u>") entered an order (Docket No. __) (the "<u>Bar Date Order</u>") establishing certain deadlines for the filing of Proofs of Claim in the chapter 11 cases of Foresight Energy LP and certain of its direct and indirect subsidiaries listed below (collectively, the "<u>Debtors</u>"):

| Debtor's Name | Debtor's Case Number |
|---|---|
| Foresight Energy LP | 20-41308 |
| Foresight Energy GP LLC | 20-41309 |
| Foresight Energy LLC | 20-41312 |
| Foresight Energy Employee Services Corporation | 20-41316 |
| Foresight Energy Services LLC | 20-41319 |
| Foresight Receivables LLC | 20-41321 |
| Sugar Camp Energy, LLC | 20-41336 |
| Macoupin Energy LLC | 20-41331 |
| Williamson Energy, LLC | 20-41327 |
| Foresight Coal Sales LLC | 20-41323 |
| Tanner Energy LLC | 20-41317 |
| Sitran LLC | 20-41310 |
| Seneca Rebuild LLC | 20-41311 |
| Oeneus LLC | 20-41313 |
| Adena Resources, LLC | 20-41314 |
| Hillsboro Transport LLC | 20-41318 |
| American Century Transport LLC | 20-41322 |
| Akin Energy LLC | 20-41326 |
| American Century Mineral LLC | 20-41330 |
| Foresight Energy Finance Corporation | 20-41333 |
| Foresight Energy Labor LLC | 20-41337 |
| Viking Mining LLC | 20-41325 |
| M-Class Mining, LLC | 20-41335 |
| MaRyan Mining LLC | 20-41320 |
| Mach Mining, LLC | 20-41338 |

| Debtor's Name | Debtor's Case Number |
|---|---|
| Logan Mining LLC | 20-41325 |
| LD Labor Company LLC | 20-41324 |
| Coal Field Repair Services LLC | 20-41329 |
| Coal Field Construction Company LLC | 20-41334 |
| Hillsboro Energy LLC | 20-41328 |

**More information can be obtained, free of charge, from the website maintained by the Debtors' claims, noticing and balloting agent, Prime Clerk LLC ("Prime Clerk"), at https://cases.primeclerk.com/foresightenergy (the "Prime Clerk Website").**

By the Bar Date Order, the Court established: (i) **May 26, 2020 at 11:59 p.m., prevailing Central Time** (the "General Bar Date"), as the general deadline for entities to file Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the date on which the Debtors filed their chapter 11 petitions, March 10, 2020 (the "Petition Date"); and (ii) **September 8, 2020 at 11:59 p.m., prevailing Central Time** (the "Governmental Bar Date"), as the general deadline for governmental units to file Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date. As described below, the Bar Date Order also establishes different bar dates for certain categories of claims.

As used in this Notice, the terms "claim," "entity," "governmental unit," and "person" have the meanings given to them under applicable sections of title 11 of the United States Code (the "Bankruptcy Code").

### A.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim or requests for payment of certain administrative expenses in these cases (collectively, the "Bar Dates"):

1.    The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all entities holding claims (whether secured, unsecured, priority or unsecured priority, including section 503(b)(9) claims) against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases are required to file Proofs of Claim **by May 26**, **2020 at 11:59 p.m., prevailing Central Time.** *The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date.*

2.    The Governmental Bar Date.  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen before the Petition Date are required to file Proofs of Claim **by September 8, 2020 at 11:59 p.m., prevailing Central Time**.

3.    The Rejection Bar Date.  Pursuant to the Bar Date Order, any entity asserting any prepetition or postpetition claims against the Debtors (including

2

administrative claims under Bankruptcy Code section 503(b) arising from or relating to the rejection of executory contracts or unexpired leases pursuant to a court order or by operation of Bankruptcy Code section 365(d)(4) (collectively, "Rejection Damages Claims") are required to file Proofs of Claim **by the later of: (i) the General Bar Date; and (ii) 11:59 p.m., prevailing Central Time, on the date that is twenty-one (21) days after the entry of the relevant order or the deemed rejection date**.  The later of these dates is referred to in this Notice as the "Rejection Bar Date."

4.    The Amended Schedules Bar Date.  Pursuant to the Bar Date Order, if, subsequent to the date of  this Notice, a Debtor amends or  supplements its Schedules, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the new or amended scheduled claim **by the later of: (i) the General Bar Date; and (ii) 11:59 p.m., prevailing Central Time, on the date that is thirty (30) days after the date that notice of the applicable amendment or supplement to the Schedules is served on the claimant.**  The later of these dates is referred to in this Notice as the "Amended Schedules Bar Date."

### B.    WHO MUST FILE A PROOF OF CLAIM

Unless an exception applies, if you have a claim that arose or is deemed to have arisen prior to the Petition Date, you **MUST** file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.  The exceptions to the requirement to file a claim by the Bar Dates are described in the Bar Date Order, which is available on the Prime Clerk Website.

### C.    WHAT TO FILE

Claims should be asserted on proof of claim forms that conform substantially to the standard proof of claim form, Official Form B 410.  Proof of Claim Forms may be obtained, free of charge, at the Prime Clerk Website or  https://www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant (electronic signatures are acceptable).  The proof of claim form must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim form any documents upon which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Except as otherwise set forth in the Bar Date Order, all claimants asserting a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which such claim is asserted and the case number for that particular Debtor.  If any proof of claim does not clearly specify the name of the Debtor against which the claim is asserted (including listing multiple Debtors),

3

that proof of claim shall be administered as though it was filed against Foresight Energy LP (Case No. 20-41308-659), unless a single different case number is clearly specified. Notwithstanding the foregoing, the failure of any entity to file its proof of claim against the correct Debtor shall not constitute cause to expunge the proof of claim. Rather, the Debtors may seek to reclassify the proof of claim so that the claim is asserted against the proper Debtor on notice to the affected claimant.

Any entity asserting a Rejection Damages Claim with an administrative claim component must file as part of its proof of claim a detailed statement describing the nature and basis of any portion of the Rejection Damages Claim asserting an administrative priority under Bankruptcy Code section 503(b) (the "Administrative Claim Supplement").

Under the Bar Date Order, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall be deemed to satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein). *All other administrative claims under Bankruptcy Code section 503(b) must be made by separate requests for payment in accordance with Bankruptcy Code section 503(a) and shall not be deemed proper if made by proof of claim.* No deadline has been established for the filing of administrative claims other than (a) claims under Bankruptcy Code section 503(b)(9) and (b) any portion of a Rejection Damages Claim seeking administrative priority, which claims must be filed by the General Bar Date and the Rejection Bar Date, respectively.

## D.    WHEN AND WHERE TO FILE

Claimants must submit Proofs of Claim either (a) through the CM/ECF system on the Court's website at https://www.moeb.uscourts.gov/electronic-filing; or (b) electronically using the Electronic Proof of Claim (ePOC) Program on the Court's website at https://www.moeb.uscourts.gov/epoc-electronic-proof-claim-filing; or (c) by first-class mail or overnight courier to Clerk of the Bankruptcy Court, Eastern District of Missouri, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (d) by first-class mail, overnight courier, or hand-delivery to Foresight Energy LP Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. Proofs of claim must be actually received by 11:59 p.m., prevailing Central Time, **on or before the applicable Bar Date**. **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**. Any facsimile or electronic mail submission will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the approved methods described above.

Proof of claim forms will be docketed and maintained by the Court with a duplicate claims register maintained by the Debtors' claims agent, Prime Clerk. If you wish to receive acknowledgement of the Court's or Prime Clerk's receipt of a proof of claim, you must submit to the Court or Prime Clerk by the applicable Bar Date and concurrently with your original proof of claim: (a) a copy of the original proof of claim; and (b) a self-addressed, postage prepaid return envelope.

## E.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

EXCEPT AS OTHERWISE SET FORTH IN THE BAR DATE ORDER, ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST A DEBTOR BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE SHALL BE ESTOPPED AND ENJOINED FROM THE FOLLOWING: (I) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR AGAINST ANY REORGANIZED DEBTOR OR SUCCESSOR IN INTEREST FOLLOWING THE EFFECTIVE DATE OF A CHAPTER 11 PLAN OF REORGANIZATION IN THESE CASES, OR PROPERTY THAT (A) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (B) IS OF A DIFFERENT NATURE OR CLASSIFICATION THAN ANY SUCH CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM IN THIS SUBPARAGRAPH BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (II) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM; OR (III) WITH RESPECT TO ANY ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY.

### F.  RESERVATION OF RIGHTS

The Debtors reserve the right, subject to the DIP Orders, to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

### G.  THE DEBTORS' SCHEDULES AND ADDITIONAL INFORMATION

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. Copies of the Debtors' Schedules, a Proof of Claim Form and other information and documents regarding the Debtors' chapter 11 cases (including the Bar Date Order) are available for inspection and download free of charge on the Prime Clerk Website.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

If you require additional information regarding the filing of a proof of claim, you may contact Prime Clerk by telephone at (844) 648-5574 (toll free in the U.S. and Canada) or (347) 505-5254 (international calls), and via electronic mail at foresightinfo@primeclerk.com.  You also may contact Prime Clerk directly by writing to the Prime Clerk Claims Processing Center.

5

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM. YOU ARE FURTHER ENCOURAGED TO CAREFULLY REVIEW THE BAR DATE ORDER AND RELATED MATERIALS ON THE PRIME CLERK WEBSITE.**

United States Bankruptcy Court
Eastern District of Missouri

In re:                                                              Case No. 20-41308-kss
Foreseight Energy LP                                                Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0865-4          User: admin              Page 1 of 3          Date Rcvd: Apr 14, 2020
                              Form ID: pdfo2           Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 16, 2020.
aty           +Aidan Synnott,   Paul, Weiss, Rifkind, Wharton & Garrison,   1285 Avenue of the Americas,
               New York, NY 10019-6031
aty           +Alexander Woolverton,  Paul Weiss Rifkind Wharton & Garrison LL,   1285 Avenue of the Americas,
               New York, NY 10019-6031
aty           +Michael J. Colarossi,  Paul, Weiss, Rifkind, Wharton & Garrison,   1285 Avenue of the Americas,
               New York, NY 10019-6031
aty           +Paul M. Basta,   Paul, Weiss, Rifkind, Wharton & Garrison,   1285 Avenue of the Americas,
               New York, NY 10019-6031
aty           +Stephanie P. Lascano,   Paul, Weiss, Rifkind, Wharton & Garrison,   1285 Avenue of the Americas,
               New York, NY 10019-6031

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                   TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 16, 2020                              Signature:  /s/Joseph Speetjens


---

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 14, 2020 at the address(es) listed below:
          Alice Belisle Eaton   on behalf of Debtor    Foresight Energy LP
          aeaton@paulweiss.com;mcolarossi@paulweiss.com;pbasta@paulweiss.com;slascano@paulweiss.com;awoolve
          rton@paulweiss.com;orathnam@paulweiss.com;mtattnall@paulweiss.com;psteel@paulweiss.com;dweiss@pau
          lweiss.com
          Amy A. Zuccarello   on behalf of Creditor    Lord Securities Corporation
          azuccarello@sullivanlaw.com,   tkethro@sullivanlaw.com
          Brad M. Kahn   on behalf of Creditor    Ad Hoc First Lien Group bkahn@akingump.com
          Brian C. Walsh   on behalf of Creditor    Davidson Kempner Capital Management LP
          brian.walsh@bclplaw.com
          Christopher Foy   on behalf of Creditor    Illinois Department of Natural Resources
          cfoy@atg.state.il.us
          Christopher J. Lawhorn   on behalf of Creditor    Javelin Global Commodities UK Ltd
          cjl@carmodymacdonald.com,   txs@carmodymacdonald.com;aep@carmodymacdonald.com
          Cullen Drescher Speckhart   on behalf of Creditor Committee    John Fabick Tractor Company/Fabick
          Mining, Inc. cspeckhart@cooley.com,   efiling-notice@ecf.pacerpro.com
          Dominique Sinesi   on behalf of Interested Party    United States of America
          dominique.sinesi@usdoj.gov
          Erika L. Todd   on behalf of Creditor    Lord Securities Corporation etodd@sullivanlaw.com
          Ira S Dizengoff   on behalf of Creditor    Ad Hoc First Lien Group idizengoff@akingump.com
          Jaimie L Mansfield   on behalf of Debtor    Sugar Camp Energy, LLC jmansfield@atllp.com,
          bvogt@armstrongteasdale.com
          Jaimie L Mansfield   on behalf of Debtor    Macoupin Energy LLC jmansfield@atllp.com,
          bvogt@armstrongteasdale.com
          Jaimie L Mansfield   on behalf of Debtor    Tanner Energy LLC jmansfield@atllp.com,
          bvogt@armstrongteasdale.com
          Jaimie L Mansfield   on behalf of Debtor    Williamson Energy, LLC jmansfield@atllp.com,
          bvogt@armstrongteasdale.com
          Jaimie L Mansfield   on behalf of Debtor    Foresight Coal Sales LLC jmansfield@atllp.com,
          bvogt@armstrongteasdale.com
          James Savin   on behalf of Creditor    Ad Hoc First Lien Group jsavin@akingump.com
          Jason D. Angelo   on behalf of Creditor    Wilmington Trust NA jangelo@reedsmith.com
          Jason D. Angelo   on behalf of Creditor Committee    Wilmington Trust, NA jangelo@reedsmith.com

District/off: 0865-4          User: admin              Page 2 of 3           Date Rcvd: Apr 14, 2020
                             Form ID: pdfo2            Total Noticed: 5

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Jennifer M McLemore    on behalf of Creditor    Natural Resource Partners L.P., et al.
          jmclemore@williamsmullen.com
          Joel A Kunin    on behalf of Creditor Cory  Leitschuh jkunin@ghalaw.com,  megan@ghalaw.com
          Joel A Kunin    on behalf of Creditor    Terra Payne, as Special Administrator of the Estate of
          William Daniel Hans Payne jkunin@ghalaw.com,  megan@ghalaw.com
          John G. Willard    on behalf of Debtor    American Century Mineral LLC
          jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    Foresight Energy Labor LLC jwillard@armstrongteasdale.com,
          bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    Foresight Energy Finance Corporation
          jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    MaRyan Mining LLC jwillard@armstrongteasdale.com,
          bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    Akin Energy LLC jwillard@armstrongteasdale.com,
          bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    Adena Resources, LLC jwillard@armstrongteasdale.com,
          bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    Foresight Energy LP jwillard@armstrongteasdale.com,
          bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    Oeneus LLC jwillard@armstrongteasdale.com,
          bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    Mach Mining, LLC jwillard@armstrongteasdale.com,
          bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    Sitran, LLC jwillard@armstrongteasdale.com,
          bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    Hillsboro Transport LLC jwillard@armstrongteasdale.com,
          bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    Seneca Rebuild LLC jwillard@armstrongteasdale.com,
          bvogt@armstrongteasdale.com
          John G. Willard    on behalf of Debtor    American Century Transport LLC
          jwillard@armstrongteasdale.com,  bvogt@armstrongteasdale.com
          John T.M. Whiteman    on behalf of Creditor    Missouri Department of Revenue edmoecf@dor.mo.gov
          John Talbot Sant, Jr.    on behalf of Creditor Committee    Official Committee of Unsecured
          Creditors tsant@affinitylawgrp.com,  kschimweg@affinitylawgrp.com
          Kathryn  Redmond    on behalf of Debtor    Coal Field Repair Services LLC kredmond@atllp.com,
          bvogt@atllp.com
          Kathryn  Redmond    on behalf of Debtor    Logan Mining LLC kredmond@atllp.com,  bvogt@atllp.com
          Kathryn  Redmond    on behalf of Debtor    LD Labor Company LLC kredmond@atllp.com,  bvogt@atllp.com
          Kathryn  Redmond    on behalf of Debtor    Coal Field Construction Company LLC kredmond@atllp.com,
          bvogt@atllp.com
          Kathryn  Redmond    on behalf of Debtor    Foresight Energy LP kredmond@atllp.com,  bvogt@atllp.com
          Kurt F. Gwynne    on behalf of Creditor Committee    Wilmington Trust, NA kgwynne@reedsmith.com
          Mark V. Bossi    on behalf of Creditor    Ad Hoc First Lien Group mbossi@thompsoncoburn.com,
          lmckinnon@thompsoncoburn.com
          Marshall C. Turner    on behalf of Creditor    Lord Securities Corporation
          marshall.turner@huschblackwell.com,
          gail.sinnett@huschblackwell.com;marshall-turner-8668@ecf.pacerpro.com
          Marshall C. Turner    on behalf of Creditor    Huntington National Bank
          marshall.turner@huschblackwell.com,
          gail.sinnett@huschblackwell.com;marshall-turner-8668@ecf.pacerpro.com
          Michael D Mueller    on behalf of Creditor    Natural Resource Partners L.P., et al.
          mmueller@williamsmullen.com
          Michael J. Roeschenthaler    on behalf of Creditor Committee    Official Committee of Unsecured
          Creditors mroeschenthaler@wtplaw.com
          Nathaniel R.B. Koslof    on behalf of Creditor    Lord Securities Corporation
          nkoslof@sullivanlaw.com
          Office of US Trustee          USTPRegion13.SL.ECF@USDOJ.gov
          Patrick  Cloud    on behalf of Creditor    Mt. Olive and Staunton Coal Company Trust
          pcloud@heylroyster.com
          Richard J. Parks    on behalf of Creditor    Joy Underground Mining LLC rjp@pietragallo.com
          Richard J. Parks    on behalf of Creditor    Joy Global Conveyors Inc. rjp@pietragallo.com
          Richard W. Engel, Jr.    on behalf of Debtor    American Century Mineral LLC
          rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy LLC rengel@armstrongteasdale.com,
          bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Richard W. Engel, Jr.    on behalf of Debtor    M-Class Mining, LLC rengel@armstrongteasdale.com,
          bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Richard W. Engel, Jr.    on behalf of Debtor    Hillsboro Energy LLC rengel@armstrongteasdale.com,
          bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Richard W. Engel, Jr.    on behalf of Debtor    American Century Transport LLC
          rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Richard W. Engel, Jr.    on behalf of Debtor    Patton Mining LLC rengel@armstrongteasdale.com,
          bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy GP LLC
          rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
          Richard W. Engel, Jr.    on behalf of Debtor    Foresight Energy Services LLC
          rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
        Richard W. Engel, Jr.   on behalf of Debtor   Foresight Energy Employee Services Corporation
        rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.   on behalf of Debtor   Foresight Energy LP rengel@armstrongteasdale.com,
        bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.   on behalf of Debtor   Foresight Receivables LLC
        rengel@armstrongteasdale.com,  bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Richard W. Engel, Jr.   on behalf of Debtor   Viking Mining LLC rengel@armstrongteasdale.com,
        bvogt@armstrongteasdale.com;srice@armstrongteasdale.com
        Robert E. Eggmann   on behalf of Creditor   Mangrove Partners ree@carmodymacdonald.com,
        thr@carmodymacdonald.com;ala@carmodymacdonald.com;syd@carmodymacdonald.com
        Rusty Keith Reinoehl   on behalf of Creditor   Bradford Supply Company rusty@rklegalgroup.com,
        rusty@rklegalgroup.com;riley@rklegalgroup.com
        Spencer P. Desai   on behalf of Creditor   Mangrove Partners spd@carmodymacdonald.com,
        ala@carmodymacdonald.com;txs@carmodymacdonald.com
        Steven M. Wallace   on behalf of Creditor   David Senseney, Executor of the Estate of Marguerite
        Boos, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
        Steven M. Wallace   on behalf of Creditor John Milo Kee steve@silverlakelaw.com,
        denise@silverlakelaw.com
        Steven M. Wallace   on behalf of Creditor Robin Lynne Kee Williams steve@silverlakelaw.com,
        denise@silverlakelaw.com
        Steven M. Wallace   on behalf of Creditor   Mitchell/Roberts Partnership, an Illinois Partnership
        steve@silverlakelaw.com,  denise@silverlakelaw.com
        Steven M. Wallace   on behalf of Creditor Carol Dean Crabtree steve@silverlakelaw.com,
        denise@silverlakelaw.com
        Steven M. Wallace   on behalf of Creditor   J. Earl Baldwin, Personal Representative of the
        Estate of Katherine Baldwin, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
        Steven M. Wallace   on behalf of Creditor   J. Earl Baldwin, Personal Representative of the
        Estate of Beverly B. Adams, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
        Steven M. Wallace   on behalf of Creditor   Carl Inman, Executor of the Estate of Russell J.
        Inman, Deceased steve@silverlakelaw.com,  denise@silverlakelaw.com
        Steven M. Wallace   on behalf of Creditor   Reba Mitchell, Individually and as Trustee and
        Beneficiary of the Robert H.Mitchell Residual Trust steve@silverlakelaw.com,
        denise@silverlakelaw.com
        Thomas H Riske   on behalf of Creditor   Javelin Global Commodities UK Ltd
        thr@carmodymacdonald.com,  syd@carmodymacdonald.com;ala@carmodymacdonald.com
        Thomas H Riske   on behalf of Creditor   Javelin Global Commodities (UK) Ltd
        thr@carmodymacdonald.com,  syd@carmodymacdonald.com;ala@carmodymacdonald.com
        Timothy P. Palmer   on behalf of Creditor   Huntington National Bank Timothy.Palmer@BIPC.com
        Wendi S. Alper-Pressman   on behalf of Creditor   Natural Resource Partners L.P., et al.
        wpressman@lathropgage.com,  jbuchheit@lathropgage.com,stlfilings@lathropgage.com,
        Zachary Dain Lanier   on behalf of Creditor   Ad Hoc First Lien Group zlanier@akingump.com
                                                                                 TOTAL: 81