**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Objection Deadline: May 7, 2020, at |
| | ) | 11:59 p.m. (Central Time) |
| | ) | Hearing Date:  May 14, 2020 |
| | ) | Hearing Time:  10:00 a.m. (Central Time) |
| | ) | Hearing Location:  Courtroom 7 North |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF
AFFINITY LAW GROUP, LLC AS LOCAL COUNSEL
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "Committee") of Foresight Energy LP and its subsidiaries that are debtors and debtors-in-possession in these proceedings (collectively, the "Debtors"), by Barry Klinckhardt, General Counsel of John Fabick Tractor Company/Fabick Mining, Inc. in his capacity as chairperson of the Committee, hereby submits this application (the "Application") pursuant to Section 1103 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014(A), 2016-1, and 2016-2 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Rules") for entry of an order (the "Order")[1] authorizing the retention and employment of Affinity Law Group, LLC ("Affinity" or the "Firm") as counsel to the Committee, effective as of March 19, 2020.  In support of the Application, the Committee relies upon and incorporates herein the Declaration of Barry Klinckhardt, General Counsel of John Fabick Tractor

---

[1] A copy of the proposed order will be made available on the case website at https://cases.primeclerk.com/foresightenergy.

Company/Fabick Mining, Inc. in his capacity as chairperson of the Committee (the "Klinckhardt Declaration"), annexed hereto as Exhibit A, and the Declaration of J. Talbot Sant, Jr. (the "Sant Declaration"), annexed hereto as Exhibit B. In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014(A), 2016-1, and 2016-2.

## BACKGROUND

2. On March 10, 2020 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

3. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's Order Authorizing Joint Administration of Chapter 11 Cases [Doc. #3], entered on March 11, 2020.

4. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Robert D. Moore, President and Chief Executive Officer of Foresight Energy, LP, in Support of Chapter 11 Petitions and First Day Motions [Doc. #17], filed on the Petition Date, which is incorporated herein by reference.

2

5.      On March 17, 2020, the United States Trustee for the Eastern District of Missouri appointed a five (5) member Committee pursuant to section 1102(a)(l) of the Bankruptcy Code [Docket No. 157].[2] The Committee selected Barry Klinckhardt as its chairperson.  Shortly after its appointment, the Committee selected Whiteford, Taylor & Preston L.L.P. ("WTP") as its counsel, Affinity Law Group, LLC as its local counsel, and Berkeley Research Group, LLC as its investment banker and financial advisor.

## RELIEF REQUESTED

6.      Subject to this Court's approval, the Committee seeks to employ Affinity as local counsel to the Committee, effective as of March 19, 2020, to perform legal services that are necessary during these chapter 11 cases.

7.      Additional facts in support of the specific relief sought herein are set forth in the Klinckhardt Declaration and the Sant Declaration.

8.      Affinity has substantial experience in representing parties-in-interest in reorganizations and recognized expertise in the field of creditors' rights and business reorganization under chapter 11 of the Bankruptcy Code. That expertise includes representing official creditors' committee in large and complex bankruptcy cases and representing members of official creditor committees in the bankruptcies of Armstrong Energy, Peabody Energy Corp. and Arch Coal, among other cases.

9.      Since the Committee's appointment, Affinity, with WTP, has been working to become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of these chapter 11 cases.

---

[2] The Committee members include (i) Flanders Electric Motor Service of Illinois, Inc., (ii) Polydeck Screen Corporation, (iii) John Fabick Tractor Company/Fabick Mining, Inc., (iv) United Central Industrial Supply Company, LLC, and (v) Wilmington Trust, National Association, as Trustee for the 11.5% Notes.

**I.      Services to be Provided**

10.     The Committee anticipates that Affinity will, in connection with these chapter 11 cases and subject to orders of this Court, assist WTP in providing a range of services to the Committee, including, but not limited to, the following:

a.    advise the Committee in connection with its powers and duties under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

b.    assist and advise the Committee in its consultation with the Debtors relative to the administration of these chapter 11 cases;

c.    attend meetings and negotiate with the representatives of the Debtors and other parties-in-interest;

d.    assist and advise the Committee in its examination and analysis of the conduct of the Debtors' affairs;

e.    assist and advise the Committee in connection with any sale of the Debtors' assets pursuant to § 363 of the Bankruptcy Code;

f.    assist the Committee in the review, analysis and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be filed and assist the Committee in the review, analysis and negotiation of the disclosure statement accompanying any such plan(s);

g.    take all necessary action to protect and preserve the interests of the Committee and the unsecured creditor body in general, including (i) possible prosecution of actions on its/their behalf; (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

4

      h.      generally prepare on behalf of the Committee and the unsecured creditor body in general all necessary motions, applications, answers, orders, reports, replies, responses and papers in support of positions taken by the Committee;

      i.      appear, as appropriate, before the Court, the appellate courts, and the United States Trustee, and protect the interests of the Committee and the unsecured creditor body in general before those courts and before the United States Trustee; and

      j.      perform all other necessary legal services in these chapter 11 cases.

11.     Affinity intends to work closely with the other professionals retained by the Committee to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

12.     Affinity has indicated a willingness to act on behalf of the Committee.

13.     The Committee believes Affinity has the necessary background and legal expertise to address any potential legal issues that may arise in the context of this engagement.

## II.    Professional Compensation

14.     Affinity intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, and will file interim and final fee applications for allowance of its compensation and expenses. Such applications will be subject to §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines"), the proposed Order Establishing Procedures for Interim Monthly Compensation of

5

Professionals (the "Interim Compensation Order," and, together with the Revised UST Guidelines, and any other applicable orders of the Court collectively, the "Fee Guidelines").

15. Affinity's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. In particular, Affinity's standard hourly rates[3] for matters implicated in the chapter 11 cases range as follows:

    a.    the hourly rates for partners range from $295-$400 per hour, based upon a variety of factors, including seniority, distinction, and expertise in one's field;

    b.    the hourly rate for "of counsel" is $400 per hour;

    c.    the hourly rate for associates is $250 per hour;

    d.    the hourly rates for paraprofessionals range from $100-$140 per hour.[4]

16. The Committee believes that these rates, and the terms and conditions of Affinity's employment, are reasonable.

17. Affinity will also seek to be reimbursed, subject to the Court's approval, for all actual out-of-pocket expenses incurred by Affinity on the Committee's behalf, as more fully set

---

[3] Affinity shall provide 10-business days' notice to the Committee, the Debtors, and the United States Trustee before any increases in the rates set forth herein are implemented, and shall file such notice with the Court. The United States Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code.

[4] Although Affinity does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, Affinity will not charge a markup to the Debtors with respect to fees billed by such attorneys. Moreover, any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by Affinity will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code. While the rate ranges provided for in this Application may change if an individual leaves or joins Affinity, and if any such individual's billing rate falls outside the ranges disclosed above, Affinity does not intend to update the ranges for such circumstances.

forth in the Sant Declaration. All requests for reimbursement of expenses will be consistent with the Fee Guidelines.

18. Affinity advised the Committee that no promises were received by Affinity, any partner, any attorney who is "of counsel" to Affinity, or any associate of Affinity, as to compensation in connection with these chapter 11 cases, other than in accordance with the provisions of the Bankruptcy Code. Affinity has also advised the Committee that neither Affinity, nor any partner of Affinity, any attorney who is "of counsel" to Affinity, any associate of Affinity, or any contract attorney of Affinity, has any agreement with any other entity to share with such entity any compensation received by Affinity in connection with these chapter 11 cases.

### III.   Affinity's Disinterestedness

19. To the best of the Committee's knowledge, Affinity does not hold or represent any interest adverse to the Debtors' estates and, except as disclosed in the Sant Declaration, does not have any "connections" to the Debtors' creditors, affiliates, other parties-in-interest or potential parties-in-interest, the United States Trustee or the Assistant United States Trustees for the Eastern District of Missouri and attorneys employed by such office, or any judge in the United States Bankruptcy Court for the Eastern District of Missouri. Accordingly, Affinity is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code and as used in § 328(c) of the Bankruptcy Code. To the extent that Affinity is determined to have a conflict with respect to a particular client or matter, the Committee will utilize separate conflicts counsel.

20. The Committee believes that the employment of Affinity is necessary, in the best interests of the Debtors' estates, and will enable the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

7

21. As set forth in the Sant Declaration, Affinity has represented, currently represents, and will likely in the future represent certain parties-in-interest or potential parties-in-interest in these chapter 11 cases in matters unrelated to the Debtors, the chapter 11 cases, or such entities' claims against the Debtors, as part of its customary practice. Affinity is retained in cases, proceedings, and transactions involving many different parties throughout the United States and worldwide, some of whom may represent or be employed by the Debtors, claimants, and parties-in-interest in these chapter 11 cases. Pursuant to § 1103(b) of the Bankruptcy Code, Affinity is not disqualified from acting as the Committee's attorneys merely because it previously represented or currently represents the Debtors' creditors, or other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases.

22. Affinity has advised the Committee and the United States Trustee that it will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise; and if any new relevant facts or relationships are discovered or arise, Affinity will use reasonable efforts to identify such further developments by filing a supplemental declaration.

23. For these reasons, the Committee believes that the relief requested in the Application is appropriate and should be granted by this Court.

### IV. Employment of Affinity Law Group, LLC

24. By separate application, the Committee is also seeking approval to employ WTP to serve as primary counsel to the Committee in these chapter 11 cases. The Committee believes that if this Court approves the employment of WTP and Affinity, these firms will allocate their delivery of services to the Committee appropriately so as to avoid any unnecessary duplication of services. Moreover, the Committee believes that the efficient allocation of responsibility for legal

matters in these chapter 11 cases between WTP and Affinity will reduce the cost of monitoring this proceeding, as well as the time and expense associated with travel by WTP with respect to matters that can be handled as effectively by local counsel. It is the carefully considered view of the Committee that, considering the size and complexity of these chapter 11 cases and the various interests involved, representation of the Committee by WTP and Affinity is necessary, advisable, and in the best interests of the Committee.

## NOTICE

25. Notice of this Application will be provided to: (a) proposed counsel to the Debtors, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP and (ii) Armstrong Teasdale LLP; (b) the Debtors' proposed claims and noticing agent, Prime Clerk LLC; (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) counsel to the Ad Hoc First Lien Group; (e) counsel to the Ad Hoc Crossover Group; (f) counsel to the Facilities Agent; (g) counsel to the Term Agent; (h) Indenture Trustee; (i) counsel to the collateral trustee under the Debtors' secured debt facilities; (j) counsel to the DIP Agent; (k) counsel to the DIP Lenders; (l) counsel to Murray Energy Corporation; (m) counsel to Foresight Reserves; (n) the Internal Revenue Service; (o) the Securities and Exchange Commission; (p) the United States Attorney's Office for the Eastern District of Missouri; (q) the state attorneys general for all states in which the Debtors conduct business; (r) the holders of the thirty (30) largest unsecured claims against the Debtors, on a consolidated basis, and (s) any party that receives notice via the CM/ECF system.

## NO PRIOR REQUEST

26. No previous application for the relief requested herein has been made to this or any other court.

9

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court: (a) enter the Order granting the relief requested herein; and (b) grant such other and further relief as the Court may deem just and proper.

Dated: April 17, 2020    Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF FORESIGHT ENERGY LP,
*ET AL*.


By:*/s/ Barry Klinckhardt*
   Barry Klinckhardt, General Counsel
   John Fabick Tractor Co./Fabick Mining, Inc.

   *Chair of the Official Committee of Unsecured
   Creditors of Foresight Energy LP, et al.*

AFFINITY LAW GROUP, LLC

By:  */s/ J. Talbot Sant, Jr.*
   J. Talbot Sant, Jr., 35324MO
   1610 Des Peres Road, Suite 100
   St. Louis, MO 63131
   (314) 872-3333 Telephone
   (314) 872-3365 Facsimile
   tsant@affinitylawgrp.com

and

WHITEFORD TAYLOR & PRESTON, L.L.P.
Michael J. Roeschenthaler (admitted *pro hac vice*)
200 First Avenue, Third Floor
Pittsburgh, PA 15222-1512
(412) 618-5600 Telephone
Email: mroeschenthaler@wtplaw.com

and

Christopher A. Jones (admitted *pro hac vice*)
David W. Gaffey (admitted *pro hac vice*)
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042-4558
(703) 280-9260 Telephone
Email:  cajones@wtplaw.com
Email:  dgaffey@wtplaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of Foresight Energy LP, et al.*