# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No.: 206 |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAILEY & GLASSER LLP AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

Upon the Application[1] of the Debtors requesting entry of an order (this "Final Order"), pursuant to sections 327(e) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014 and 2016-1, authorizing the retention and employment of Bailey Glasser as special counsel with respect to specific matters described in the Application, effective as of the Petition Date, and upon the consideration of the Johnson Declaration and the Moore Declaration in support thereof; and the Court being satisfied based on the representations made in the Application, the Johnson Declaration, and the Moore Declaration that said attorneys represent no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and is in the best interests of the Debtors' estates; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

of Missouri; and it appearing that venue of the Debtors' chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and all objections to the relief requested in the Application and to the entry of this Final Order having been withdrawn, resolved, or overruled by the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** on a final basis to the extent set forth herein.

2. The Debtors are authorized, pursuant to sections 327(e) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014 and 2016-1, to employ and retain Bailey Glasser as their special counsel on Special Counsel Matters (as defined herein) effective as of the Petition Date.

3. Bailey Glasser is authorized to render the following professional services to the Debtors (collectively, the "Special Counsel Matters"):

   a. Advising on various environmental permits and compliance orders necessary to construct pipelines and diffusers in the Big Muddy River to allow discharges of chloride water into mixing zones

        approved under Clean Water Act mixing zones and representing debtors in any ensuing litigation regarding the same;

b.   Representing Macoupin Energy regarding groundwater management zones at Macoupin Energy and related Consent Orders;

c.   To the extent any litigation occurs during the pendency of Debtors' cases, continuing to represent Williamson Energy, LLC in the claims brought by an alleged partnership (Mitchell-Roberts), by the Inmans, by Reba Mitchell, and by plaintiffs pursuing claim against Williamson Energy, LLC related to nuisance caused by fan noise;

d.   Advising on chloride and sulfate water treatment at Sugar Camp Energy including any related compliance or permitting efforts or litigation;

e.   Pursuing an injunction related to unconstitutional regulations in Kentucky involving coal price bidding;

f.   Providing analyses of rights under certain real estate deeds, coal royalty and sales agreements in connection with settled, pending, or threatened litigation;

g.   Providing compliance advice with respect to environmental permits and related laws, mine safety and health laws, and related regulations; and

h.   Responding to the requests of lead bankruptcy counsel and FELP for information relating to matters on which Bailey Glasser has been retained.

4. Notwithstanding Bailey Glasser's prepetition receipt of advance payments on account of postpetition services to be rendered on Special Counsel Matters, Bailey Glasser shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Special Counsel Matters in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, and this Court's *Order (A) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Granting Related Relief* [Docket No. 122].

5. To the extent the Application is inconsistent with this Final Order, the terms of this Final Order shall govern.

6. Notice of the Application as provided therein is hereby deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective upon its entry.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief sought by the Application is necessary to avoid immediate and irreparable harm.

9. No later than two (2) business days after the date of this Final Order, the Debtors' Claims and Noticing Agent shall serve a copy of this Final Order on the Notice Parties, and shall file a certificate of service no later than twenty-four (24) hours after service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED: April 22, 2020
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
John G. Willard, MO 67049
Kathryn R. Redmond, MO 72087
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email: rengel@atllp.com
       jwillard@atllp.com
       kredmond@atllp.com

Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email: pbasta@paulweiss.com
       aeaton@paulweiss.com
       awoolverton@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*