**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>FORESIGHT ENERGY LP, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-41308-659<br><br>Jointly Administered |

**<u>SUPPLEMENTAL CERTIFICATE OF SERVICE</u>**

I, Kelsey L. Gordon, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On April 30, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following documents to be served via first class mail on the Supplemental Master Mailing List attached hereto as **<u>Exhibit A</u>**:

- Amended Notice of Chapter 11 Bankruptcy Case [Docket No. 261]

- Notice of Hearing to Consider Approval of Disclosure Statement for Plan of Reorganization, a copy of which is attached hereto as **<u>Exhibit B</u>**

- Notice of Deadlines for the Filing of Proofs of Claim, a copy of which is attached hereto as **<u>Exhibit C</u>**

- A Proof of Claim Form, a blank copy of which is attached hereto as **<u>Exhibit D</u>**

Dated: May 1, 2020

*/s/ Kelsey L. Gordon*
Kelsey L. Gordon

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on May 1, 2020, by Kelsey L. Gordon proved to me on the basis of satisfactory evidence to be the person who appeared before me.

*/s/ CHRISTINA PULLO*
Notary Public, State of New York
No. 02PU6288253
Qualified in Nassau County
Commission Expires September 3, 2021

SRF 41858

## Exhibit A

Exhibit A
Supplemental Master Mailing List
Served via first class mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|
| 9534861 | CB3 MINE SERVICES PTY LTD | UNIT 3/20 ARCHERFIELD ROAD | QLD | DARRA | | 4076 | AUSTRALIA |
| 9536730 | GOLDMAN SACHS | 200 WEST STREET | | NEW YORK | NY | 10282 | |
| 9537138 | HOLMAN FENWICK WILLAN LLP | FRIARY COURT | 65 CRUTCHED FRIARS | LONDON | | EC3N 2AE | UNITED KINGDOM |
| 9537964 | JP MORGAN VENTURES ENERGY CORP | JP MORGAN VENTURES ENERGY CORP | 383 MADISON AVENUE 10TH FLOOR | NEW YORK | NY | 10017 | |
| 9538243 | KNIGHT ENERGY SERVICES LIMITED | UNIT 1 PALMERMOUNT INDUSTRIAL ESTATE | BYPASS RD, DUNDONALD | KILMARNOCK | | KA2 9BL | UNITED KINGDOM |
| 9539272 | MORGAN STANLEY & CO | 1585 BROADWAY AVENUE | | NEW YORK | NY | 10036 | |
| 9539304 | MR JEREMY BRIER | ESSEX COURT CHAMBERS | 24 LINCOLN'S INN FIELDS | LONDON | | WC2A 3EG | UNITED KINGDOM |
| 9539305 | MR PAUL STANLEY QC | ESSEX COURT CHAMBERS | 24 LINCOLN'S INN FIELDS | LONDON | | WC2A 3EG | UNITED KINGDOM |
| 9540296 | RKH SPECIALTY | ONE CREECHURCH AVENUE | | LONDON | | EC3A 5AF | UNITED KINGDOM |

## **Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING TO CONSIDER APPROVAL**
**OF DISCLOSURE STATEMENT FOR PLAN OF REORGANIZATION**

**PLEASE TAKE NOTICE THAT:**

1.     On April 9, 2020, Foresight Energy LP and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Foresight Energy LP and Its Affiliated Debtors* (as amended, modified, or supplemented from time to time, the "Disclosure Statement") with the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court"). The Debtors are submitting their Disclosure Statement pursuant to section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for use in the solicitation of votes to accept their chapter 11 plan (as amended, modified, or supplemented from time to time, the "Plan"), a copy of which is attached to the Disclosure Statement as **Exhibit A**.

2.     A hearing to consider approval of the Disclosure Statement, and any objections thereto, will be held on **May 14, 2020, at 10:00 a.m. (prevailing Central Time)** before the Honorable Kathy A. Surratt-States, United States Bankruptcy Judge, at the Thomas F. Eagleton U.S. Courthouse, 111 S. 10th Street, 7th Floor – North Courtroom, St. Louis, Missouri 63102, or as soon thereafter as counsel may be heard (the "Disclosure Statement Hearing").

3.     Any objections to the Disclosure Statement must (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state the legal and factual basis for and nature of any objection; (d) conform to the Federal Rules of Bankruptcy Procedure and the *Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of Missouri* (the "Local Bankruptcy Rules"); and (e) be filed with the Bankruptcy Court, together with proof of service, and served on the Debtors and any entities described in Local Bankruptcy Rule 3017(C) so as to be received by **no later than May 7, 2020 (prevailing Central Time)** (the "Objection Deadline").

4.     Copies of the Plan and the Disclosure Statement may be obtained free of charge by visiting the website maintained by the Debtors' voting agent, Prime Clerk LLC (the "Voting Agent"), at https://cases.primeclerk.com/foresightenergy.  Copies of the Plan and Disclosure Statement may also be obtained by calling the Voting Agent at 646-998-7132

(international); 877-720-6580 (domestic, toll free), or sending an electronic mail message to the Voting Agent at ForesightEnergyInfo@PrimeClerk.com.

**THE DISCLOSURE STATEMENT IS SUBJECT TO CHANGE.  IT HAS NOT BEEN APPROVED BY THE BANKRUPTCY COURT UNDER SECTION 1125 OF THE BANKRUPTCY CODE.  THE DEBTORS ARE NOT SOLICITING VOTES TO ACCEPT OR REJECT THE PLAN AT THIS TIME.**

Dated:  April 9, 2020
St. Louis, Missouri

Respectfully submitted,

ARMSTRONG TEASDALE LLP

*/s/ Richard W Engel, Jr.*
Richard W. Engel, Jr. (MO 34641)
John G. Willard (MO 67049)
Kathryn R. Redmond (MO 72087)
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri  63105
Tel:    (314) 621-5070
Fax:    (314) 621-5065
Email:  rengel@atllp.com
        jwillard@atllp.com
        kredmond@atllp.com

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Paul M. Basta (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:  pbasta@paulweiss.com
        aeaton@paulweiss.com
        awoolverton@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

## Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESIGHT ENERGY LP, *et al.*, | ) | Case No. 20-41308-659 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Docket No.:  30 |

## NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| Debtor's Name | Debtor's Case Number |
|---|---|
| Foresight Energy LP | 20-41308 |
| Foresight Energy GP LLC | 20-41309 |
| Foresight Energy LLC | 20-41312 |
| Foresight Energy Employee Services Corporation | 20-41316 |
| Foresight Energy Services LLC | 20-41319 |
| Foresight Receivables LLC | 20-41321 |
| Sugar Camp Energy, LLC | 20-41336 |
| Macoupin Energy LLC | 20-41331 |
| Williamson Energy, LLC | 20-41327 |
| Foresight Coal Sales LLC | 20-41323 |
| Tanner Energy LLC | 20-41317 |
| Sitran LLC | 20-41310 |
| Seneca Rebuild LLC | 20-41311 |
| Oeneus LLC | 20-41313 |
| Adena Resources, LLC | 20-41314 |
| Hillsboro Transport LLC | 20-41318 |
| American Century Transport LLC | 20-41322 |
| Akin Energy LLC | 20-41326 |
| American Century Mineral LLC | 20-41330 |
| Foresight Energy Finance Corporation | 20-41333 |
| Foresight Energy Labor LLC | 20-41337 |
| Viking Mining LLC | 20-41325 |
| M-Class Mining, LLC | 20-41335 |
| MaRyan Mining LLC | 20-41320 |
| Mach Mining, LLC | 20-41338 |
| Logan Mining LLC | 20-41325 |
| LD Labor Company LLC | 20-41324 |
| Coal Field Repair Services LLC | 20-41329 |
| Coal Field Construction Company LLC | 20-41334 |
| Hillsboro Energy LLC | 20-41328 |

On April 14, 2020, the United States Bankruptcy Court for the Eastern District of Missouri (the "Court") entered an order (Docket No. 322) (the "Bar Date Order")[1] establishing certain deadlines for the filing of Proofs of Claim in the chapter 11 cases of the above-listed debtors and debtors-in-possession (collectively, the "Debtors").

By the Bar Date Order, the Court established: (i) **May 26**, **2020 at 11:59 p.m., prevailing Central Time** (the "General Bar Date"), as the general deadline for entities to file Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the date on which the Debtors filed their chapter 11 petitions, March 10, 2020 (the "Petition Date"); and (ii) **September 8**, **2020 at 11:59 p.m., prevailing Central Time** (the "Governmental Bar Date"), as the general deadline for governmental units to file Proofs of Claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date.  As described below, the Bar Date Order also establishes different bar dates for certain categories of claims.

For your convenience, enclosed with this Notice is a customized proof of claim form (the "Proof of Claim Form"), which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these chapter 11 cases (collectively, the "Schedules").

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States Trustee.  As used in this Notice, the terms "person" and "governmental unit" have the meanings given to them in Bankruptcy Code sections 101(41) and 101(27), respectively.

As used in this Notice, the term "claim" means, as to or against any of the Debtors and in accordance with Bankruptcy Code section 101(5): (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## A.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim or requests for payment of certain administrative expenses in these cases (collectively, the "Bar Dates"):

1.    The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all entities holding claims (whether secured, unsecured, priority or unsecured priority, including section 503(b)(9) claims) against the Debtors that

---

[1]    All capitalized term not defined herein shall have the meaning ascribed them in the Bar Date Order.

arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim so that such proof of claim is actually received by the Clerk of the Bankruptcy Court for the Eastern District of Missouri (the "<u>Clerk of the Court</u>") or the Debtors' claims, noticing and balloting agent, Prime Clerk LLC ("<u>Prime Clerk</u>") **by May 26, 2020 at 11:59 p.m., prevailing Central Time**. *The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under Bankruptcy Code section 503(b)(9)) and unsecured nonpriority claims.*

2.   <u>The Governmental Bar Date</u>.   Pursuant to the Bar Date Order, except as described below, all governmental units holding claims against the Debtors that arose or are deemed to have arisen before the Petition Date are required to file Proofs of Claim so that such proof of claim is actually received by the Clerk of the Court or Prime Clerk **by September 8, 2020 at 11:59 p.m., prevailing Central Time**.

3.   <u>The Rejection Bar Date</u>.   Pursuant to the Bar Date Order, any entity asserting claims against the Debtors arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with Bankruptcy Code section 365 and pursuant to a court order or by operation of Bankruptcy Code section 365(d)(4), or claims otherwise related to such rejected agreements, including: (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date; and (ii) administrative claims under Bankruptcy Code section 503(b), (collectively, "<u>Rejection Damages Claims</u>") are required to file Proofs of Claim so that such proof of claim is actually received by the Clerk of the Court or Prime Clerk **by the later of: (x) the General Bar Date and (y) 11:59 p.m., prevailing Central Time, on the date that is twenty-one (21) days after the entry of the relevant order or deemed effective date of such rejection of executory contract(s) or unexpired lease(s).**   The later of these dates is referred to in this Notice as the "<u>Rejection Bar Date</u>."   *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to rejected executory contacts or unexpired leases must be filed by the Rejection Bar Date.*

4.   <u>The Amended Schedules Bar Date</u>.   Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, a Debtor amends or supplements its Schedules to: (i) reduce the undisputed, noncontingent and liquidated amount of a claim against the Debtor; (ii) change the nature or classification of a claim against the Debtor in a manner adverse to the scheduled creditor; or (iii) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the new or amended scheduled claim so that such proof of claim is actually received by the Clerk of the Court or Prime Clerk **by the later of: (x) the General Bar Date; and (y) 11:59 p.m., prevailing Central Time, on the**

**date that is thirty (30) days after notice of the applicable amendment or supplement to the Schedules is served on the claimant**.  The later of these dates is referred to in this Notice as the "Amended Schedules Bar Date."

### B.    WHO MUST FILE A PROOF OF CLAIM

Unless one of the exceptions described in Section E below applies, if you have a claim that arose or is deemed to have arisen prior to the Petition Date, you **MUST** file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Except where the Governmental Bar Date, Rejection Bar Date, or the Amended Schedules Bar Date apply to establish a different deadline or one of the exceptions described in Section E below applies, the following entities must file proofs of claim on or before the General Bar Date:

a. any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in any of them; and

b. any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor other than that identified in the Schedules.

### C.    WHAT TO FILE

The Debtors are enclosing a Proof of Claim Form for use in these cases, or you may use another proof of claim form that conforms substantially to the standard proof of claim form, Official Form B 410.  You will receive a different Proof of Claim Form for each claim scheduled in your name by the Debtors.  You may utilize the Proof of Claim Form(s) provided by the Debtors to file your claim.  Additional proof of claim forms may be obtained, free of charge, at the following websites:  https://cases.primeclerk.com/foresightenergy or https://www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant (electronic signatures are acceptable).  The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim form any documents upon which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Except as otherwise set forth in the Bar Date Order, all claimants asserting a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which such claim is

asserted and the case number for that particular Debtor.  If any proof of claim does not clearly specify the name of the Debtor against which the claim is asserted (including listing multiple Debtors), that proof of claim shall be administered as though it was filed against Foresight Energy LP (Case No. 20-41308-659), unless a single different case number is clearly specified. Notwithstanding the foregoing, the failure of any entity to file its proof of claim against the correct Debtor shall not constitute cause to expunge the proof of claim.  Rather, the Debtors may seek to reclassify the proof of claim so that the claim is asserted against the proper Debtor on notice to the affected claimant.

Any entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of any portion of the Rejection Damages Claim asserting an administrative priority under Bankruptcy Code section 503(b) (the "Administrative Claim Supplement").  For the avoidance of doubt, any entity asserting a Rejection Damages Claim with an administrative claim component shall prepare its own Administrative Claim Supplement, and the Debtors will not provide a form of Administrative Claim Supplement.

Under the Bar Date Order, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall be deemed to satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein).  ***All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with Bankruptcy Code section 503(a) and shall not be deemed proper if made by proof of claim.***  No deadline has been established for the filing of administrative claims other than (a) claims under Bankruptcy Code section 503(b)(9) and (b) any portion of a Rejection Damages Claim seeking administrative priority, which claims must be filed by the General Bar Date and the Rejection Bar Date, respectively.

### D.    WHEN AND WHERE TO FILE

All Proofs of Claim must be (a) filed using the CM/ECF system on the Court's website at https://www.moeb.uscourts.gov/electronic-filing; (b) filed electronically using the Electronic Proof of Claim (ePOC) Program on the Court's website at https://www.moeb.uscourts.gov/epoc-electronic-proof-claim-filing; (c) sent by first-class mail or overnight courier to Clerk of the Bankruptcy Court, Eastern District of Missouri, 111 S. 10th St., 4th Floor, St. Louis, MO 63102; or (d) sent by first-class mail, overnight courier, or hand-delivery to **Foresight Energy LP Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232**.  Proofs of claim must be actually received by 11:59 p.m, prevailing Central Time, **on or before the applicable Bar Date**.

Proofs of claim will be deemed filed only when **actually received** by the United States Bankruptcy Court for the Eastern District of Missouri or by the Foresight Claims Processing Center on or before the applicable Bar Date.  **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**. Any facsimile or electronic mail submission will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the approved methods described above.

Proof of claim forms will be docketed and maintained by the Court with a duplicate claims register maintained by the Debtors' claims agent, Prime Clerk. If you wish to receive acknowledgement of the Court's or Prime Clerk's receipt of a proof of claim, you must submit to Court or Prime Clerk by the applicable Bar Date and concurrently with your original proof of claim: (a) a copy of the original proof of claim; and (b) a self-addressed, postage prepaid return envelope. Filed Proofs of Claim will be posted on the Court's website, https://www.moeb.uscourts.gov, and Prime Clerk's website, https://cases.primeclerk.com/foresightenergy, as soon as is practicable after receipt.

### E.    WHO NEED NOT FILE A PROOF OF CLAIM

The Bar Date Order further provides that the following entities need not file Proofs of Claim:

      a.  any entity that already has filed a signed proof of claim against the applicable Debtor(s) with Prime Clerk or the Clerk of the Court in a form substantially similar to Official Form B 410;

      b.  any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent" or "unliquidated"; (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

      c.  any entity whose claim has previously been allowed by order of the Court;

      d.  any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code in accordance with an order of the Court;

      e.  any Debtor or non-Debtor subsidiary having a claim against another Debtor;

      f.  any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

      g.  a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commission, or benefits; *provided*, *however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment and/or retaliation;

      h.  Holders of First Lien Claims; *provided*, however, that the administrative agents or collateral agent under the First Lien Credit Agreement, as applicable, may (but is not required to) file one master proof of claim by the General Bar Date with respect to all of the claims under the First Lien Credit Agreement;

i.  Holders of Second Lien Claims, on account of claims arising under the Second Lien Indenture; *provided*, however, that the Second Lien Indenture Trustee may (but is not required to) file one master proof of claim by the General Bar Date with respect to all of the Second Lien Claims;

j.  any individual holder of a claim for principal, interest or applicable fees or charges (a "<u>Debt Claim</u>") on account of any note, bond or debenture issued by the Debtors pursuant to an indenture (an "<u>Indenture</u>") or a credit agreement (a "<u>Credit Agreement</u>") with respect to such claim;

k.  any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an expense of administration incurred in the ordinary course; *provided*, *however*, that any entity asserting a claim entitled to priority under Bankruptcy Code section 503(b)(9) must assert such claims by filing a request for payment or a proof of claim on the Proof of Claim Form on or prior to the General Bar Date;

l.  any entity holding a claim for which a separate deadline is fixed by the Court; and

m.  claims for fees and expenses of professionals (i) retained in these proceedings or (ii) compensated pursuant to the DIP Orders.

## F.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As described in Section A above, any entity wishing to assert a Rejection Damages Claim must file, by the Rejection Bar Date, a proof of claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement. As further described in Section C above, any entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, an Administrative Claim Supplement.

## G.   CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

EXCEPT AS OTHERWISE SET FORTH IN THE BAR DATE ORDER, ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST A DEBTOR BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE SHALL BE ESTOPPED AND ENJOINED FROM THE FOLLOWING: (I) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR AGAINST ANY REORGANIZED DEBTOR OR SUCCESSOR IN INTEREST FOLLOWING THE EFFECTIVE DATE OF A CHAPTER 11 PLAN OF REORGANIZATION IN THESE CASES, OR PROPERTY THAT (A) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (B) IS OF A DIFFERENT NATURE OR CLASSIFICATION THAN ANY SUCH CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY

SUCH CLAIM IN THIS SUBPARAGRAPH BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (II) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM; OR (III) WITH RESPECT TO ANY ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY.

### H.      THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form(s) regarding the nature, amount and status of your claim(s).  If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the information on the enclosed Proof of Claim Form may reflect the net remaining amount thereof.  If the Debtors believe that you may hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

### I.      RESERVATION OF RIGHTS

The Debtors reserve the right, subject to the DIP Orders, to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (ii) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (iii) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

### J.      ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, the Proof of Claim Form and other information and documents regarding the Debtors' chapter 11 cases are available for inspection and download free of charge on Prime Clerk's website at https://cases.primeclerk.com/foresightenergy.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:30 a.m. and 4:30 p.m., prevailing Central Time, Monday through Friday, at the U.S. Bankruptcy Court Eastern District of Missouri, Office of the Clerk of Court, 111 South 10th Street, Fourth Floor, St. Louis, MO 63102.

If you require additional information regarding the filing of a proof of claim, you may contact Prime Clerk at (844) 648-5574 (toll free in the U.S. and Canada) or (347) 505-5254 (international calls).  You also may contact Prime Clerk by writing to:

Foresight Energy LP Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

BY ORDER OF THE COURT

## **Exhibit D**

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ❏ Foresight Energy LP (Case No. 20-41308) | ❏ Foresight Energy Employee Services Corporation (Case No. 20-41316) | ❏ LD Labor Company LLC (Case No. 20-41324) | ❏ Patton Mining LLC (Case No. 20-41332) |
| ❏ Foresight Energy GP LLC (Case No. 20-41309) | ❏ Tanner Energy LLC (Case No. 20-41317) | ❏ Viking Mining LLC (Case No. 20-41325) | ❏ Foresight Energy Finance Corporation (Case No. 20-41333) |
| ❏ Sitran, LLC (Case No. 20-41310) | ❏ Hillsboro Transport, LLC (Case No. 20-41318) | ❏ Akin Energy LLC (Case No. 20-41326) | ❏ Coal Field Construction Company LLC (Case No. 20-41334) |
| ❏ Seneca Rebuild LLC (Case No. 20-41311) | ❏ Foresight Energy Services LLC (Case No. 20-41319) | ❏ Williamson Energy, LLC (Case No. 20-41327) | ■ M-Class Mining, LLC (Case No. 20-41335) |
| ❏ Foresight Energy LLC (Case No. 20-41312) | ❏ MaRyan Mining LLC (Case No. 20-41320) | ❏ Hillsboro Energy LLC (Case No. 20-41328) | ❏ Sugar Camp Energy, LLC (Case No. 20-41336) |
| ❏ Oeneus LLC (Case No. 20-41313) | ❏ Foresight Receivables LLC (Case No. 20-41321) | ❏ Coal Field Repair Services LLC (Case No. 20-41329) | ❏ Foresight Energy Labor LLC (Case No. 20-41337) |
| ❏ Adena Resources, LLC (Case No. 20-41314) | ❏ American Century Transport LLC (Case No. 20-41322) | ❏ American Century Mineral LLC (Case No. 20-41330) | ❏ Mach Mining, LLC (Case No. 20-41338) |
| ❏ Logan Mining LLC (Case No. 20-41315) | ❏ Foresight Coal Sales LLC (Case No. 20-41323) | ❏ Macoupin Energy LLC (Case No. 20-41331) | |

<u>Modified Form 410</u>

# Proof of Claim

04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

---

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

❏ No
❏ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number     Street _____

City          State          ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

Name _____

Number     Street _____

City          State          ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

❏ No
❏ Yes.  Claim number on court claims registry (if known) _____   Filed on _____
                                                                                   MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

❏ No
❏ Yes. Who made the earlier filing? _____

---

**Proof of Claim**                                                                 page 1

**Part 2:**   Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| **7. How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |
| **9. Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |
| **10. Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| **11. Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | |
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____ (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

**Name of the person who is completing and signing this claim:**

Name  _____
        First name        Middle name        Last name

Title  _____

Company  _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
          Number        Street

          _____
          City        State        ZIP Code

Contact phone  _____    Email  _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                        12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/foresightenergy or the Court's website at https://www.pacer.gov and https://ecf.moeb.uscourts.gov/cgi-bin/login.pl

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Foresight Energy LP Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

| **Do not file these instructions with your form** |